KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
R. JAMES SLAUGHTER - #192813
R. ADAM LAURIDSEN - #243780
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
rvannest@kvn.com
rslaughter@kvn.com
alauridsen@kvn.com

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MICHAEL KELLER, on behalf of himself and all others similarly situated,<br><br>                                Plaintiff,<br><br>          v.<br><br>ELECTRONIC ARTS INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br><br>                                Defendants. | Case No. CV-09-1967-CW<br><br>**ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:          September 24, 2009<br>Time:          2:00 p.m.<br>Dept:          Courtroom 2, 4th Floor<br>Judge:        Hon. Claudia Wilken<br><br>Date Comp. Filed:     May 5, 2009 |

ELECTRONIC ARTS, INC.'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV-09-1967-CW

1    In connection with its concurrently-filed Motion to Dismiss, defendant Electronic Arts

2    Inc. ("EA") respectfully requests that this Court take judicial notice of the following materials

3    and facts pursuant to Federal Rule of Evidence 201:[1]

4         1.    The content of the video games *NCAA Football 2006* through *NCAA Football*

5    *2009*, copies of which are authenticated in the Declaration of Jeremy Strauser and attached to the

6    Declaration as Exhibits A through D.  *See* Strauser Decl. ¶ 3 & Exhs. A-D.[2]

7         2.    The content of the video games *NCAA March Madness 2006* through *NCAA*

8    *March Madness* 2008 and *NCAA Basketball 2009*, copies of which are authenticated in the

9    Declaration of Sean O'Brien and attached to the Declaration as exhibits A through D.  *See*

10   O'Brien Decl. ¶ 3 & Exhs. A-D.[3]

11        3.    The content of Paragraph 4 of the Strauser Declaration and the content of

12   Paragraph 4 of the O'Brien Declaration, attached to this request, summarizing the content of

13   *NCAA Football 06* through *NCAA Football 09*, *March Madness 06* through *March Madness 08*,

14   and *NCAA Basketball 09*;

15        4.    The release date for each annual edition of *NCAA Football*, *NCAA Basketball*, and

16   *NCAA March Madness*, which is reflected on the attached Electronic Arts press releases and

17   United States Copyright Office documents:

18        a.    *NCAA Football 06* release date: July 12, 2005.

19        •     A true and correct copy of the Electronic Arts press release
              announcing the release of *NCAA Football 06* is authenticated in the
20            Strauser Declaration and attached to the Declaration as Exhibit E.
              *See* Strauser Decl. ¶ 6.
21

22        b.    *NCAA Football 07* release date: July 18, 2006.

23        •     A true and correct copy of the Electronic Arts press release
              announcing the release of *NCAA Football 07* is authenticated in the

---

24   [1]    The Court also should consider these materials in connection with EA's Special Motion
25   to Strike.  In deciding an anti-SLAPP motion, a court shall consider admissible evidence
     submitted by the parties.  Cal. Civ. Proc. Code § 425.16(b)(2).

26   [2]    In accordance with this Court's electronic filing procedures, EA has manually filed
     copies of these editions of *NCAA Football*, and lodged a gaming console and two controllers.

27   [3]    In accordance with this Court's electronic filing procedures, EA has manually filed
28   copies of these editions of *NCAA Basketball* and *NCAA March Madness*, and lodged a gaming
     console and two controllers.

443991.06

Strauser Declaration and attached to the Declaration as Exhibit F.
*See* Strauser Decl. ¶ 6.

    c.    *NCAA Football 08* release date: July 18, 2007.

- A true and correct copy of the Electronic Arts press release announcing the release of *NCAA Football 08* is authenticated in the Strauser Declaration and attached to the Declaration as Exhibit G. *See* Strauser Decl. ¶ 6.

    d.    *NCAA Football 09* release date: July 15, 2008.

- A true and correct copy of the Electronic Arts press release announcing the release of *NCAA Football 09* is authenticated in the Strauser Declaration and attached to the Declaration as Exhibit H. *See* Strauser Decl. ¶ 6.

    e.    *NCAA March Madness 06* release date: October 12, 2005.

- A true and correct copy of the Electronic Arts press release announcing the release of *NCAA March Madness 06* is authenticated in the O'Brien Declaration and attached to the Declaration as Exhibit E. *See* O'Brien Decl. ¶ 6.

    f.    *NCAA March Madness 07* date of first publication: January 17, 2007

- A true and correct copy of the United States Copyright Office's Certificate of Registration for *NCAA March Madness 07* is authenticated in the O'Brien Declaration and attached to the Declaration as Exhibit F. *See* O'Brien Decl. ¶ 6.

    g.    *NCAA March Madness 08* release date: December 11, 2007.

- A true and correct copy of the Electronic Arts press release announcing the release of *NCAA March Madness 08* is authenticated in the O'Brien Declaration and attached to the Declaration as Exhibit G. *See* O'Brien Decl. ¶ 6.

    h.    *NCAA Basketball 09* release date: November 17, 2008.

- A true and correct copy of the Electronic Arts press release announcing the release of *NCAA March Madness 09* is authenticated in the O'Brien Declaration and attached to the Declaration as Exhibit H. *See* O'Brien Decl. ¶ 6.

    5.    The Order Re: Motion to Dismiss and Motion to Strike issued in *Kent v. Universal Studios, Inc., et al.,* United States District Court for the Central District of California, Case No. CV08-2704 GAF (SHx), which was filed on August 15, 2008. A true and correct copy of the Order is authenticated in the Lauridsen Declaration and attached to the Declaration as Exhibit A. *See* Lauridsen Decl. ¶ 2.

ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV-09-1967-CW

443991.06

1     6.      The content of the CBSSports.com Fantasy College Football game, located at the

2 website "http://collegefb.cbssports.com."  True and correct copies of pages from the

3 CBSSports.com Fantasy College Football website are authenticated in the Lauridsen Declaration

4 and attached to the Declaration as Exhibit B.  *See* Lauridsen Decl. ¶ 3.

5

6 Dated: July 29, 2009                                    KEKER & VAN NEST LLP

7

8

9                                              By: */s/ R. Adam Lauridsen*
                                                   R. ADAM LAURIDSEN
10                                                 Attorneys for Defendant
                                                   ELECTRONIC ARTS INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

443991.06

1                   **MEMORANDUM OF POINTS AND AUTHORITIES**

2                          **I.   INTRODUCTION**

3        Federal Rule of Evidence 201(b) authorizes this Court to take judicial notice of any fact

4 that is "not subject to reasonable dispute in that it is … capable of accurate and ready

5 determination by resort to sources whose accuracy cannot reasonably be questioned."  Here, EA

6 asks the Court to take judicial notice of:

7         •     The content of *NCAA Football 2006* through *NCAA Football 2009*;

8         •     The content of *NCAA March Madness 2006* through *NCAA March Madness* 2008 and *NCAA Basketball 2009*;

9

10         •     The content of Paragraph 4 of the Strauser Declaration and Paragraph 4 of the O'Brien Declaration, summarizing content of *NCAA Football 06* through *NCAA Football 09*, *NCAA March Madness 06* through *NCAA March Madness 08*, and

11             *NCAA Basketball 09*;

12         •     The release date for each attached annual edition of *NCAA Football, NCAA Basketball*, and *NCAA March Madness*;

13

14         •     The Order Re: Motion to Dismiss and Motion to Strike issued in *Kent v. Universal Studios, Inc., et al.*, United States District Court for the Central District of California, Case No. CV08-2704 GAF (SHx); and

15

16         •     The content of the CBSSports.com Fantasy College Football game, located at the website "http://collegefb.cbssports.com."

17        Because these facts and materials are not subject to reasonable dispute, this Request

18 should be granted.

19                          **II.   ARGUMENT**

20 **A.**    **The Court Should Take Judicial Notice of the Content of and Images from *NCAA***

21        ***Football, NCAA March Madness,* and *NCAA Basketball.***

22        In ruling on a Rule 12(b)(6) motion, a court may consider materials referred to in the

23 complaint, even if the plaintiff neglects to attach them.  *See, e.g., In re Silicon Graphics Inc. Sec.*

24 *Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (a district court ruling on a motion to dismiss may

25 consider documents "whose contents are alleged in a complaint and whose authenticity no party

26 questions, but which are not physically attached to the [plaintiff's] pleading.") (*quoting Branch*

27 *v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

28

443991.06

1    Such materials may be introduced through a request for judicial notice pursuant to

2    Federal Rule of Evidence 201.  For example, in *Capcom Co., et. al. v. MKR Group, Inc.*,

3    No. C. 08-0904 RS, 2008 WL 4661479, at *3 (N.D. Cal. Oct. 20, 2008), the court took judicial

4    notice of the video game "Dead Rising," which formed the basis of plaintiff's Lanham Act claim

5    and was referred to extensively in the complaint.  The court explained that "[w]hile generally a

6    court cannot consider material outside of the complaint when deciding a motion to dismiss under

7    Rule 12(b)(6), a court may consider … those documents whose contents are alleged in a

8    complaint and whose authenticity no party questions, but which are not physically attached to the

9    pleading."  (Internal citations and quotations omitted).  Similarly, in granting a motion to dismiss

10   in *Thomas v. Walt Disney Co.*, No. C-07-4392 CW, 2008 WL 425647, at *2 and n.1 (N.D. Cal.

11   Feb. 14, 2008), *aff'd* 2009 WL 2011388 (9th Cir. 2009), this Court took judicial notice of motion

12   picture *Finding Nemo* based upon reference to the movie's contents in plaintiff's complaint.  *See*

13   *also Burnett v. Twentieth Century Fox*, 491 F. Supp. 962, 966 (C.D. Cal. 2007) (considering

14   "documents specifically referred to in a complaint, though not physically attached to the

15   pleading," in dismissing plaintiff's common-law and statutory misappropriation claims, among

16   others, arising from a television program's use of an animated figure allegedly resembling Carol

17   Burnett); *Daly v. Viacom , Inc.*, 238 F. Supp. 2d 1118, 1121-22 (N.D. Cal. 2002) (considering

18   television program referenced in, but not attached to, complaint); *Felix the Cat Prods., Inc. v.*

19   *New Line Cinema*, No. CV 99-9339 FMC (RCx), 2000 WL 770481, at *1-2 (C.D. Cal. April 28,

20   2000) (taking judicial notice of motion picture as "an authentic document whose content is

21   integral to plaintiff's claims but is not attached to the complaint.").

22        Like the video game in *Capcom* and motion picture in *Thomas*, the *NCAA Football* and

23   *NCAA Basketball / NCAA March Madness* games are repeatedly referred to in Keller's complaint

24   and are central to his claims.  *See* Compl. ¶¶ 1, 4, 11-12, 17-29, 32-39, 41, 48, 50-53, 66, 71-73,

25   75-76, 78, 82, 87, 89-90.  The complaint describes the contents of the video games, and each of

26   Plaintiff's claims is premised on the allegation that his likeness, and those of other collegiate

27   athletes, are used in the games.  *Id*.  The Court, therefore, should take judicial notice of the

28   attached games and may consider the games' contents in deciding the motions now before it.

2

**B.**     **The Court Should Take Judicial Notice of Specific Content and Features of *NCAA Football*, *NCAA March Madness*, and *NCAA Basketball*, as Summarized in the Strauser and O'Brien Declarations.**

This Court may take judicial notice of specific content of *NCAA Football*, *NCAA March Madness*, and *NCAA Basketball* as facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule of Evid. 201(b)(2). While the Court may verify the existence of the described game content and features by reference to the works (which have been lodged with the Court and are properly before it for the reasons described above), playing the games to review the content and features could be a time consuming process. *See, e.g., Capcom*, 2008 WL 4661479, at *3; *Thomas*, 2008 WL 425647, at *2 and n.1; *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012, 1016 (C.D. Cal. 2005); *see also* Strauser and O'Brien Declarations, ¶ 3 (stating that the games at issue offer well over 50 hours of game play).

The game summaries provided by EA, found at Paragraph 4 of the Strauser and O'Brien Declarations, highlight specific content and features of the judicially noticeable games that are of particular importance to these motions. Plaintiff cannot reasonably question the accuracy of the games as a source for verifying their features, since his own complaint relies upon them for the same purpose.

The summaries aim to save the Court the hours of game play likely needed to encounter the various content and features in each game. In this way, the Strauser and O'Brien Declarations serve as Federal Rule of Evidence 1006 summaries of voluminous evidence. *See* Fed. Rule of Evid. 1006 ("The contents of voluminous writings, recordings or photographs which cannot be conveniently examined in court may be presented in the form of a chart, summary, or calculation.").

The Court, therefore, should take judicial notice of Paragraph 4 in both the Strauser and O'Brien Declarations summarizing content and features of the games at issue.

**C.**     **The Court Should Take Judicial Notice of the Release Date of Each Attached Annual Edition of *NCAA Football*, *NCAA March Madness*, and *NCAA Basketball*.**

This Court may take judicial notice of the release dates of *NCAA Football 2006* through

443991.06

1 | *NCAA Football 2009, NCAA March Madness 2006* through *NCAA March Madness* 2008, and

2 | *NCAA Basketball 2009*, which are reflected on attached press releases and United States

3 | Copyright Office copyright document. Such records are the proper subject of judicial notice

4 | under Federal Rule of Evidence 201. For example, in *In re Netflix, Inc. Sec. Litig.*, No. C 04-

5 | 2978 WHA, 2005 WL 3096209, at *1-2 (N.D. Cal. Nov. 18 2005), the court took judicial notice

6 | of facts contained in defendant's press releases in granting defendant's motion to dismiss. *See*

7 | *also In re Asyst Techs., Inc. Derivative Litig.*, No. C-06-04669 EDL, 2008 WL 2169021, at *1

8 | n.1 (N.D. Cal. May 23, 2008) (taking judicial notice of press releases in consideration of a

9 | motion to dismiss); *In re Homestores.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816-17 (C.D.

10 | Cal. Oct. 29, 2004) ("the Court may take judicial notice of press releases."). Similarly, in *Vigil v.*

11 | *The Walt Disney Co.*, No. C-02-04002 MHP, 2003 WL 22016805, at *4 (N.D. Cal. July 31,

12 | 2003), the court took judicial notice of a party's copyright registration certificates in granting

13 | defendants' motion to dismiss pursuant to Rule 12(b)(6). In response to plaintiff's claim that the

14 | court erred in relying upon the copyright registration, the court declared "[o]f course, a court

15 | may indeed take judicial notice of a copyright registration or admit it into evidence." *Id*; *see also*

16 | *Donen v. Paramount Pictures Corp.*, No. CV 08-3383 DDP (VBKx), 2008 WL 5054340, at *2

17 | (C.D. Cal. Nov. 20, 2008) (taking judicial notice of a 1957 copyright registration and a 1984

18 | renewal of copyright registration in ruling on a motion to dismiss).

19 |   Here, Electronic Arts press releases and records from the United States Copyright Office

20 | identify the release date of each annual edition of *NCAA Football* and *NCAA Basketball / NCAA*

21 | *March Madness*. As those records confirm, each annual edition of *NCAA Football* was released

22 | no later than July of the previous year (e.g., *NCAA Football 08* was released in July 2007) and

23 | each annual edition of *NCAA Basketball / NCAA March Madness* was released no later than

24 | December of the previous year (e.g., *NCAA March Madness 08* was released in December 2007),

25 | with the exception of *NCAA March Madness 07* which was released in January 2007.

26 | Consequently, the Court may take judicial notice of these facts.

27 | **D.**   **The Court Should Take Judicial Notice of Orders Filed in Cases from Other Courts.**

28 |   The Ninth Circuit has confirmed that "on a motion to dismiss, [courts] may take judicial

443991.06

1   notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803

2   F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss and memorandum of

3   points and authorities filed in another action).   Consistent with this rule, courts routinely take

4   judicial notice of pleadings and orders from other proceedings.   *See, e.g., Bhatia v. Corrigan*,

5   No. C. 07-2054 CW, 2007 WL 4365477, at *1 n.3 (N.D. Cal. December 12, 2007) (taking

6   judicial notice of record in another proceeding); *Jimenez v. Domino's Pizza*, 238 F.R.D. 241, 246

7   (C.D. Cal. 2006) (taking judicial notice of award of labor commissioner filed in another case, an

8   opinion letter of the Division of Labor Standards Enforcement, and several bankruptcy

9   petitions); *Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) (taking judicial notice

10   of court records filed in other civil actions).   The order issued in *Kent v. Universal Studios*,

11   attached to the Lauridsen Declaration as Exhibit A, is no different than the judicial records that

12   were found to be proper subjects of judicial notice in *MGIC* and the other cases cited above.

13   **E.**    **The Court Should Take Judicial Notice of the CBSSports.com Fantasy College**
**Football Website.**

14

15        Courts routinely take judicial notice of websites and their contents as "matters of public

16   record outside the pleadings." *MGIC Indem.*, 803 F.2d at 504.   For example, in *Wilbe v. Aetna*

17   *Life Ins. Co.*, the court took judicial notice of two web pages from Amazon.com and a page from

18   the American Academy of Allergy Asthma & Immunology website.   375 F. Supp. 2d 956, 965-

19   66 (C.D. Cal. 2005); *see also Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4

20   (N.D. Cal. March 13, 2006) ("The court agrees with the proposition that, as a general matter,

21   websites and their contents may be proper subjects for judicial notice.").   Here, the existence and

22   content of CBSSports.com Fantasy College Football game may be readily verified by an

23   examination of the website "http://collegefb.cbssports.com," a source whose accuracy for the

24   ////

25   ////

26   ////

27   ////

28   ////

ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV-09-1967-CW

443991.06

1  facts at issue cannot be reasonably questioned.  Defendants have attached relevant screenshots of

2  the website to the Lauridsen Declaration as Exhibit B.

3

4  Dated: July 29, 2009                                  KEKER & VAN NEST LLP

5

6
                                                  By: /s/ R. Adam Lauridsen_____
7                                                      R. ADAM LAURIDSEN
                                                       Attorneys for Defendant
8                                                      ELECTRONIC ARTS INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

443991.06