Gennaro August Filice III (SBN: 061112)
**FILICE BROWN EASSA & McLeod LLP**
Lake Merritt Plaza
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
Telephone : 510-444-3131
Facsimile: 510-839-7940
Email: gfilice@filicebrown.com

William H. Brewster (admitted *pro hac vice*)
R. Charles Henn Jr. (admitted *pro hac vice*)
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: CHenn@KilpatrickStockton.com
BBrewster@KilpatrickStockton.com

Attorneys for Defendant
COLLEGIATE LICENSING COMPANY

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MICHAEL KELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC., NATIONAL COLLEGIATE ATHLETICS ASSOCIATION, and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No.: 09-cv-1967 (CW)<br><br>**DEFENDANT COLLEGIATE LICENSING COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date: September 24, 2009<br>Time: 2:00 p.m.<br>Dept: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken<br><br>Date Comp. Filed: May 5, 2009 |

# NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE that on September 24, 2009 at 2:00 p.m. before the Honorable Claudia Wilken, United States District Court, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212, Courtroom 2, 4th Floor, defendant Collegiate Licensing Company ("CLC") will, and hereby does, move the Court for an order dismissing the fourth and seventh causes of action in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). CLC moves to dismiss these causes of actions on the following grounds:

(1) The Fourth Cause of Action for Civil Conspiracy fails for four independent reasons:

    (a) there is no cause of action for civil conspiracy under California law;

    (b) the cause of action is barred by the agent immunity defense;

    (c) CLC is not capable of committing a direct violation and thus cannot be liable for conspiracy; and

    (d) Plaintiff failed to allege with specificity an agreement or intent to conspire; and

(2) The Seventh Cause of Action for Unjust Enrichment fails for two independent reasons:

    (a) No claim for unjust enrichment exists under California law absent independent grounds – not alleged by Plaintiff – for imposing an implied contract or constructive trust; and

    (b) Even if the court recognizes a claim for unjust enrichment under California law, Plaintiff's claim fails because Plaintiff alleges the existence of a valid express contract covering the subject matter at issue.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

2

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Collegiate Licensing Company ("CLC") respectfully submits this memorandum of points and authorities in support of its motion to dismiss the claims asserted against CLC by Plaintiff Samuel Michael Keller ("Plaintiff").

## I.   INTRODUCTION

CLC is the oldest and most prestigious collegiate licensing and marketing company in the United States. It serves as the licensing agent for more than 200 colleges and universities, as well as a number of conferences (e.g., the Big 12, ACC, SEC, etc.), bowls (e.g., Tournament of Roses, etc.), and institutions. *See* Complaint ("Cplt.") ¶ 6. Among its institutional clients is Defendant National Collegiate Athletics Association ("NCAA"). *See id.*

As an agent for NCAA, CLC entered into a license agreement (the "License") with Defendant Electronic Arts Inc. ("EA"), granting on behalf of certain collegiate institutions and the NCAA certain limited rights to use those entities' trademarks in connection with the sale and distribution of collegiate-sports-themed video games (the "Games"). *See id.* ¶ 11. As Plaintiff admits: (i) EA "is not permitted to utilize player names and likenesses," *id.* ¶ 12; (ii) NCAA rules prohibit the "commercial licensing of an NCAA athlete's 'name, picture, or license,'" *id.* ¶ 13; and (iii) CLC "is contractually obligated to honor NCAA prohibitions on the use of student likenesses," *id.* ¶ 15.

Notwithstanding contractual prohibitions on licensing student likenesses, Plaintiff alleges that CLC conspired with Defendants EA and NCAA "to use class members' likenesses without permission...." *See id.* ¶ 79. Further, Plaintiff asserts that CLC was unjustly enriched, without any specificity as to the nature of the allegations. *See id.* ¶¶ 90-91. Both of these claims fail as a matter of law.

With regard to Plaintiff's civil conspiracy claim, (i) there is no cause of action for civil conspiracy under California law; (ii) it is barred by the agent immunity defense; (iii) CLC is not capable of committing a direct violation of right of publicity; and (iv) Plaintiff failed to allege an agreement or intent to conspire. Plaintiff's claim of unjust enrichment similarly fails because: (i) no independent cause of action exists for unjust enrichment under California law; and (ii) Plaintiff

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

3

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

alleges the existence of a contract governing the subject matter at issue. The two claims asserted against CLC should therefore be dismissed with prejudice.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff's claim of civil conspiracy fails as a matter of law; and

2. Whether Plaintiff's claim of unjust enrichment fails as a matter of law.

## III. ARGUMENT AND CITATION OF AUTHORITIES

### A. Legal Standard

Plaintiff's Complaint fails to state a claim against CLC and should be dismissed under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1953 (2009) (holding that the decision in *Twombly* applies to all civil actions). Under this standard, a Complaint "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the Complaint's allegations are true." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusionary statements do not suffice.").

The Court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim. *See City of Arcadia v. U.S. Envtl. Prot. Agency*, 411 F.3d 1103, 1106 n. 3 (9th Cir. 2005); *see also Pena v. Gardner*, 976 F.2d 469, 471-72 (9th Cir. 1992). Because none of Plaintiff's claims against CLC cross the line from "conceivable to plausible" under *Iqbal* and *Twombly*, CLC's motion to dismiss should be granted.

### B. Plaintiff's Civil Conspiracy Claim Fails As a Matter of Law

Plaintiff's claim of civil conspiracy is not pleaded with specificity. "An unlawful conspiracy claim must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.'" *See Hanni v. Am. Airlines, Inc.*, No. C-08-00732, 2008 WL 2740345, at *5 (N.D. Cal. July 11, 2008) (Wilken, J.) (dismissing civil conspiracy claim for

4

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

failing to make more than a bare allegation that the conspiracy existed). Vague and conclusory allegations of a conspiracy should not survive a motion to dismiss. *See Riser v. WSYX-TV ABC-6*, No. C2-02-091, 2002 WL 31409427, at *5 (S.D. Ohio July 17, 2002) (granting motion to dismiss conspiracy claim).

While the Complaint alleges that "Defendants' unlawful conspiracy took place in California and Indiana," (Cplt. ¶ 57) the Complaint fails to identify which state's law applies to Plaintiff's conspiracy claim against CLC. Because no conflict exists between the laws of civil conspiracy under California and Indiana law, California law applies to Plaintiff's claim.[1]

Plaintiff's vague claim of civil conspiracy against CLC fails as a matter of law because: (i) there is no claim of civil conspiracy under California law; (ii) it is barred by the agent immunity defense; (iii) CLC is not capable of committing a direct violation of right of publicity; and (iv) Plaintiff's failed to allege the first element of a civil conspiracy claim: an agreement or intent to conspire. Any one of these reasons is sufficient in itself to dismiss Plaintiff's claim of civil conspiracy against CLC under Fed. R. Civ. P. 12(b)(6).

### 1. There is No Cause of Action for Civil Conspiracy under California Law.

Plaintiff fails to state a viable claim for civil conspiracy against CLC. "Under California law, there is no separate and distinct tort cause of action for civil conspiracy." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) (dismissing civil conspiracy claim); *see also Mintel Learning Tech. v. Beijing Kaidi Educ.*, No. C-06-7541 PJH, 2007 WL 2288329, at *4 (N.D. Cal. Aug. 9, 2007) (dismissing civil conspiracy claim);

---

[1] A district court in a diversity jurisdiction case must apply the law of the state in which it sits to a choice of law analysis. *C.K. Liew v. Official Receiver and Liquidator*, 685 F.2d 1192, 1195 (9th Cir. 1982). Thus, in this case, the Court should look to the choice of law rules applied by California, namely the govermental interest test. *Id.* Under the first step of the governmental interest test, the Court determines whether a conflict exists between the applicable law of each state. *Id.* at 1196; *see also Darulis v. Garate*, 401 F.3d 1060, 1062 (9th Cir. 2005). If there is no conflict, the law of California should be applied. *Id.*; *see also Ins. Co. of PA v. Cent. Garden and Pet Co.*, No. C 06-3924-VRW, 2006 WL 3734640, *3 (N.D. Cal. Dec. 18, 2006). Here, both Indiana and California law provide that civil conspiracy is not an independent cause of action. *See Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct. App. 2008); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997). Accordingly, no conflict exists between the laws of Indiana and California on civil conspiracy and California law should apply. To the extent that Plaintiff alleges any state other than California or Indiana's conspiracy laws apply, CLC reserves the right to challenge such claims.

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

5

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Klistoff v. Superior Court*, 157 Cal. App. 4th 469, 479 (2007). A civil conspiracy claim must be pleaded as part of another substantive cause of action, and all elements of the underlying tort must be satisfied. *See Mintel*, 2007 WL 2288329 at *4.

Plaintiff's civil conspiracy claim must be dismissed because it is not a separate cause of action in California and Plaintiff has failed to satisfy the underlying elements of any tort with regard to CLC. "[M]erely alleging underlying tort causes of action is clearly insufficient to support a conspiracy cause of action." *See Entm't Research Group*, 122 F.3d at 1228; *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("allegations of conspiracy must be supported by material facts, not merely conclusory statements.").

### 2. Plaintiff's Civil Conspiracy Claim is Barred by the Agent Immunity Rule.

As the Complaint makes clear, CLC is merely the licensing agent for NCAA (and other collegiate institutions). Plaintiff's civil conspiracy claim is thus barred by the agent immunity rule. Civil conspiracy is not an independent tort and only exists against a party who already owes a duty and is not immune from liability. *See Everest Investors 8 v. Whitehall Real Estate Ltd. P'ship II*, 100 Cal. App. 4th 1102, 1108 (2002); *see also Applied Equip. Corp.*, 7 Cal. 4th at 511-12 (applying agent immunity defense). The well-settled agent immunity rule provides that no actionable claim of conspiracy exists if the alleged conspirator was not personally bound by the duty violated by the wrongdoing and was acting only as the agent of the party who did have that duty. *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44 (1989) (finding plaintiff failed to state a cause of action because the alleged conspirators acted solely as agents and did not personally share the statutory duty alleged to have been violated); *see also Black v. Bank of Am.*, 30 Cal. App. 4th 1, 5-6 (1995) (dismissing civil conspiracy claim under agent immunity rule).

"[A]n agent is not liable for conspiring with the principal when the agent is acting in an official capacity on behalf of the principal." *See Panoutsopoulos v. Chambliss*, 157 Cal. App. 4th

6

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

297, 304 (2007) (dismissing civil conspiracy claim). The agent immunity rule exists because an agent acts on behalf of its principal, not on its own behalf. *See Kassa v. BP West Coast Prods., LLC*, No. C-08-02725 RMW, 2008 WL 3494677, at *8 (N.D. Cal. Aug. 12, 2008) (dismissing civil conspiracy claim under agent immunity rule). As the Complaint alleges, CLC was acting as the licensing agent for NCAA (and/or other collegiate institutions) in its dealings with EA relating to the Games. Because CLC was not acting in its personal capacity, it cannot be deemed to have conspired with its principal (NCAA) or licensee (EA). *Id.* As a result, Plaintiff's claim of civil conspiracy is barred by the agent immunity rule.

### 3. Plaintiff's Civil Conspiracy Claim Fails Because CLC is Not Capable of a Direct Violation.

CLC is not capable of a direct violation of Plaintiff's right of publicity and, therefore, Plaintiff's civil conspiracy claim should be dismissed. To violate a right of publicity, a defendant must have *used* the Plaintiff's name or likeliness without permission. *See* Cal. Civil Code § 3344 ("Any person who knowingly *uses* another's name, voice, signature, photograph, or likeness...shall be liable....") (emphasis added); *see also Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 811 (9th Cir. 1997) (citing William L. Prosser, *Handbook of the Law of Torts* § 117, 804-07 (4th ed. 1971)) (explaining that the first element of right of publicity claim under California common law requires proving defendant used plaintiff's identity). Plaintiff does not (and cannot) allege that CLC makes or sells video games. As such, CLC did not and could not "use" Plaintiff's name or likeness.

Tort liability arising from a conspiracy presupposes that the conspirator is legally capable of committing the tort *directly*. *See Everest Investors*, 100 Cal. App. 4th at 1106 (finding purchaser could not be liable to limited partner for conspiracy to commit breach of fiduciary duty). In other words, the conspirator must owe a duty to the plaintiff recognized by law and be potentially subject to liability for the breach of that duty. *Id.*; *see also In re Yahoo! Litig.*, 251 F.R.D. 459, 474 (C.D. Cal. 2008) (dismissing civil conspiracy claim where Plaintiff did not allege that defendants breached any duty to Plaintiff that might give rise to their liability).

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

7

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

A defendant that is not capable of committing the tort underlying the conspiracy claim cannot be held liable for conspiracy. *See Chavers v. Gatke Corp.*, 107 Cal. App. 4th 606, 614 (2003). For example, a person who is not an employer, and hence cannot commit the tort of wrongful discharge in violation of public policy, cannot be liable for conspiracy to wrongfully discharge. *See Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 54 (2000) ("[A] third party who is not and never has been the plaintiff's employer cannot be bootstrapped by conspiracy into tort liability for a wrong he is legally incapable of committing.").

Because CLC is not capable of a direct violation of right of publicity, it cannot be liable as a conspirator.

### 4. Plaintiff's Complaint fails to allege an agreement or intent to conspire.

To be liable for a civil conspiracy, the Plaintiff must prove "the formation and operation of the conspiracy." *See Asis Internet Serv. v. Optin Global, Inc.*, No. C 05-5124 CW, 2006 WL 1820902 at *7 (N.D. Cal. June 30, 2006) (Wilken, J.). In essence, an agreement must exist between the alleged co-conspirators to violate the plaintiff's rights. *See Brunette v. Humane Soc'y of Ventura County*, 40 Fed. Appx. 594, 597 (9th Cir. 2002) (finding conspiracy cause of action failed because there was no agreement to violate plaintiff's rights).

The Complaint conclusorily states: "NCAA, CLC and Electronic Arts have agreed between and among each other, and conspired to permit the use of player names and likenesses." Cplt. ¶ 41. No explanation of or details about that agreement appear in the Complaint. Indeed, the Complaint repeatedly admits that the pertinent contracts expressly *prohibit* use of player names and likenesses. *See, e.g., id.* ¶¶ 12-15 & 41.

Under *Iqbal* and *Twombly*, Plaintiff's failure to plead an agreement to conspire with specificity vitiates the conspiracy claim. *See Twombly*, 550 U.S. at 570; *Hanni*, 2008 WL 5000237 at *6 ("Plaintiff fails to allege when and how the AA managers entered into an agreement to keep her on the plane and to deny her services and compensation.") *Wawanesa Mut. Ins. Co. v. Matlock*, 60 Cal. App. 4th 583, 590 (1997) (finding no agreement and therefore no conspiracy).

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

8

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

### C. Plaintiff's Unjust Enrichment Claim Fails As a Matter of Law

As with their civil conspiracy claim against CLC, Plaintiff's unjust enrichment claim is not pleaded with the requisite specificity to survive a motion to dismiss. Plaintiff's Complaint conclusorily states that CLC has been unjustly enriched without setting forth any factual basis to support such a claim. *See* Cplt. ¶¶ 90-91. An initial example of Plaintiff's failure to meet the pleading requirements for its unjust enrichment claim and thus, justification for its dismissal, is that Plaintiff's Complaint neglects to identify under which state's law it purports to bring its unjust enrichment allegations. *See In re Static Random Access Memory*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) (dismissing unjust enrichment claim).[2]

To sufficiently plead a claim for unjust enrichment under California law, Plaintiff "must allege that [CLC] (1) received a benefit that was (2) unjustly retained at the expense of another" and "conferred on [CLC] through mistake, fraud, or coercion." *Margindin, et al. v. Wash. Mutual Bank*, No. 09-1268, 2009 WL 1766601, at *8-9 (N.D. Cal. June 18, 2009) (dismissing claim for unjust enrichment because Plaintiff failed to plead sufficient facts). Because Plaintiff simply recites the unjust enrichment claim without pleading any facts supporting the claim, it should be dismissed. *Id.*

Plaintiff's unjust enrichment claim fails as a matter of law for at least two reasons: (1) no independent cause of action exists for unjust enrichment under California law; and (2) Plaintiff alleges the existence of a contract governing the subject matter at issue. Accordingly, Plaintiff's claim of unjust enrichment against CLC should be dismissed under Fed. R. Civ. P. 12(b)(6).

---

[2] Plaintiff does not identify the law under which it seeks relief. Presumably, Plaintiff's claims arise under either the laws of California, the forum state, or Georgia, where CLC is located. As discussed *supra* at FN1, the law of the forum state, California, should apply because there is no conflict between the applicable law of either state. Under both state's laws, a plaintiff must allege and prove that CLC (1) received a benefit and (2) the benefit received was unjustly retained. *See Margindin, et al. v. Wash. Mutual Bank*, No. 09-1268, 2009 WL 1766601, at *8-9 (N.D. Cal. June 18, 2009) (elements are that the plaintiff "(1) received a benefit that was (2) unjustly retained at the expense of another."); *Smith Serv. Oil Co., Inc. v. Parker*, 549 S.E. 2d 485, 487 (Ga. App. 2002) (elements are "(1) that the plaintiff conferred a benefit on the defendant and (2) that the benefit conferred would result in an unjust enrichment unless compensated."). In addition, to be liable under an unjust enrichment theory under each state's laws, the party unjustly enriched must have knowledge of the unjustly conferred benefit. *See First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (holding that a party without the requisite knowledge of the benefit is not required to pay restitution); *Reidling v. Holcomb*, 483 S.E. 2d 624, 626-27 (Ga. App. 1997) (holding there is no duty to make restitution if a defendant without knowledge "neither authorizes, consents to, or ratifies another's labor").

### 1. There is No Cause of Action for Unjust Enrichment under California Law.

"Unjust enrichment" is not a cause of action under California law absent an independent basis for "restitution based on quasi-contract or imposition of a constructive trust" on the defendant. *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034 RGK, 2007 WL 4766525, at *2, *6 (C.D. Cal. Sept. 4, 2007) (dismissing plaintiff's unjust enrichment claim with prejudice and denying leave to amend the Complaint); *see also Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (dismissing unjust enrichment claim because it "does not describe a theory of recovery, but an effect: the result of a failure to make restitution.").

Thus, courts routinely dismiss such claims outright. *See, e.g., Lorenzo v. Qual Comm Inc.*, 603 F. Supp. 2d 1291, 1306 (S.D. Cal. 2009) (dismissing unjust enrichment claim because such claim "is not cognizable under California law"); *Enreach Tech., Inc. v. Embeded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) (granting summary judgment to defendant because "unjust enrichment is not a valid cause of action in California"); *Roots Ready Made Garments v. Gap Inc.*, No. C 07-03363 CRB, 2008 WL 239254, at *8 (N.D. Cal. Jan. 28, 2008) (dismissing unjust enrichment claim with prejudice); *McKell v. Wash. Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) (affirming dismissal of unjust enrichment claims because no cause of action exists and Plaintiff failed to demonstrate a cause of action for restitution).

Here, Plaintiff has not alleged that an implied contract exists between Plaintiff and CLC or that imposition of a constructive trust is proper. As a result, Plaintiff's claim fails as a matter of law and should be dismissed.

### 2. The Existence of Contracts Bars Plaintiff's Unjust Enrichment Claim.

Under both California and Georgia law, no claim for unjust enrichment can lie when a contract governing the subject matter of the claim exists. *See Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996) (holding that an unjust enrichment claim fails where "there exists between the parties a valid express contract covering the same subject matter"); *Harris Ins. Agency, Inc. v. Tarene Farms, LLC*, 667 S.E. 2d 200, 201 (Ga. App. 2008) (affirming that unjust enrichment failed as a matter of law because a legal contract governed).

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

Claims for unjust enrichment must be dismissed if a contract exists that governs the subject matter of the dispute, regardless of whether the alleged contract at issue is between the plaintiff and the moving defendant, or as here, another defendant. *See, e.g., Tidikis v. Network for Med. Commc'ns & Research, LLC, et al.*, 619 S.E. 2d 481, 485 (Ga. App. 2005) (dismissing claim); *4 Hour Wireless v. Smith*, No. 01 Civ. 9133, 2002 WL 31654963, at *2 (S.D.N.Y. Nov. 22, 2002) (dismissing claim by non-party to the governing contract because "[a] party cannot recover in quantum meruit when a contract covers the subject matter").

Plaintiff's Complaint alleges the existence of contracts governing the relevant subject matter. Specifically, Plaintiff alleges (1) that he entered into a contract with the NCAA that included prohibitions on the use of student likenesses (*see* Cplt. ¶¶ 13-15, 41, 85-87),[3] and (2) that EA and CLC are parties to licensing agreements that "explicitly prohibit the use of NCAA athlete names and/or likenesses." *Id.* ¶¶ 15, 41. Because Plaintiff alleges the existence of contracts that cover the same subject matter as his unjust enrichment claim, his claim fails as a matter of law. *See Lance Camper*, 44 Cal. App. 4th at 203; *Harris Ins. Agency, Inc.*, 667 S.E. 2d at 201.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff's claims of civil conspiracy and unjust enrichment against CLC should be dismissed in their entireties.

//
//
//
//
//
//
//
//

---

[3] CLC does not admit the existence of an enforceable agreement between Plaintiff and NCAA. For purposes of this Motion to Dismiss only, however, "the court must presume all factual allegations of the complaint to be true." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).

DATED: July 29, 2009

Respectfully submitted,

    /s/Gennaro A. Filice III
Gennaro A. Filice
FILICE BROWN EASSA & MCLEOD LLP
Lake Merritt Plaza
1999 Harrison Street, 18th Floor
Oakland, CA 94612-0850
Telephone : 510-444-3131
Facsimile:   510-839-7940

William H. Brewster
R. Charles Henn Jr.
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:  (404) 815-6500
Facsimile:   (404) 541-3240

Attorneys for Defendant
COLLEGIATE LICENSING COMPANY

FBE&M
LAKE MERRITT PLAZA
1999 HARRISON STREET
EIGHTEENTH FLOOR
OAKLAND CA 94612-3541
PHONE 510.444.3131

12

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2009, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record, and is being sent by First Class U.S. Mail to the following:

Shana E. Scarlett
Robert B. Carey
Leonard W. Aragon
HAGENS BERMAN SOBOL SHAPIRO LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016

Robert A. Van Nest
R. James Slaughter
Daniel E. Jackson
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704

Stuart M. Paynter
THE PAYNTER LAW FIRM PLLC
1200 G. Street N.W., Suite 800
Washington, D.C. 20005

Gregory L. Curtner
Robert J. Wierenga
Kimberly K. Kefalas
Atleen Kaur
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
101 North Main St., 7th Floor
Ann Arbor, MI 48104

Kent M. Roger
Christopher J. Banks
MORGAN LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105

/s/Heather Hauck
Heather Hauck

DEFENDANT COLLEGIATE LICENSING COMPANY'S MOTION TO DISMISS
CASE NO.: 09-CV-1967 (CW)