1  Gregory L. Curtner (*Pro Hac Vice*)
   curtner@millercanfield.com
2  Robert J. Wierenga (SBN183687)
   wierenga@millercanfield.com
3  Kimberly K. Kefalas (*Pro Hac Vice*)
   kefalas@millercanfield.com
4  Atleen Kaur (*Pro Hac Vice*)
   kaur@millercanfield.com
5  MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
6  101 North Main St., 7th Floor
   Ann Arbor, MI  48104
7  Telephone:  (734) 663-2445
   Facsimile:  (734) 663-8624
8

9  Kent M. Roger (SBN95987)
   kroger@morganlewis.com
10 Christopher J. Banks (SBN218779)
   cbanks@morganlewis.com
11 MORGAN LEWIS & BOCKIUS LLP
12 One Market, Spear Street Tower
   San Francisco, CA  94105
13 Telephone:  (415) 442-1000
   Facsimile:  (415) 442-1001
14

15 Attorneys for Defendant
   National Collegiate Athletic Association
16

17 **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**
18 **OAKLAND DIVISION**

19 SAMUEL MICHAEL KELLER, on behalf of      Case No. 4:09-cv-01967-CW
   himself and all others similarly situated,
20                                            **DEFENDANT NCAA'S NOTICE OF**
                    Plaintiff,                **MOTION TO DISMISS THE COMPLAINT**
21                                            **PURSUANT TO FED. R. CIV. P. 12(b)(6)**
                                             **AND STATEMENT OF RELIEF SOUGHT;**
22 v.                                         **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN SUPPORT THEREOF**
23 ELECTRONIC ARTS INC., NATIONAL
   COLLEGIATE ATHLETIC ASSOCIATION,           Date:          September 24, 2009
24 and COLLEGIATE LICENSING COMPANY,          Time:          2:00 p.m.
                                             Dept:          Courtroom 2, 4th Floor
25                  Defendants.               Judge:         Hon. Claudia Wilken

26                                            Date Comp. Filed:     May 5, 2009

27

28

1

## **NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

2

PLEASE TAKE NOTICE that on September 24, 2009 at 2:00 p.m. before the Honorable

3

Claudia Wilken, United States District Court, 1301 Clay Street, Suite 400 S, Oakland, CA 94612-

4

5212, Courtroom 2, 4th Floor, defendant the National Collegiate Athletic Association ("NCAA")

5

will, and hereby does, move the Court for an order dismissing the first, fourth, and sixth causes of

6

action in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The NCAA moves

7

to dismiss these causes of actions on the following grounds:

8

9

    1.  Keller has not alleged that the NCAA has actually "used" his image or likeness, or

10

       that there is any commercial value associated with his image or likeness.

11

    2.  Keller has failed to allege facts sufficient to demonstrate that the NCAA

12

       participated in any supposedly illegal "conspiracy" to commit an underlying tort

13

       against him, or that any such tort was committed.

14

    3.  Keller cannot make a claim for breach of contract because there are no allegations

15

       that identify or could support the finding of any valid contract, such as allegations

16

       of the offer, acceptance, or consideration that would support a claim for the

17

       existence of a contract.  There are no allegations that would allow the Court or the

18

       NCAA to determine the alleged terms of this undefined contract or the

19

       "performance" by Keller and "breach" by NCAA that are required elements of this

20

       claim.

21

22

Therefore, the NCAA respectfully requests that this Court grant its motion to dismiss the

23

first, fourth and sixth causes of action alleged against the NCAA.

24

25

26

27

28

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

INTRODUCTION .............................................................................................................. 1

STANDARD FOR MOTION TO DISMISS ..................................................................... 3

SUMMARY OF ALLEGATIONS IN THE COMPLAINT ............................................. 3

ARGUMENT ..................................................................................................................... 4

I.   UNDER THE PLAIN LANGUAGE OF THE INDIANA CODE
     PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR DEPRIVATION
     OF HIS RIGHT OF PUBLICITY ...................................................................... 4

     A.   Keller admits that the NCAA did not use his likeness ........................... 5

     B.   Keller fails to allege facts to demonstrate any commercial value in his
          likeness ................................................................................................... 6

     C.   Keller fails to demonstrate that Indiana law should be applied to this claim ......... 7

II.  PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR CIVIL
     CONSPIRACY BECAUSE THERE IS NO UNDERLYING TORT TO
     SUPPORT THIS CLAIM ................................................................................... 8

III. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A CLAIM FOR
     BREACH OF CONTRACT ................................................................................ 10

CONCLUSION ................................................................................................................. 14

DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
Case No. 4:09-cv-01967-CW

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Heritage Banco, Inc. v. McNaughton*,
    879 N.E. 2d 1110 (Ind. Ct. App. 2008)................................................................. 9

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
    7 Cal. 4th 503 (1994) ............................................................................................. 9

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*,
    116 Cal. App. 4th 1375 (2004).............................................................................. 10

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ....................................................................................... 3, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................ 3, 5, 6

*Boyle v. Anderson Fire Fighters Assoc. Local 1262*,
    497 N.E. 2d 1073 (Ind. Ct. App. 1986).................................................................. 9

*Brodsky v. Yahoo! Inc.*,
    592 F. Supp. 2d 1192 (N.D. Cal. 2008) ................................................................. 3

*Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*,
    118 F. Supp. 2d 1002 (C.D. Cal. 2000)................................................................ 11

*Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*,
    472 F. Supp. 2d 1183 (S.D. Cal. 2007)................................................................ 10

*Hairston v. Pac-10 Conference*,
    101 F.3d 1315 (9th Cir. 1996)............................................................................... 12

*Hanni v. American Airlines, Inc.*,
    No. C 08-00732, 2008 U.S. Dist. LEXIS 58613 (N.D. Cal. July 11, 2008) ..................... 8, 10

*Indianapolis Horse Patrol, Inc. v. Ward*,
    247 Ind. 519 (1966).................................................................................................. 9

*James ex rel. Singleton v. Tallassee High Sch.*,
    907 F. Supp. 364 (M.D. Ala. 1995) ..................................................................... 12

*Kidron v. Movie Acquisition Corp.*,
    40 Cal. App. 4th 1571 (Cal. App. 2d Dist. 1995) .................................................. 9

*Mintel Learning Tech., Inc. v. Beijing Kaidi Education & Tech. Devp. Co.*,
    No. C-06-7541, 2007 U.S. Dist. Lexis 59946 (N.D. Cal. August 9, 2007) ........................... 13

DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
Case No. 4:09-cv-01967-CW

ii

*Motschenbacher v. R. J. Reynolds Tobacco Co.*,
  498 F.2d 821 (9th Cir. 1974)..........................................................................7

*Page v. Something Weird Video*,
  908 F. Supp. 714 (C.D. Cal. 1995) ...............................................................7

*Phillips v. Scalf*,
  778 N.E.2d 480 (Ind. Ct. App. 2002)............................................................7

*Poway Royal Mobilehome Owners Ass'n v. City of Poway*,
  149 Cal. App. 4th 1460 (2007)....................................................................13

*Schaefer v. Williams*,
  15 Cal. App. 4th 1243 (1993).......................................................................11

*Seely v. White Motor Co.*,
  63 Cal.2d 9 (1965) .......................................................................................13

*Stewart v. Bibb County Bd. of Education*,
  No. 5:04-CV-365, 2006 U.S. Dist. LEXIS 9217 (M.D. Ga. February 23, 2006), *aff'd*
  195 Fed. Appx. 927 (11th Cir. 2006) ..........................................................12

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*,
  143 Cal. App. 4th 1036 (Cal. Ct. App. 2006) ..............................................13

*The Estate of Mercer K. Ellington v. Gibson Piano Ventures, Inc.*,
  No. 1:03-cv-0804, 2005 U.S. Dist. LEXIS 21003 (S.D. Ind. June 24, 2005).........................5

**STATUTES**

Cal. Civ. Code §1549 ......................................................................................11

Cal. Civ. Code §1550.................................................................................3, 11

Cal. Civ. Code §1646 .......................................................................................10

Indiana Code §32-36-1-1 .............................................................................1, 2, 7

Indiana Code §32-36-1-1 *et seq.* ...............................................................5, 4

Indiana Code §32-36-1-6 ...................................................................................6

Indiana Code §32-36-1-7 .................................................................................6, 7

Indiana Code §32-36-1-8 ....................................................................................5

**COURT RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 3

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1

OTHER AUTHORITIES

2

Restatement 2d of Torts §652(C)..................................................................................................... 6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff's Complaint fails to state a claim against the NCAA and should be dismissed under Fed. R. Civ. P. 12(b)(6) where Plaintiff has failed to allege facts to support any of his three causes of action -- deprivation of right of publicity under Indiana Code §32-36-1-1, civil conspiracy, and breach of contract -- alleged against the NCAA.

**INTRODUCTION**

Plaintiff Samuel M. Keller claims that the NCAA, supposedly acting as part of a "conspiracy" with defendants Collegiate Licensing Company ("CLC") and Electronic Arts Inc. ("EA"), wrongfully appropriated his "likeness" when EA published its annual "NCAA Football"[1] video games.  But the Complaint falls far short of alleging the sort of facts needed to show that Keller's "likeness" -- as opposed to historical, statistical facts -- has been appropriated by anyone.[2]  On the contrary, Keller essentially admits that he does not have a viable claim against the NCAA:

- Keller *admits* that the NCAA does not license the use of student-athlete names or likenesses for use by EA or any other entity.  Complaint at ¶13.[3]

---

[1] Although this factual distinction is not necessary for the Court's decision on this motion, the NCAA is not the licensor of the mark "NCAA Football."  The licensing of that mark is controlled by CLC.

[2] The allegation is that the games use the "same jersey number, and virtually identical height, weight, build and home state."  ¶17.  These statistical facts are freely available to the public from various sources.

[3] References to "¶__" are to paragraphs in the Complaint.

DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF
Case No. 4:09-cv-01967-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- He *admits* that the players shown in the video games are dressed in school uniforms, *id.* at ¶17, and that neither his name, nor any other student-athlete's name, appears on the uniform or anywhere else in the game as published by EA; and

- He *admits* that the only visible "likenesses" used in the games are "team logos, uniforms, mascots and [] school stadiums" -- all of which belong to the schools in question, not to him or any other student-athlete -- to depict college sports realistically. *Id.* at ¶11. These are all properly licensed elements and Keller does not dispute that they were properly licensed.

The entire Complaint, in short, is based on the unwarranted and impermissible assumption that depicting computer-generated images of players (without names) in school uniforms naturally leads to an association with a player individually, regardless of the player's public recognition. The facts alleged in the Complaint are simply insufficient to support the requested relief.

The result of this lack of facts in Keller's Complaint is that his three causes of action against the NCAA are fatally flawed.[4]  Keller has not demonstrated that the NCAA has actually "used" his image or likeness, or that there is any commercial value associated with his image or likeness. He has failed to allege facts sufficient to demonstrate that the NCAA participated in any supposedly illegal "conspiracy" to commit an underlying tort against him, or that any such tort was committed. Finally, his breach of contract claim fails because Keller has not alleged facts

---

[4] The Complaint alleges three causes of action against the NCAA: 1) Deprivation of Rights of Publicity, Violation of Indiana Code §32-36-1-1 (first cause of action); 2) Civil Conspiracy (fourth cause of action); and 3) Breach of Contract (sixth cause of action).

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

2

demonstrating a valid contract under Cal. Civ. Code §1550, let alone facts sufficient to put the NCAA on notice of the alleged terms of this undefined "contract."

Keller's Complaint against the NCAA should be dismissed.

## STANDARD FOR MOTION TO DISMISS

Keller's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  "In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff." *Brodsky v. Yahoo! Inc*., 592 F. Supp. 2d 1192, 1196 (N.D. Cal. 2008) (Wilken, J.).  However, as the Supreme Court has recently affirmed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The legal conclusions in a Complaint must be supported by factual allegations "enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. (internal quotations omitted).  Therefore, a complaint that "does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests" must be dismissed.  *Brodsky*, 592 F. Supp. 2d at 1196.

Keller's Complaint fails this threshold requirement and fails to provide the NCAA with adequate notice of the grounds on which it rests.  It should be dismissed.

## SUMMARY OF ALLEGATIONS IN THE COMPLAINT

There is a paucity of factual allegations regarding the NCAA in the Complaint.  Keller alleges that he is a resident of Arizona and was the starting quarterback for Arizona State

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1  University and University of Nebraska's football teams. ¶3. Keller further alleges that EA has

2  produced the NCAA Football, NCAA Basketball and NCAA March Madness games in which EA

3  supposedly uses the likeness of NCAA student-athletes. ¶¶1, 11. Keller acknowledges that the

4  NCAA does not license the use of student-athlete names or likenesses to EA. ¶13.

5  And that is it as far as Keller's factual allegations go. All of the remaining allegations

6  concerning the NCAA are merely conclusions of law or assertions that are unsupported by facts.

7  As we demonstrate below, those allegations are insufficient as a matter of law to support Keller's

8  claims against the NCAA.

## ARGUMENT

### I.   UNDER THE PLAIN LANGUAGE OF THE INDIANA CODE PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR DEPRIVATION OF HIS RIGHT OF PUBLICITY.

The first cause of action in the Complaint, which alleges that the NCAA violated

Indiana's statutory right of publicity, fails as a matter of law. This cause of action, which is

alleged against only the NCAA, claims that Keller's "name, voice, signature, photograph, image,

likeness, distinctive appearance, gestures and mannerisms" (hereafter collectively "likeness")

have commercial value and EA has used the likeness without Plaintiff's consent. ¶67. There are

*no* specific, factual allegations of wrongdoing by the NCAA; instead, the Complaint offers only a

few conclusory allegations that mirror Keller's civil conspiracy claim.

Keller's claim fails under the plain language of Indiana Code §32-36-1-1 *et seq*, for

several reasons. First, Keller admits that the NCAA did not "use" his likeness. Second, Keller

fails to allege facts to demonstrate that his likeness has any commercial value. Finally, Keller

fails to allege that any act prohibited by the statute took place within Indiana, or that Indiana is

the state with the greatest interest in resolving this dispute.

DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 4:09-cv-01967-CW

4

**A.      Keller admits that the NCAA did not use his likeness**

Indiana Code §32-36-1-8 provides that "a person may not *use* an aspect of a personality's right of publicity for a commercial purpose…without having obtained previous written consent…" (emphasis added).  Therefore, by the very terms of the statute, the prohibition is on "use" of any aspect of a personality's likeness.  Keller has not alleged that the NCAA "used" his likeness.  Instead, the Complaint alleges that the only supposed "use" was by EA, not the NCAA. ¶67.

Keller's claim against the NCAA cannot survive his failure to allege that the NCAA "used" his likeness.  In *The Estate of Mercer K. Ellington v. Gibson Piano Ventures, Inc.,* No. 1:03-cv-0804, 2005 U.S. Dist. LEXIS 21003 (S.D. Ind. June 24, 2005), the court noted that "[w]hile there are no reported Indiana cases addressing this issue, the IROP [Indiana Right of Publicity statute], on its face, *only addresses the 'use'* of an aspect of a personality's right of publicity."  *Id.* at *33 (emphasis added).  Since there is no allegation that the NCAA used "an aspect of [Keller's] right of publicity," his claim is insufficient under the plain language of the statute.

Unable to allege facts showing "use" of his likeness by the NCAA, Keller settles for making the same conclusory legal claims that underlie his civil conspiracy count.  The Complaint thus makes the wholly conclusory claim that Defendants "conspired" to allow EA to use his likeness.  ¶67.[5]  That claim -- which finds no support in any *facts* alleged in the Complaint -- is insufficient as a matter of law under both *Twombly* and Indiana Code §32-36-1-1 *et seq.*  Keller

---

[5] The allegations in this Count are no different from the allegations in Keller's fourth cause of action for civil conspiracy.  Both state legal conclusions about a conspiracy without any factual allegations of specific actions taken by the NCAA.  *See* ¶¶67 and 79.

DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 4:09-cv-01967-CW

has not come close to alleging facts sufficient to support his claim that the NCAA took independent action in violation of the Indiana Code.

### B.    Keller fails to allege facts to demonstrate any commercial value in his likeness

Keller's claim also fails because he has alleged no facts sufficient to demonstrate that his likeness has any commercial value.  The Indiana Code requires that in order to claim a right of publicity, which is defined as a "personality's property interest" in his or her likeness (§32-36-1-7), the personality's likeness must have "commercial value" (§32-36-1-6).  Therefore, to sustain a cause of action under this statute, Keller must allege facts (and ultimately prove) that his likeness has "commercial value."  The Complaint contains no factual allegations to support a claim for commercial value in Keller's likeness.  There is a conclusory statement that Keller's likeness has commercial value, ¶67, but no facts have been alleged to substantiate or demonstrate this value.[6]

Keller's wholly conclusory claim that his likeness has commercial value is not good enough.  In order to survive a motion to dismiss, Keller was required to allege more than legal conclusions.  He was required to allege facts demonstrating this commercial value, such as endorsement offers or other methods by which the Court and the NCAA can surmise the grounds on which this claim rests and the "value" that is claimed.  *See, e.g.,* Restatement 2d of Torts §652(C).  The Court is not required to accept Keller's conclusory allegation about the commercial value of his likeness; instead, Keller must set forth factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

---

[6] Keller has filed this Complaint on behalf of a purported class.  But, not only does he fail to demonstrate that his likeness has any commercial value, he also fails to supply any facts that would support his claim that the likenesses of all of the class members have commercial value.

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1

### C.    Keller fails to demonstrate that Indiana law should be applied to this claim

2

3    Finally, Keller's claim that Indiana law gives him a cause of action against the NCAA is

4    mistaken even if the above shortcomings are ignored.  Indiana Code §32-36-1-1 provides that

5    "this chapter applies to an act or event that occurs within Indiana, regardless of a personality's

6    domicile, residence or citizenship."  But, as shown above, since the NCAA does not "use"

7    Keller's likeness, no "act or event" prohibited by this statute occurred within Indiana.  In fact, it is

8    not clear from Keller's Complaint where any alleged "use" of his likeness by the NCAA

9    supposedly occurred.  Therefore, there is no basis in the Complaint for Keller's apparent claim

10    that this cause of action should be governed by Indiana law.

11

12    The Indiana statute defines the right of publicity as a "property right" (§32-36-1-7) and

13    under Indiana law, "the situs of intangible personal property is the legal domicile of the owner."

14    *Phillips v. Scalf*, 778 N.E.2d 480, 483-84 (Ind. Ct. App. 2002).  As one California court has

15    noted, "it is well-established that, where defendants publish or distribute the materials in various

16    states, the state of plaintiff's domicile usually has the most significant relationship to the action."

17    *Page v. Something Weird Video*, 908 F. Supp. 714, 716 (C.D. Cal. 1995) (citing 5 Witkin,

18    *Summary of California Law* (9th Ed. 1988), Torts § 339 and Restatement Second, Conflict of

19    Laws §§ 152, 153).  *See also Motschenbacher v. R. J. Reynolds Tobacco Co.*, 498 F.2d 821, 823,

20    n. 4 (9th Cir. 1974) ("In cases of this type [for misappropriation of likeness] the state of plaintiff's

21    residency is normally the state of the greatest injury.").  Any cause of action that Keller might

22    assert against the NCAA would arise under Arizona law, the state of Keller's residence, not

23    Indiana law.  Arizona, however, has not recognized a claim for invasion of right of publicity in

24    common law or by statute.

25

26

27

28

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

7

This Court can dismiss this cause of action in the Complaint under the plain language of the Indiana statute because Keller has not alleged that the NCAA "used" his likeness and has not provided factual allegations to support his claim that his likeness has "commercial value." Furthermore, Keller has not established that this claim is properly brought under Indiana law where no act or event prohibited by the Indiana Code took place within Indiana.  His claims against the NCAA should be dismissed.

## II.   PLAINTIFF HAS FAILED TO ALLEGE A CLAIM FOR CIVIL CONSPIRACY BECAUSE THERE IS NO UNDERLYING TORT TO SUPPORT THIS CLAIM.

Keller alleges that all three Defendants have "conspired" to use his likeness without permission.  The three paragraphs under this cause of action only contain conclusory statements of law (and no facts), which this Court is not required to accept as true.  To defeat a motion to dismiss, Keller must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  To make a claim for conspiracy, it is not enough to state that a conspiracy existed, rather the Complaint must "allege ***facts to support a finding*** that the [defendant] conspired with other [defendants] with unlawful intent." *Hanni v. American Airlines, Inc.,* No. C 08-00732, 2008 U.S. Dist. LEXIS 58613, *27 (N.D. Cal. July 11, 2008) (Wilken, J.) (emphasis added).  No such facts are found in Keller's complaint.

Keller fails to inform the Court whether he is bringing this cause of action under Indiana law or California law.[7]  However, under both states' laws this claim fails because neither state recognizes civil conspiracy as an independent cause of action.  This claim must be supported by a valid claim for an underlying tort, which Keller has failed to make.

---

[7] Keller claims that the "conspiracy took place in California and Indiana."  ¶57.

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1    Under Indiana law "there is no cause of action for conspiracy as such.  The cause of action

2    is for damage resulting from a conspiracy."  *Indianapolis Horse Patrol, Inc. v. Ward*, 247 Ind.

3    519, 522 (1966).  Therefore, in order to recover damages, plaintiff must show that there was a

4    conspiracy to achieve some unlawful purpose or to achieve a lawful purpose through unlawful

5    means, *i.e.*, Keller must plead factual allegations to support an underlying tort.  *Id.*  "In other

6    words, allegations of a civil conspiracy are just another way of asserting concerted action in the

7    commission of a tort."  *Boyle v. Anderson Fire Fighters Assoc. Local 1262*, 497 N.E. 2d 1073,

8    1079 (Ind. Ct. App. 1986); *see also American Heritage Banco, Inc. v. McNaughton*, 879 N.E. 2d

9    1110, 1115 (Ind. Ct. App. 2008) ("civil conspiracy is not an independent cause of action.").

10

11    Similarly, under California law a cause of action for civil conspiracy requires an

12    underlying tort.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (Cal. App. 2d

13    Dist. 1995) ("the basis of a civil conspiracy is the formation of a group of two or more persons

14    who have agreed to a common plan or design to commit a tortious act….  The conspiring

15    defendants must also have actual knowledge that a tort is planned and concur in the tortious

16    scheme with knowledge of its unlawful purpose. …However, actual knowledge of the planned

17    tort, without more, is insufficient to serve as the basis for a conspiracy claim.  Knowledge of the

18    planned tort must be combined with intent to aid in its commission)."  *See also Applied Equip.*

19    *Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994) ("Conspiracy is not a cause of

20    action, but a legal doctrine that imposes liability on persons who, although not actually

21    committing a tort themselves, share with the immediate tortfeasor a common plan or design in its

22    perpetration.").  Not only must there be an underlying tort, but the "conspiring defendants must ...

23    have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of

24    its unlawful purpose."  *Kidron,* 40 Cal.App.4th at 1582.  And, "[t]his knowledge must be

25

26

27

28

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

combined with an intent to aid in achieving the objective of the conspiracy." *Hanni,* 2008 U.S. Dist. LEXIS 58613 at *25 (citations omitted). There are no allegations of such knowledge or intent in the Complaint.

Here, the only tort alleged against the NCAA is the deprivation of Keller's right of publicity, but that cause of action (as discussed above) is based on the same allegations as civil conspiracy, *i.e.*, that the defendants "conspired" to use his likeness. *See* ¶¶67 and 79. Therefore, Keller's Complaint is completely circular as it relates to the underlying tort required for a civil conspiracy. Moreover, for the reasons stated above Keller cannot sustain his claim for deprivation of his right of publicity under the Indiana statute. Without any underlying tort Keller cannot sustain his cause of action for civil conspiracy under either Indiana or California law.

### III. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A CLAIM FOR BREACH OF CONTRACT.

Keller's breach of contract claim against the NCAA is similarly infirm, even at this stage of the case. Under California law,[8] "'A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.'" *Armstrong*

---

[8] Again, Keller has not specified which state law should be applied to this claim. Cal. Civ. Code §1646 provides that "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance according to the law and usage of the place where it is made." Here, it is unclear what constitutes the contract and where the contract was to be "performed." However, Keller played football for the University of Arizona and University of Nebraska, ¶3, but it is not clear if Keller is claiming that his athletics participation was "performance" of the contract. The analysis is similar even if we look to the place where the contract was "made." "A contract is 'made' in the place of acceptance." *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.*, 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007). But, without specific allegations from Keller about what he claims constitutes the contract, where the contract was made, and where he claims he performed the contract (and how), it is impossible for either the NCAA or the Court to understand the basis of this claim and to apply the appropriate state law to it. Therefore, Keller's breach of contract claim should be dismissed.

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

10

1    *Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1391, n. 6 (2004) (quoting

2    C*areau & Co. v. Security Pacific Business Credit, Inc*. 222 Cal. App. 3d 1371, 1388 (1990)).

3    Keller's Complaint fails to provide factual allegations to support any of these elements.

4

5    Most fundamentally, Keller does not allege what document(s) constitute the "contract"

6    that was allegedly breached, nor are there any factual allegations demonstrating offer, acceptance,

7    or consideration sufficient to support a finding of a contract.  Cal. Civ. Code §1549 defines a

8    contract as "an agreement to do or not to do a certain thing."  There are no allegations in the

9    Complaint regarding what the NCAA agreed to do or not to do.  Furthermore, under Cal. Civ.

10   Code §1550, the essential terms for the formation of a contract are: 1) parties capable of

11   contracting; 2) their consent; 3) a lawful object, and 4) sufficient cause or consideration.  Without

12   any allegations regarding these essential elements, the NCAA is left completely in the dark on the

13   bases for the supposed "contract" between it and Keller, let alone how it supposedly breached that

14   contract.  Keller only alleges that student-athletes sign a piece of paper each year stating that they

15   have read and understand the NCAA's rules, ¶14, but this allegation is insufficient to meet the

16   requirements of Cal. Civ. Code §1550 to show that a valid contract existed between him and the

17   NCAA.  *See, e.g., Schaefer v. Williams*, 15 Cal. App. 4th 1243 (1993) (failure by candidate for

18   public office to abide by his campaign promise to follow the Code of Fair Campaign Practices

19   was not a breach of contract because the elements of Cal. Civ. Code §1550 were not met); *Cedars*

20   *Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co.*, 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) ("In

21   California, a party's intent to contract is judged objectively, by the party's outward manifestation

22   of consent" and without such consent no contract was formed).  Keller's allegations do nothing to

23   explain the relationship he claims exists between the NCAA and the student-athletes apart from

24   the student-athletes' enrollment at member schools.  Keller has also failed to allege with

25

26

27

28

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

specificity what constituted his "performance" of the supposed "contract" and the precise terms of the contract that were "breached" by the NCAA.

Keller's vague and conclusory allegations are clearly insufficient to support his breach of contract claim, as *Hairston v. Pac-10 Conference*, 101 F.3d 1315, 1320 (9th Cir. 1996) demonstrates. The Ninth Circuit there affirmed the dismissal of plaintiffs' breach of contract claim, finding that the student-athletes were not intended third-party beneficiaries of the contract between the conference and its members. The court found that "[o]ther than the statements from the Pac-10's constitution, By-laws and other legislation, appellants have failed to provide any evidence that the parties intended to create a contractual obligation…." *Id.* Similarly, here Keller has failed to provide ***any*** factual allegations sufficient to demonstrate a direct contractual relationship between him and the NCAA.[9] Without any clear allegations of the formation or terms of the supposed "contract," or the consideration that supposedly supported it, the NCAA is left to guess at what it is being sued over. That is not permissible, even at this early stage of the case.

The Complaint also fails to allege any facts showing whether, or how, the NCAA supposedly breached an express term of the supposed contract. The Complaint's only allegation is that the NCAA owed a "duty to deal fairly and in good faith" with Keller. ¶86. Beyond that bare allegation, Keller only repeats the same deficient allegations from his claim for civil conspiracy.

---

[9] Several courts have held that student-athletes do not have a "property right" in participating in athletics. *See, e.g., Stewart v. Bibb County Bd. of Education*, No. 5:04-CV-365, 2006 U.S. Dist. LEXIS 9217 (M.D. Ga. February 23, 2006), *aff'd* 195 Fed. Appx. 927 (11th Cir. 2006); *James ex rel. Singleton v. Tallassee High Sch.*, 907 F. Supp. 364, 366-367 (M.D. Ala. 1995) ("a majority of the federal courts addressing the question have determined that a student does not have a cognizable property interest in participating in extracurricular activities at public institutions.").

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nor does Keller's conclusory claim that the NCAA failed to "deal fairly and in good faith" with him save his deficient contract claim.  "Under California law, every contract contains an implied covenant of good faith and fair dealing.  This implied covenant requires that neither party do anything that will deprive the other of the benefits of the agreement.  Nevertheless, the implied covenant of good faith and fair dealing ***does not extend beyond the terms of the contract at issue***."  *Mintel Learning Tech., Inc. v. Beijing Kaidi Education & Tech. Devp. Co*., No. C-06-7541, 2007 U.S. Dist. Lexis 59946, *16 (N.D. Cal. August 9, 2007) (emphasis added) (citations omitted); *see also Poway Royal Mobilehome Owners Ass'n v. City of Poway,* 149 Cal. App. 4th 1460, 1477 (2007).  Therefore, California law does not permit an action for breach of an implied covenant of good faith and fair dealing to be maintained absent an allegation of breach of an express term of the contract.  Here, there are no allegations of the specific document(s) that constitute the contract or the terms of the contract that have been violated.  Keller cannot simply rely on an allegation of a breach of the duty of good faith and fair dealing without specifically pointing to the precise terms of the contract that have been breached.

Finally, the economic loss doctrine prevents Keller from recovering for the same alleged unlawful conduct under both tort and contract theories.  The economic loss doctrine precludes recovery for allegations based on the same "facts" that give rise to both the tort and breach of contract claim.  *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036, 1041 (Cal. Ct. App. 2006); *Seely v. White Motor Co*., 63 Cal.2d 9 (1965).  Not only is Keller's Complaint deficient because it fails to plead any facts to support his claims against the NCAA, it is also flawed because there is no distinction in the allegations brought by Keller under all three of the causes of action he asserts against the NCAA.  All three claims against the NCAA ultimately rest upon his unsupported allegation that the NCAA "conspired" with the other

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1   defendants. *See* ¶¶67, 79 and 87. Therefore, Keller's Complaint does not allege a breach of
2   contract claim with enough factual specificity to allow the Court and the NCAA to discern the
3   grounds on which it rests.
4
5                                    **CONCLUSION**
6           All three of the counts in Keller's Complaint against the NCAA should be dismissed.
7   Keller's Complaint fails to supply any factual allegations on which he bases his claims against the
8   NCAA, thereby failing the minimum pleading standard that is required to take a Complaint
9   beyond speculation and conjecture to allegations with factual support that could plausibly state a
10  claim. In particular, Keller admits that the NCAA does not "use" his likeness and that the NCAA
11  prohibits the use of his name or likeness by any entity to which it licenses its own trademarks.
12  Keller fails to demonstrate any "commercial value" in his likeness. Keller also fails to provide
13  any factual details about the document(s) he contends form a contract between him and the
14  NCAA and any precise term of the contract that he claims was breached by the NCAA. In the
15  face of such deficient allegations and a simple recitation of legal conclusions, the Court should
16  dismiss the first, fourth and sixth causes of action in Keller's Complaint as alleged against the
17  NCAA, and grant the NCAA any other relief it deems appropriate.
18
19
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26
27
28

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By:   _s/ Gregory L. Curtner_____
        Gregory L. Curtner (*Pro Hac Vice*)
        Robert J. Wierenga (SBN183687)
        Kimberly K. Kefalas (*Pro Hac Vice*)
        Atleen Kaur (*Pro Hac Vice*)
        Attorneys for National Collegiate Athletic Association
        101 North Main St., 7th Floor
        Ann Arbor, MI  48104
        (734) 663-2445

        Kent M. Roger (SBN95987)
        kroger@morganlewis.com
        Christopher J. Banks (SBN218779)
        cbanks@morganlewis.com
        Morgan Lewis & Bockius LLP
        One Market, Spear Street Tower
        San Francisco, CA  94105
        (415) 442-1000

        Attorneys for Defendant
        National Collegiate Athletic Association

Dated:  July 29, 2009

---

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered and I hereby certify that I have mailed the foregoing document via the U.S. Postal Service to the following non-CM/ECF participant:

William Brewster
Kilpatrick & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4530

By: _____ s/ Gregory L. Curtner_____
Gregory L. Curtner (*Pro Hac Vice*)
Attorneys for National Collegiate Athletic Association
101 North Main St., 7th Floor
Ann Arbor, MI  48104

AALIB:563585.1\063863-00040

**DEFENDANT NCAA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**
Case No. 4:09-cv-01967-CW