KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
R. JAMES SLAUGHTER - #192813
R. ADAM LAURIDSEN - #243780
rvannest@kvn.com
rslaughter@kvn.com
alauridsen@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAMUEL MICHAEL KELLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. CV-09-1967-CW<br><br>**ELECTRONIC ARTS INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Date:      November 5, 2009<br>Time:      2:00 p.m.<br>Dep't:     Courtroom 2, 4th Floor<br>Judge:    Hon. Claudia Wilken<br><br>Date Comp. Filed:    May 5, 2009 |

## I. INTRODUCTION

Defendant Electronic Arts Inc. ("EA") opposes proposed *amici* Jim Brown's and Herb Adderley's motion for leave to file an amicus brief. The touchstone purpose of an amicus brief — that *amici* have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 35 F.Supp.2d 1061, 1067 (N.D. Cal. 2005) — is noticeably absent here. Quite simply, Brown and Adderley have no "unique information or perspective" that Plaintiff could not offer. Rather, the instant motion and the proposed *amicus* brief are simply the latest iteration of *amici's* counsel's decade-long challenge to the well-established body of authority providing First Amendment defenses to publicity right claims. *Amici*'s counsel has submitted *amici* briefs—all making the same arguments he seeks leave to make here—to the California Supreme Court, the Ninth Circuit, and the Sixth Circuit (at least). Each court expressly rejected arguments that proposed *amici* counsel wish to make here. For these reasons, and as more fully described below, EA requests that the Court deny proposed *amici* leave to file their *amicus* brief. In the alternative, EA requests the opportunity to respond substantively to *amici's* arguments.

## II. ARGUMENT

"The **privilege** of being heard *amicus* rests in the discretion of the court which may grant or refuse leave according [to whether] it deems the proffered information timely, useful, or otherwise." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D.Wa. 1999) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (emphasis added). "[A] district court lacking joint consent of the parties should go slow in accepting … an *amicus* brief unless … the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1 (S.D.Tex. 2007) (quoting *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970)); *see also NGV Gaming, Ltd.*, 355 F. Supp. 2d at 1067. Leave to file an *amicus* brief is not warranted when proposed *amicus*' only connection to an action is a "generalized interest" in all cases concerning the matter at issue. *See Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D.Pa. 1999) (denying leave for an

1  industry interest group to file an *amicus* brief).  Here, proposed *amici*'s motion for leave should
2  be denied for at least four reasons.

3      ***First***, leave is inappropriate because Brown and Adderley have no "unique information
4  or perspective" to offer the court.  *NGV Gaming, Ltd.*, 355 F. Supp. 2d at 1067.  A motion for
5  leave should be denied when the *amicus* "seeks only to make additional legal arguments on
6  behalf of … a more than adequately represented party."  *Georgia v. Ashcroft*, 195 F. Supp. 2d
7  25, 33 (D.D.C. 2002) (overruled on other grounds).  Here, proposed *amici* seek leave to file their
8  brief supposedly to protect the interests of retired athletes, but they do not explain why
9  Plaintiff—also a retired athlete—cannot protect their interests.  "The parties are sophisticated
10 and ably represented by counsel.  It is unclear what new perspective or information [the *amicus*]
11 could provide.  [The *amicus*] has the same interests and policy objectives as [the aligned party]."
12 *Sierra Club*, 2007 WL 3472851, at *3 (denying a motion for leave).  The mere amplification of
13 Plaintiff's legal arguments by proposed *amici* does not justify imposing the additional burden on
14 the parties and the Court that granting leave would entail.  *Abu-Jamal v. Horn*, 2000 WL
15 1100784, at *4 (E.D.Pa. 2000).

16     ***Second***, leave is inappropriate because the arguments advanced by *amici* in their
17 proposed brief are the same arguments unsuccessfully made by their counsel in several other
18 cases.  Counsel for *amici* made these identical arguments in *amicus* briefs before the California
19 Supreme Court (*Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387 (2001)), the
20 Ninth Circuit (*Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180 (9th Cir. 2001)), and the Sixth
21 Circuit (*ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915 (6th Cir. 2003)).  Each court explicitly
22 rejected the same arguments *amici*'s counsel offers now:

- In all three cases, *amici*'s counsel argued that a defendant's right to use an alleged likeness should be evaluated in the same manner as a defendant's right to take physical property.  *Compare Comedy III* Br. (Lauridsen Decl., Ex. A) at 3-11; *Hoffman* Br. (Lauridsen Decl., Ex. B) at 4-5; *ETW* Br. (Lauridsen Decl., Ex. C) at 24-25 *with* Br. at 7-10.  In each case, the courts rejected this "takings" approach and decided the claims under well-established lines of publicity right and First Amendment authority.  *Comedy III*, 25 Cal. 4th at 400-09; *Hoffman*, 255 F.3d at 1184-86; *ETW*, 332 F.3d at 936.
- In all three cases, *amici*'s counsel argued that the First Amendment protects the use of likenesses in expressive works only when defendants lack "alternative

means" for their expression. *Compare* Ex A. at 25-30; Ex. B at 11-16; Ex. C at 36 *with* Br. 13-15.  Again, in each case the courts flatly rejected this approach, extending First Amendment protection more broadly based on the expressive nature of the works.  *Comedy III*, 25 Cal. 4th at 404-06; *Hoffman*, 255 F.3d at 1184-86; *ETW*, 332 F.3d at 927 n.10 & 937-38.

- In all three cases, *amici*'s counsel urged the courts to reject a balancing test weighing publicity rights against free speech rights.  *Compare* Ex. A at 38-40; Ex. B at 24-26; Ex. C at 35-36 *with* Br. at 19-22.  Again, in each case the courts rejected *amici*'s approach.  The Sixth Circuit adopted the precise balancing test *amici* counsel argued against.  *ETW*, 332 F.3d at 938.  The California Supreme Court and Ninth Circuit similarly have applied a balancing analysis for First Amendment protection.  *Comedy III*, 25 Cal. 4th at 391 ("We formulate instead what is essentially a balancing test between the First Amendment and the right of publicity …"); *Hoffman*, 255 F.3d at 1183-84 ("We evaluate this defense aware of 'the careful balance that courts have gradually constructed between the right of publicity and the First Amendment ….'" (citation omitted)).

- In *Comedy III*, *amici*'s counsel urged the court not to rely on aspects of the fair use doctrine to evaluate First Amendment defenses to publicity rights claims.  *Compare* Ex. A at 33-35 *with* Br. at 15-17.  But the California Supreme Court directly repudiated this argument by adopting the transformative test.  *Comedy III*, 25 Cal. 4th 404 ("[T]he first fair use factor—"the purpose and character of the use"—does seem particularly pertinent to the task of reconciling the rights of free expression and publicity." (citation omitted)).  And the Ninth and Sixth Circuits both favorably cited the California Supreme Court's transformative test, despite *amici*'s counsel's briefs.  *Hoffman*, 255 F.3d at 1184 n.2; *ETW*, 332 F.3d at 938.[1]

*Comedy III*, *Hoffman*, and *ETW* remain good law, and they all reject the exact arguments that proposed *amici*'s counsel hopes to make here.  An *amicus* brief that argues that the California Supreme Court, the Ninth Circuit, and the Sixth Circuit all got it wrong is not useful.

***Third***, the arguments Brown proposed to make in the *amicus* brief directly contradict the position he took just last month in his recently dismissed lawsuit against EA.  *Compare* Br. at 15-17 *with* Ex. D at 18-20.  Brown had sued EA, alleging that EA misappropriated his likeness in EA's *Madden NFL* game.  In opposing EA's Rule 12(b)(6) motion, Brown acknowledged that the transformative test applies when balancing First Amendment rights and publicity rights.  *See* Ex. D at 18 (endorsing the transformative test).  As Brown said, "a First Amendment defense will stand only if defendant's work is 'transformative.'" *Id*. (quoting *Comedy III*, 25 Cal. 4th at 404).  "The test is 'whether the celebrity likeness is one of the raw materials from which the

---

[1]   Contrary to the proposed *amici*'s claims, the Ninth Circuit has applied the transformative test in deciding misappropriation claims.  *See*, *e.g.*, *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 812 (9th Cir. 2003) ("In light of our holding above that Forsythe's work was transformative, Mattel's remaining state law claims are barred by the First Amendment" (citing

original work is synthesized, or whether the depiction or imitation of the celebrity is the very sum and substance of the work.'  If defendant is unable to establish the former, the First Amendment defense will fail."  Ex. D at 18-19 (quoting *Winter v. DC Comics*, 30 Cal. 4th 881, 888 (2003)).  Brown's prior citation to *Comedy III* and *Winter* demonstrate their clear applicability to the present case—and his abandonment of his prior arguments demonstrates the opportunistic nature of his *amicus* brief.

Moreover, after reviewing *Madden NFL*, the court granted EA's motion to dismiss Brown's complaint, holding that *Madden NFL* is an expressive work fully protected by the First Amendment:

> The *Madden* games contain numerous creative elements.  Although the games seek to realistically replicate NFL football, they use creative means to achieve that goal.  The games contain virtual stadiums, athletes, coaches, fans, sound effects, music, and commentary, all of which are created or compiled by the games' designers ….  That the designers used a realistic sports theme to express their creativity, as opposed to urban adventures (*E.S.S.*) or music (*Romantics*), does not change the fact that the *Madden NFL* games manifest their designers' creative vision.  The *Madden NFL* video games are expressive works, akin to an expressive painting….

Lauridsen Decl., Ex. E at 7.[2]

***Fourth***, proposed *amici*'s brief is untimely.  District courts regularly look to the Federal Rules of Appellate Procedure for procedural guidance regarding amicus briefs.  *See*, *e.g.*, *Sierra Club*, 2007 WL 3472851, at *1; *Abu-Jamal*, 2000 WL 100784, at *5.  Under Rule 29(e) of the Federal Rules of Appellate Procedure, "[a]n amicus curiae must file its brief … no later than 7 days after the principal brief of the party being supported is filed."  Here, the Court adopted the parties stipulated briefing schedule on July 14, 2009.  Defendants filed their motions to dismiss on July 29, with Plaintiff's opposition following on September 1.  Despite this publicly available and generously paced schedule, proposed *amici* waited nearly a month — until after the completion of briefing by all parties — to seek leave to file their *amicus* brief in support of Plaintiff's opposition to Defendants' motions to dismiss.  Proposed *amici*'s delay in filing is

---

*Comedy III*)).

[2] The court dismissed with prejudice Brown's Lanham Act claim and declined to exercise supplemental jurisdiction over his remaining state law misappropriation claims.  Ex. E at 10.

unexplained and unreasonable.

### III.  CONCLUSION

For these reasons, EA requests that the Court deny proposed *amici* leave to file their amicus brief.  In the alternative, EA requests the opportunity to substantively respond to *amici's* arguments by filing a responsive brief on or before November 10, 2009.

Dated:  October 14, 2009                                         KEKER & VAN NEST LLP


                                                         By: /s/ R. James Slaughter _____
                                                                 R. JAMES SLAUGHTER
                                                                 Attorneys for Defendant
                                                                 ELECTRONIC ARTS INC.

---

5

ELECTRONIC ARTS INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF
CASE NO. CV-09-1967-CW

452039.04