Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
          leonard@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com

Attorneys for Plaintiffs

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NCAA Student-Athlete Name & Likeness Licensing Litigation | Case No. 4:09-cv-1967 CW<br><br>**ADMINISTRATIVE MOTION TO RELATE CASE**<br><br>ACTION FILED: May 5, 2009 |

Publicity Rights Plaintiffs hereby move the Court, pursuant to Civil Local Rules 3-12 and 7-11, to relate the case *Davis v. Electronic Arts, Inc.* ("*Davis*"), 10-cv-03328, currently pending before the Honorable Richard Seeborg in the Northern District of California, with *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* ("*In re NCAA*"), 09-cv-01967.[1]

*In re NCAA* and *Davis* involve substantially the same parties, arise out of common facts, and raise many of the same legal issues.[2] Both cases are putative class actions brought on behalf of athletes whose publicity rights have been misappropriated by Electronic Arts Inc. ("EA"). Both actions examine the use and licensing of class members' images in videogames developed and sold by EA. As a result, there will be substantial overlap between the two cases with respect to documents, witnesses and legal issues. Relating these cases would therefore conserve judicial resources.

## I. PROCEDURAL HISTORY

In May 2009, Sam Keller, a former college quarterback, filed suit on behalf of current and former college student athletes against EA, the National Collegiate Athletic Association ("NCAA") and Collegiate Licensing Company ("CLC") alleging the misappropriation of his publicity rights in EA's NCAA related videogames. A month later, Edward O'Bannon, a former UCLA basketball player, filed an antitrust action on behalf of student athletes against the NCAA and CLC alleging that NCAA member schools conspired to prevent NCAA athletes from receiving compensation for the commercial use of their images. Following assignment to Judge Claudia Wilken, the *Keller* and *O'Bannon* plaintiffs jointly moved to consolidate their cases in September 2009. Judge Wilken consolidated the cases on January 15, 2010. In two lengthy opinions dated February 8, 2010, Judge Wilken denied Defendants' motions to dismiss, in substantial part, and EA's anti-

---

[1] This Court related this action to an earlier filed class action, *Pecover v. Electronic Arts Inc.* ("*Pecover*"), 08-cv-02820, which is currently pending before Chief Judge Vaughn Walker. Plaintiffs have utilized the caption of *In re NCAA* rather than the *Pecover* caption because Plaintiffs believe that the *Davis* action is related only to *In re NCAA*. In accordance with the local rules, however, Plaintiffs are filing copies of this motion in the *Pecover* action.

[2] *Davis* relates primarily to the publicity rights allegations contained in the Consolidated Amended Class Action Complaint (¶¶6-7, 33-36, 40-43, 168-170, 179-267, 135-140), causes of action (pp.135-140) and prayer for relief (pp.148-149).

2

SLAPP motion.  *See Keller v. Electronics Arts, Inc*. 2010 WL 530108, 1 (N.D.Cal. Feb. 8, 2010); *O'Bannon v. National Collegiate Athletic Ass'n*, 2010 WL 445190 (N.D. Cal. Feb. 8, 2010).  On March 10, 2010, Plaintiffs filed a consolidated complaint under the new case caption *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* ("*In re NCAA*").

After the consolidated complaint was filed, EA moved to relate *In re NCAA* to *Pecover v. Electronic Arts Inc.*, a 2008 case then pending before Chief Judge Walker.  Chief Judge Walker granted the motion to relate on April 14, 2010.  Due to his pending retirement, Chief Judge Walker reassigned *In re NCAA* back to Judge Wilken in November 2010.

Filed in July 2010, *Davis v. Electronic Arts, Inc.* involves EA's unauthorized use of retired NFL players' likenesses in its Madden NFL videogame franchise.  The case is in the early stages of litigation, and EA has not yet answered the complaint.

## II.    DISCUSSION

Two pending actions may be related if they "concern substantially the same parties, property, transaction or event" and "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."  Civ. L.R. 3-12(a).  Both criteria are satisfied in this case.

A.   *In Re NCAA* And *Davis* Concern "Substantially" The "Same Parties, Property, Transaction Or Event"

EA is a defendant in both *In re NCAA* and *Davis* and this commonality of defendant supports relation.

While the putative class in each case differs slightly,[3] this is outweighed by the class members' substantial similarities.  Plaintiffs are all current or former athletes who allege their publicity rights were violated by EA through the use of their names and/or likenesses without their permission.  Significant portions of the class in *In re NCAA* are currently professional athletes and many will go on to become professional NFL athletes.  Therefore their interests are implicated by the *Davis* case.  Because both classes of plaintiffs are similarly composed of athletes, allege similar

---

[3] Whereas the proposed class in *In re NCAA* consists of current and former college football and basketball players, retired NFL players make up the proposed class in *Davis*.

misconduct and identical injury by the same defendant, relation is appropriate, even if there is not complete overlap. *See Pecover v. Electronic Arts Inc.*, No. 3:08-cv-02820, Order Relating Case (April 14, 20010) (relating this action to *Pecover* despite differing and non-overlapping class definitions); *Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292 at *3 (N.D. Cal. Dec. 18, 2006) (holding cases were related even though different plaintiffs were involved, because both plaintiffs were vendors providing contractual services to the same accused infringer).

In addition to substantially the same parties, *In re NCAA* and *Davis* involve substantially the same property (athletes' rights in the commercial use of their likenesses) and transaction or event (the sale and licensing of athletes' images). Furthermore, both actions make similar factual allegations regarding EA's unauthorized use of player likenesses in its videogames and its attempts to disguise such misappropriation by, for example, changing minor details such as a player's hometown. Both cases also assert identical claims for violations of the right to publicity and unjust enrichment.

Where, as here, two cases concern the same defendant, make similar factual allegations and seek redress for the same violations, this Court has routinely found the actions to be related. *See, e.g.*, *McGee v. Ross Stores, Inc.*, 2007 WL 2900507 at *1-2 (N.D. Cal. Oct. 1, 2007); *In re Leapfrog Enterprises, Inc. Securities Litig.*, 2005 WL 5327775 at *2 (N.D. Cal. July 5, 2005).

**B.    It Would Be Unduly Burdensome For These Actions To Proceed Before Two Different Judges**

*In re NCAA* and *Davis* should be assigned to the same judge to promote the efficient use of judicial resources. Otherwise, two different judges would have to educate themselves regarding the same factual details, such as the design of EA's videogames and the terms and scope of its licensing agreements, and address identical legal issues. At a minimum, failure to relate will result in two separate judges addressing EA's First Amendment defense, duplicative discovery and potentially inconsistent certification rulings.

**(i)    EA's First Amendment defense**

EA is almost certainly going to raise the same primary defense in *Davis* as it did in *In re NCAA*, namely that it has a First Amendment right to utilize actual player names and likenesses in

its videogames. This issue has already been extensively briefed by all parties in *In re NCAA* and carefully considered by Judge Wilken, whose denial of EA's motion to strike is now on appeal. Notably, the NFL Players Association has filed an amicus brief in the Ninth Circuit on behalf of the Publicity Rights Plaintiffs in *Keller v. Electronic Arts Inc. (10-15387)* thereby demonstrating that nothing about the professional player context will likely change EA's defense. On remand, the Ninth Circuit's decision will need to be applied by a district court judge familiar with the facts. It would be waste of judicial resources, and raises the danger of conflicting results, if the same issue were to be taken up by different judges. *See Fin. Fusion, Inc.*, 2006 WL 3734292 at *3 ("Having two different judges . . . construe claims . . . would be an unduly burdensome duplication of labor and raise the danger of conflicting results.").

### (ii) Substantial overlap in discovery

Given the virtually identical claims raised in *Davis* and *In re NCAA*, there will obviously be substantial overlap in discovery. For example, Publicity Rights Plaintiffs anticipate that even if EA loses its argument that its games are protected by the First Amendment as a matter of law, it will continue to prosecute its First Amendment defense on the facts. This will involve virtually identical discovery regarding EA's commercial motivations in utilizing player images, its use of player images for marketing purposes (as opposed to within the game itself), and whether its use of player images is "transformative" as it claims in its current appeal.

In addition, Plaintiffs in both *In re NCAA* and *Davis* will require documents and witnesses related to the design of EA's software and its use of athlete names and likenesses within the games. Indeed, Publicity Rights Plaintiffs in *In re NCAA* have alleged that when an NCAA football player moves to the NFL, EA uses a computer generated avatar in its NFL-brand videogames that is substantially similar to the avatar used in the NCAA-brand videogame for the player. As a result, both actions will likely involve the production of EA's source code and, such production will necessitate the negotiation of protocols for source code and, in counsel's experience, may result in significant motions practice. Relation would thus avoid duplicative and costly discovery in the form of production of the same documents and depositions of the same witnesses and duplicative motions practice.

1  Finally, both cases will require production of EA's agreements with other players
2  associations and sports leagues because those documents will be relevant to the valuation of the
3  publicity rights of the plaintiff classes in *In re NCAA* and *Davis*. Having the cases before two
4  different judges risks inconsistent results in the event that Electronic Arts resists production.

### (iii) Similar defenses to class certification

The class of former NFL players alleged in *Davis* is functionally identical to the class of student athletes alleged in *In re NCAA*. As a result, EA's defenses to class certification in the *Davis* action will be similar if not identical to its defenses to class certification in this action. Again, having the cases before two different judges risks inconsistent adjudications of what will be very similar certification motions.

### III. CONCLUSION

For the reasons stated above, Publicity Rights Plaintiffs respectfully request that their Administrative Motion to Relate be granted.

Dated: January 6, 2011

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By   /s/ Leonard Aragon
      Leonard W. Aragon
Robert B. Carey (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonard@hbsslaw.com

Stuart M. Paynter (226147)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com

| | |
|---|---|
| 1 | Steve Berman (*Pro Hac Vice*) |
| 2 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300 |
| 3 | Seattle, Washington 98101<br>Telephone: (206) 623-7292 |
| 4 | Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com |
| 5 | |
| 6 | Shana E. Scarlett (217895)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 7 | 715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 |
| 8 | Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001 |
| 9 | Email: shanas@hbsslaw.com |

7

MOTION TO RELATE
No. 4:09-cv-1967 CW

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the following non-CM/ECF participants:

Austin B. Cohen
Howard J. Sedran
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Tanya Chutkan
Jack Simms
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701

Robert LaRocca
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Joe Sibley
CAMARA & SIBLEY LLP
2800 Post Oak Boulevard, Suite 5220
Houston, Texas 77056

Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

Sara M. Vanderhoff
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

Jonathan W. Cuneo
CUNEO GILBERT & LADUCA LLP
507 C Street, NE
Washington, DC 20002

David A. Goodwin
608 Second Avenue South
Minneapolis, MN 55402

I further certify that I have caused a courtesy copy of the foregoing document to be hand-delivered to the following:

Chief Judge Vaughn R. Walker
UNITED STATES DISTRICT COURT
Northern District of California
San Francisco Division, Ctrm 6, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Judge Richard Seeborg
UNITED STATES DISTRICT COURT
Northern District of California
San Francisco Division, Ctrm 3, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Judge Claudia Wilken
UNITED STATES DISTRICT COURT
Northern District of California
Oakland Division, Ctrm 2, 4th Floor
1301 Clay Street, Suite 400 S
Oakland, CA 94612

/s/ Leonard W. Aragon
LEONARD W. ARAGON

1