Michael P. Lehmann (Cal. Bar No. 77152)
Jon T. King (Cal. Bar No. 205073)
Arthur N. Bailey, Jr. (Cal. Bar No. 248460)
HAUSFELD LLP
44 Montgomery St., 34th Floor
San Francisco, CA 94104
Tel:  (415) 633-1908
Fax:  (415) 358-4980
Email:   mlehmann@hausfeldllp.com
              jking@hausfeldllp.com
              abailey@hausfeldllp.com

Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile:  (602) 840-3012
Email: rcarey@hbsslaw.com
              leonard@hbsslaw.com

***Plaintiffs' Interim Co-Lead Class Counsel***
***(Additional Counsel Listed on Signature Page)***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Student-Athlete Name and Likeness Licensing Litigation. | Case No. 09-cv-1967-CW |
| | **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS** |

1    In order to protect confidential information obtained from or disclosed by the respective

2    parties in connection with this case and pursuant to the Court's authority under Federal Rule of

3    Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as follows:

4                                    **PURPOSES AND LIMITATIONS**

5        1.      Disclosure and discovery activity in these actions are likely to involve production

6    of confidential, proprietary, or private information for which special protection from public

7    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

8    The unrestricted disclosure of such information would cause undue damage to the parties and their

9    businesses or to third parties.  Accordingly, the parties in these actions hereby stipulate to and

10   petition the Court to enter the following Protective Order.  The parties acknowledge that this Order

11   does not confer blanket protections on all disclosures or responses to discovery, and that the

12   protections outlined herein extend only to the limited information or items that are entitled to

13   treatment as confidential under applicable legal principles.

14       2.      The parties further acknowledge, as set forth in ¶ 15, below, that this Protective

15   Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets

16   forth the procedures that must be followed, and reflects the standards that will be applied, when a

17   party seeks permission from the Court to file material under seal.

18       3.      Documents and other information produced by the parties hereto in connection

19   with these actions shall be used solely for purposes of prosecuting, defending, or attempting to

20   settle these actions, whether such information is designated "Confidential" or not.  The protections

21   outlined in this Order, however, apply only to confidential information which has been

22   appropriately designated as such.

23                          **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

24       4.      Except with the prior written consent of the party or non-party originally

25   designating a document, discovery response, or deposition transcript as "Confidential",

26   confidential information as defined herein may not be disclosed to any person except as

27   specifically authorized herein.

28

1

STIPULATED [PROPOSED] PROTECTIVE ORDER RE:                    CASE NO. 09-cv-1967-CW
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

**DESIGNATING CONFIDENTIAL MATERIAL**

5.      Any party or non-party may designate as confidential (by stamping the relevant page or portion "Confidential" or as otherwise set forth herein) any document, response to discovery, or deposition transcript which that party or non-party ("Disclosing Party") considers in good faith to contain information involving trade secrets, confidential business, educational, financial or other information subject to protection under California or federal law, or another applicable legal standard ("Confidential Information").  Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

6.      A party or non-party may designate information disclosed by it during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party may designate in writing, within 21 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in ¶¶ 12(a)-(d) below.  Deposition transcripts shall be treated in their entirety as Confidential Information for 21 days after receipt.  All parties shall affix the legend required by paragraph 5 on each page of the deposition transcript designated Confidential at the deposition or by subsequent written notice.

7.      If it comes to a Disclosing Party's attention that information or items that it designated for protection do not qualify for protection, the Disclosing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

8.      If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification

2

1   of the designation, must make reasonable efforts to assure that the material is treated in accordance

2   with the provisions of this Order.

3                                **PERMISSIBLE DISCLOSURES**

4          9.      Confidential Information that is designated as such in accordance with the terms of

5   this Protective Order shall not be disclosed to any person other than the following, and only to the

6   extent necessary to litigate these actions:

7                  a)      counsel for the respective parties to this litigation, including in-house

8   counsel and co-counsel retained for these actions;

9                  b)      employees of such counsel;

10                 c)      class representatives or any officer or employee of a party, to the extent

11  deemed necessary by counsel for the prosecution or defense of these actions;

12                 d)      consultants or expert witnesses retained for the prosecution or defense of

13  these actions, provided that each such person shall execute a copy of the certification annexed to

14  this Protective Order as Exhibit A before being shown or given any Confidential Information;

15                 e)      the original authors or recipients of the Confidential Information;

16                 f)      the Court, court personnel and court reporters; and

17                 g)      witnesses (other than persons described in ¶ 9(d)) who testify at deposition

18  or at trial, provided that such witnesses shall execute a copy of the certification annexed to this

19  Protective Order as Exhibit A before being shown or given any Confidential Information; and

20                 h)      persons or entities that provide litigation support services (*e.g.*,

21  photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

22  retrieving data in any form or medium; etc.) and their employees and subcontractors, provided that

23  such persons or entities shall execute a copy of the certification annexed to this Protective Order as

24  Exhibit A before being shown or given any Confidential Information.

25         10.     A party or non-party may further restrict the use and disclosure of highly sensitive

26  Confidential Information by additionally designating them as "Counsel Only."  This designation

27  shall be made in the same manner as materials are designated Confidential by the addition of the

28  words "Counsel Only" to the legend appearing on the face of any document, response to discovery,

                                            3

or deposition transcript or by written notice to all parties specifying the Bates numbers of the documents subject to Counsel Only restrictions.  Confidential Information designated as Counsel Only may be disclosed to counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for these actions, but not to any other officers, directors, employees, or individuals of a non-producing party.  Confidential Information designated as Counsel Only may not be disclosed to class representatives or to non-party deposition/trial witnesses except with the prior written consent of the party or non-party originally designating a document, discovery response, or deposition transcript as Counsel Only.  They may be disclosed to all other persons named in paragraph 9, consistent with the terms of this Order.

11.     The parties acknowledge and agree that examples of an appropriate Counsel Only designation would be the financial terms of a party's licensing, broadcast or other commercial agreements (e.g., the royalty rate, the minimum guarantee and/or annual payments), the net revenues a party receives for sales of products, licenses, rights, etc., and the royalty, licensing or similar payments made or received by a party.  Plaintiffs reserve the right to challenge Counsel Only designations if plaintiffs' counsel believes in good faith that such a designation is in conflict with plaintiffs' counsel's obligations to the class representatives.  Except as set forth above, plaintiffs' agreement to the terms of this protective order shall not be construed as a waiver of plaintiffs' right to challenge the Counsel Only designation in a timely fashion.

**RESOLVING DISPUTED CLASSIFICATIONS**

12.     Should a party wish to object to a Confidential designation of any material, that party shall make a written Designation Objection to the Disclosing Party, as set forth below:

a)     Designation Objection: The objecting party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed Confidential designation.  A Designation Objection will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the disputed designation(s) is entitled to be treated as Confidential Information pursuant to the terms of this Protective Order.  Within ten (10) court days the Producing Party shall respond in writing to the Designation Objection either agreeing to remove

4

1    the Confidential designation or stating the Producing Party's refusal to do so.  During that period,

2    the parties will meet and confer in good faith.

3           b)    Court Determination: If the Producing Party refuses to agree to remove the

4    Confidential designation pursuant to subsection (a) above, the Producing Party may make written

5    application to the Court for protective treatment.  The application will be made within ten (10)

6    court days of receiving the Producing Party's refusal to remove the Confidential designation.  If

7    the Producing Party fails to make such timely application, the Producing Party's designation will

8    be void.

9           c)    Pending a ruling, the disputed designation shall continue to be treated as

10   Confidential Information under the terms of this Protective Order.

11          d)    Nothing in this Protective Order shall be deemed to prevent a Producing

12   Party from arguing during the determination process for limits on the use or manner of

13   dissemination of information that is found to no longer constitute Confidential Information.

14                      **CONFIDENTIAL INFORMATION AT TRIAL**

15          13.   The terms of this Protective Order do not preclude, limit, restrict or otherwise apply

16   to the use of documents at trial.  Subject to the Federal Rules of Evidence, Confidential

17   Information may be offered in evidence at trial or any court hearing, provided that the proponent of

18   the evidence gives ten court days advance notice to counsel for any party or non-party who

19   designated the information as Confidential.  Any party may move the Court for an order that the

20   evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The

21   Court will then determine whether the proffered evidence should continue to be treated as

22   Confidential Information and, if so, what protection, if any, may be afforded to such information at

23   the trial.

24                   **SUBPOENA BY OTHER COURTS OR AGENCIES**

25          14.   If at any time any Confidential Information is subpoenaed by a court,

26   administrative or legislative body, or by any other person or entity purporting to have authority to

27   require the production of such information, the person to whom the subpoena is directed shall give

28   written notice thereof to any person who has designated such information as Confidential

5

Information within five days.  After receipt of the notice specified under this paragraph, the person

seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it

believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed.

If the person seeking to maintain confidentiality does not move for a protective order within the

time allowed for production by the subpoena (or within such time as a court may direct or as may

be agreed upon between the designating person and the subpoenaing party) and give written notice

of such motion to the subpoenaing party and the person to whom the subpoena is directed, the

person to whom the subpoena or other request is directed may commence production in response

thereto.  The person to whom the subpoena is directed shall not produce any Confidential

Information while a motion for a protective order brought pursuant to this paragraph is pending, or

while any appeal from or request for appellate review of such motion is pending, unless ordered by

a court to do so.

**FILING DOCUMENTS UNDER SEAL**

15.    No Confidential Information shall be filed in the public record without the written

permission of the designating party, or a court's order.  The parties shall comply with Civil L.R.

79-5.

16.    Copies of any pleading, brief, or other document containing Confidential

Information which is served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order.

**NON-TERMINATION**

17.    All provisions of this Protective Order restricting the communication or use of

Confidential Information shall continue to be binding after the conclusion of this action, unless

otherwise agreed or ordered.

18.    Unless otherwise ordered or agreed to in writing by the Producing Party, within

sixty (60) days after the final termination of this litigation by settlement or exhaustion of all

appeals all parties in receipt of Confidential Materials shall use reasonable efforts to either return

such materials and copies thereof to the Producing Party or destroy such Confidential Material and

6

1   certify that fact.  The Receiving Party's reasonable efforts shall not require the return or

2   destruction of Confidential Material that (i) is stored on backup storage media made in accordance

3   with regular data backup procedures for disaster recovery purposes, (ii) is located in the email

4   archive system or archived electronic files of departed employees, or (iii) is subject to legal hold

5   obligations.  Backup storage media will not be restored for purposes of returning or certifying

6   destruction of Confidential Material, but such retained information shall continue to be treated in

7   accordance with the Order.  Counsel for the parties shall be entitled to retain copies of court papers

8   (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits

9   thereto), expert reports and attorney work product that contain or refer to Confidential Materials,

10   provided that such counsel and employees of such counsel shall not disclose such Confidential

11   Material to any person, except pursuant to court order.  Nothing shall be interpreted in a manner

12   that would violate any applicable canons of ethics or codes of professional responsibility.

13                                **MODIFICATION PERMITTED**

14       19.    Nothing in this Protective Order shall prevent any party or other person from

15   seeking modification of this Protective Order or from objecting to discovery that it believes to be

16   otherwise improper.

17                                **RESPONSIBILITY OF ATTORNEYS**

18       20.    The counsel for the parties are responsible for employing reasonable measures,

19   consistent with this Protective Order, to control duplication of, access to and distribution of copies

20   of Confidential Information.

21       21.    The counsel for the parties are responsible for administering and keeping the

22   executed original copy of Exhibit A pursuant to ¶ 9(d), (g), and (h) above.

23                                **NO WAIVER**

24       22.    Nothing herein shall be deemed to waive any applicable privilege or work product

25   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

26   protected by privilege or work product protection.  Pursuant to the Court's authority under Federal

27   Rule of Evidence 502 and any other applicable law, rule, or legal principal, the inadvertent

28   production of documents or information subject to the attorney-client privilege or work-product

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER RE:                    CASE NO. 09-cv-1967-CW
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

1   immunity shall not waive the privilege or immunity if a request for the return of such documents or

2   information is made promptly after the producing party learns of its inadvertent production.

3          23.     Nothing contained in this Protective Order and no action taken pursuant to it shall

4   prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of

5   the confidential documents and information sought.

6          **IT IS SO STIPULATED.**

7

8   DATED:  March 1, 2011                    HAUSFELD LLP

                                     By:   _/s/ Jon T. King_
9                                          Jon T. King
                                           Interim Co-Lead Class Counsel for Plaintiffs
10
    DATED:  March 1, 2011                    HAGENS BERMAN SOBOL SHAPIRO, LLP
11
                                     By:   _/s/ Leonard W. Aragon_
12                                         Leonard W. Aragon
                                           Interim Co-Lead Class Counsel for Plaintiffs
13
    DATED:  March 1, 2011                    MILLER CANFIELD PADDOCK AND STONE,
14                                          PLC

15                                   By:   _/s/ Robert J. Wierenga_
                                           Robert J. Wierenga
16                                         Attorneys for Defendant NCAA

17  DATED:  March 1, 2011                    KEKER & VAN NEST LLP

18                                   By:   _/s/ R. James Slaughter_
                                           R. James Slaughter
19                                         Attorneys for Defendant Electronic Arts

20  DATED:  March 1, 2011                    KILPATRICK STOCKTON LLP

21                                   By:   _/s/ R. Charles Henn, Jr._
                                           R. Charles Henn, Jr.
22                                         Attorneys for Defendant Collegiate Licensing
                                           Company
23

24         **IT SO ORDERED.**

25

26  Dated:  **3/7/2011**

27                                          The Honorable Claudia Wilken
                                            U.S. DISTRICT COURT JUDGE
28

8

STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER RE:              CASE NO. 09-cv-1967-CW
CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ **[print or type full name]**, of

_____ **[print or type full address]**, declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Northern District of California on

_____ in the case of *In re Student-Athlete Name and Likeness Licensing Litigation.*, No.

09-cv-1967 CW.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


Name: _____ **[printed name]**


Signature: _____ **[signature]**

9