Case4:09-cv-01967-CW Document337 Filed06/21/11 Page1 of 9

LATHAM & WATKINS LLP
DANIEL M. WALL - #102580
Email: dan.wall@lw.com
TIMOTHY L. O'MARA - #212731
Email: tim.omara@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
Email: rvannest@kvn.com
R. JAMES SLAUGHTER - #192813
Email: rslaughter@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION

Case No. CV-09-1967-CW

*(Consolidated w/Case Nos. C-09-03329-CW; C-09-04128-CW; C-09-04882-CW; C-09-05100-CW; C-09-05134-CW; C-09-05372-CW; and C-09-05378-CW)*

**DEFENDANT ELECTRONIC ARTS INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Hearing: Per Court Order (Doc. # 325), Motion Taken Under Submission On The Papers
Judge: The Honorable Claudia Wilken

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page2 of 9

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................ 1

II. LEGAL STANDARD ........................................ 1

III. DISCUSSION ........................................ 1

A. The Court Granted Leave to Amend so that Plaintiffs Could Allege a Competition-Reducing Antitrust Conspiracy........................................ 1

B. The Second Amended Complaint Rehashes Old Arguments and Fails to Plead Any Competition-Reducing Antitrust Conspiracy........................................ 3

IV. CONCLUSION ........................................ 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page3 of 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................ 4

*Kendall v. Visa U.S.A. Inc.*,
518 F.3d 1042 (9th Cir. 2008)) .................................................................................... 4, 6

*Virginia Vermiculite Ltd., v. Historic Green Springs*,
307 F.3d 277 (4th Cir. 2002) ........................................................................................... 4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page4 of 9

## I. INTRODUCTION

The Second Amended Complaint fails to cure the pleading defect identified by the Court's May 2, 2011 Order (Doc. # 302). Plaintiffs' prior complaint was not lacking in detail about EA's dealings with the NCAA, which are every bit as extensive as the parties' licensing relationship requires. Rather, as the Order clearly indicates, the complaint was lacking factual allegations linking EA to a *competition-reducing* conspiracy. Order at 9-11. This is what distinguishes an ordinary business relationship from an antitrust conspiracy. The Second Amended Complaint, like its predecessor, contains no allegations suggesting that EA had any role in adopting or maintaining the NCAA Division I "amateurism" rules that allegedly force student-athletes to relinquish their publicity rights for zero consideration, or the vaguely-alleged "price-fixing conspiracy intended to set at zero dollars the price paid to Antitrust Plaintiffs and putative class members for the use of their images, likenesses and/or names." *Id*. at 9. In fact, the Second Amended Complaint says nothing new at all about these issues. Plaintiffs' opposition does not seriously argue otherwise; instead, it attempts to dodge the issue by focusing entirely on straw man arguments that EA is not making.

Accordingly, the Second Amended Complaint fares no better than its predecessor; there are simply no "facts demonstrating EA's agreement to engage in an antitrust conspiracy with NCAA and CLC." *Id*. at 11.

## II. LEGAL STANDARD

Plaintiffs offer nearly three pages on the purported governing legal standard. The Court has appropriately summarized the legal standard governing dismissal under Rule 12(b)(6) at page 8 of the Order.

## III. DISCUSSION

### A. The Court Granted Leave to Amend so that Plaintiffs Could Allege a Competition-Reducing Antitrust Conspiracy.

The Court's May 2, 2011 Order is crystal clear. Because Plaintiffs "bring two § 1 claims that rest on two separate alleged conspiracies joined by EA," Order at 9, the Court separately

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

addressed why each of the purported conspiracies failed to survive EA's motion to dismiss. *Id.* at 9-11.

First, the Court addressed the "alleged price-fixing conspiracy intended to set at zero dollars the price paid to Antitrust Plaintiffs and putative class members for the use of their 'images, likenesses and/or names.'" *Id.* at 9. The Court made two essential points: (1) that EA's commercial agreements with the NCAA and CLC did not indicate any antitrust conspiracy,[1] and that Plaintiffs had nothing else.[2] The Court added that whether these commercial relationships sufficed to support the non-antitrust civil conspiracy alleged in *Keller* was immaterial, because the goals of an antitrust conspiracy are different. *Id.* at 10. Plaintiffs' deficiency was therefore substantive: they had not pled the relevant price-fixing agreement.

Second, the Court addressed the purported "group boycott / refusal to deal" conspiracy, which supposedly "involves Defendants' concerted action" to (i) "require all current student-athletes to sign forms each year that purport to require each of them to relinquish all rights in perpetuity for use of their images, likenesses and/or names," and (ii) "to deny compensation" to student-athletes "through restrictions in the [NCAA] Bylaws." *Id.* at 10-11 (quotations omitted, bracket in original). The Court held that the complaint "does not contain any allegations to suggest that EA agreed to participate in this conspiracy." *Id.* at 11.

Accordingly, the Court granted EA's motion to dismiss, and instructed Plaintiffs to plead, if possible, "a factual basis for EA's participation in an antitrust conspiracy." *Id.* at 16. This was not an invitation for more of the same. The Court found that the slew of facts that Plaintiffs had alleged about the commercial licensing relationship EA has with the NCAA and CLC was substantively insufficient, so that to survive a motion to dismiss any amended complaint needed

---

[1] Order at 9-10 ("Plaintiffs disavow use of these agreements to show the pricing-fixing conspiracy, stating that, while EA's license agreements furthered the conspiracy, the 'agreements are obviously not the agreement among Defendants to participate in this unlawful and anticompetitive scheme.'") (quoting Pls.' Combined Opp. to Defs.' Mots. to Dismiss at 15, Feb. 16, 2011 (Doc. # 313)).

[2] Order at 10 ("Plaintiffs do not identify any other agreement to which EA was a party that relates to the alleged price-fixing scheme.").

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page6 of 9

to say something *substantively different* and *indicative of a conspiracy to reduce competition*. *Id.* at 9-11.

**B. The Second Amended Complaint Rehashes Old Arguments and Fails to Plead Any Competition-Reducing Antitrust Conspiracy.**

The Second Amended Complaint is just a longer version of the allegations found in the First Amended Complaint (Doc. # 175). It adds a handful of new paragraphs about EA, but none of those paragraphs include new or materially different allegations.[3]

First, Plaintiffs have not alleged *any* new agreement to which EA was a party, let alone any new agreement that relates to the alleged price-fixing scheme. Everything in the Second Amended Complaint is in the nature of added detail to the same story told earlier. In particular, there are no new allegations about EA's involvement in creating, implementing, or maintaining the NCAA Bylaws and NCAA Division I forms signed by student-athletes that are the heart of this case. In this complaint, as before, EA's only relation to the NCAA is as one of many trademark licensees that are allowed by contact to use specified NCAA intellectual property for certain purposes. Consequently, Plaintiffs have effectively conceded that EA is not responsible for the NCAA Division I rules and forms which (a) purportedly address the eligibility of student-athletes to participate in collegiate sports, and (b) supposedly force student-athletes to relinquish for zero consideration the legal rights to profit from the use of their likenesses as NCAA athletes.

Instead, each of the newly added paragraphs concern EA's alleged efforts to obtain greater rights from the NCAA to use student-athlete names and likenesses, or EA's alleged use of student-athlete publicity rights. Thematically, *this is exactly what Plaintiffs alleged previously*. Therefore, the legal question presented by the Second Amended Complaint is identical to the question addressed by the Court in granting EA's original motion to dismiss: do EA's alleged efforts to get additional rights from the NCAA make EA a participant in the conspiracy that Plaintiffs have alleged against the NCAA and its member schools? The Court's

---

[3] The Second Amended Complaint states that the new allegations against EA are found in paragraphs 373, 377, 388, 399-400, 404, and 407-18. *See* Second Amended Complaint ¶ 1 (Doc. # 302).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page7 of 9

Order held that they do not. Order at 9 ("An 'account of a defendant's commercial efforts' is not, on its own, sufficient to support a § 1 claim.") (quoting *Kendall v. Visa U.S.A. Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008)). The essential point remains that whether or not EA was part of an antitrust conspiracy, it would be completely normal for EA to interact with the NCAA and CLC on the terms of its license and how its rights are affected by NCAA amateurism policies. Alleging that relationship—or any number of details or anecdotes about that relationship—is therefore "insufficient to plead a violation of the antitrust laws." *Kendall*, 518 F.3d at 1049 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-57 & n.5 (2007)).[4]

Plaintiffs' opposition brief essentially consists of a word-for-word cut and paste from their unsuccessful opposition to EA's original motion to dismiss, Opp. at 2-5; two pages of block quotes constituting nearly all of the new paragraphs added to the Second Amended Complaint, Opp. at 6-7; and then a set of legal arguments that in all cases attack a straw man. Nothing Plaintiffs say saves this complaint from dismissal.

Plaintiffs' main argument is that they are not required to plead that EA joined the conspiracy at its inception. *Id.* at 9-10. No one disputes that. Of course it would suffice if EA joined the antitrust conspiracy after it was formed, but joining the conspiracy means more than doing business in the context of the NCAA's amateurism policies. It means, at the very least, that EA provided some assistance that was necessary to the NCAA's effort to maintain its rules prohibiting student-athletes from accepting payment related to their athletic skills. *See Va. Vermiculite Ltd., v. Historic Green Springs*, 307 F.3d 277, 282 (4th Cir. 2002) ("[C]oncerted activity susceptible to sanction by section 1 is activity in which multiple parties join their resources, rights, or economic power together in order to achieve an outcome that, but for the concert, would naturally be frustrated by their competing interests."). But there are no allegations that either at the inception of amateurism or at any later date EA did anything like

4 Plaintiffs purport to take issue with "the cases on which EA relies." Antitrust Pls.' Opp. to Def. EA's Mot. to Dismiss Second Am. Compl. at 14-16, June 14, 2011 (Doc. # 335) ("Opp."). Plaintiffs, however, fail to acknowledge that the Court cites and quotes *Kendall* in granting the prior motion to dismiss, and thus has already concluded that Plaintiffs' attempt to distinguish *Kendall* and the related case law is meritless. Order at 9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page8 of 9

that. Nor would any such allegations make sense, since the NCAA and NCAA Member Institutions hardly need EA's help to maintain rules on amateurism. At this point of this case it is clear that EA simply does business with the NCAA and CLC *subject to* the policies that Plaintiffs claim are anticompetitive, and that is how it has always been.[5] The amateurism rules are not EA's doing.[6]

Plaintiffs also argue that EA need not have participated in every aspect of the alleged conspiracy. Opp. at 11-12. That is not contested either. EA's argument has been and remains that Plaintiffs have failed to allege *any* competition-reducing agreement to which EA is a party, however narrow. Again, the nature of the alleged agreement with EA is at issue, not how large it is in relation to the overall alleged scheme. The problem is that nothing Plaintiffs allege about EA is in the nature of a competition-reducing antitrust conspiracy. Furthermore, this is not about "motives," which Plaintiffs say they need not allege in detail. *Id.* at 13-14. It is about whether there is an agreement with EA that in substance reduces competition. That is altogether missing here, and these diversions into timing, scope, and motives cannot fill the void.

## IV. CONCLUSION

When all is said and done, Plaintiffs' opposition is nothing more than recycled and irrelevant material. Plaintiffs have failed entirely to address the pleading defect at the heart of the Court's Order dismissing the antitrust claims against EA. Instead, the Second Amended Complaint simply rehashes the very same "commercial efforts" that the Court has already held were not "on [their] own, sufficient to support a §1 claim." Order at 9 (quoting *Kendall,* 518

---

5 At page 8 of the opposition, Plaintiffs argue that because the NCAA has recently taken the position that student-athletes do not relinquish their publicity rights, one can infer EA's anticompetitive agreement from the fact that EA has not made any efforts to license such rights. *See* Pls.' Opp. at 8. This is specious. Whether or not the student-athlete owns his publicity rights as a technical matter, they are of no value to EA if licensing them destroys the athlete's eligibility to play NCAA football or basketball. Plaintiffs cannot get around the fact that it is amateurism that eliminates Plaintiffs' opportunity to license their names and likenesses, and EA had nothing to do with adopting or maintaining the NCAA's policies and rules on amateurism.

6 Plaintiffs' allegation that EA agreed to abide by NCAA policies does not cure any deficiency. Every NCAA/CLC licensee makes that commitment, but the policies are still the NCAA's, made without the participation or approval of any licensee.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW

Case4:09-cv-01967-CW Document337 Filed06/21/11 Page9 of 9

F.3d at 1048). Consequently, Plaintiffs have failed to "plead a factual basis for EA's participation in an antitrust conspiracy," as mandated by the Court (Order at 16), and the antitrust-based claims against EA should be dismissed with prejudice.

Dated: June 21, 2011

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Timothy L. O'Mara

By: /s/ Timothy L. O'Mara
TIMOTHY L. O'MARA
Attorneys for Defendant
ELECTRONIC ARTS INC.

SF\861657

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

EA'S REPLY ISO MOTION TO DISMISS
SECOND AMENDED COMPLAINT
CASE NO. CV-09-1967-CW