# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING MOTION TO COMPEL DEPOSITION OF MARK EMMERT**<br><br>Re: Dkt. Nos. 360, 361, 369, 375 |

The question presented is whether Plaintiffs must wait to take the deposition of NCAA President Mark Emmert until they have exhausted less intrusive methods for obtaining the information they seek from Emmert. The NCAA, charging that Plaintiffs' attempt to depose Emmert is a harassment tactic, asks that the deposition be quashed, limited, or postponed. Some courts have exercised their discretion under the judicially-created "apex doctrine" to shield high-level corporate officers, i.e. those at the "apex" of corporate management, from abusive discovery. This Court, however, finds that further delaying Emmer's deposition would be unjust, as Emmert likely has first-hand knowledge of relevant facts and there is no evidence that his deposition would be duplicative. Accordingly, Plaintiffs' motion to compel is granted. Plaintiffs may take Emmert's deposition in Indianapolis by March 20, 2012. To encourage efficiency, the deposition is limited to three hours.

# I. BACKGROUND

## A. Claims and Defenses

This case originally was filed in 2009. In their second amended complaint, Plaintiffs, former college student-athletes, assert that the National Collegiate Athletic Association (NCAA), Collegiate Licensing Company (CLC), and Electronic Arts Inc. (EA) conspired against them in violation of antitrust and "right of publicity" laws.[1] The NCAA is an unincorporated association of colleges, universities, and athletic conferences that governs collegiate athletics. The CLC allegedly handles licensing for the NCAA. EA develops and distributes video games, including games that allegedly depict images of current and former college athletes.

The NCAA has raised thirty affirmative defenses, including that it acted with "legitimate procompetitive purposes." Dkt. No. 330, NCAA's Answer at 56, Affirmative Def. ¶ 24. In particular, the NCAA claims that its rules promote the creation and maintenance of several unique features of NCAA college athletics, namely the promotion of competitive balance among NCAA member institutions and the preservation of institutional control over athletics departments at NCAA member institutions. *Id.*

## B. Discovery

In their recent case management statements, the parties claim to have "zealously pursued discovery." Dkt. No. 403 at 6. The parties have exchanged more than 325,000 pages of documents, and third parties have produced more than 35,000 pages in response to subpoenas. *Id.* With respect to depositions, thirteen of the named antitrust plaintiffs have been deposed, and the remaining four are scheduled to be deposed in the next

---

[1] The allegations in the second amended complaint are summarized in the District Court's July 28, 2011, order denying EA's motion to dismiss. Dkt. No. 345. A procedural history of the case is provided in the District Court's May 2, 2011, order granting in part and denying in part motions to dismiss. Dkt. No. 325.

month.² *Id.* Plaintiffs have noticed nine depositions of the NCAA and several depositions of other parties, all of which are scheduled to begin this month. Dkt. No. 403 at 7. As of January 6, 2012, Plaintiffs have not taken a single deposition. Dkt. No. 404 at 9.

At the most recent case management conference, the parties jointly proposed a fact discovery deadline of September 1, 2012, and trial in September 2013. Dkt. No. 411, Transcript of Case Management Conf. at 33.

### C. Proposed Deposition of NCAA President Emmert

Plaintiffs first noticed the deposition of NCAA President Mark Emmert for June 22, 2011, but they later re-noticed it for August 25, 2011. Dkt. No. 360 at 4. The Emmert deposition was the first deposition noticed by Plaintiffs in this case. *Id.* n.3. As noted above, Plaintiffs now have noticed depositions of eight additional NCAA witnesses.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(b)(1), a party may discover from another party any nonprivileged matter that is relevant to any claim or defense. Yet, for "good cause," the Court may issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

A party seeking to prevent its opponent from taking a deposition that is otherwise permitted by the discovery rules must make a "strong showing" of why the deposition should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "A party seeking to prevent a deposition carries a heavy burden to show why discovery should not be denied, however, courts are sometimes willing to protect high level corporate officers from depositions when the officer has no first hand knowledge of the

---

² On May 2, 2011, District Judge Wilken stayed any depositions of the *Keller* right-of-publicity plaintiffs until after the Ninth Circuit rules on EA's pending appeal. Dkt. No. 326, Case Management Order at 4.

facts of the case or where the officer's testimony would be repetitive." *In re Chase Bank USA, N.A. Check Loan Contract Lit.*, No. 09-md-02032 MMC (JSC), 2011 WL 5248158, at *1 (N.D. Cal. Nov. 3, 2011) (citations and internal quotation marks omitted). That a witness has a busy schedule simply is not a basis for foreclosing discovery that is otherwise proper. *Medimmune, LLC v. PDL Biopharma, Inc.*, No. 08-cv-05590 JF (HRL), 2010 WL 2640473, at *1 (N.D. Cal. June 30, 2010) (quotations omitted).

### III.  ANALYSIS

Plaintiffs move to compel the deposition of NCAA President Emmert, arguing that the deposition is proper under the discovery rules because Emmert has unique, first-hand knowledge of facts relevant to the affirmative defenses raised by the NCAA, namely amateurism and the promotion of competitive balance among NCAA members. Dkt. No. 375 at 12. Plaintiffs allege that Emmert has made statements to the media and NCAA members regarding these topics and that he has taken an active role in shaping the NCAA's policies regarding the same topics. *Id.* at 13.

Defendants respond that Emmert's deposition is inappropriate because he does not have unique, non-repetitive knowledge of facts relevant to "the allegations in plaintiffs' complaint." Dkt. No. 369 at 5. Furthermore, the NCAA asserts that Emmert's deposition is premature because Plaintiffs have not yet exhausted less burdensome sources of discovery. *Id.* The NCAA requests that Emmert's deposition be delayed until the "last stage" of fact discovery. *Id.* at 9.

The Court agrees with Plaintiffs. Emmert's deposition is permitted by the discovery rules, as he appears to have knowledge of the NCAA's policies regarding the promotion of amateurism and competitive balance, which are relevant to the NCAA's affirmative defenses. *See* FED. R. CIV. P. 26(b)(1). For example, Emmert authored an opinion article in the Wall Street Journal this year titled "Paying College Athletes Is a Terrible Idea." Mark Emmert, Op-Ed., *Paying College Athletes is a Terrible Idea*, WALL ST. J., Jan. 11, 2012, at A11. Emmert also wrote in the NCAA's Summer 2011 magazine that he had "hundreds of conversations" with the NCAA membership about "concerns

that commercialism is overwhelming amateurism." Dkt. No. 360 at 2.

The NCAA has not shown good cause for postponing Emmert's deposition. First, Emmert's deposition is not premature, as this case currently is in the final stages of fact discovery. Indeed, substantial document discovery has been completed, almost all of the named plaintiffs have been deposed, and the fact-discovery deadline is approximately eight months away. Second, the Court specifically asked the NCAA to explain whether the depositions of eight current NCAA employees might make the deposition of Emmert duplicative. Dkt. No. 361 at 1. In its twenty-page responding brief, the NCAA did not answer this question or provide the name of an alternate witness who could proffer the information Plaintiffs seek from Emmert. Third, in light of the fact that the NCAA recently was successful in stalling Plaintiffs' efforts to obtain discovery from NCAA members, *see* Dkt. No. 410, Order Denying Plaintiffs' Mot. to Compel, it seems unfair to allow the NCAA to also prevent Plaintiffs from discovering relevant information from the management level of the NCAA. The NCAA cannot have it both ways.

### IV. CONCLUSION

Plaintiffs' motion to compel Emmert to appear for a deposition is GRANTED. The NCAA must make Emmert available for a deposition in Indianapolis within the next 60 days. The deposition is limited to three hours.

IT IS SO ORDERED.

DATED: January 20, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge