UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF DISCOVERY**<br><br>Re: Dkt. No. 422 |

  Defendants NCAA and Collegiate Licensing Company request that the Court limit the scope of discovery to the issues they claim are stated in the operative complaint and answers. They contend that antitrust plaintiffs have requested discovery from the NCAA on amateurism and competitive balance, which are the bases for one of the NCAA's affirmative defenses, "without any regard to whether those topics are tethered to the claims in [the operative] complaint." Dkt. No. 422, Joint Statement at 1. The NCAA and Collegiate Licensing argue that discovery relating to the NCAA's affirmative defense concerning amateurism and competitive balance is relevant to this action only if it also is related to (1) NCAA Bylaw 12.5.1 and all of its subparts, or (2) Part IV of the NCAA's Student-Athlete Statement, which relates to the use of the names, images, or likenesses of student-athletes. *Id.* The NCAA and Collegiate Licensing claim that discovery falling outside of this scope, including documents discussing whether scholarships should be awarded to student-athletes for a one-year term or for multi-year terms, is

irrelevant to this action and would be burdensome to produce. *Id.*

Plaintiffs respond that they seek discovery relating to the NCAA's efforts to restrict the rights of student-athletes "under the aegis of 'amateurism' and 'competitive balance'" in addition to "amateurism and competitive balance documents that specifically relate to licensing and use of name, image and likeness." *Id.* at 5. For example, antitrust plaintiffs seek discovery relating to proposed NCAA rules that would limit financial aid awards in amount and duration and discovery concerning "studies, surveys or analyses on how any potential changes to NCAA rules may affect competitive balance." *Id.*

Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A court, however, must limit the extent of discovery allowed by Rule 26(b)(1) if it determines that the burden or expense of the proposed discovery outweighs the likely benefit of the discovery sought based on the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues. FED. R. CIV. P. 26(b)(2)(C).

Here, the scope of the NCAA's affirmative defense concerning amateurism and competitive balance is broad. In its answer to the operative complaint, the NCAA stated that "the *NCAA's financial aid rules* promote the creation and enhancement of amateur athletics as 'products' or activities that are distinct from professional and other amateur athletics . . . and are accordingly procompetitive." Dkt. No. 330, NCAA's Answer ¶ 24 (emphasis added). It also stated that "*the NCAA rules* promote the creation and maintenance of . . . competitive balance between and among NCAA member institutions." *Id.* (emphasis added). The NCAA does not identify in its answer the specific NCAA rules that it claims promote amateurism and competitive balance.

The discovery sought by antitrust plaintiffs is relevant to the NCAA's affirmative defense concerning amateurism and competitive balance because it relates to NCAA rules that

Case No. 09-cv-01967 CW (NC)
ORDER DENYING MOTION
FOR PROTECTIVE ORDER                                2

affect the financial rights of student-athletes and the potential effects on amateurism and competitive balance of proposed changes to those rules. Because the NCAA does not identify in its answer the specific NCAA rules that it may use later in this litigation to support this affirmative defense, its argument that discovery on amateurism and competitive balance should be limited exclusively to documents relating to Bylaw 12.5.1 or Part IV of the NCAA's Student-Athlete Statement is unpersuasive. If the NCAA would like to limit discovery on its affirmative defenses, the Court encourages the NCAA to seek leave to amend its answer to the operative complaint in order to clarify the scope of its affirmative defenses. *See* FED. R. CIV. P. 15(a)(2).

Accordingly, defendants' request for a protective order limiting the scope of discovery is DENIED. Antitrust plaintiffs may seek discovery relating to the NCAA's affirmative defense concerning amateurism and competitive balance, but they must formulate their discovery requests with particularity to reduce the burden on the NCAA and Collegiate Licensing of responding to those requests.

DATED: February 24, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge