**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION<br>_____/ | No. C 09-1967 CW<br><br>ORDER CONSOLIDATING CASES, ADDRESSING DISCOVERY MATTERS, MODIFYING CASE SCHEDULE, AND REQUIRING PARTIES TO PROVIDE AN ESTIMATE OF THE LENGTH OF TRIAL |
| ISHMAEL THROWER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, also known as NCAA; and COLLEGIATE LICENSING COMPANY, also known as CLC,<br><br>      Defendants.<br>_____/ | No. C 10-632 CW |
| OSCAR P. ROBERTSON; TATE GEORGE; and RAY ELLIS, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, also known as NCAA; COLLEGIATE LICENSING COMPANY, also known as CLC; and ELECTRONIC ARTS, INC.,<br><br>      Defendants.<br>_____/ | No. C 11-388 CW |

| | |
|---|---|
| WILLIAM F. RUSSELL, on behalf of himself and all others similarly situated, | No. C 11-4938 CW |
| Plaintiff, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, also known as NCAA; COLLEGIATE LICENSING COMPANY, also known as CLC; and ELECTRONIC ARTS, INC., | |
| Defendants. | |

With the agreement of all parties, the Court finds that the above-captioned actions share a common question of law or fact and meet the standard for consolidation pursuant to Federal Rule of Civil Procedure 42. The Court therefore ORDERS that <u>Thrower v. National Collegiate Athletic Association</u>, Case No. 10-632, <u>Robertson v. National Collegiate Athletic Association</u>, Case No. 11-388, and <u>Russell v. National Collegiate Athletic Association</u>, Case No. 11-4938, be consolidated onto the docket of <u>In re NCAA Student-Athlete Name & Likeness Licensing Litigation</u>, Case No. 09-1967, to proceed with the Antitrust Plaintiffs. This consolidation is without prejudice to a later determination as to whether the cases should be tried together.

The Clerk shall administratively close the dockets for <u>Thrower</u>, <u>Robertson</u> and <u>Russell</u>, and future filings in these cases shall be made in the docket of the consolidated case. Nothing contained in this Order shall be considered a dismissal or disposition of these actions, and, should further proceedings in this litigation become necessary or desirable, any party may

2

initiate it in the same manner as if this Order had not been entered.

The Court VACATES its May 2, 2011 Order to the extent that it required Publicity and Antitrust Plaintiffs to serve joint deposition notices and prevented Antitrust Plaintiffs from serving deposition notices upon Electronic Arts, Inc. The Court declines to lift the stay on discovery upon Electronic Arts, Inc. by Publicity Plaintiffs. After the Ninth Circuit's resolution of the pending appeal in Keller v. Electronic Arts, Inc., Case No. 10-15387 (9th Cir.), Publicity Plaintiffs may move to take a second deposition of witnesses from NCAA and CLC, provided that Plaintiffs are able to show that they have actual questions for these witnesses that they could not have asked during the initial deposition and that they now need to ask because of an intervening change in circumstances. In such circumstances, the Court may order alternatives to in-person depositions, such as requiring the parties to propound such questions by interrogatory or to participate in telephonic depositions, to reduce the burden on witnesses of second depositions.

The Court VACATES the schedule set in the March 29, 2012 Order as to the claims brought by Publicity Plaintiffs only; the dates shall be reset following the Ninth Circuit's resolution of the appeal in Keller v. Electronic Arts, Inc., Case No. 10-15387.

The Court CONFIRMS the following schedule set in the March 29, 2012 Order as to the claims brought by Antitrust Plaintiffs:

| | |
|---|---|
| Deadline to file Antitrust Plaintiffs' motion for class certification and to disclose Antitrust Plaintiffs' class certification experts | August 31, 2012 |

| | | |
|---|---|---|
| 1 2 | Deadline to depose Antitrust Plaintiffs' class certification experts | October 1, 2012 |
| 3 | Completion of fact discovery | October 31, 2012 |
| 4 5 6 | Deadline to file Defendants' Oppositions to Antitrust Plaintiffs' motion for class certification and Defendants' <u>Daubert</u> motions on Antitrust Plaintiffs' class certification experts, and to disclose Defendants' class certification experts | October 31, 2012 |
| 7 8 | Each Defendant shall address these matters in a single brief.  To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. | |
| 9 10 | Deadline to depose Defendants' class certification experts | November 30, 2012 |
| 11 | Parties to exchange opening expert reports on merits | November 30, 2012 |
| 12 13 14 15 | Deadline to file Antitrust Plaintiffs' reply in support of their motion for Class Certification, Antitrust Plaintiffs' opposition to Defendants' class certification <u>Daubert</u> motion, and Antitrust Plaintiffs' <u>Daubert</u> motions on Defendants' class certification experts | December 13, 2012 |
| 16 17 | Antitrust Plaintiffs shall address these matters in a single brief. | |
| 18 19 | Deadline to file Defendants' replies in support of their class certification <u>Daubert</u> motions and Defendants' oppositions to Antitrust Plaintiffs' class certification <u>Daubert</u> motions | January 17, 2013 |
| 20 21 | Each Defendant shall address these matters in a single brief.  To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. | |
| 22 | Deadline to depose parties' liability experts | January 31, 2013 |
| 23 24 | Deadline to file Antitrust Plaintiffs' replies in support of their class certification <u>Daubert</u> motions | February 1, 2013 |
| 25 26 | Antitrust Plaintiffs shall address these matters in a single brief. | |
| 27 | Deadline to disclose rebuttal expert reports | February 8, 2013 |
| 28 | Hearing on Antitrust Plaintiffs' class certification motion and all parties' <u>Daubert</u> | Thursday, March 7, 2013, at 2:00 |

4

| | |
|---|---|
| motions on class certification experts, and further case management conference | p.m. |
| Deadline to dispose rebuttal experts | March 22, 2013 |
| Deadline for Antitrust Plaintiffs to file their dispositive motion and Daubert motions on Defendants' merits experts<br><br>Antitrust Plaintiffs shall address these matters in a single brief. | June 12, 2013 |
| Deadline for Defendants to file their oppositions to Antitrust Plaintiffs' dispositive motion and Daubert motions, their dispositive cross-motions, and their Daubert motions on Antitrust Plaintiffs' merits experts<br><br>Each Defendant shall address these matters in a single brief. To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. | July 17, 2013 |
| Deadline for Antitrust Plaintiffs to file their reply in support of their dispositive motion and Daubert motions, and oppositions to Defendants' dispositive cross-motions and Daubert motions<br><br>Antitrust Plaintiffs shall address these matters in a single brief. | August 21, 2013 |
| Deadline for Defendants to file replies in support of their dispositive cross-motions and Daubert motions<br><br>Each Defendant's replies shall be contained in a single brief. To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. | September 20, 2013 |
| Hearing on dispositive motions and further case management conference | Thursday, November 7, 2013, at 2:00 p.m. |
| Final pretrial conference<br><br>Pretrial documents shall be filed in accordance with the Court's Order for Pretrial Preparation. | Wednesday, February 12, 2014, at 2:00 p.m. |
| Jury Trial | Monday, February 24, 2014, at 8:30 a.m. |

5

In the March 29, 2012 Order, the Court noted that it had no estimate of the length of the trial for its calendar purposes, and directed the parties to file a notice providing the number of court days that they would request for trial. The parties have failed to do so. The Court ORDERS the parties to discuss the number of court days they request for a trial of the claims in the Antitrust case only, and to advise the Court of their joint or separate positions by a filed notice within seven days of the date of this Order.

IT IS SO ORDERED.

Dated: 5/21/2012

CLAUDIA WILKEN
United States District Judge