# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION** | Case No. 09-cv-01967 CW (NC) <br><br> *RELATED CASES:* <br> 11-mc-80300 CW (NC) <br> 11-mc-80020 CW (NC) <br><br> **ORDER IMPOSING SANCTIONS AGAINST ANTITRUST PLAINTIFFS AND THEIR COUNSEL UNDER RULE 45(c)(1)** |

The issue presented is the sanction that this court must impose after the antitrust plaintiffs failed to take reasonable steps to avoid imposing undue discovery burdens on three entities that are not parties to this lawsuit. The court previously denied the antitrust plaintiffs' motion to compel nonparties The Big Ten Conference, Big Ten Network, and Fox Broadcasting Company to produce documents responsive to three overly broad and burdensome subpoenas. Dkt. No. 430. In that order, the court found that sanctions against the antitrust plaintiffs were warranted under Federal Rule of Civil Procedure 45(c)(1), because the plaintiffs did not make reasonable efforts to limit the scope of their voluminous document requests to the nonparties.

Antitrust plaintiffs moved for relief from this court's order denying the motions to compel. District Court Judge Claudia Wilken denied the motion, finding that plaintiffs

did not establish that this court's order was clearly erroneous or contrary to law. Dkt. No. 444. The District Court also ordered that plaintiffs may renew their motion for relief after this court issues this order on sanctions. *Id.* at 2.

This court has now considered the motions for sanctions and supporting declarations, as well as the plaintiffs' opposition briefs. The Conference seeks a sanction of $73,758.54; the Network, $23,856.16; and Fox, $27,054.44. In total, the three moving entities seek a sanction of $124,669.14 from antitrust plaintiffs.

The court finds that a significant sanction is merited under Rule 45(c)(1), but that an appropriate sanction here is less than the full amount of attorneys' fees and costs incurred by the nonparties in opposing the motion to compel. As the plaintiffs note, as to some aspects of the motion to compel dealing with copyright preemption and the First Amendment, the court did not uphold the nonparties' objections. Furthermore, the court found that some of the document requests called for relevant documents. Yet, on the whole, the court found that the requests were "substantially overly broad" and that responding to them as drafted would subject the nonparties to significant expense and undue burden. Dkt. No. 430 at 1. And plaintiffs' counsel did not take reasonable steps at compromise and ended the meet-and-confer process prematurely before filing the motions to compel. *Id.* at 1-2.

The court therefore finds that the appropriate sanctions against antitrust plaintiffs and their counsel under Rule 45(c)(1) are as follows:

● Big Ten Conference: $30,000 in attorneys' fees for opposing the motion to compel; $904.54 in travel costs; and $6,100 in attorneys' fees for drafting the motion for sanctions.

Total = $37,004.54

● Fox Broadcasting Company: $15,000 in attorneys' fees for opposing the motion to compel; and $265.94 in travel costs.

Total = $15,265.94

///

● Big Ten Network: $15,000 in attorneys' fees for opposing the motion to compel; and $114.16 in travel costs.

Total = $15,114.16

***

**Grand Total: $67,384.64**

***

**A.    Rule 45 Sanctions are Mandatory for Failure to Take Reasonable Steps**

Rule 45 imposes a mandatory responsibility on this court to protect nonparties from unduly burdensome discovery.  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  The court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply."  *Id.*  The sanction "may include lost earnings and reasonable attorney's fees."  *Id.*

The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts. "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party." *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) (footnotes omitted); *see also High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (Hamilton, Mag. Judge) (awarding sanctions for attorneys' fees, including fees incurred in pursuit of the sanctions motion, where party failed to take reasonable steps to avoid imposing undue burden on a third party); *see also Chevron Corp. v. Salazar*, No. 11-cv-0691 LAK, 2011 WL 7112979, at *3-4 (D. Or. Nov. 30, 2011) (Coffin, Mag. Judge) (same).

///

In consideration of the express language of Rule 45(c)(1), in combination with this circuit's stance on unnecessarily burdening nonparties with discovery requests, this court disagrees with the plaintiffs that the nonparties must establish bad faith or improper purpose before sanctions can be awarded under Rule 45. Both the language of Rule 45(c)(1) and that of the Ninth Circuit in *C.B.S.* make it clear that sanctions are appropriate if the subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third party.

**B.     The Big Ten Conference is Awarded $37,004.54 Sanction**

The Big Ten Conference, represented by Mayer Brown LLP, seeks a sanction for fees and costs totaling $73,758.54. Dkt. No. 67, Case No. 11-mc-80300 CW (NC). This amount is comprised of $66,754 for time spent in connection with the motion to compel, $6,100 for time spent preparing the motion for sanctions, and $904.54 in travel costs. The Conference has paid for all fees billed by counsel in connection with the motions to compel and for sanctions.

The lodestar breakdown of the $66,754 in fees incurred by the Big Ten Conference in connection with the motion to compel is the following: (1) 85 hours billed by lead counsel Andrew Rosenman at $610 per hour ($51,850 total); and (2) 36 hours billed by associate Emily Emerson at $414 per hour ($14,904 total). The lodestar breakdown of the $6,100 in fees incurred by the Conference in connection with the motion for sanctions is: 10 hours billed by Rosenman at $610 per hour.

Conference counsel argues that the requested fees and costs are reasonable because: (1) the billing rates are lower than the rates normally charged by Rosenman and Emerson; (2) counsel do not seek reimbursement of any of the fees incurred by other Mayer Brown lawyers who worked on the motion to compel; and (3) Rosenman seeks reimbursement with respect to only 85 out of the 196.6 total hours he billed in connection with the motion to compel.

Antitrust plaintiffs argue that the fees requested by the Conference should be reduced by $44,524.92, because (1) "many time entries should not be compensable

because they relate to issues that the Big Ten [Conference] lost;" (2) the time entries lack specificity; (3) and some of the fees ($1,573.20) were incurred after the hearing on the motion to compel.  Dkt. No. 71, Case No. 11-mc-80300 CW (NC).

The court awards the Conference a total sanction of $37,004.54 ($30,000 in fees incurred in connection with the motion to compel, $904.54 in travel costs, and $6,100 in fees incurred to date in connection with the motion for sanctions).  The court finds that the fee rates, time spent, and costs were reasonable in light of the skill and experience levels of counsel and the complexity of the legal issues involved.  Fees and costs incurred in pursuing a motion for sanctions also are recoverable.  *High Tech*, 161 F.R.D. at 89.  The reasons that the court reduces (by $36,754) the sanction related to the motion to compel are that: (i) as to some aspects of the motion to compel dealing with copyright preemption and the First Amendment, the court did not uphold the Conference's objections; (ii) the court found that some of the document requests called for relevant documents; and (iii) a reduced award is proportionate to the sanction requested and awarded to the Network and Fox, which made similar arguments and obtained a similar result at a much lower cost.

**C.   Fox is Awarded $15,265.94 Sanction; and Big Ten Network $15,114.16**

Fox and the Big Ten Network are represented by the same counsel, Jenner & Block LLP.  They request an award of fees and costs of $27,054.44 for Fox (comprised of $26,788.50 in fees and $265.94 in travel costs) and of $23,856.16 for the Network (comprised of $23,742 in fees and $114.16 in travel costs).  Dkt. No. 21, Case No. 11-mc-80300 CW (NC).

The lodestar breakdown of the $26,788.50 in fees incurred by Fox in connection with the motion to compel is the following: (1) 41 hours billed by lead counsel David Singer at $576 per hour; (2) 6.4 hours billed by associate Jean Doherty at $391.50 per hour; and (3) 2.6 hours billed by paralegal Elizabeth Gaida at $256.50 per hour.

The lodestar breakdown of the $23,742 in fees incurred by the Network in connection with the motion to compel is the following: (1) 37.6 hours billed by lead

1  counsel Singer at $576 per hour; and (2) 8.8 hours billed by paralegal Gaida at $256.50.

2  Fox and the Network did not specify fees incurred in connection with their motion for

3  sanctions.

4       Fox and the Network argue that the requested fees and costs are reasonable

5  because they are limited to time spent on the motions to compel and do not include time

6  counsel spent responding to the subpoenas more generally.

7       Antitrust plaintiffs argue that the fees requested by Fox and the Network should

8  be reduced by $30,318 because "at least 60%" of the time billed by counsel was spent on

9  issues that Fox and the Network lost. Dkt. No. 24, Case No. 12-mc-80200 CW (NC).

10       Here, the court awards Fox a total sanction of $15,265.94 (comprised of $15,000

11  in fees and $265.94 in travel costs) and the Network, $15,114.16 (comprised of $15,000

12  in fees and $114.16 in travel costs). The court finds that the fee rates (a slightly lower

13  rate than counsel for the Conference), time spent, and costs were reasonable in light of

14  the skill and experience levels of counsel and the complexity of the legal issues involved.

15  The reasons that the court reduces (by $20,530.50 among both Fox and the Network) the

16  sanction related to the motion to compel are that: (i) as to some aspects of the motion to

17  compel dealing with copyright preemption and the First Amendment, the court did not

18  uphold the objections; and (ii) the court found that some of the document requests called

19  for relevant documents.

20       At bottom, the court finds that all participants in this discovery dispute might have

21  preserved their time and money by making reasonable compromises and negotiating

22  further with the opposing sides. Rule 45, however, imposes an affirmative duty on a

23  litigant requesting discovery from a nonparty to take "reasonable steps" to avoid "undue

24  burden or expense." Here, the antitrust plaintiffs and their counsel did not satisfy this

25  duty.

26  ///

27

28

1    Accordingly, the court orders that antitrust plaintiffs and their counsel, jointly and

2   severally, must pay to the Big Ten Conference, $37,004.54; to Fox Broadcasting

3   Company, $15,265.94; and to the Big Ten Network, $15,114.16.  The sanction must be

4   paid within 30 days of this order.  Any party may move for relief from this non-

5   dispositive pretrial order within 14 days.  Fed. R. Civ. P. 72(a).

6

7    IT IS SO ORDERED.

8

9    DATED:   August 7, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge