1   Michael P. Lehmann (Cal. Bar No. 77152)
    Jon T. King (Cal. Bar No. 205073)
2   HAUSFELD LLP
    44 Montgomery Street, 34th Floor
3   San Francisco, CA 94104
    Tel:     (415) 633-1908
4   Email:   mlehmann@hausfeldllp.com
             jking@hausfeldllp.com
5

6   *Plaintiffs' Interim Co-Lead Class Counsel*
    *With Principal Responsibility for the*
7   *Antitrust Claims*
    [Additional Counsel Listed on Signature Page]
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                          **OAKLAND DIVISION**

12

13   **IN RE NCAA STUDENT-ATHLETE NAME**          Case No. 4:09-cv-1967 CW (NC)
     **& LIKENESS LICENSING LITIGATION**
14                                                **DECLARATION OF JON T. KING IN**
                                                  **SUPPORT OF ANTITRUST**
15                                                **PLAINTIFFS' ADMINISTRATIVE**
                                                  **MOTION TO FILE PROVISIONALLY**
16                                                **UNDER SEAL CERTAIN**
                                                  **MATERIALS DESIGNATED**
17                                                **CONFIDENTIAL BY OTHER**
                                                  **PARTIES AND NON-PARTIES IN**
18                                                **CONNECTION WITH MOTION FOR**
                                                  **CLASS CERTIFICATION**
19
                                                  **[Pursuant to Civil L.R. 7-11 and 79-5]**
20

21                                                Date:  **[No hearing scheduled per Civil**
                                                  Time:  **Standing Order]**
22                                                Judge:  Hon. Claudia J. Wilken
                                                  Courtroom:   Oakland Courthouse,
23                                                              Courtroom 2 − 4th Floor

24

25

26

27

28

I, JON T. KING, declare:

1.      I make this declaration upon personal knowledge and am competent to testify to the facts set forth herein.

2.      I am an attorney at law duly licensed to practice before all courts of the State of California, and admitted to appear in this District.  I submit this Declaration on behalf of plaintiffs Ed O'Bannon, Oscar Robertson, Bill Russell, Ray Ellis, Harry Flournoy, Tate George, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, and Danny Wimprine (collectively, the "Antitrust Plaintiffs).  I am one of the counsel for the Antitrust Plaintiffs in this matter, and am a partner at Hausfeld LLP, the Court-appointed Plaintiffs' Interim Co-Lead Class Counsel With Principal Responsibility for Antitrust Claims.

3.      I submit this Declaration in support of  the accompanying "Antitrust Plaintiffs' Motion to File Provisionally Under Seal Certain Materials Designated Confidential by Other Parties and Non-Parties in Connection with Motion for Class Certification" (the "Motion to Seal").

4.      In the accompanying Motion to Seal, the Antitrust Plaintiffs, pursuant to Civil Local Rules 7-11 and 79-5(d), bring an administrative motion for an Order to file provisionally under seal the following documents:

a.      Notice of Motion and Motion by Antitrust Plaintiffs for Class Certification and Memorandum of Points and Authorities in Support Thereof ("Motion for Class Certification");

b.      The Declaration of Sathya S. Gosselin in Support of Motion by Antitrust Plaintiffs for Class Certification and certain of its exhibits as described below ("Gosselin Declaration");

c.      The "Expert Report on Class Certification of Roger G. Noll" and its accompanying appendices (the "Noll Report") attached as an exhibit to the Motion for Class Certification.

d.      The "Expert Report of Larry Gerbrandt" and its accompanying appendices (collectively, along with the Noll Report, the "Expert Reports") attached as an exhibit to the Motion for Class Certification.

1       e.     Proposed Order Granting Antitrust Plaintiffs' Motion for Class Certification

2   ("Proposed Order").

3       5.     In the Motion to Seal, the Antitrust Plaintiffs request to file provisionally under seal

4   the Exhibits to the Gosselin Declaration to comply with the confidentiality designations the

5   producing parties made to these documents in accordance with the applicable Protective Order and

6   the two addenda to same entered in this litigation.  *See* Dkt. Nos. 320 ("Stipulated Protective Order

7   Regarding Confidentiality of Documents and Materials."); 401 ("Stipulation and Order re:

8   Addendum to Stipulated Protective Order"); and 460 ("Order Granting Stipulation" re Second

9   Addendum to Stipulated Protective Order).  The description of the Exhibits to the Gosselin

10  Declaration is as follows:

11  **A.  Documents Produced by Defendant National Collegiate Athletic Association**

12      6.     The Gosselin Declaration attaches as exhibits and identifies with some description

13  certain documents produced by National Collegiate Athletic Association ("NCAA") designated as

14  "Highly Confidential – Counsel Only," which bear the following Bates labels:

15      •   NCAAPROD00250820 (Ex. 1);

16      •   NCAAPROD00221251-52 (Ex. 8);

17      •   NCAAPROD00188960-71 (Ex. 9);

18      •   NCAAPROD00295334-73 (Ex. 51);

19      •   NCAAPROD00236836-45 (Ex. 62);

20      •   NCAAPROD00206315-20 (Ex. 66);

21      •   NCAAPROD00248929-31 (Ex. 67);

22      •   NCAAPROD00292647-87 (Ex. 76);

23      •   NCAAPROD00305782-97 (Ex. 77); and

24      •   NCAAPROD00296082-115 (Ex. 78).

25      7.     The Gosselin Declaration also attaches as exhibits and identifies with some

26  description certain documents produced by NCAA designated as "Confidential – Subject to

27  Protective Order," which bear the following Bates-labels:

28      •   NCAAPROD00463259-60 (Ex. 5);

1

- NCAAPROD00182941-42 (Ex. 6);

2

- NCAAPROD00199119-20 (Ex. 10);

3

- NCAAPROD00148806-10 (Ex. 12);

4

- NCAAPROD00120855 (Ex. 13);

5

- NCAAPROD00137943-45 (Ex. 23);

6

- NCAAPROD00119832 (Ex. 44);

7

- NCAAPROD00145246-49 (Ex. 45);

8

- NCAAPROD00237829-32 (Ex. 47);

9

- NCAAPROD00168121-25 (Ex. 48);

10

- NCAAPROD00108733-34 (Ex. 50);

11

- NCAAPROD00068455-56 (Ex. 54);

12

- NCAAPROD00080854-56 (Ex. 55);

13

- NCAAPROD00083507-09 (Ex. 56);

14

- NCAAPROD00083731-33 (Ex. 57);

15

- NCAAPROD00100838-40 (Ex. 58);

16

- NCAAPROD00141285-87 (Ex. 59);

17

- NCAAPROD00178879-80 (Ex. 60);

18

- NCAAPROD00185745-46 (Ex. 61);

19

- NCAAPROD00197833-39 (Ex. 63);

20

- NCAAPROD00198170 (Ex. 64);

21

- NCAAPROD00201992 (Ex. 65); and

22

- NCAAPROD00271998-2007 (Ex. 68).

**B.  Documents Produced by Defendant Collegiate Licensing Company**

23

8.      The Gosselin Declaration attaches and identifies with some description the following

24

documents produced by Defendant Collegiate Licensing Company designated as "Highly

25

Confidential – Outside Counsel Only," which bear the following Bates labels:

26

- CLC0181360-61 (Ex. 20);

27

- CLC0168281-82 (Ex. 21);

28

1

2

- • CLC0167483 (Ex. 53); and

- • CLC0186203-04 (Ex. 81).

3

4

5

9.      The Gosselin Declaration also attaches and identifies with some description the following documents produced by Defendant Collegiate Licensing Company designated as "Confidential" which bear the following Bates labels:

6

- • CLC0159662-63 (Ex. 74).

7

**C.  Excerpts from Deposition Transcripts**

8

9

The Gosselin Declaration attaches as exhibits certain excerpts from the transcripts of the following depositions which certain defendants have designated as "Highly Confidential":

10

- • Ex. 4 (Deposition of current NCAA President Dr. Mark Emmert);

11

- • Ex. 14 (Deposition of former NCAA Executive Director Walter Byers);

12

- • Ex. 40 (Deposition of current NCAA executive Greg Weitekamp);

13

- • Ex. 42 (Deposition of current NCAA executive Wallace Renfro);

14

- • Ex. 49 (Deposition of current NCAA executive David Berst);

15

- • Ex. 71 (Deposition of former NCAA executive Greg Shaheen);

16

- • Ex. 72 (Deposition of current Collegiate Licensing Company Cory Moss);

17

- • Ex. 73 (Deposition of current NCAA executive David Knopp); and

18

- • Ex. 80 (Deposition of former Collegiate Licensing Company executive Pat Battle).

19

**D.  Documents Produced by Third-Party Big 12**

20

21

10.      The Gosselin Declaration attaches as exhibits and identifies with some description certain documents produced by third-party and NCAA member the Big 12 Conference designated as "Outside Attorneys Eyes Only," which bear the following Bates labels:

22

- • BIG_12_NCAA_00000010-16 (Ex. 46); and

23

- • BIG_12_NCAA_00000001-09 (Ex. 52).

24

25

26

27

11.      The Antitrust Plaintiffs request to file under seal the Motion for Class Certification, the Proposed Order, the Expert Reports and the Gosselin Declaration. These documents will be filed under seal on the ground that each of these documents makes references to and quotes from the Exhibits to the Gosselin Declaration described above or makes reference to information that other

28

1    parties have designated as Confidential.

2         12.     The Antitrust Plaintiffs will to the extent currently permissible file public versions of

3    each of the documents that are the subject of this administrative motion and will redact only those

4    portions which cite to, quote from and/or constitute the information designated as confidential and

5    described above or make references to information designated by other parties as Confidential.

6         13.     For these documents to remain under seal, Civil Local Rule 79-5(d) provides, in

7    relevant part that within seven (7) days, the designating parties "must file with the Court and serve a

8    declaration establishing that the designated information is sealable, and must lodge and serve a

9    narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality.  If the

10   designating party does not file its responsive declaration as required by this subsection, the document

11   or proposed filing will be made part of the public record."  By submitting the Motion to Seal,

12   Antitrust Plaintiffs do not concede that the documents or testimony submitted is entitled to treatment

13   as "Confidential" and/or "Highly Confidential."  The Antitrust Plaintiffs do not yet know the

14   designating parties' contentions as to whether they maintain that the documents in full or in part

15   should continue to be accorded confidential treatment, and the Antitrust Plaintiffs will respond

16   appropriately if needed.

17        14.     In addition to the above-described documents that the Antitrust Plaintiff seek to file

18   provisionally under seal, the Antitrust Plaintiffs' submission also includes non-confidential and/or

19   publicly available materials, which are Exhibits 2-3, 7, 11, 15 – 19, 22, 24 – 39, 41, 43, 69, 70, 75

20   and 79 to the Gosselin Declaration.  Copies of these documents will be included in the Antitrust

21   Plaintiffs' public version filing.

22        15.     Additionally, the Antitrust Plaintiffs will file a redacted, public-version of their

23   Motion for Class Certification contemporaneously with the filing of the present Motion, and will

24   redact all confidential information pending any further determinations by the designating parties

25   and/or the Court as to whether all or some of the redacted information needs to remain confidential.

26   //

27   //

28

1

I declare under penalty of perjury that the foregoing is true and correct.

2

EXECUTED this 31st day of August 2012, at San Francisco, California.

3

4

/s/ Jon T. King_____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING DECL. I.S.O. ANTITRUST PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PROVISIONALLY UNDER SEAL
CERTAIN MATERIALS DESIGNATED CONFIDENTIAL BY OTHER PARTIES AND NON-PARTIES
CASE  No. 4:09-CV-1967-CW (NC)