IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION, _____/ | No. C 09-1967 CW<br><br>ORDER DENYING IN PART, AND REFERRING IN PART, MOTION TO FILE UNDER SEAL (Docket No. 529), DENYING MOTION TO STRIKE (Docket No. 543), AND REFERRING FUTURE MOTIONS TO SEAL TO THE DISCOVERY MAGISTRATE JUDGE |

On August 31, 2012, Antitrust Plaintiffs filed a motion to seal their unredacted motion for class certification, their expert reports and various exhibits offered in support of thereof. Docket No. 529. Antitrust Plaintiffs represented that Defendants National Collegiate Athletic Association (NCAA) and Collegiate Licensing Company (CLC) and Third Party the Big Twelve Conference (Big 12) had designated these documents as confidential.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal in connection with a non-dispositive motion must demonstrate good cause to do so. <u>Pintos v. Pac. Creditors</u>

Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).[1] This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a). If a document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable. Civil Local Rule 79-5(d).

On September 7, 2012, the NCAA filed a declaration in support of Antitrust Plaintiffs' motion to seal. Docket No. 539. In its declaration, the NCCA purported to offer reasons to seal most of the documents at issue in the motion to seal and specifically withdrew its confidentiality designation as to Exhibit 50 to the declaration of Sathya S. Gosselin.

---

[1] If the motion is dispositive, the Ninth Circuit requires that the party seeking to seal records meet a more stringent "compelling reasons" standard. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court notes that the Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for the purposes of determining whether the "good cause" or "compelling reasons" standard applies to motions to seal, and that courts within the Northern District of California have reached different conclusions. Compare Nygren v. Hewlett-Packard Co., 2010 WL 2107434, at *1-3 (N.D. Cal.) (Lloyd, Mag. J.) (applying good cause standard); Pecover v. Electronic Arts, Inc., 2010 WL 8742757, at *25-26 (N.D. Cal.) (Walker, C.J.) (same); Rich v. Hewlett-Packard Co., 2009 WL 2168688, at *1-2 (N.D. Cal.) (same), with Labrador v. Seattle Mortgage Co., 2010 WL 3448523, at *2 (N.D. Cal.) (Conti, J.) (applying compelling reasons standard); see also Davis v. Devanlay Retail Group, Inc., 2012 U.S. Dist. LEXIS 109798, at *4 (E.D. Cal.) (applying compelling reasons standard when the motion for class certification "is one that will affect whether or not the litigation proceeds") (citing In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig., 686 F.3d 1115 (9th Cir. 2012)).

1    Later on September 7, 2012, Antitrust Plaintiffs filed a
2 notice of receipt of a letter from the Big 12 and a declaration,
3 to which it attached a copy of the letter. Docket No. 540. In
4 the letter, the Big 12 gave Antitrust Plaintiffs "permission to
5 advise the Court that the Big 12 will not pursue continuing to
6 keep Exhibits 46 and 52 [to the Gosselin declaration] confidential
7 in this case." Docket No. 540-1, 4.

8    CLC has not filed a declaration in support of Antitrust
9 Plaintiffs' motion to seal. The Court notes that no party has
10 offered reasons to file under seal Exhibits 4, 14, 20-21, 40, 42,
11 49, 53, 72-74, and 80-81 to the Gosselin declaration.

12    The Court hereby DENIES in part Antitrust Plaintiffs' motion
13 to seal, as to Exhibits 4, 14, 20-21, 40, 42, 46, 49-50, 52-53,
14 72-74, and 80-81 to the Gosselin declaration, as well as to
15 references to these exhibits in their motion for class
16 certification and expert reports. Accordingly, within four days
17 of the date of this Order, Antitrust Plaintiffs shall file in the
18 public record Exhibits 4, 14, 20-21, 40, 42, 46, 49-50, 52-53,
19 72-74, and 80-81 to the Gosselin declaration.

20    On September 11, 2012, Antitrust Plaintiffs filed a short
21 response to the NCAA's contentions that the remaining documents
22 should be filed under seal. Docket No. 542. The NCAA then moved
23 to strike the response. Docket No. 543. The NCAA contends that
24 Antitrust Plaintiffs were required to meet and confer with it
25 prior to filing a challenge to confidentiality designations made
26 under the protective order in this case. However, the issue
27 presently before the Court is not whether these documents have
28 been properly designated as confidential pursuant to the

3

1 protective order.  Instead, the issue is whether the Court should
2 grant leave to file the documents under seal instead of in the
3 public record, which is governed by separate standards and
4 requirements.  See, e.g., Local Rule 79-5(a) ("A stipulation, or a
5 blanket protective order that allows a party to designate
6 documents as sealable, will not suffice to allow the filing of
7 documents under seal.").  Further, had the NCAA filed the
8 administrative motion to seal, Local Rule 7-11(b) would have
9 permitted Antitrust Plaintiffs to file an opposition to respond to
10 the NCAA's asserted reasons for sealing.  Because Antitrust
11 Plaintiffs were required to file the motion to seal documents
12 designated as confidential by the NCAA, without first learning the
13 NCAA's contentions as to why these documents should be filed under
14 seal, they had no opportunity to respond thereto, prior to the
15 filing of the response at issue.  Accordingly, the Court DENIES
16 the NCAA's motion to strike (Docket No. 543) and deems Docket No.
17 542 as Antitrust Plaintiffs' opposition to the NCAA's request to
18 file under seal, pursuant to Civil Local Rule 7-11(b).

4

The Court REFERS the remainder of the motion to seal to Magistrate Judge Cousins for adjudication of whether the NCAA has established good cause to file under seal Exhibits 1, 5-6, 8-10, 12-13, 23, 44-45, 47-48, 54-68, 71 and 76-78 and references to these exhibits in the motion for class certification and expert declarations. The Court also hereby refers to Magistrate Judge Cousins all future motions to seal associated with the briefing on the motion for class certification and related Daubert motions.

IT IS SO ORDERED.

Dated: 9/14/2012

CLAUDIA WILKEN
United States District Judge

cc: NC