1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

9

10

11

12

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER TO MEET AND CONFER**<br><br>Re: Dkt. No. 547 |

13

14

15

16

17

18

19

20

21

22

23

This order addresses the parties' joint statement regarding Plaintiffs' responses to Electronic Arts, Inc.'s ("EA") requests for admission ("RFA"). Dkt. No. 547. EA contends that Plaintiffs refuse to answer certain RFAs and claim improperly that they lack sufficient information to respond to others. *Id.* at 2. EA proposes that Plaintiffs should be required to answer by September 24, 2012. *Id.* at 3. Plaintiffs assert that the did not have sufficient opportunity to meet and confer, and that if they had, EA would be better able to understand Plaintiffs' existing answers and could have rephrased some requests so that Plaintiffs might have answered others in a more satisfactory way. *Id.* This Court DENIES EA's proposed compromise and ORDERS the parties to meet and confer.

## FAILURE TO MEET AND CONFER

24

25

26

27

28

Civil Local Rule 37-1(a) mandates a conference between counsel before presenting the Court with a discovery dispute: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." My Civil Standing Order further explains that the "conference" must be

in person, or if counsel are outside the San Francisco Bay Area, must at least be by telephone. A mere exchange of letters, emails, or telephone messages does not satisfy this requirement. *See* Mag. Judge N. Cousins, Civil Standing Order, updated Aug. 24, 2012.

Here, Plaintiffs characterize the meet and confer as "token," "very short" and lasting "only about 20 minutes." Dkt. No 547 at 3. Plaintiffs state that they answered the RFAs and offered to meet and confer again to clarify further their responses. *Id.* EA states that the parties met and conferred by phone, and that "EA sent two lengthy letters regarding the deficiencies in Plaintiffs' RFA responses." *Id.* EA also asserts that Plaintiffs failed to respond in writing as they promised during the meet and confer. *Id.* An exchange of letters by counsel, however, does not satisfy this Court's requirement that parties meet and confer before submitting a discovery dispute to the Court.

The significance of this failure to communicate is apparent here. EA contends that Plaintiffs' responses evade the RFAs; Plaintiffs assert that they need several ambiguous words clarified and certain requests rephrased. Further negotiation could resolve this dispute. Given the importance that EA attaches to these requests, it seems that the parties did not take full advantage of the twenty-minute meet and confer to discuss what the RFAs sought and how Plaintiffs would answer.

At this time, the Court declines EA's proposal to require Plaintiffs to respond to the RFAs by September 24, 2012. The parties are ordered to meet and confer in accordance with my standing order. If, after meeting, the parties have not resolved this issue, they may resubmit the dispute to the court.

IT IS SO ORDERED.

DATED: September 14, 2012

Nathanael M. Cousins
United States Magistrate Judge