UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION** | Case No. 09-cv-01967 CW (NC) <br><br> **ORDER GRANTING MOTION TO COMPEL PLAINTIFFS' RESPONSES TO EA'S CONTENTION INTERROGATORIES** <br><br> Re: Dkt. Nos. 510, 514, 528 |

  The question presented is whether it is premature for plaintiffs to answer contention interrogatories served by defendant Electronic Arts (EA). Federal Rule of Civil Procedure 33 permits interrogatories to parties about their factual contentions, yet provides that the Court may delay answers to those interrogatories "until designated discovery is complete, or until a pretrial conference or some other time." Here, plaintiffs ask the Court to defer their answers to the contention interrogatories until they have completed their affirmative discovery of EA.

  The Court finds that in the procedural posture of this case – an antitrust class action in which plaintiffs have twice amended their complaint, the parties have

completed substantial discovery, the fact discovery deadline is less than two months away, and a motion for class certification is pending – EA's contention interrogatories are not premature.  Accordingly, the Court orders plaintiffs to amend their responses to EA's contention interrogatories in the next twenty-one days.

## I. BACKGROUND

### A.  Claims and Defenses

The first claims in these nine consolidated and related class action cases were filed in 2008.  *Pecover v. Electronic Arts Inc.*, No. 08-cv-02820 CW.  The core claims by plaintiffs Edward C. O'Bannon, Jr. and Samuel Keller against the NCAA were filed separately in 2009 and consolidated into the operative Second Consolidated Amended Class Action Complaint on May 16, 2011.  Case No. 09-cv-10967 CW, Dkt. No. 327.[1]

The NCAA (National Collegiate Athletic Association) is an unincorporated association of colleges, universities, and athletic conferences that governs collegiate athletics.  The CLC (Collegiate Licensing Company) allegedly handles licensing for the NCAA.  EA develops and distributes video games, including games that allegedly depict images of current and former college athletes.

In the Second Amended Complaint, plaintiffs, former college student-athletes, assert that the NCAA, CLC, and EA conspired against them in violation of antitrust and "right of publicity" laws.[2]

On February 8, 2010, Judge Wilken granted in part and denied in part defendants' motions to dismiss and strike plaintiffs' claims.  Dkt. No. 150.  As to defendant EA, the

---

[1] All discovery motions in case number 09-cv-01967 CW were referred by (now Chief) District Court Judge Claudia Wilken to a Magistrate Judge.  Dkt. No. 354.

[2] The allegations in the Second Amended Complaint are summarized in the District Court's July 28, 2011, order denying EA's motion to dismiss.  Dkt. No. 345.  An early procedural history of the case is provided in the District Court's May 2, 2011, order granting in part and denying in part motions to dismiss.  Dkt. No. 325.

Court denied the motion to dismiss and denied a special motion to dismiss (Anti-SLAPP) filed under Cal. Civ. Proc. Code § 425.16.  EA then appealed the denial of the special motion to dismiss to the Ninth Circuit Court of Appeals.  Dkt. No. 154.  That appeal is pending in *Keller v. Electronic Arts, Inc.*, Case No. 10-15387 (9th Cir.).  As to the right of publicity claims against EA that are on appeal, the Court then stayed further proceedings and discovery.  Dkt. No. 253, filed Dec. 17, 2010.

On May 2, 2011, the Court granted EA's motion to dismiss plaintiffs' federal antitrust and related common law claims for failure to state a claim.  Dkt. No. 325.  Plaintiffs were granted leave to amend.

On May 16, 2011, plaintiffs filed the Second Amended Complaint.  EA moved to dismiss the Second Amended Complaint.  Dkt. No. 531.  On July 28, 2011, the Court denied EA's motion to dismiss the Second Amended Complaint.  Dkt. No. 345.  Then again, on May 16, 2012, the Court denied EA's motion for judgment on the pleadings as to the Second Amended Complaint.  Dkt. No. 455.

**B.     Plaintiffs' Motion for Class Certification**

Antitrust plaintiffs filed their motion for class certification on August 31, 2012.  Dkt. Nos. 530, 554 (public version).  The motion seeks certification of two classes.  The "Antitrust Damages" class is defined as "All former student-athletes residing in the United States who competed on an NCAA Division I ... college or university men's basketball team or on an NCAA Football Bowl Subdivision . . . men's football team whose images, likenesses and/or names have been included in game footage or in videogames licensed or sold by Defendants, their co-conspirators, or their licensees" from July 21, 2005 until judgment.  Excluded from the damages class are: current student-athletes, the officers, directors, and employees of Defendants, the officers, directors, and employees of any NCAA Division I college or university, and the officers, directors, or employees of any NCAA Division I athletic conference.

The "Declaratory and Injunctive Relief" class is defined as: "All current and

former student-athletes residing in the United States who compete on, or competed on, an NCAA Division I . . . college or university men's basketball team or on an NCAA Football Bowl Subdivision . . . men's football team and whose images, likenesses and/or names may be, or have been, included in game footage or in videogames licensed or sold by Defendants, their co-conspirators, or their licensees after the conclusion of the athlete's participation in intercollegiate athletics." Excluded from this class are: officers, directors, and employees of Defendants, the officers, directors and employees of any NCAA Division I college or university, and the officers, directors, or employees of any NCAA Division I athletic conference.

Defendants have yet to oppose the motion for class certification, but have already objected to what they contend is plaintiffs' attempt to "fundamentally change the nature and scope of this case" by expanding the class definition and claims beyond the Second Amended Complaint. Dkt. No. 549 at 2. Defendants are seeking an extension of the deadline for their opposition to class certification. Dkt. No. 549.

**C.     Discovery Overview**

The discovery and trial schedule in this case has two components. *See* Order, Dkt. No. 458, issued May 21, 2012. There is a stay of discovery against EA as to the "Publicity Plaintiffs," pending the Ninth Circuit's resolution of the appeal in *Keller v. Electronic Arts, Inc.*, Case No. 10-15387 (9th Cir.). *Id.* As to the "Antitrust Plaintiffs," defendants must depose plaintiffs' class certification experts by October 1, 2012, fact discovery must be completed by October 31, 2012, and trial is set for February 24, 2014. *Id.*

According to the parties, they have "zealously pursued discovery." Dkt. No. 403 at 6. The NCAA and CLC report that they have produced more than 800,000 pages of documents to plaintiffs. Dkt. No. 528.[3] EA has produced documents to plaintiffs, but

---

[3] As of the most recent Case Management Statement in May 2012, defendants and third parties had produced more than 400,000 pages of documents. Dkt. No. 453.

Case No. 09-cv-01967 CW (NC)
ORDER GRANTING MOT. TO COMPEL
RESPONSES TO INTERROGATORIES                4

has yet to complete its production. According to plaintiffs, 48% of EA's document production arrived on August 10, 2012. Dkt. No. 510 at 3 n.1. In May, defendants had taken depositions of fifteen of the seventeen named plaintiffs. Plaintiffs had taken two depositions and asserted that they anticipated taking roughly forty to fifty depositions. Dkt. No. 453 at 12.

### D. Interrogatory Requests in Dispute

EA served its first set of interrogatory requests on plaintiffs on June 22, 2012. Dkt. No. 514-1. The requests are comprised of definitions, instructions, and fifteen separately numbered interrogatories, with many of them including sub-parts. The specific interrogatories in dispute are numbers 3, 4, 5, and 8-15. Dkt. No. 510 at 6 n.5. Of significance to the present motion, many of the requests ask plaintiffs to "state all facts" in support of particular allegations of the Second Amended Complaint. *See* Rogs. 5-10, Dkt. No. 514-1. For example, request No. 5 asks plaintiffs to "State ALL facts and IDENTIFY ALL DOCUMENTS that YOU contend support YOUR allegations in Paragraph 444 of the SECOND AMENDED COMPLAINT." Some ask plaintiffs to identify all documents and witnesses in support of particular allegations. Rog. 9. Requests 14 and 15 inquire as to plaintiffs' contentions as to their injuries.

Plaintiffs objected and responded to the interrogatory requests on August 6, 2012. Dkt. 514-2. The responses included a general objection, incorporated into each response, that the requests were "premature":

> "Plaintiffs generally object to the Contention Interrogatories to the extent that they are premature. Responses at this time could irreparably prejudice Plaintiffs' further investigation, development and prosecution of this litigation and serves no purpose other than to harass and burden Plaintiffs and to unnecessarily delay and needlessly increase the cost of this litigation to all parties."

Dkt. 514-2 at 4.

Case No. 09-cv-01967 CW (NC)
ORDER GRANTING MOT. TO COMPEL
RESPONSES TO INTERROGATORIES                5

The parties presented this discovery dispute to the Court by joint letter brief. Dkt. No. 510. With leave of Court, the NCAA and CLC filed a brief in support of EA's position. Dkt. No. 528.

## II. ANALYSIS

Federal Rule of Civil Procedure 33(a)(2) provides in part that "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

Courts applying Rule 33(a)(2) "tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *In re eBay Seller Antitrust Litigation*, No. 07-cv-1882 JF (RS), 2008 WL 5212170, at *1 (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa.1992); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332-38 (N.D. Cal.1985) ).

Here, plaintiffs assert that EA's contention interrogatories are premature because plaintiffs have not had an opportunity to evaluate EA's discovery. Plaintiffs therefore propose that they be allowed to defer responses to the interrogatories until thirty days after EA's document production is complete.

Plaintiffs hinge their argument that contention interrogatories are premature on a framework developed more than twenty-five years ago by Magistrate Judge Wayne Brazil in *In re Convergent*. 108 F.R.D. at 332-38. In that case, the Court stated that its framework applied to "contention interrrogatories that are served *before* substantial discovery has been completed through other means." 108 F.R.D. at 332 (emphasis in original). The Court explained that the "wisest course" was "not to preclude entirely the *early* use of contention interrogatories, but to place a burden of justification on a party who seeks answers to these kind of questions before substantial documentary or

testimonial discovery has been completed." *Id.* at 338 (emphasis in original).

Other Courts have applied the *In re Convergent* framework to delay early contention interrogatories. For example, in *HTC Corp. v. Technology Properties Ltd.*, No. 08-cv-000882 JF (HRL), 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011), the Court applied the framework to delay interrogatories in a patent case where no party depositions had taken place and no claim construction hearing or discovery cut-off date had been set.

The present case, however, is not in the early stages. To the contrary, the core case has been going since 2009, class certification is pending, and fact discovery is set to close in less than two months (October 31, 2012). Moreover, the Court finds that EA's interrogatory requests seek information that could contribute meaningfully to class certification and summary judgment decisions.

This case is procedurally similar to *County of Santa Clara v. Astra USA, Inc.,* No. 05-cv-3740 WHA (EMC), 2009 WL 2868428, at *2 (N.D. Cal. Sept. 3, 2009). There, as here, the Court declined to delay contention interrogatories where discovery was set to close in less than two months. The Court reasoned that the Federal Rules of Civil Procedure encourage early disclosure and supplementation where necessary. 2009 WL 2868428, at *3.

At bottom, the party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a). Here, the antitrust plaintiffs must respond with available information. If they are unable to supply the requested information, "the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Sevey v. Soliz*, No. 10-cv-3677 LHK, 2011 WL 2633826, at *4 (N.D. Cal. July 5, 2011) (citations omitted). The Court finds that plaintiffs should be able to respond to EA's contention interrogatories before completing discovery from EA.

## III. CONCLUSION

EA's contention interrogatories are not premature. Accordingly, the Court orders plaintiffs to amend their responses to EA's contention interrogatories in the next twenty-one days.

IT IS SO ORDERED.

DATED: September 17, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 09-cv-01967 CW (NC)
ORDER GRANTING MOT. TO COMPEL
RESPONSES TO INTERROGATORIES            8