1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION. | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING EA'S REQUEST FOR PLAINTIFFS TO RESPOND TO RFAS 2-4 AND 37**<br><br>Re: Dkt. No. 565 |

This order addresses the parties' joint statement regarding Plaintiffs' responses to Electronic Arts, Inc.'s ("EA") requests for admission ("RFA"). The parties met and conferred in accordance with the Court's order but still cannot resolve their differences regarding Plaintiffs' responses to RFAs 2-4 and 37. At issue are (1) whether RFAs 2-4 are improper because they call for a legal conclusion or speculation, and (2) whether RFA 37 has been admitted with sufficient detail.

## I. BACKGROUND

RFA 2 asks Plaintiffs to "[a]dmit that a current student-athlete becomes ineligible for participation in intercollegiate athletics if, as a current student-athlete, he accepts remuneration for the use of his collegiate image in connection with the sale of NCAA-theme videogames." Dkt. No. 585-1 at 4. RFA 3 asks Plaintiffs to "[a]dmit that EA would cause a current student-athlete to violate NCAA rules concerning eligibility if it compensated that current student-athlete for the use of his collegiate image in connection

with the sale of NCAA-themed videogames." *Id.* at 5.  RFA 4 asks Plaintiffs to "[a]dmit that an agreement by EA to compensate current student-athletes 'would be futile, even if no money changed hands initially, because such agreement would destroy those students' eligibility to compete as student-athletes.'" *Id.* (quoting July 28, 2011 Order Den. EA's Mot. to Dismiss, Dkt. No. 345 at 7).[1]  Plaintiffs object to these RFAs arguing that they improperly require them to speculate about a hypothetical situation and in so doing assert a legal conclusion.  Dkt. No. 565 at 5.  Plaintiffs suggest that EA's requests are more appropriate for co-defendant the NCAA.  Dkt. No. 585-1 at 11, 12, 13.

RFA 37 asks Plaintiffs to "[a]dmit that 'student-athletes retain rights to their images, likenesses, and names and can license them once they are no longer student-athletes.'"  Dkt. No. 585-1 at 9 (quoting Dkt. No. 345 at 8).  Plaintiffs assert that they admitted this RFA and then properly qualified it, stating that the request is "admitted to the extent such Order suggests that student-athletes retain certain rights to their NIL [names, images, and likenesses]."  Dkt. No. 565 at 6.

## II. STANDARD OF REVIEW

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either, and the genuineness of any described documents."  Fed. R. Civ. P. 36(a).  The scope of Rule 26(b)(1) includes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," which "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

When served with a request for admissions, a party must answer or object to the request.  *See* Fed. R. Civ. P. 36(a)(3).  The party may not treat the request as "a mere procedural exercise requiring minimally acceptable conduct" and must provide "full and efficient discovery, not evasion and word play."  *Marchand v. Mercy Med. Ctr.*, 22 F.3d

---

[1] RFA 4 and RFA 37 quote Chief Judge Wilken's July 28, 2011 Order Denying EA's Motion to Dismiss.  Dkt. No. 345.

Case No. 09-cv-09167 NC
ORDER GRANTING REQUEST TO          2
COMPEL RESPONSES

933, 936 (9th Cir. 1994).  If the party cannot admit or deny a matter, its answer must "state in detail" why.  Fed. R. Civ. P. 36(a)(4).  If the party objects to a request, its answer must state the grounds for the objection.  Fed. R. Civ. P. 36(a)(5).  "The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served."  Fed. R. Civ. P. 36(a)(6).

## III. DISCUSSION

### A.   Because RFAs 2-4 Ask Plaintiffs to Apply the NCAA Regulations to a Set of Facts, They Are Proper and Must Be Answered.

Plaintiffs object to RFAs 2-4 on two grounds: first, because the conditional wording of the requests asks Plaintiffs to apply the NCAA regulations to a hypothetical situation and thus asks for a legal conclusion, and second, because the hypothetical posed calls for speculation.  In support of their first contention, Plaintiffs cite several district court opinions that find that RFAs may not solicit legal conclusions.  The Court is not persuaded by this argument.  The Ninth Circuit has not held that RFAs that ask for legal conclusions are improper under Rule 36.[2]  Moreover, the distinction between the application of law to fact and a legal conclusion is "not always easy to draw," *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846 LHK (PSG), 2012 WL 952254, at *3 (N.D. Cal. March 20, 2012).  At bottom, the Court finds that EA's requests call for an application of law to fact, and that the requests "narrow[] the range of issues for trial."  *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

Plaintiffs' second objection—that the conditional wording of the RFAs calls for speculation—is unjustified.  In *Marchand*, the Ninth Circuit held that a party made "unfounded objections to the wording" of an RFA that asked whether injury "could have been avoided if" proper procedures "had been maintained."  22 F.3d at 938.  Thus, there is nothing per se improper about a conditionally worded RFA.  The purpose of RFAs 2-4 is to

---

[2] Only the Sixth and Fifth Circuits have distinguished between the application of law to fact permitted under Rule 36 and "pure requests for opinions of law" and "legal conclusions," which are not appropriate requests under Rule 36.  *United States v. Petroff–Kline*, 557 F.3d 285, 293 (6th Cir. 2009).  The Fifth Circuit did so in an unpublished opinion.

1  establish whether the NCAA regulations allow student-athletes to be paid for the use of

2  their names, likenesses, and images.  Rule 36 specifically allows RFAs that ask for facts or

3  the application of law, in this case the NCAA regulations, to fact.  If this information is

4  admitted, it will narrow the issues at trial and expedite a large and complex case.  The

5  conditional wording of EA's requests does not change the nature of the information sought.

6  Plaintiffs may be correct in their suggestion that the NCAA is equally or better suited to

7  responding to EA's requests, but EA has served this discovery mechanism on Plaintiffs, not

8  the NCAA.  Accordingly, the Court ORDERS Plaintiffs to ANSWER RFAs 2-4.

9  **B.    Because Plaintiffs Have Demonstrated That More Detail Can Be Given to Their
10         Qualified Response to RFA 37, They Must Provide More Detail.**

11         Plaintiffs argue that they have admitted RFA 37 to the extent they are able, and then

12  qualified their admission as they are permitted to under Rule 36.  Plaintiffs allege that "no

13  more is required."  Because the goal of the discovery rules is "full and efficient discovery,"

14  parties "should admit to the fullest extent possible, and explain in detail why other portions

15  of a request may not be admitted." *Marchand*, 22 F.3d at 936, 938.  Here, Plaintiffs

16  qualified their response to RFA 37 by stating that "student-athletes retain certain rights to

17  their NIL." Dkt. No. 565 at 6.  Yet, in the joint discovery statement, Plaintiffs include more

18  detail about what rights student-athletes have, stating that they retain the rights to "sign

19  autographs," but not to "sell footage of . . . game winning shot[s] at the NCAA

20  tournament." *Id.*  The rules contemplate full, detailed disclosure. *See* Fed. R. Civ. P.

21  36(a)(4).  Plaintiffs could have responded to RFA 37 with the example, perhaps among

22  others, that they included in the joint statement.  Accordingly, Plaintiffs must AMEND their

23  response to RFA 37 to qualify properly their admission.

24

25

26

27

28

1

## IV. CONCLUSION

2    Plaintiffs' objections to RFAs 2-4 are unjustified.  Therefore, Plaintiffs MUST

3 RESPOND to RFAs 2-4.  In addition, Plaintiffs must also AMEND their response to RFA

4 37 to qualify fully their admission in accordance with Rule 36.  Plaintiffs must file their

5 amended responses to RFAs 2-4 and 37 within fourteen days.  Any party may object to this

6 order under Federal Rule of Civil Procedure 72.

7    IT IS SO ORDERED.

8    Date: October 3, 2012                    _____

9                                              Nathanael M. Cousins
                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28