IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION _____/ This document relates to: CLAIMS BROUGHT BY PLAINTIFF ISHMAEL THROWER _____/ | No. C 09-1967 CW ORDER DISMISSING CLAIMS BROUGHT BY PLAINTIFF ISHMAEL THROWER |

The Magistrate Judge recommends dismissal of Plaintiff Ishmael Thrower's claims from this consolidated action for failure to prosecute. Thrower has not objected to the Magistrate Judge's recommendation. For the reasons set forth below, the Court ADOPTS the Magistrate Judge's recommendation and DISMISSES Thrower's claims for failure to prosecute.

BACKGROUND

On May 16, 2012, a case management conference was held in the consolidated cases. Docket No. 456.[1] Thrower failed to appear individually or through counsel. In the joint case management statement filed before the conference, interim co-lead counsel for Plaintiffs stated that he had "attempted without success to reach Thrower's counsel to inquire about counsel's failure to respond to [Defendant Collegiate Licensing Company (CLC)]'s discovery requests and communications." Docket No. 453.

---

[1] All docket numbers used herein refer to the docket of the consolidated cases, Case No. 09-1967, unless otherwise specified.

On May 17, 2012, the Court ordered Thrower to show cause why his individual action should not be dismissed for failure to prosecute. Docket No. 35 in 10-632.

On May 19, 2012, Plaintiff's counsel filed a declaration, stating that he had believed mistakenly that the case management conference was scheduled for May 23, 2012. Docket No. 36 in 10-632, 1. Counsel stated, among other things, that "Mr. Thrower responded to the written discovery propounded by defense counsel several months ago and is awaiting a date certain to be deposed." Id. at 2.

On May 21, 2012, the Court discharged the order to show cause because Thrower's failure to appear was the result of his attorney's mistake. Docket No. 37 in 10-632. The Court also reminded counsel of his obligation to participate in discovery in the matter. Id.

On August 21, 2012, CLC and Thrower filed a joint letter brief regarding CLC's request for an order compelling Thrower to produce all documents responsive to its requests for production and to provide dates for his deposition. Docket No. 504. In the motion, CLC represented that it served document requests on Thrower almost a year before but had not received meaningful responses, and that Thrower had refused to cooperate with respect to the scheduling of his deposition.

Later on August 21, 2012, the Magistrate Judge issued an order setting a hearing on CLC's request for August 29, 2012. Docket No. 506. The Magistrate Judge ordered that Thrower and counsel for both parties attend the hearing in person and that, prior to the hearing, Thrower file "(1) copies of each of

2

his responses to the requests, including all verifications and certificates of service or similar documentation that establishes the date on which he served each of the responses on Collegiate Licensing; (2) a declaration attesting to the specific documents produced in response to the requests; and (3) a statement of all dates within the next sixty days on which he is available for a deposition." Id.

Thrower failed to file the required documents and to appear at the August 29, 2012 hearing, either in person or through counsel.  Docket No. 526.  On August 30, 2012, the Magistrate Judge issued an order recommending that this Court dismiss Thrower's claims for failure to prosecute.  Docket No. 527.  The Magistrate Judge advised that any party could object to the recommendation within fourteen days thereafter.  Thrower did not file an objection to the Magistrate Judge's recommendation.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order."  See also Hells Canyon Pres. Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.) (per curiam).  "Before imposing dismissal as a sanction, the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of

3

prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). Further, the district court is obliged to "warn the plaintiff that dismissal is imminent." Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir. 1987).

A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Application of the five factors weighs in favor of dismissal of Thrower's claims. Public interest in the expeditious resolution of litigation, the Court's need to manage its docket and the availability of lesser sanctions weigh heavily in favor of dismissal. Here, Thrower has repeatedly failed to appear at court proceedings and has not responded to court orders aimed at addressing discovery issues that have persisted for over a year. The Court has already warned Thrower that such failures could result in dismissal of his claims and reminded him of his obligation to participate in discovery. However, these failures have continued. The risk of prejudice to Defendants is high. CLC has incurred costs in pursuing discovery from Thrower. Further, although the public policy favoring disposition of cases on their merits usually weighs against dismissal, this concern is reduced drastically here because, even if Thrower's individual action is dismissed, other named Plaintiffs will remain in the consolidated case to prosecute the claims asserted on behalf of the putative class for an adjudication on the merits. Finally, Thrower was provided substantial notice that dismissal was imminent and he has not

4

objected to dismissal or otherwise demonstrated intent to prosecute the claims.[2]

## CONCLUSION

For the reasons set forth above, the Court adopts the Magistrate Judge's recommendation and DISMISSES Thrower's claims with prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: 10/16/2012

CLAUDIA WILKEN
United States District Judge

---

[2] Thrower's counsel has filed a response to CLC's separate motion for monetary sanctions against Thrower and his attorney. Docket No. 575. This response was limited to opposing the imposition of monetary sanctions on counsel and did not address dismissal or otherwise express intent to prosecute Thrower's claims.