1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

IN RE NCAA STUDENT-ATHLETE NAME
AND LIKENESS LICENSING
LITIGATION

Case No. 09-cv-01967 CW (NC)

**ORDER GRANTING IN PART
ANTITRUST PLAINTIFFS'
MOTION TO SEAL**

Re: Dkt. No.  598

16    Antitrust Plaintiffs moved to seal their motion for class certification, their expert

17 reports, and the exhibits offered in support of those reports.  These documents had been

18 designated confidential in accordance with a stipulated protective order.  Antitrust Plaintiffs

19 were required to file a motion to seal under Local Rule 75-9(d), but it is defendants

20 Electronic Arts, Inc. ("EA"), College Licensing Company ("CLC"), and the NCAA, along

21 with nonparties, T3Media ("T3M"), XOS Digital ("XOS"), and the NBA, that seek to keep

22 under seal documents designated confidential.  The issues are (1) whether EA, CLC, the

23 NCAA, T3M, XOS, and the NBA have made a sufficient showing of good cause to

24 overcome the presumption of public access and warrant filing the Noll report, its exhibits,

25 and appendices under seal; (2) whether there is good cause to seal the Gerbrandt report; and

26 (3) whether the NCAA's proposed redactions of Exhibits 51 and 76 are limited to

27 competitively sensitive information.  Because the parties have met their burden of good

28 cause as to certain documents, the Court GRANTS IN PART the motion to seal.

**I. BACKGROUND**

**A.    The Noll Report**

In support of their motion for class certification, Antitrust Plaintiffs submit the expert report of Professor Roger Noll.  The Noll report and its appendices were filed provisionally under seal on August 31, 2012, however, the exhibits to the report were not filed.  In accordance with this Court's minute order after the October 3, 2012 case management conference, Antitrust Plaintiffs submitted to chambers unredacted and redacted versions of the report, its appendices, and exhibits for consideration of the motion to seal.  In their administrative motion to seal, Dkt. No. 598, Antitrust Plaintiffs identified the following parts of the Noll report as containing material designated confidential by defendants or third parties:

- pages 41, 64-68, 91-92, 99-100, 102-103, and 106;

- footnotes 20-21, 23, 38, 41, 48-49, 89, 94;

- appendices C-A1, C-A5 through C-A12, C-A14, C-A19 through C-A22, C-B1, C-B5 through C-B12, C-B14, C-B19 through C-B22, D-A1, D-A5 through D-A12, D-A17 through D-A18, D-A20 through D-A21, D-B1 through D-B2, D-B5 through D-B9, D-B11, D-B17 through D-B18, and D-B20 through D-B21; and

- exhibits 5, 6, 12A, 12B, 13A, 13B, 14A, 14B, 15A, and 15B.

In response, defendant EA submitted declarations in support of the motion and in support of Antitrust Plaintiffs' proposed redactions.  Dkt. Nos. 579, 608.  Defendant CLC submitted declarations and proposed its own redactions.  Dkt. Nos. 580, 609.  Defendant the NCAA also filed a declaration in support of the motion and proposed its own redactions.  Dkt. No. 605.  Nonparty T3M filed a declaration in support of the motion and agreed with the redactions proposed by the NCAA.  Dkt. No. 604.  Nonparty XOS filed a declaration in support of the motion and in support of Antitrust Plaintiffs' redactions of the material XOS sought to protect.  Dkt. No. 606.  Nonparty the NBA submitted a letter and a formal declaration in support of the motion to seal, along with proposed redactions.  Dkt. Nos. 588, 610.  Although defendants and nonparties do not seek to seal the same portions

of the Noll report, they all assert the same good cause for so doing: to protect competitively sensitive business information that will disadvantage them in future negotiations.

**B.    The Gerbrandt Report**

Antitrust Plaintiffs also submit the report of Larry Gerbrandt in support of their motion for class certification.  Like the Noll report, Antitrust Plaintiffs filed the Gerbrandt report provisionally under seal.  In accordance with this Court's minute order from the October 3 case management conference, Antitrust Plaintiffs submitted a copy of the report to chambers, but requested the Gerbrandt report be made public in its entirety.  Dkt. No. 598 at 3.  Antitrust Plaintiffs allege that the Gerbrandt report does not contain confidential information.  *Id.* at 3-4.  The Court has not received any declarations that indicated good cause for sealing the Gerbrandt report.

**C.    Exhibits 51 and 76 to the Gosselin Declaration**

In its September 28 order, the Court considered whether the NCAA established good cause to seal Exhibits 9, 51, 66, and 76-78 to the Gosselin declaration, which Antitrust Plaintiffs filed provisionally under seal in support of their motion for class certification. The Court denied the NCAA's request to seal, but ordered the NCAA to submit redacted copies of Exhibits 51 and 76.  The Court found that Exhibits 51 and 76 contain terms, including fee arrangements, content packages, and advertising requirements, that could be beneficial to parties that wish to participate in future negotiations for the licensing and distribution of NCAA content, and that such terms might be particularly useful to the competitors of Turner and CBS, neither of whom is a party to this litigation.

## II. STANDARD OF REVIEW

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c).  *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive

materials, we apply the 'good cause' standard when parties wish to keep them under seal."). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

### A.   The Noll Report

Defendants EA, CLC, and the NCAA, as well as nonparties XOS, T3M, and the NBA assert that the information contained in the Noll report, its appendices, and exhibits includes:

- "non-public financial information and negotiated royalty terms," along with the identity and distribution rights of licensees,  (Dkt. No. 606 ¶ 12);

- "video game royalty data," payments "to colleges and universities for the licensing of their trademarks," (Dkt. No. 580-2 ¶ 13);

- "confidential revenue data," "royalty rates, and guaranteed payment terms," (Dkt. No. 579 ¶ 10);

- "confidential financial terms of licenses EA negotiated with the National Football League (NFL) and the NFL Players Association," (Dkt. No. 579 ¶ 14);

- "revenue data broken down by videogame," which could provide "competitors with detailed information regarding the market for that game and the capacity for that market to support competitive consumer offerings" (Dkt. No. 579 ¶ 15);

- "confidential financial data," and "quarterly revenue" figures that are "not publicly disclosed," (NCAA Dkt. No. 604 ¶6).

Defendants and nonparties assert that if this information is made public, it will give competitors sensitive information about the defendants and nonparties, the terms of

licensing agreements for NCAA content, and the markets for NCAA content, and thereby disadvantage them in future negotiations.  As this Court has previously noted, "sources of business information that might harm a litigant's competitive standing"—such as fee arrangements and terms that could be beneficial to parties that wish to participate in future negotiations—often warrant protection under seal.  *Nixon Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Defendants and nonparties have submitted proposed redactions that aim to limit the scope of the sealed information.  The Court finds that defendants and nonparties have articulated good cause for redacting the Noll report, and have limited their redactions to competitively sensitive details.  Accordingly, the following portions of the Noll report will be redacted:

| Portion Identified as Containing Confidential Information | Portion to be Redacted or Sealed |
|---|---|
| Appendix C-A1 | Columns [b]*, [c], [d], [f] |
| Appendix C-A5 | Columns [d], [e], [f], [i], [j] |
| Appendix C-A6 | as Antitrust Plaintiffs proposed |
| Appendix C-A7 | as Antitrust Plaintiffs proposed |
| Appendix C-A8 | as Antitrust Plaintiffs proposed |
| Appendix C-A9 | as Antitrust Plaintiffs proposed |
| Appendix C-A10 | as Antitrust Plaintiffs proposed |
| Appendix C-A11 | Columns [a], [e], [f], [i], [j] |
| Appendix C-A12 | as Antitrust Plaintiffs proposed |
| Appendix C-A14 | Columns [c], [d], [f] |
| Appendix C-A19 | as Antitrust Plaintiffs proposed |
| Appendix C-A20 | as Antitrust Plaintiffs proposed |
| Appendix C-A22 | as Antitrust Plaintiffs proposed |
| Appendix C-B1 | Columns [b]*, [c], [d], [f] |
| Appendix C-B5 | as Antitrust Plaintiffs proposed |
| Appendix C-B6 | as Antitrust Plaintiffs proposed |
| Appendix C-B7 | as Antitrust Plaintiffs proposed |
| Appendix C-B8 | as Antitrust Plaintiffs proposed |
| Appendix C-B9 | as Antitrust Plaintiffs proposed |

| Portion Identified as Containing Confidential Information (cont.) | Portion to be Redacted or Sealed (cont.) |
|---|---|
| Appendix C-B10 | as Antitrust Plaintiffs proposed |
| Appendix C-B11 | Columns [a], [e], [f], [i], [j] |
| Appendix C-B12 | as Antitrust Plaintiffs proposed |
| Appendix C-B14 | Columns [c], [d], [f] |
| Appendix C-B19 | as Antitrust Plaintiffs proposed |
| Appendix C-B20 | as Antitrust Plaintiffs proposed |
| Appendix C-B22 | as Antitrust Plaintiffs proposed |
| Appendix D-A1 | Columns [b]*, [c], [d], [f] |
| Appendix D-A5 | as Antitrust Plaintiffs proposed |
| Appendix D-A6 | Columns [a], [e], [f], [i], [j] |
| Appendix D-A7 | as Antitrust Plaintiffs proposed |
| Appendix D-A8 | as Antitrust Plaintiffs proposed |
| Appendix D-A9 | as Antitrust Plaintiffs proposed |
| Appendix D-A11 | Columns [c], [d], [f] |
| Appendix D-A17 | as Antitrust Plaintiffs proposed |
| Appendix D-A18 | as Antitrust Plaintiffs proposed |
| Appendix D-A20 | as Antitrust Plaintiffs proposed |
| Appendix D-A21 | as Antitrust Plaintiffs proposed |
| Appendix D-B1 | Columns [b]*, [c], [d], [f] |
| Appendix D-B5 | as Antitrust Plaintiffs proposed |
| Appendix D-B6 | Columns  [a], [e], [f], [i], [j] |
| Appendix D-B7 | as Antitrust Plaintiffs proposed |
| Appendix D-B8 | as Antitrust Plaintiffs proposed |
| Appendix D-B9 | as Antitrust Plaintiffs proposed |
| Appendix D-B11 | Columns [c], [d], [f] |
| Appendix D-B17 | as Antitrust Plaintiffs proposed |
| Appendix D-B18 | as Antitrust Plaintiffs proposed |
| Appendix D-B20 | as Antitrust Plaintiffs proposed |
| Appendix D-B21 | as Antitrust Plaintiffs proposed |
| Exhibit 5 | as the NBA proposed in Dkt. No. 610-1 Ex.B |
| Exhibit 6 | as Antitrust Plaintiffs proposed |

| Portion Identified as Containing Confidential Information (cont.) | Portion to be Redacted or Sealed (cont.) |
|---|---|
| Exhibit 11 | Sealed in its entirety |
| Exhibit 12A | Columns [e], [h], [i], Subtotal, Total |
| Exhibit 12B | Columns [e], [h], [i], Subtotal, Total |
| Exhibit 13A | Columns [e], [h], [i], Subtotal, Total |
| Exhibit 13B | Columns [e], [h], [i], Subtotal, Total |
| Exhibit 14A | Columns [b], [c], [e], [f], [g], [h], [i] |
| Exhibit 14B | Columns [b], [c], [e], [f], [g], [h], [i] |
| Exhibit 15A | Columns [b], [c], [e], [f], [g], [h], [i] |
| Exhibit 15B | Columns [b], [c], [e], [f], [g], [h], [i] |
| Footnote 23 | as Antitrust Plaintiffs proposed |
| Footnote 94 | as Antitrust Plaintiffs proposed |
| Page 99 | as Antitrust Plaintiffs proposed |
| Page 100 | as Antitrust Plaintiffs proposed |
| Page 102 | as Antitrust Plaintiffs proposed |
| Page 103 | as Antitrust Plaintiffs proposed |
| Page 106 | as Antitrust Plaintiffs proposed |

\* In Appendices C-A1, C-B1, D-A1, and D-B1 what should be labeled [b] is mistakenly labeled [c].

Antitrust Plaintiffs must redact the portions of the Noll report, its appendices, and exhibits in accordance with the table above and then file the redacted version in the public record by October 22, 2012 at 5:00 p.m.

**B.   The Gerbrandt Report**

Antitrust Plaintiffs acknowledge that the Gerbrandt report refers to the deposition testimony of NCAA executive Weitekamp at page 28 and in footnote 18.  Dkt. No. 598 at 3.  They further aver that this testimony is not designated confidential. *Id.* at 4.  Antitrust Plaintiffs seek to file the entirety of the Gerbrandt report in the public record.  Because no party has shown good cause to overcome the presumption of public access, Antitrust Plaintiffs must file the report in the public record by October 22, 2012 at 5:00 p.m.

1

**C.    The NCAA's Redaction of Exhibit 51 and 76.**

2      The Court ordered NCAA to redact the competitively sensitive portions of Exhibits

3   51 and 76 in order to balance the public interest in access to judicial records against the

4   interest of the NCAA and nonparties Turner and CBS in protecting their competitive

5   standing.  Redactions, as opposed to filing entire documents under seal, "have the virtue of

6   being limited and clear."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1183

7   (9th Cir. 2006).  The redaction of Exhibit 76 is limited, and the Court accepts the NCAA's

8   proposed redactions of that Exhibit.  The proposed redactions to Exhibit 51, however, are

9   far from limited in scope.  In fact, if accepted by the Court, the proposed redactions would

10  render nearly the entirety of Exhibit 51 under seal.  That the NCAA and Turner have been

11  less than discriminate in choosing which portions of Exhibit 51 to redact is indicated by the

12  fact that one redacted paragraph contains such competitively sensitive information as the

13  number of interns to hire.  The NCAA must resubmit by October 24, 2012 proposed

14  redactions to Exhibit 51 that are limited to the terms necessary to protect the competitive

15  standing of the NCAA and Turner.

16  *//*

17

18

19

20

21

22

23

24

25

26

27

28

## IV. CONCLUSION

Defendants EA, CLC, and the NCAA and nonparties XOS, T3M, and the NBA have demonstrated that certain parts of the Noll report, its exhibits, and appendices contain commercially valuable information that could competitively disadvantage defendants and the nonparties. Therefore, the portions of the Noll report indicated in this order must be redacted to protect those interests. After redacting the portions indicated, Antitrust Plaintiffs must file it in the public record by October 22, 2012. Because no party as shown good cause to seal the Gerbrandt report, Antitrust Plaintiffs will file it in the public record also by October 22. The NCAA must submit to this Court by October 24, 2012 proposed redactions to Exhibit 51 that are limited to competitively sensitive terms. The Court will issue a further ruling after receiving the NCAA's proposed redactions.

IT IS SO ORDERED.

Date: October 17, 2012

Nathanael M. Cousins
United States Magistrate Judge