IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION<br>_____/<br>    This document relates to:<br>FORMER PLAINTIFF ISHMAEL THROWER<br>_____/ | No. C 09-1967 CW<br><br>NOTICE OF INTENDED RULING GRANTING MOTION FOR SANCTIONS (Docket No. 548) AND DENYING AS MOOT MOTION TO STRIKE AMENDED DECLARATION (Docket No. 595) |

Defendant Collegiate Licensing Company (CLC) moves for monetary sanctions against former Plaintiff Ishmael Thrower and his counsel. Thrower's attorney, Reginald Terrell, opposes only an award of monetary sanctions against counsel. CLC also moves to strike Terrell's amended declaration filed on October 3, 2012. Thrower and Terrell have not opposed CLC's motion to strike. Having considered the papers filed by the parties, the Court issues a tentative ruling that it is inclined to grant CLC's motion for monetary sanctions and deny CLC's motion to strike as moot.

                              BACKGROUND

On January 15, 2010, the Court granted the joint motion of Plaintiffs Samuel Michael Keller and Edward C. O'Bannon, Jr. to appoint interim co-lead class counsel for the consolidated case, In re NCAA Student-Athlete Name & Likeness Licensing Litigation (the NCAA case), as well as for any additional actions that would

be consolidated with it in the future.  Docket No. 146.[1]  The Court gave interim co-lead class counsel specific responsibilities with respect to the litigation, including to "initiate and conduct all discovery proceedings and communicate with Defendants' counsel with respect to same on all issues related to the class plaintiffs."  Id. at 2.

On February 12, 2010, Thrower filed his separate suit against CLC and co-Defendant National Collegiate Athletic Association (NCAA).  Docket No. 1 in 10-632.

On May 24 and 27, 2010, Thrower filed an administrative motion to consider whether his case was related to the NCAA case.  Docket Nos. 209 and 213.  The Court granted this motion on June 4, 2010 and administratively related the case to the NCAA case.  Docket No. 5 in 10-632.  Thrower did not seek consolidation and the Thrower case was not consolidated with the NCAA case at that time.

On August 16, 2011, CLC served its first set of requests for production of documents on Thrower.  Jones Decl. ¶ 2, Ex. A.  Terrell states in response to the instant motion that "Defendant's counsel was provided responses to written discovery propounded and also amended responses after conferring with plaintiff."  Am. Terrell Decl. ¶ 6.  Thrower states, "I responded to the request for production of documents as shown in the attached exhibit A1 and A2," referring to the responses and amended responses described in greater detail below.  Thrower Decl. ¶ 4.  CLC

---

[1] All docket numbers used herein refer to the docket of the consolidated cases, Case No. 09-1967, unless otherwise specified.

2

attests that it had not received any documents or written responses to these requests by July 6, 2012. Jones Decl. ¶¶ 3, 8, 10.

On October 20, 2011, CLC sent Thrower, through Terrell, a letter noting that Thrower's responses had been due on September 19, 2011 and asking that responses be sent immediately. Jones Decl., Ex. B. CLC did not receive a response to this letter. Jones Decl. ¶ 5.

On November 9, 2011, Terrell received an email from Thomas Boardman, an attorney working with interim co-lead class counsel, seeking to schedule the depositions of the individual Plaintiffs in the NCAA case and requesting dates on which Thrower would be available for a deposition through the end of the year. Am. Terrell Decl. ¶ 5, Ex. B1-2, Docket No. 590-2. Terrell recalls providing this attorney with "dates Thrower was available to be deposed." Am. Terrell Decl. ¶ 5.

On November 28, 2011, CLC sent Terrell an email stating that it had still not received any response to the document request served on Thrower, and that this "is particularly troubling given that Mr. Thrower's deposition is scheduled for December 15, only two weeks from today." Jones Decl., Ex. C. CLC asked to schedule a meet and confer regarding the issue during that week. Id. CLC did not receive a response to the November 28 email. Jones Decl. ¶ 7.

On December 7, 2011, Boardman sent Terrell an email stating, "Due to the court moving the date of a hearing and some negotiating with the NCAA, we have elected to postpone Ishmael's deposition for the time being. Although it is not certain, it is

3

1  likely that the deposition will now be in mid-to-late January."
2  Am. Terrell Decl. ¶ 5, Ex. B1-2, Docket No. 590-2.  Terrell
3  states, "I thereafter waited and am still waiting for direction
4  from Boardman and other members of the lead plaintiffs' counsel
5  team re scheduling Thrower's deposition."  Am. Terrell Decl. ¶ 5.
6  Thrower attests, "I have also spoken to Mr. Terrell several times
7  regarding my deposition and always expressed to him that I was
8  ready will [sic] and able to be deposed whenever requested."
9  Thrower Decl. ¶ 4.
10       On January 11, 2012, CLC sent Terrell another email stating
11 that it had not received any responsive documents from Thrower and
12 that he had not provided any times for a meet and confer despite
13 CLC's requests.  Jones Decl., Ex. D.  CLC did not receive a
14 response to this email.  Jones Decl. ¶ 7.
15       On April 17, 2012, the Court set a case management conference
16 for May 16, 2012 in the consolidated NCAA case, the Thrower case
17 and two other individual cases that were also administratively
18 related to the consolidated case.  Docket No. 31 in 10-632.
19       On May 9, 2012, the parties in the NCAA case, except Thrower,
20 filed a case management statement.  Docket No. 453.  In the
21 statement, they stated that "Plaintiff Ishmael Thrower has failed
22 to respond to CLC's document requests and his counsel has failed
23 to respond to correspondence and telephone messages about such
24 failures," and that "Co-lead counsel for Plaintiffs, Jon King,
25 attempted without success to reach Thrower's counsel to inquire
26 about counsel's failure to respond to CLC's discovery requests and
27 communications."  Id. at 18.
28

4

1      On May 16, 2012, a case management conference was held.
2 Docket No. 456.  Thrower failed to appear individually or through
3 counsel.
4      On May 17, 2012, the Court ordered Thrower to show cause why
5 his individual action should not be dismissed for failure to
6 prosecute.  Docket No. 35 in 10-632.
7      On May 19, 2012, Terrell filed a declaration, stating that he
8 had believed mistakenly that the case management conference was
9 scheduled for May 23, 2012.  Docket No. 36 in 10-632, 1.  Terrell
10 further represented that, because of the lead counsel structure in
11 place in the consolidated case, he has "refrained from taking any
12 action in the Thrower case unless directed by Interim Co-Lead
13 Counsel" and that "any communications I have had regarding this
14 litigation have only been with" Plaintiffs' co-lead counsel.  Id.
15 at 2.  He further stated that "Mr. Thrower responded to the
16 written discovery propounded by defense counsel several months ago
17 and is awaiting a date certain to be deposed."  Id.  However, CLC
18 attests that it had not received any responses or documents from
19 Thrower as of that date.  Jones Decl. ¶ 8.
20     On May 21, 2012, the Court discharged the order to show cause
21 because Thrower's failure to appear was the result of his
22 attorney's mistake.  Docket No. 37 in 10-632.  The Court also
23 reminded counsel of his obligation to participate in discovery in
24 the matter.  Id.  On that date, the Court also consolidated the
25 Thrower matter with the NCAA case.  Docket No. 458.
26     On June 26, 2012, counsel for Thrower and CLC spoke on the
27 telephone.  Jones Decl. ¶ 9.  Thrower's attorney represented that
28 he "previously served written responses, but that he could not

5

recall when they were served." Id.  He "agreed to confirm the date and manner in which he served the responses and to provide a copy of the responses" and he "promised to produce responsive documents." Id.

As of July 6, 2012, CLC had not received a copy of the written responses or responsive documents. Jones Decl. ¶ 10.  On that date, CLC sent Terrell an email reminding him to send these items and asking him to provide dates in July on which Thrower was available for a deposition. Jones Decl., Ex. E.

On July 7, 2012, Terrell emailed CLC stating, "Attached in pdf format are Ishmal Thrower's response to defendants rpd. Documents responsive to the production request will be sent in a separate email." Jones Decl., Ex. F (errors in original). Terrell attached to this email a document entitled "Plaintiff's Response to Defendant's RPD," which was signed and dated November 16, 2011, and which stated in part that Thrower had served his original objections and responses to CLC's requests for production of documents on September 21, 2011 and that he "now amends his responses." Id.  A verification signed by Thrower is attached and is dated November 28, 2011. Id.  The verification page contains fax transmittal information showing a date of December 16, 2011. Id.  Terrell did not include a certificate of service representing when he first provided this document to CLC.  CLC attests that it first received the document on July 7, 2012.  Jones Decl. ¶ 11.

On July 13, 2012, Thrower produced to CLC his state and federal tax returns for the years 2008 through 2011. Jones Decl., Ex. 12.

6

On July 19, 2012, CLC sent Terrell a letter outlining various deficiencies with his responses and document production, and asking him again for dates for his deposition. Jones Depo., Ex. G. CLC did not receive a response to this letter.

On August 21, 2012, CLC and Thrower filed a joint letter brief regarding CLC's request for an order compelling Thrower to produce all documents responsive to its requests for production and to provide dates for his deposition. Docket No. 504. In the letter, CLC represented that it had served document requests on Thrower almost a year before but had not received meaningful responses, and that Thrower had refused to cooperate with respect to the scheduling of his deposition. Thrower stated, "Counsel for Plaintiff Ishmael Thrower disputes the factual assertions concerning Plaintiff's responses to defendants' production request," and "Plaintiff Thrower has produced all documents in his possession which are responsive to the production request and is prepared to provide a declaration as to such under penalty of perjury." Id. at 1.

Later on August 21, 2012, the discovery Magistrate Judge issued an order setting a hearing on the letter brief for August 29, 2012. Docket No. 506. The Magistrate Judge ordered that Thrower and counsel for both parties attend in person and that, prior to the hearing, Thrower file "(1) copies of each of his responses to the requests, including all verifications and certificates of service or similar documentation that establishes the date on which he served each of the responses on Collegiate Licensing; (2) a declaration attesting to the specific documents produced in response to the requests; and (3) a statement of all

7

dates within the next sixty days on which he is available for a deposition." Id.

Thrower failed to file the required documents and did not appear at the August 29, 2012 hearing, in person or through counsel. Docket No. 526. On August 30, 2012, the Magistrate Judge issued an order recommending that this Court dismiss Thrower's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b). Docket No. 527. The Magistrate Judge advised that any party could object to the recommendation within fourteen days thereafter. Neither Thrower nor any other party filed an objection to the Magistrate Judge's recommendation.

On September 13, 2012, CLC filed a motion seeking monetary sanctions against Thrower and his counsel for violating the Court's orders, failing to participate in the discovery and deposition process and failing to prosecute his case. Docket No. 548. CLC seeks monetary sanctions requiring payment of all attorneys' fees and costs that it incurred in defending against Thrower's claims, including those associated with filing the instant motion and the August 21, 2012 discovery letter brief, preparing for and attending the August 29, 2012 hearing and repeatedly attempting to meet and confer with Thrower regarding discovery.

On September 27, 2012, Terrell filed a response to CLC's motion for sanctions, opposing only the imposition of sanctions against himself and not arguing against the imposition of sanctions on Thrower. Docket No. 575. In the response, Terrell contends that CLC has not shown that he acted in bad faith and that "Defense counsel failed to utilize the federal rules of civil

1 procedure to compel Plaintiff Thrower to respond to their written
2 discovery request." Docket No. 575, 2-3.  In his accompanying
3 declaration, Terrell represents that he "suspect[s] the
4 communication breakdown occurred because of poor communication
5 with lead plaintiffs counsel." Terrell Decl. ¶ 5.  Counsel does
6 not address his failure to respond to the Magistrate Judge's order
7 that he file copies of his discovery responses and provide dates
8 for a deposition.  He also states that he "attempted to no avail
9 to communicate with defendants attorneys to attempt to resolve
10 informally this motion," and that CLC's attorneys, Charles Henn
11 Jr. and Gregory Gilchrist, had not returned his calls.  Terrell
12 Decl. ¶ 4.
13    On October 3, 2012, the day before CLC's reply to the motion
14 for sanctions was due, Terrell filed an amended declaration.
15 Docket No. 590.  The amended declaration is largely similar to his
16 original declaration, but Terrell has attached to it various
17 pieces of evidence that did not accompany his original
18 declaration, including a declaration from Thrower, in which he
19 states that he has produced documents to the best of his ability,
20 expressed to Terrell that he was ready and available at any time
21 for a deposition and had signed verifications for original and
22 amended responses to CLC's requests for production.  One of the
23 attached exhibits is a document which purports to be Thrower's
24 original response to CLC's request for production.  This document
25 is dated September 16, 2011, unsigned by counsel, and accompanied
26 by an undated verification signed by Thrower.  Terrell provides no
27 proof of the date on which he purportedly served this document
28 upon CLC.  However, CLC represents that it first received this

9

document when Terrell filed it with the amended declaration on October 3, 2012.

On October 4, 2012, CLC filed its reply.  With its reply, CLC offered declarations from CLC's attorneys, Henn and Gilchrist, stating that they had not received any communications from Terrell about the motion for sanctions.  Gilchrist Decl. ¶ 2; Henn Decl. ¶ 2.  Gilchrist attested that he received a voicemail on the afternoon of September 26, 2012 from Sylvia Keita, who "stated that she was calling on behalf of Mr. Terrell to see if 'there was a way that we could resolve [CLC]'s pending motion.'"  Gilchrist Decl. ¶ 3.  Gilchrist sent this voicemail to another attorney at his firm, who called Keita back on September 29, 2012 and spoke with her on October 1, 2012.  Jones Reply Decl. ¶¶ 2-3.

On October 5, 2012, CLC moved to strike Terrell's amended declaration and accompanying exhibits as untimely under the Civil Local Rules.  Docket No. 595.  Terrell and Thrower have not opposed the motion to strike.

On October 16, 2012, the Court adopted the Magistrate Judge's recommendation and dismissed Thrower's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Docket No. 615.

DISCUSSION

CLC seeks imposition of monetary sanctions on Terrell and Thrower.  CLC argues that the Court has the authority to impose such sanctions on three bases: (1) Federal Rule of Civil Procedure 37(b)(2)(C); (2) 28 U.S.C. § 1927; and (3) the Court's inherent powers.  CLC requests "payment of all of the attorneys' fees and costs CLC has incurred in defending against" Thrower's claims,

10

including, but not limited to, "payment of all of CLC's attorneys' fees and costs associated with the above-discussed discovery issues, including but not limited to attorneys' fees and costs associated with (1) the filing of both this motion and the parties' August 21, 2012 discovery letter brief, (2) preparation for and attendance at the August 29, 2012 hearing, and (3) CLC's repeated attempts to confer with Plaintiff regarding discovery." Mot. at 8.

Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions against a party who "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A). It provides that, "unless the failure was substantially justified or other circumstances make an award of expenses unjust," the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court also has the inherent authority to sanction certain conduct by a party or attorney. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

Different standards apply for sanctions on these bases. Willfulness, fault or bad faith is not required for the imposition of monetary sanctions under Rule 37(b)(2). See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (such finding not required where the sanction is "less than a

11

dismissal").[2]  "Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding."  <u>Lahiri v. Universal Music & Video Distribution Corp.</u>, 606 F.3d 1216, 1219 (9th Cir. 2010) (citing <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1107-08 (9th Cir. 2002); <u>Fink v. Gomez</u>, 239 F.3d 989, 993-94 (9th Cir. 2001)).  Sanctions are also available under the inherent power of the Court "if the court specifically finds . . . conduct tantamount to bad faith," which may encompass "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."  <u>Fink</u>, 239 F.3d at 994.  However, "[a]ttorneys should not be disciplined by financial reprisal for conduct attributable to mistake, inadvertence or error of judgment."  <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1480 (9th Cir. 1989) (quoting <u>In re Sutter</u>, 543 F.2d 1030, 1035 (2d Cir. 1976)) (internal quotation marks omitted).

In the case at hand, there is no evidence of recklessness or bad faith attributable to Thrower himself.  Even if there were, the Court declines to impose monetary sanctions upon Thrower, because the Court has already punished his failure to prosecute the case diligently through dismissal of his claims, which is one of the most severe sanctions available.  Further, because his claims have already been dismissed, monetary sanctions would not

---

[2] The Court notes that it dismissed Thrower's claims for failure to prosecute under Rule 41(b) and not as a sanction for discovery violations under Rule 37.  <u>See</u> Docket No. 615.

serve the purpose of deterring him from future misconduct in this case.

However, the Court is inclined to grant monetary sanctions against Terrell. CLC has presented evidence that Terrell has been unreasonably dilatory in discovery, failed to appear at hearings and to respond to discovery orders, and that he has made repeated misrepresentations to the Court, including that he has complied with his discovery obligations and that he attempted to contact CLC's attorneys to resolve the instant motion informally. Although Terrell has attested that he responded to CLC's document requests at some point and implies that he did so in a timely manner, he provides no evidence that he did so before July 2012. Terrell's explanation that he was waiting for direction from the interim co-lead class counsel is disingenuous; this does not account for his failure to respond to the Magistrate Judge's order, which was directed to Thrower and his counsel alone. Moreover, even if his explanation were plausible, to simply wait for direction from the interim co-lead class counsel for more than six months and take no action, while receiving repeated communications from CLC asking for responses regarding documents and depositions, is not a mere error of judgment or negligence and is at least reckless. In addition, Thrower's claims were not consolidated with the NCAA case or subject to the order regarding the interim co-lead class counsel structure until May 2012. Further, Terrell's misrepresentations to the Court regarding his contacts with CLC's attorneys evidence that he has been acting in bad faith. Finally, Terrell's suggestion that CLC has acted improperly by not filing a formal motion to compel and should

13

therefore be denied sanctions is not well-taken.  CLC has offered evidence that it tried repeatedly to resolve the discovery dispute informally and that it filed a letter brief when it was unable to do so, in compliance with the Magistrate Judge's standing order.

Accordingly, the Court is inclined to impose monetary sanctions upon Terrell under Rule 37, 28 U.S.C. § 1927 and the Court's inherent powers, requiring payment to CLC of all attorneys' fees and costs that it incurred in filing the instant motion and the August 21, 2012 discovery letter brief, preparing for and attending the August 29, 2012 hearing and repeatedly attempting to meet and confer with Terrell regarding discovery from Thrower.

## CONCLUSION

For the reasons set forth above, the Court provides a tentative ruling that it is inclined to grant CLC's motion for sanctions upon Terrell (Docket No. 548) and to deny CLC's motion to strike as moot (Docket No. 548).

The Court VACATES the hearing currently set for Thursday, November 1, 2012 at 2:00 p.m.  The Court ORDERS CLC to file, within seven days from the date of this Order, evidence of the attorneys' fees and costs that it incurred in connection with the motion for sanctions and the August 21, 2012 discovery letter brief, in preparing for and attending the August 29, 2012 hearing and in its repeated attempts to meet and confer with Terrell regarding discovery from Thrower.

Within two weeks of the date of this Order, Terrell may file a response, of ten pages or less, to CLC's evidence of its fees and costs.  Terrell shall include with his response any objection

14

to the amount of fees and costs requested and a statement as to whether he requests a hearing on the imposition of monetary sanctions.  Failure to file a response will result in the Court's adoption of this tentative decision as its final ruling, and setting an amount of fees and costs to be paid.

IT IS SO ORDERED.


Dated:  10/30/2012                          CLAUDIA WILKEN
                                            United States District Judge

15