**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING IN PART ANTITRUST PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. No. 635 |

Antitrust Plaintiffs moved to seal their motion for class certification, expert reports, and numerous exhibits. This order addresses Exhibit 51 to the Gosselin declaration, which Plaintiffs' filed in support of their motion and which the NCAA seeks to keep under seal. The issue is whether the NCAA's revised proposed redactions of Exhibit 51 are narrowly tailored to protect competitively sensitive information. Because the NCAA has met its burden of good cause as to certain provisions of the exhibit, the Court GRANTS IN PART the motion to seal.

**I. BACKGROUND**

In its September 28 order, the Court considered whether the NCAA had established good cause to seal Exhibits 9, 51, 66, and 76-78 to the Gosselin declaration, which Antitrust Plaintiffs filed provisionally under seal in support of their motion for class certification. The Court found that Exhibits 51 and 76 contain terms, including fee arrangements, content packages, and advertising requirements, that could be beneficial to parties that wish to participate in future negotiations for the licensing and distribution of

NCAA content, and that such terms might be particularly useful to the competitors of Turner and CBS, neither of whom is a party to this litigation, but who are parties to the agreements contained in Exhibits 51 and 76. The Court denied the NCAA's request to seal, but ordered the NCAA to submit redacted copies of Exhibits 51 and 76 in order to balance the public interest in access to judicial records against the interest of the NCAA and nonparties in protecting their competitive standing. Redactions, as opposed to filing entire documents under seal, "have the virtue of being limited and clear." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006).

After considering the NCAA's proposed redactions, this Court approved the NCAA's redaction of Exhibit 76 in its October 17 order. *See* Dkt. No. 626. It found the NCAA's proposed redactions to Exhibit 51, however, were far from limited in scope and would render nearly the entirety of Exhibit 51 under seal. The Court ordered the NCAA to submit revised proposed redactions to Exhibit 51, limited to competitively sensitive terms. The NCAA filed revised proposed redactions to Exhibit 51, along with a declaration from counsel in support of the redactions. Nonparty Turner Broadcasting, who is a party to the licensing agreement contained in Exhibit 51, also submitted proposed redactions and a declaration.

## II. STANDARD OF REVIEW

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil Local Rule 79-5(a). "[S]ources of business information

1  that might harm a litigant's competitive standing" often warrant protection under seal.
2  *Nixon*, 435 U.S. at 598.  Still, a party must "narrowly tailor" its request to sealable material
3  only.  Civil Local Rule 79-5(a).  "[T]he party seeking protection bears the burden of
4  showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen.*
5  *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized
6  showing of good cause with respect to any individual document," *San Jose Mercury News,*
7  *Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad
8  allegations of harm, unsubstantiated by specific examples or articulated reasoning" are
9  insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

The NCAA asserts that its revised proposed redactions contain "highly sensitive financial information and negotiated licensing terms that would harm the NCAA's or Turner's competitive standing."  Dkt. No. 636 ¶ 5.  Turner contends that the provisions it proposes for redaction "were heavily negotiated by the parties," and are competitively sensitive "because knowledge of those terms could then be used strategically to TBS, Inc.'s detriment by a content provider in its negotiations with TBS, Inc. or by a competitor in its efforts to obtain the same digital rights for which TBS, Inc. is negotiating."  Dkt. No. 638 ¶¶ 7, 8.  TBS avers further that it "is likely to be harmed" in future negotiations if the redacted provisions are disclosed to the public.

Considering both sets of proposed redactions, the content of the licensing agreement, and the cause for sealing given by the NCAA and Turner, the Court finds that there is good cause to redact the following provisions of Exhibit 51 to the Gosselin declaration:

- Paragraph 2.A.3.a.vi-vii. Baseline Requirements for NCAA Championships.
- Paragraph 2.A.3.f. Increases to Non-Salary Costs (first sentence and last four sentences only).
- Paragraph 2.C.1.b-c. NCAA Digital Platform Initiatives (subparagraphs b. and c. only).
- Paragraph 3.A-M. Grant of Rights.

- Paragraph 4.A-C. Exceptions and Clarifications with Respect to Digital Rights.
- Paragraph 5.A-B. Financial Terms.
- Paragraph 7.C. Marks of NCAA Institutions.
- Paragraph 9. Promotional Opportunities (last sentence only; as the NCAA has proposed).
- Paragraph 10. Advertising and Sponsorships.

### IV. CONCLUSION

Defendant the NCAA and nonparty Turner have demonstrated that certain parts of Exhibit 51 to the Gosselin declaration contain commercially valuable information that could competitively disadvantage them in future negotiations. Therefore, the paragraphs of Exhibit 51 indicated in this order must be redacted to protect those interests. The NCAA must file the redacted version in the public record by November 12, 2012 at 5:00 p.m.

IT IS SO ORDERED.

Date: November 5, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge