1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE NCAA STUDENT-ATHLETE NAME
AND LIKENESS LICENSING
LITIGATION

Case No. 09-cv-01967 CW (NC)

**ORDER GRANTING IN PART
MOTION TO COMPEL**

Re: Dkt. No. 594

15      Defendant Collegiate Licensing Company moves to compel Antitrust Plaintiffs to

16   amend their responses to Interrogatories 1, 2, 11, 12, and 14.  CLC argues that Plaintiffs'

17   current responses to these five interrogatories are deficient.  Antitrust Plaintiffs respond that

18   CLC's dissatisfaction stems from the content of their responses, not their sufficiency or

19   level of detail, and that no amendment is necessary.

20      Interrogatory 1 states "Identify every illegal contract, combination, or conspiracy in

21   violation of 15 U.S.C. § 1 in which You contend CLC participated, including Your

22   contention in Paragraphs 25, 496, and 507 that CLC facilitated a restraint of trade in

23   violation of Section 1 of the Sherman Act, 15 U.S.C. § 1."  Dkt. No. 601-2, Ex. D at 8.

24   CLC requests amendment because Plaintiffs' response lacks sufficient detail, expands the

25   issues, and improperly references their response to Interrogatory 14.  As the Court noted at

26   the October 17 discovery hearing, Interrogatory 1 is drafted to elicit an expansive answer

27   and thereby contributes to the generality of Plaintiffs' response.  Plaintiffs' incorporation by

28   reference to their response to Interrogatory 14 is technically improper, however, it does not

1  detract from their response to Interrogatory 1.  Nor would amendment of this response to

2  include the substance of Plaintiffs' response to Interrogatory 14 be an efficient use of time.

3  Therefore, the Court DENIES CLC's motion to compel amendment of Interrogatory 1.

4  Interrogatory 2 asks Plaintiffs to identify the facts and documents that support their

5  allegations against CLC of conspiracy and concerted action identified in Interrogatory 1.

6  CLC argues that Antitrust Plaintiffs' response to Interrogatory 2 is inconsistent with one of

7  their expert reports and challenges the viability of Antitrust Plaintiffs' theory of liability.

8  But CLC's objections are better suited to a dispositive motion than a discovery dispute.  No

9  amendment by Antitrust Plaintiffs to their response will change the nature of the report or

10  Plaintiffs' theory of liability.  Accordingly, the Court DENIES CLC's motion to compel

11  amendment of Interrogatory 2.

12  Interrogatories 11 and 12 ask Plaintiffs to describe the injuries to business or property

13  suffered by the named plaintiffs and class members.  CLC contends that Plaintiffs'

14  responses to these two interrogatories are vague, conclusory, and lacking in factual or

15  documentary support.  Antitrust Plaintiffs' current responses, although somewhat cursory,

16  describe the damages they have incurred.  Furthermore, the Court finds that CLC's concerns

17  can be addressed through other discovery mechanisms.  CLC's motion to compel amended

18  responses to Interrogatories 11 and 12 is DENIED.

19  Interrogatory 14 asks "If You contend that Former Student-Athletes are restricted

20  from licensing, selling, using, or displaying their Collegiate Images in any way, identify all

21  facts and documents that support Your contention."  Dkt. No. 601-2, Ex. D at 72.  CLC

22  asserts that Antitrust Plaintiffs' existing response is insufficient because it addresses only

23  current student-athletes.  Antitrust Plaintiffs supplied a detailed response outlining the ways

24  in which NCAA bylaws prohibit student-athletes from licensing or sharing in the profits

25  from the use of their names, images, and likenesses while they are student-athletes.

26  Although Plaintiffs' response adequately describes how bylaws affected former student-

27  athletes while they were student-athletes, it is nevertheless insufficient.

28  //

Case No. 09-cv-01967 CW (NC)
ORDER GRANTING IN PART MOTION         2
TO COMPEL

1       Antitrust Plaintiffs' theory of the case is that "[f]ormer player class members have

2   two components to their damages—damages sustained while those individuals were

3   competing under collusive restraints, and damages sustained by the continued licensing or

4   sale of their images after they ceased participating in collegiate athletics."  Mot. for Class

5   Certification, Dkt. No. 554 at 10.  Antitrust Plaintiffs' current response to Interrogatory 14

6   does not identify any facts that illustrate how former student-athletes are currently restricted

7   from licensing or sharing in the profits derived from their names, images, and likenesses, or

8   how they suffer damages from the continued licensing and sale of their names, images, and

9   likenesses.  Accordingly, the Court GRANTS CLC's motion to compel an amended

10  response to Interrogatory 14.

11      Antitrust Plaintiffs have fourteen days from the date of this order to amend their

12  response to Interrogatory 14.  Under Rule 72(a), any party may object to this order within

13  fourteen days.

14      IT IS SO ORDERED.

15      Date: November 5, 2012

16                                 Nathanael M. Cousins
                                   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28