IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION<br>_____/<br>This document relates to:<br>FORMER PLAINTIFF ISHMAEL THROWER<br>_____/ | No. C 09-1967 CW<br>ORDER ADOPTING INTENDED RULING (Docket No. 641), GRANTING MOTION FOR SANCTIONS (Docket No. 548), DENYING AS MOOT MOTION TO STRIKE AMENDED DECLARATION (Docket No. 595), AND IMPOSING MONETARY SANCTIONS UPON ATTORNEY REGINALD TERRELL |

On October 30, 2012, the Court issued a tentative ruling indicating that it was inclined to grant Defendant Collegiate Licensing Company (CLC)'s motion for monetary sanctions, impose monetary sanctions on Reginald Terrell, attorney for former Plaintiff Ishmael Thrower, and deny as moot CLC's motion to strike Terrell's amended declaration.

At that time, the Court ordered CLC to file evidence of the attorneys' fees and costs that it incurred in connection with filing the motion for sanctions and the August 21, 2012 discovery letter brief, in preparing for and attending the August 29, 2012 hearing and in its repeated attempts to meet and confer with Terrell regarding discovery from Thrower. The Court also granted Terrell leave to file a response, by November 13, 2012, to CLC's evidence of its fees and costs. The Court directed Terrell to include with this response a statement as to whether he requested a hearing on the imposition of monetary sanctions. The Court

warned Terrell that failure to file a response would result in the Court's adoption of the tentative decision as its final ruling, and setting an amount of fees and costs to be paid.

On November 6, 2012, CLC filed evidence of the fees and costs charged by its counsel, Kilpatrick Townsend & Stockton LLP (KTS), for the work identified in the Court's order, as well as a description of relevant qualifications and experience of each individual at KTS who worked on these matters, a statement of their customary hourly charges, and evidence of comparable prevailing hourly rates in the local area.  Docket No. 647.

As of the date of this Order, Terrell has not filed a response to CLC's evidence of its fees and costs and has not notified the Court that he requests a hearing on the imposition of monetary sanctions.  Thus, the Court ADOPTS the October 30, 2012 order as its final ruling on CLC's motions for sanctions and to strike.  For the reasons set forth in the tentative ruling, the Court GRANTS CLC's motion for monetary sanctions on Terrell but declines to impose such sanctions upon Thrower (Docket No. 548), and DENIES as moot CLC's motion to strike Terrell's amended declaration (Docket No. 595).

Based on the evidence submitted, and having received no objection from Terrell, the Court finds that CLC reasonably incurred $17,137.73 in attorneys' fees and costs in connection with filing the motion for sanctions and the August 21, 2012 discovery letter brief, in preparing for and attending the August 29, 2012 hearing and in its repeated attempts to meet and confer with Terrell regarding discovery from Thrower, and that imposition of sanctions in this amount is appropriate.  Accordingly, the

2

1  Court ORDERS that, within twenty-eight days of this Order, Terrell
2  pay monetary sanctions in the amount of $17,137.73 to CLC through
3  its counsel.
4       IT IS SO ORDERED.
5
6  Dated: 11/19/2012
                                    CLAUDIA WILKEN
7                                   United States District Judge

3