IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION _____/ | No. C 09-1967 CW<br><br>ORDER ON DEFENDANTS' MOTION TO STRIKE |

Defendants National Collegiate Athletic Association, Electronic Arts, Inc. and Collegiate Licensing Company move to strike the motion for class certification filed by Antitrust Plaintiffs Ed O'Bannon, Oscar Robertson, Bill Russell, Ray Ellis, Harry Flournoy, Tate George, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, and Danny Wimprine. Antitrust Plaintiffs oppose Defendants' motion.

Defendants argue that the motion for class certification should be stricken because Antitrust Plaintiffs are precluded from prosecuting the claims for which they seek certification. However, this is not reason to preclude Antitrust Plaintiffs from moving for class certification; instead, these contentions are more properly considered as arguments supporting denial of the motion for class certification on its merits. Accordingly, the Court denies Defendants' motion to strike and construes their brief as their opposition to Antitrust Plaintiffs' motion for class certification.

The Court grants Defendants leave to file an additional brief in further opposition to the motion for class certification. In this brief, Defendants shall not repeat any arguments already made

in their papers addressing the motion to strike. In addition to presenting any other grounds for opposing the motion for class certification, Defendants shall address why Antitrust Plaintiffs should not be granted leave to amend their complaint if the Court were to find that they have not adequately plead the theories put forward in the motion for class certification.

Antitrust Plaintiffs may then file their reply in support of their motion for class certification, without repeating any of the arguments they made in response to the motion to strike. Antitrust Plaintiffs shall address what they would request if the Court were to hold that they have not adequately plead their theories in their operative complaint. If Antitrust Plaintiffs would seek leave to amend the complaint, they shall include grounds for granting such leave in their brief. Antitrust Plaintiffs shall also address how they would proceed if they chose not to seek leave to amend or if leave to amend were found necessary and denied, including whether Antitrust Plaintiffs would instead pursue individual claims or if they would request certification under a different class definition or theory.

Defendants are granted leave to file a sur-reply to Antitrust Plaintiffs' reply.

The Court resets the case management schedule as follows:

| Event | Date |
|---|---|
| Deadline to depose Antitrust Plaintiffs' class certification experts | Thursday, February 28, 2013 |

2

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Deadline to file Defendants' Further Opposition to Antitrust Plaintiffs' motion for class certification and Defendants' Daubert motions on Antitrust Plaintiffs' class certification experts, and to disclose Defendants' class certification experts<br><br>Each Defendant shall address these matters in a single brief. To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. Whether filed together or separately, Defendants' briefs shall together total no more than twenty-five pages. | Thursday, March 14, 2013 |
| 8<br>9 | Deadline to depose Defendants' class certification experts | Thursday, April 11, 2013 |
| 10<br>11<br>12<br>13<br>14<br>15 | Deadline to file Antitrust Plaintiffs' reply in support of their motion for Class Certification, Antitrust Plaintiffs' opposition to Defendants' class certification Daubert motion, and Antitrust Plaintiffs' Daubert motions on Defendants' class certification experts<br><br>Antitrust Plaintiffs shall address these matters in a single brief, of no more than twenty-five pages. | Thursday, April 25, 2013 |
| 16<br>17<br>18<br>19<br>20<br>21<br>22 | Deadline to file Defendants' sur-reply to Plaintiffs' reply, Defendants' replies in support of their class certification Daubert motions, and Defendants' oppositions to Antitrust Plaintiffs' class certification Daubert motions<br><br>Each Defendant shall address these matters in a single brief. To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. Whether filed together or separately, Defendants' briefs shall together total no more than fifteen pages. | Thursday, May 9, 2013 |
| 23<br>24<br>25 | Deadline to file Antitrust Plaintiffs' reply in support of their class certification Daubert motions<br><br>Antitrust Plaintiffs shall address these matters in a single brief, of no more than fifteen pages. | Thursday, May 23, 2013 |
| 26<br>27 | Deadline for parties to file a joint case management statement | Thursday, June 13, 2013 |

| Hearing on Antitrust Plaintiffs' class certification motion and all parties' Daubert motions on class certification experts, and further case management conference | Thursday, June 20, 2013, at 2:00 p.m. |
|---|---|
| Parties to exchange opening expert reports on merits | Thursday, July 18, 2013 |
| Deadline to depose parties' liability experts | Thursday, August 15, 2013 |
| Deadline to disclose rebuttal expert reports | Thursday, September 5, 2013 |
| Deadline to depose rebuttal experts | Thursday, September 12, 2013 |
| Deadline for Antitrust Plaintiffs to file their dispositive motion and Daubert motions on Defendants' merits experts<br><br>Antitrust Plaintiffs shall address these matters in a single brief of no more than twenty-five pages. | Thursday, September 26, 2013 |
| Deadline for Defendants to file their oppositions to Antitrust Plaintiffs' dispositive motion and Daubert motions, their dispositive cross-motions, and their Daubert motions on Antitrust Plaintiffs' merits experts<br><br>Each Defendant shall address these matters in a single brief.  To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants. Whether filed together or separately, Defendants' briefs shall together total no more than twenty-five pages. | Thursday, October 31, 2013 |
| Deadline for Antitrust Plaintiffs to file their reply in support of their dispositive motion and Daubert motions, and oppositions to Defendants' dispositive cross-motions and Daubert motions<br><br>Antitrust Plaintiffs shall address these matters in a single brief of no more than fifteen pages. | Thursday, December 5, 2013 |

4

| Deadline for Defendants to file replies in support of their dispositive cross-motions and Daubert motions | Thursday, January 2, 2014 |
|---|---|
| Each Defendant's replies shall be contained in a single brief.  To the extent possible, Defendants shall file a single joint brief on behalf of more than one, or all, Defendants.  Whether filed together or separately, Defendants' briefs shall together total no more than fifteen pages. | |
| Deadline for parties to file a joint case management statement | Thursday, January 16, 2014 |
| Hearing on dispositive motions and further case management conference | Thursday, January 23, 2014, at 2:00 p.m. |
| Final pretrial conference<br><br>Pretrial documents shall be filed in accordance with the Court's Order for Pretrial Preparation. | Wednesday, May 28, 2014, at 2:00 p.m. |
| 15 day Jury Trial | Monday, June 9, 2014, at 8:30 a.m. |

Defendants' Motion to Strike (Docket No. 639) is DENIED.

IT IS SO ORDERED.

Dated: 1/29/2013

CLAUDIA WILKEN
United States District Judge

5