IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION, | No. C 09-1967 CW<br>No. MC 11-80300 CW<br>No. MC 12-80020 CW<br><br>ORDER DENYING ANTITRUST PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE (Docket Nos. 507 in 09-1967, 78 in 11-80300 and 29 in 12-80020) |
|---|---|

On August 21, 2012, Antitrust Plaintiffs filed a motion requesting relief from non-dispositive pretrial orders entered by a Magistrate Judge on February 27, 2012 and August 7, 2012, in which the Magistrate Judge issued sanctions under Federal Rule of Civil Procedure 45(c)(1) against Antitrust Plaintiffs related to their subpoenas requesting documents from nonparties The Big Ten Conference, Inc. (Big Ten), The Big Ten Network, LLC (BTN) and Fox Broadcasting Company (Fox).[1]  The Big Ten, BTN and Fox oppose

---

[1] Antitrust Plaintiffs previously timely filed a motion for relief from the February 27, 2012 order.  Docket No. 433 in 09-1967.  In that motion, Antitrust Plaintiffs sought review of the Magistrate Judge's denial of their motion to compel and decision that sanctions against them were warranted.  On March 19, 2012, the Court set a briefing schedule on their first motion for relief.  Docket No. 435 in 09-1967.

Antitrust Plaintiffs' motion. Having considered the papers filed by the parties, the Court DENIES Antitrust Plaintiffs' motion.

LEGAL STANDARD

A magistrate judge's order on a non-dispositive pre-trial matter shall be modified or set aside only if the reviewing district court finds that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

DISCUSSION

Federal Rule of Civil Procedure 45(c)(1) provides, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." In addition to imposing

---

In the February 27, 2012 order, the Magistrate Judge had given The Big Ten Conference, The Big Ten Network and Fox Broadcasting Company leave to file a motion for sanctions against Antitrust Plaintiffs, and they subsequently did so. After noting that, in their opposition to the then-pending motions for sanctions before the Magistrate Judge, Antitrust Plaintiffs had raised many of the same arguments that they made in their motion for relief and sought the same result, this Court denied Antitrust Plaintiffs' motion for relief from the imposition of sanctions without prejudice to renewal after the Magistrate Judge had ruled on the motions before him. Docket No. 444 in 09-1967. The Court also denied Antitrust Plaintiffs' request for relief from the Magistrate Judge's denial of their motions to compel. Id.

The Magistrate Judge ruled on the motions for sanctions in the August 7, 2012 order. Docket No. 500 in 09-1967. Plaintiffs timely filed the instant motion thereafter. Docket No. 507 in 09-1967.

2

obligations on attorneys in utilizing subpoenas, this rule imposes an obligation on the courts as well. Mount Hope Church v. Bash Back, 2012 U.S. App. LEXIS 24233, at *13 (9th Cir.). The rule states, "The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1). When enforcing, courts have discretion over the type and degree of sanction imposed. Mount Hope Church, 2012 U.S. App. LEXIS 24233, at *13.

"Federal Rule of Civil Procedure 26(g)(1)(B) requires parties seeking discovery to act (1) consistently with the rules of existing law or with good reason to change the law; (2) without bad faith; and (3) reasonably without imposing undue burden or expense considering the needs of the case." Id. at *14. "Per the terms of Rule 26(g)(3), violation of any one of these duties without substantial justification results in sanctions." Id. (citing Fed. R. Civ. P. 26(g)(3)). The Ninth Circuit has stated, "Because Rule 45(c)(1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45(c)(1)'s 'undue burden' language." Id.

Antitrust Plaintiffs argue first that the Magistrate Judge made clearly erroneous factual determinations when he found that they "failed to take reasonable steps to avoid imposing an undue burden on the nonparties." Docket No. 430, 15. In the February 27, 2012 order, the Magistrate Judge found that "there is no evidence that antitrust plaintiffs used any of the discovery they have obtained from other sources to meaningfully reduce the

3

1 breadth of the document requests" or "that antitrust plaintiffs
2 considered additional limitations to the breadth of the document
3 requests based on" the objections raised by the nonparties and
4 their efforts to continue negotiations, but that instead, they
5 "rejected reasonable attempts to compromise . . . and ended
6 negotiations . . . by stating that further efforts to meet and
7 confer 'would be fruitless.'"  Id.  The Magistrate Judge
8 concluded, however, that "further negotiations would not have been
9 'fruitless.'"  Id. at 16.  He held that Antitrust Plaintiffs
10 failed to meet the burden that they had "at all times" to take
11 reasonable steps to tailor their requests to avoid undue burden on
12 the nonparties by not taking into account the discovery that they
13 obtained from other sources to tailor their requests and by their
14 "unwillingness to compromise during the meet-and-confer process."
15 Id.; see also Docket No. 500, 2 (stating that he "found that the
16 requests were 'substantially overly broad' and that responding to
17 them as drafted would subject the nonparties to significant
18 expense and undue burden").

19 Antitrust Plaintiffs argue that these findings were not
20 supported by the record because they did in fact make reasonable
21 efforts to compromise and narrow their discovery requests during
22 the meet and confer sessions, which were stymied by the
23 nonparties' refusal to compromise.  However, the record does not
24 establish that the Magistrate Judge's conclusions on these points
25 were clearly erroneous.  As an example, although Antitrust
26 Plaintiffs reduced the absolute number of requests they made, the
27 conclusion that they did not do so in a meaningful or reasonable
28 manner was not clearly erroneous based on the evidence that they

4

have provided. Antitrust Plaintiffs cite their November 3, 2011 letter to BTN and Fox to argue that they specified limited excerpts of license and broadcast agreements that they would accept as full compliance with their subpoenas to these nonparties. Mot. at 4 (citing, among others, Meriwether Suppl. Decl. ¶ 28).[2] However, these continued to encompass very broad categories, including all provisions related to "all rights" conveyed and "any rights retained" by the parties regardless of whether these rights were related to the claims that Antitrust Plaintiffs are asserting here. Meriwether Suppl. Decl. ¶ 28, Ex. 7, Ex. H; see also id., Ex. J (requesting "all provisions in these various agreements relating to and regarding the rights conveyed, rights retained by the parties" and other items).

Antitrust Plaintiffs also contend that the record shows that they "used documents received from other conferences and schools in an attempt to narrow and focus requests." Id. at ¶ 35. However, the record does not support that the Magistrate Judge's finding on this point was clearly erroneous. In the example that they provide, their October 26, 2011 letter to BTN and Fox, Antitrust Plaintiffs referred to excerpts of a single document, an agreement between the University of Florida and Fox, to provide examples of contractual provisions that they found relevant; however, rather than narrow or focus their request to similar provisions, Antitrust Plaintiffs asked that BTN and Fox identify all of the provisions that they would produce. Id. at ¶ 27, Ex.

---

[2] Because the Court reaches its conclusions regardless of the portions of the Meriwether declaration to which the Big Ten objects, the Court overrules its objection as moot.

5

7, Ex. G.  The Magistrate Judge's conclusion that continued negotiation would not have been fruitless was also not clearly erroneous.

Further, to the extent that Antitrust Plaintiffs contend that the fact that the subpoenas were facially overly broad is irrelevant because they "never pressed for a response to the requests 'as drafted,'" Mot. at 4, this argument is unavailing. Their recitation removes the Magistrate Judge's statements from their context.  In his orders, the Magistrate Judge imposed sanctions on them based on his finding that the subpoenas were unduly burdensome and Antitrust Plaintiffs had failed to narrow their scope reasonably or compromise during the meet and confer process.  He did not impose sanctions only because the original requests were overly broad.

Antitrust Plaintiffs also argue that the Magistrate Judge's orders were contrary to law because "it is impossible to characterize the subpoenas as being 'served for the purpose of annoying and harassment and not really for the purpose of getting information.'"  Mot. at 5 (quoting Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 814 (9th Cir. 2003)).  This is a renewal of the argument that they raised in their first motion for relief that there was no showing that they acted in bad faith or with an improper purpose.  See Docket No. 433 in 09-1967, 1, 4-5.

Recently, in Mount Hope, the Ninth Circuit addressed whether "a Rule 45(c)(1) sanction requires a finding of bad faith before sanctions may be imposed."  2012 U.S. App. LEXIS 24233, at *23. The court held that "bad faith is sufficient ground for sanction, but it is not a necessary ground if Rule 45(c)(1) is otherwise

6

violated in good faith." Id. at *23-24. In the situation presented there, the court stated that, because the party that issued the subpoena had otherwise "fulfilled its Rule 45(c)(1) duties to narrowly tailor the subpoena and issue it in compliance with existing law, in the circumstances of this case bad faith would be necessary to uphold the sanction." Id. at *24.

Here, however, the Magistrate Judge specifically found that Antitrust Plaintiffs failed to comply with their Rule 45(c)(1) duties by making substantially over-broad requests and failing to take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties. Accordingly, the Magistrate Judge correctly found that the nonparties were not required to establish that Antitrust Plaintiffs acted in bad faith or with improper purpose before sanctions could be awarded under Rule 45(c)(1).

Antitrust Plaintiffs' other arguments are similarly unpersuasive. The Magistrate Judge did not simply impose sanctions because the subpoenas were ultimately found to be partially unwarranted. Instead, he made specific findings that Antitrust Plaintiffs failed to take reasonable measures to prevent the undue burden caused by the overly broad aspects of their request. In addition, that the Magistrate Judge found that some of the documents requested were relevant and rejected certain objections made by the nonparties does not mean the document requests as made were narrowly tailored and not unduly burdensome. In addition, he carefully crafted the sanctions and did not award the full amount sought by the nonparties so that they would not

7

recover the fees and costs associated with the portions of the motions that they lost.

Finally, Antitrust Plaintiffs' suggestion that they were deprived of an adequate opportunity to present their arguments to the Magistrate Judge is unavailing. Contrary to their characterization, the appropriateness of such sanctions was raised in the original briefing on the motions to compel, prior to the hearing on those motions. See Docket No. 41 in 11-80300, 7, 25 (Big Ten's opposition to the motion to compel, requesting sanctions under Rule 45(c)(1)). Further, they thoroughly briefed their arguments in opposition to the nonparties' motions for sanctions. They have offered no authority to support that the Magistrate Judge was required to hold a further hearing on the motions for sanctions.

## CONCLUSION

The Court concludes that the Magistrate Judge's February 27, 2012 and August 7, 2012 orders are not clearly erroneous or contrary to law. Accordingly, the Court DENIES Antitrust Plaintiffs' motion for relief from those orders (Docket Nos. 507 in 09-1967, 78 in 11-80300 and 29 in 12-80020).

IT IS SO ORDERED.

Dated: 3/28/2013

CLAUDIA WILKEN
United States District Judge

8