DEFENDANTS' COUNSEL LISTED
ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NCAA Student-Athlete Name and Likeness Licensing Litigation | Case No. 09-cv-1967-CW<br><br>**DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION AND BRIEFING SCHEDULE**<br><br>Date:<br>Time:<br>Dept: Courtroom A – 15th Floor<br>Judge: Hon. Nathanael Cousins<br>Complaint filed: May 5, 2009 |

Pursuant to Local Rules 6-1, 6-3, and 7-11, Defendants NCAA, CLC, and EA respectfully request expedited consideration and briefing on their Motion to Strike Untimely Expert Reports and Objection to Reply Evidence Pursuant to Local Rule 7-3(d). As grounds for this motion, Defendants state as follows:

1. Antitrust Plaintiffs filed four new and untimely expert reports in support of their Reply brief on the evening of April 25, 2013. These expert reports go beyond the scope of rebuttal in the Reply and reveal new experts beyond the Court's expert disclosure deadline. Dkts. 748-1, 748-2, 748-3, 748-4. Defendants now oppose the four expert reports in their Motion to Strike and Objection filed April 30, 2013.

2. The parties are bound by the Court's scheduling order that establishes dates for the parties' discovery and motions. The scheduling order established August 31, 2012 as the deadline for Antitrust Plaintiffs to disclose experts and expert reports and May 9, 2013 as the deadline for Defendants to file their Sur-Reply in response to Antitrust Plaintiffs' Reply brief in support of class certification.

3. Defendants currently have until May 9 to respond to the Antitrust Plaintiffs' Reply as well as respond to the four untimely expert reports in Defendants' Sur-Reply and any *Daubert* motion replies. In fact, Defendants' previous *Daubert* motions filed on March 16, 2013 did not address two of the experts relied on in the Reply, because the Antitrust Plaintiffs did not previously disclose the two experts.

4. Defendants will suffer great prejudice if forced to respond to improper evidence and expert reports within Antitrust Plaintiffs' Reply without expedited consideration of the Defendant's Motion to Strike and Objection to Reply Evidence.

5. Local Rule 7-3 states that opposition to a motion must be filed and served within 14 days after the motion is filed. Under L.R. 7-3, Antitrust Plaintiffs would not have to file a response to the Motion to Strike and Objection to Reply Evidence until May 13, four days after Defendants' Sur-Reply is due. Antitrust Plaintiffs would be allowed to divert Defendants' attention from any proper rebuttal found within the Reply: Defendants would have to file their

Sur-Reply and *Daubert* Reply before Antitrust Plaintiffs responded to the Motion to Strike and Objection and before the Court was able to consider the Motion to Strike and Objection.

6. Upon receipt of the Reply and the untimely expert reports, Defendants informed Antitrust Plaintiffs of the intent to object to the improper evidence. Pursuant to Local Rule 6-3(4)(i), the parties met and conferred by telephone on April 29, 2013 but were unable to resolve this issue. Antitrust Plaintiffs do not agree that their four new expert reports should be struck. As outlined in the underlying motion to strike, Antitrust Plaintiffs do not object to extending the briefing schedule and allowing Defendants to depose the four experts, which is the alternative relief requested by Defendants.

7. An order expediting consideration and shortening the time for briefing on Defendants' Motion to Strike and Objection to Reply Evidence will not significantly alter the Court's schedule and will not unfairly prejudice Antitrust Plaintiffs. Antitrust Plaintiffs were the party who filed the new evidence in the Reply and have been aware of the NCAA's intent to object to the filing since April 26.

For the foregoing reasons, Defendants move this Court to:

1. Accept Defendants' request for expedited consideration of the Defendants' Motion to Strike and Objection to Reply Evidence; and
2. Issue an order requiring that any responsive briefing from Antitrust Plaintiffs to be filed by Thursday, May 2, 2013 and that no further briefing be filed by either party before the Court's decision on the issue.

Respectfully submitted,

| | | |
|---|---|---|
| 1 | Dated: April 30, 2013 | Schiff Hardin LLP |
| 2 | | |
| 3 | | By: */s/ Robert J. Wierenga* <br> Robert J. Wierenga (SBN183687) <br> Attorneys for Defendant NCAA |
| 4 | Dated: April 30, 2013 | Kilpatrick, Townsend & Stockton LLP |
| 5 | | |
| 6 | | By: */s/ Peter M. Boyle* |
| 7 | | Peter M. Boyle (*pro hac vice*) <br> Attorneys for Defendant CLC |
| 8 | Dated: April 30, 2013 | Keker and Van Nest LLP |
| 9 | | |
| 10 | | By: */s/ R. James Slaughter* |
| 11 | | R. James Slaughter <br> Attorneys for Defendant EA |

**DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION AND BRIEFING**
Case No. 09-cv-1967-CW
3

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered.

By: */s/ Robert J. Wierenga*
Robert J. Wierenga (SBN183687)
SCHIFF HARDIN LLP
Attorneys for Defendant NCAA

40984-0001
AA\200061506.1

**DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION AND BRIEFING**
Case No. 09-cv-1967-CW
4