IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION _____/ | No. C 09-1967 CW<br><br>ORDER DENYING MOTION TO STRIKE EXPERT REPORTS (Docket No. 750), GRANTING IN PART REQUEST TO MODIFY THE CASE SCHEDULE AND DENYING AS MOOT MOTION FOR EXPEDITED CONSIDERATION (Docket No. 752) |

Defendants National Collegiate Athletic Association (NCAA), Electronic Arts, Inc. (EA) and Collegiate Licensing Company (CLC) move to strike the rebuttal and reply expert reports offered by Antitrust Plaintiffs in support of their supplemental brief in further support of their motion for class certification. Having considered the papers submitted by Defendants, the Court DENIES their motion to strike the expert reports.

Defendants alternatively request that the scheduling order be amended to permit time for them to depose Antitrust Plaintiffs' four experts and to allow them additional time to file their briefs in reply to Plaintiffs' supplemental brief and in support of their class certification Daubert motions, which are currently due by May 9, 2013.[1] Defendants represent that Antitrust

---

[1] The Court notes that Antitrust Plaintiffs have made no Daubert challenges to Defendants' class certification experts. Docket No. 748, 1 n.2. Thus, to the extent that the case schedule sets forth a schedule for briefing such challenges by Antitrust Plaintiffs, those deadlines are now moot. Accordingly, the Court VACATES the May 23, 2013 deadline for Antitrust Plaintiffs to file a reply in support of their class certification Daubert motions.

Plaintiffs do not object to their request to take depositions of the four experts by May 24, 2013 or to an extension of the due date for their briefs from May 9, 2013 to May 30, 2013. Relying on that representation, the Court GRANTS these requests as unopposed.

Under the present schedule, for these briefs, Defendants are permitted a total of fifteen pages in which to file separate or joint briefs on behalf of more than one, or all, Defendants. Docket No. 673, 3. Further, EA and CLC are permitted to file an additional joint brief of ten pages or less addressing only issues unique to these Defendants and not shared by NCAA. Docket No. 676.[2] In the present motion, Defendants request that the fifteen page limit be increased to twenty-five pages and that the ten page limit be increased to fifteen pages. They state that Antitrust Plaintiffs do not object to the first request and object to the second request. The Court GRANTS Defendants' request in part. Defendants' briefs, whether filed together or separately, may total no more than thirty-five pages, at least ten of which must be allotted to address issues that are unique to EA and CLC.

IT IS SO ORDERED.

Dated: 5/1/2013

CLAUDIA WILKEN
United States District Judge

---

[2] In the present motion, Defendants appear to characterize the fifteen pages as being allocated to NCAA's brief only. The Court notes that its prior orders directed that the fifteen pages be shared between Defendants for all of their briefs, whether filed together or separately, and permitted EA and CLC an additional ten pages for their unique issues. Although Defendants may have agreed amongst themselves to a particular division of the pages, the Court's orders did not mandate that these fifteen pages be allocated to NCAA only.

2