1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 **SAN FRANCISCO DIVISION**

12

13 IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION

Case No. 09-cv-01967 CW (NC)

**ORDER RE: DISCOVERY DISPUTES**

Re: Dkt. Nos. 724, 745, 746

14

15

16

17      The Court held a hearing on three motions to compel discovery brought by Antitrust

18 Plaintiffs.  After hearing argument and considering the joint discovery letter briefs

19 submitted for each issue, the Court orders the following:

20      (1)    Antitrust Plaintiffs' motion to compel the depositions of James Delany,

21             Commissioner of the Big Ten Conference; Jonathan LeCrone, Commissioner

22             of the Horizon League; Mark Lewis, NCAA's Executive Vice President for

23             Championship and Alliances; and John Welty, President of California State

24             University at Fresno is GRANTED.

25      (2)    Antitrust Plaintiffs' motion to compel the data disclosed in the Petr declaration

26             or to strike defendants' expert reports is DENIED.

27      (3)    Antitrust Plaintiffs' motion to compel discovery related to NCAA's recent

28             bylaw change is DENIED WITHOUT PREJUDICE.

1    **A.    Motion to Compel Additional Depositions (Dkt. No. 724)**

2           Antitrust Plaintiffs assert that defendants' arguments and those of their experts are

3    "heavily dependent" on the declarations of twenty-eight declarants, who are NCAA

4    employees, athletic conference representatives, or member school representatives.  Antitrust

5    Plaintiffs seek to depose twelve of the declarants, asserting that they will be prejudiced if

6    they are not allowed to cross-examine them, and state that they could not have done so

7    earlier because it was impossible to anticipate which people defendants would cite to in

8    their opposition to class certification.

9           Defendants assert that Antitrust Plaintiffs missed their opportunity to depose these

10   declarants by simply choosing not to act on the many subpoenas they issued.  Defendants

11   argue that the declarations contain no new information and that Antitrust Plaintiffs have not

12   shown good cause for conducting these depositions after the close of the discovery.

13          The Court issued a tentative ruling on May 1, 2013 indicating its inclination to grant

14   Antitrust Plaintiffs' request as to those declarants they had not yet deposed.  After hearing

15   argument, and balancing Antitrust Plaintiffs' need for discovery against the burden imposed

16   on defendants and nonparties by these additional depositions, the Court finds that Antitrust

17   Plaintiffs have shown good cause to depose James Delany, Jonathan LeCrone, Mark Lewis,

18   and John Welty.  While the identities of these declarants may not be new information to

19   Plaintiffs, what is new is the declarations' bearing on the analysis of Plaintiffs' expert,

20   Roger Noll.  The Court, therefore, GRANTS Plaintiffs' motion to compel the depositions of

21   Delany, LeCrone, Lewis, and Welty and DENIES it for all others.

22          The scope of these depositions is limited only to the subject matter of the declarations

23   submitted by Delany, LeCrone, Lewis, and Welty, respectively, in opposition to class

24   certification.  Each deposition will last no more than two hours, and all four must be

25   completed by May 30, 2013.  Antitrust Plaintiffs have expressed a willingness to travel to

26   each deponent to conduct the depositions but should consider phone or video depositions as

27   alternatives, given that the hearing for class certification is approaching.  If these

28   depositions uncover new facts that support Antitrust Plaintiffs' motion for class

1   certification, they may file before Chief Judge Wilken a brief of no more than fifteen pages

2   by June 6, 2013 at 5:00 p.m.

3   **B.     Motion to Compel Petr Data (Dkt. No. 745)**

4           Antitrust Plaintiffs seek to compel production of data that form the basis of a

5   declaration by Todd Petr, NCAA's Managing Director for Research.  Defendants' expert

6   James Heckman, Ph.D., cites to the Petr declaration twice in his report, and defendants'

7   expert Lauren J. Stiroh, Ph.D., lists it as a source that she relied upon.  In his declaration,

8   Petr states which schools generated net revenue from their athletic programs in the 2010-11

9   academic year and attests to the aggregate expenses and revenues of the athletic programs

10  of NCAA member schools.

11          Federal Rule of Civil Procedure 26(a)(2)(B) allows discovery of facts that form the

12  basis of an expert's opinion.  Fed. R. Civ. P. 26(a)(2)(B) ("facts or data considered by the

13  witness in forming [all opinions]").  Here, that is the Petr *declaration*.  There is no evidence

14  that Heckman and Stiroh relied on or consulted the raw data or anything but the statements

15  contained in Petr's declaration.  Defendants' properly disclosed the expert reports and the

16  data Heckman and Stiroh relied upon, and Antitrust Plaintiffs deposed both of them.

17  Accordingly, the Court DENIES Antitrust Plaintiffs' motion to compel this data.

18  **C.     Motion to Compel Production of Change in Bylaws (Dkt. No. 746)**

19          Antitrust Plaintiffs seek to compel discovery related to recent changes in NCAA

20  bylaws that may allow student athletes to earn more money from their athletic endeavors,

21  including sponsorship and financial aid.  Given that the class does not yet include current

22  student athletes, Antitrust Plaintiffs have not shown good cause for evidence of bylaw

23  changes that go into effect in 2013 to support their motion for class certification.  Antitrust

24  Plaintiffs' attorney admitted that this discovery goes to the merits of the case.

25          Antitrust Plaintiffs' argument that the bylaw changes undermine defendants' rule of

26  reason defense is persuasive, however.  Whether this discovery becomes more relevant

27  because Chief Judge Wilken includes current student athletes in the class, or whether it

28  remains relevant only as a rebuttal to NCAA's defense, Antitrust Plaintiffs may move again

1   to discover it after class certification, when they are at the merits of the case.  Further delay

2   at this juncture—the parties seek full briefing on this issue—is not warranted.  The Court

3   therefore DENIES WITHOUT PREJUDICE Antitrust Plaintiffs' motion to compel

4   discovery of the recent bylaw changes.

5          Any party may object to this order within fourteen days.  Fed. R. Civ. P. 72(a).

6          IT IS SO ORDERED.

7          Date: May 9, 2013                        _____

8                                                   Nathanael M. Cousins
                                                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28