1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

IN RE NCAA STUDENT-ATHLETE
NAME AND LIKENESS LICENSING
LITIGATION

Case No. 09-cv-01967 CW (NC)

**ORDER GRANTING IN PART AND
DENYING IN PART
ADMINISTRATIVE MOTION TO
SEAL**

Re: Dkt. No. 682

13   Defendants EA and CLC move to file under seal materials submitted in support of

14 their opposition to Antitrust Plaintiffs' motion for class certification. Under Civil Local

15 Rule 79-5, defendants and nonparties filed declarations in support of redacting and sealing

16 the materials. For the reasons discussed below, the Court GRANTS IN PART AND

17 DENIES IN PART the motion to seal.

18   **I. LEGAL STANDARD**

19   There is a presumption of public access to judicial records and documents. *Nixon v.*

20 *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the

21 merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the

22 public's understanding of the judicial process and of significant public events." *Kamakana*

23 *v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and

24 quotation omitted). The policy of public access "do[es] not apply with equal force to

25 nondispositive materials." *Id*. Accordingly, a party seeking to file a motion to seal in

26 connection with a nondispositive motion must show only "good cause" under Federal Rule

27 of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*,

28 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL

Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").  Courts in this district have generally considered motions for class certification nondispositive.  *Rich v. Hewlett-Packard Co.*, No. 06-cv-03361 JF, 2009 WL 2168688, *1 (N.D. Cal. July 20, 2009) (finding the procedural requirements of Federal Rule of Civil Procedure 23 not dispositive of the merits of plaintiffs' claims and applying good cause standard to motion to seal).

Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  Civil L. R. 79-5(a).  "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal.  *Nixon*, 435 U.S. at 598.  But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  In addition, a party must "narrowly tailor" its request to sealable material only.  Civil L. R. 79-5(a).

## II. DISCUSSION

EA and CLC filed as Exhibit A to their motion to seal a chart identifying all materials submitted in support of their opposition that had been marked as confidential by any party, which they redacted and filed provisionally under seal.  No party filed declarations in support of:

- Exhibits 5, 10, 17, 18, 37, 38, 39, 80, and 81 to the Slaughter Declaration;

- Paragraphs 44, 47, and 48 of the Cox Declaration;

- Paragraphs 76, 85, 99, and 113; Footnotes 53, 121, 135, 136, and 171; and Exhibits 6 and 8 to the Stiroh Report; or

- Exhibits 7 and 8 to the Drucker Declaration.

Accordingly, the Court DENIES the motion as to those materials.  As for the remaining materials, the Court has considered the assertions of good cause in the parties' declarations and ORDERS as follows:

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 703-3 | Exhibit 7 to the Declaration of James R. Slaughter in Support of EA's and CLC's Opposition to Plaintiffs' Motion for Class Certification | DENIED.  NCAA, who designated this exhibit as containing confidential information, has stated that it can be made public. | 720 |
| 703-3 | Exhibits 12-13 Slaughter Declaration | GRANTED IN PART AND DENIED IN PART.  NCAA states that the two letters in Exhibits 12 and 13 must be sealed to protect the ongoing business relationship between it and EA.  NCAA states no reason, however, to seal the enclosure of NCAA bylaws to the letter in Exhibit 12.  Therefore, the letter in Exhibit 12 may be redacted, but not the enclosure.  Exhibit 13 may be sealed in its entirety. | 720 |
| 690 | ¶ 12 of the Declaration of Alan J. Cox in Support of EA's and CLC's Opposition | GRANTED.  CLC has stated good cause to redact the last two sentences of ¶ 12, which contain confidential and commercially sensitive information, under Rule 26(c)(1)(G). | 682, Ex. B |
| 690 | ¶ 15 Cox Declaration | GRANTED.  EA has stated good cause to redact the second sentence of ¶ 15, which contains confidential and commercially sensitive information, under Rule 26(c)(1)(G). | 682, Ex. C |
| 690 | ¶ 40 Cox Declaration | GRANTED.  EA has stated good cause to redact the last sentence of ¶ 40, which contains confidential and commercially sensitive information, under Rule 26(c)(1)(G). | 682, Ex. C |

| 684-3 | ¶¶ 79, 80, 82 Expert Report of Lauren J. Stiroh, Ph.D. in Support of EA's and CLC's Opposition | GRANTED.  CLC and the NCAA have stated good cause to redact as proposed ¶¶ 79, 80, and 82, which contain confidential financial information likely to cause competitive harm if disclosed, under Rule 26(c)(1)(G). | 682, Ex. B; 720 |
|---|---|---|---|
| 684-3 | ¶ 87 Stiroh Report | GRANTED.  EA has stated good cause to redact as proposed ¶ 87, which reveals confidential terms of a licensing agreement between EA and the NFL and the NFL Players' Association, under Rule 26(c)(1)(G). | 682, Ex. C |
| 684-3 | ¶ 92 Stiroh Report | GRANTED.  EA has stated good cause to redact as proposed ¶ 92, which reveals competitively sensitive, individually negotiated financial terms of licensing agreements, under Rule 26(c)(1)(G). | 682, Ex. C |
| 684-3 | Footnote 59 Stiroh Report | DENIED.  Ohio Valley Conference states that this footnote contains competitively sensitive terms of a negotiated broadcast agreement and could distort the value of its broadcast rights if disclosed.  The footnote reveals no such information, however.  In the absence of good cause to seal, footnote 59 must be made public. | 734 |
| 684-3 | Footnote 122 Stiroh Report | GRANTED.  OVC has stated good cause to redact footnote 122, which contains terms of a confidential, competitively sensitive broadcast rights licensing agreement, under Rule 26(c)(1)(G). | 734 |
| 684-3 | Footnote 131 Stiroh Report | DENIED.  This footnote merely cites two document numbers.  No confidential or commercially sensitive data is revealed in this footnote, no matter what might be contained in the documents.  This footnote must be made public. | 682, Ex. C |

| 684-3 | Footnote 137 Stiroh Report | GRANTED.  CLC has shown good cause to redact as proposed footnote 137, which contains competitively sensitive information about how CLC licenses student-athlete content, under Rule 26(c)(1)(G). | 682, Ex. B |
|---|---|---|---|
| 684-3 | Footnote 138 Stiroh Report | GRANTED.  EA has shown good cause to redact footnote 138, which contains confidential information about how a nonparty evaluates the worth of student athlete merchandise, under Rule 26(c)(1)(G). | 682, Ex. B |
| 684-3 | Exhibits 7A, 7B Stiroh Report | GRANTED.  EA has shown good cause to redact the entirety of Exhibits 7A and 7B of the Stiroh Report under Rule 26(c)(1)(G).  These exhibits contain terms of individually negotiated licensing agreements between EA and former student athletes and disclosure would harm EA's competitive standing. | 682, Ex. C |
| 684-3 | Exhibit 5, values (b), (c), (d), (m), (n), (o), and (q) Stiroh Report | GRANTED.  NCAA has shown good cause to redact as proposed the values in Exhibit 5, which contain commercially sensitive information the disclosure of which will have an adverse impact on the NCAA and its members, under Rule 26(c)(1)(G). | 720 |
| 684-3 | Exhibit 9, column (e) and footnotes 1, 3-6, 8, 11-12, 16-17 Stiroh Report | GRANTED.  CLC has shown good cause to redact column (e) of Exhibit 9, which contains confidential terms of licensing agreements entered into by formers student athletes, the disclosure of which would prejudice CLC in future negotiations if disclosed, under Rule 26(c)(1)(G). | 682, Ex. B |
| 684-3 | Exhibit 11, columns (b), (d), (g), and (i) Stiroh Report | GRANTED.  CLC and NCAA have shown good cause under Rule 26(c)(1)(G) to redact columns (b), (d), (g), and (i) of Exhibit 11 of the Stiroh Report, which disclose damages based on payment terms of licensing agreements and confidential financial data of NCAA member schools. | 682, Ex. B; 720 |

| 698; 700 | Exhibits 1-64 to the Declaration of Jacob Schatz in Support of EA's and CLC's Opposition | GRANTED.  EA has shown good cause to redact Exhibits 1-64 of the Schatz Declaration, which contain individual agreements between the NFL Players' Association and EA regarding individual players and include confidential payment terms, and in some instances, personal information, such as phone numbers. EA proposes to redact only the commercially sensitive payment terms and any references to personal information that would implicate a player's right to privacy.  Exhibits 1-64 must be redacted as proposed under Rule 26(c)(1). | 682, Ex. C |
| --- | --- | --- | --- |
| 700 | Exhibit 65 Schatz Declaration | GRANTED.  EA has shown good cause to redact the last email in the chain of emails that comprise Exhibit 65 to the Schatz Declaration under Rule 26(c)(1)(G).  The email is marked confidential, reveals the internal strategy and decision making process of EA's product development team, and disclosure could harm EA's competitive standing. | 682, Ex. C; 717 |
| 685 | Exhibits 2, 4, and 6-9 to the Declaration of Michael S. Drucker in Support of EA's and CLC's Opposition | GRANTED.  CLC's proposed redactions are limited to the royalty rates and payment terms of licensing agreements between former student athletes and various licensees, which CLC asserts are extremely commercially sensitive and would harm future negotiations if disclosed. Antitrust plaintiffs' argument that the information is "stale" and thus not sensitive is unpersuasive. | 682, Ex. B; 741 |
| 685 | Exhibit 12 Drucker Declaration | DENIED.  CLC has not shown good cause to seal Exhibit 12, which is an email from 2005 discussing the basic practice of using a CLC license, because it has not shown how the disclosure of general practices would cause it competitive harm. | 682, Ex. B |

| 685 | Exhibit 13 Drucker Declaration | GRANTED IN PART AND DENIED IN PART.  CLC has established good cause to seal portions of Exhibit 13, which is a licensing agreement between it and a nonparty.  Terms such as Payments and Royalty Statement and Penalties, as well as the photocopied check included in the exhibit, contain competitively sensitive information that, if disclosed, would disadvantage CLC in future negotiations.  CLC has not established, however, that the majority of the agreement is confidential commercial information such that the entire exhibit should be sealed.  Although CLC states that similar agreements have been sealed, similar agreements have also been redacted to protect only those terms that are commercially sensitive or confidential.  *See, e.g.*, Dkt. No. 645.  CLC may submit proposed redactions by May 17, 2013 if it wishes to redact portions of Exhibit 13. | 682, Ex. B; 741 |
| 691 | Declaration of Jason Masherah in Support of EA's and CLC's Opposition | GRANTED IN PART AND DENIED IN PART.  CLC and nonparty Upper Deck have established good cause to redact paragraphs 8, 9, 11, 12, and 13 of the Masherah Declaration.  These paragraphs contain confidential payment terms of an individually negotiated licensing agreement between a former student-athlete and a nonparty.  The remainder of the declaration, however, does not contain information that, if disclosed, would harm competitive standing.  It therefore must be produced in the public record. | 682, Ex. B; 739 |

| | | |
|---|---|---|
| Exhibit 1 Masherah Declaration | GRANTED IN PART AND DENIED IN PART.  CLC and Upper Deck have established good cause to seal portions of Exhibit 1, which is a licensing agreement between CLC and Upper Deck.  Terms such as Payments and Statements, Payments, and Penalties, as well as Appendix A, contain competitively sensitive information that, if disclosed, would disadvantage CLC and Upper Deck in future negotiations.  The parties have not established, however, that the majority of the agreement is confidential commercial information such that the entire exhibit should be sealed. Although CLC states that similar agreements have been sealed, similar agreements have also been redacted to protect only those terms that are commercially sensitive or confidential. *See, e.g.*, Dkt. No. 645. CLC may submit proposed redactions by May 17, 2013 if it wishes to redact portions of Exhibit 1. | 682, Ex. B; 739 |
| Exhibit 2 Masherah Declaration | DENIED.  CLC and Upper Deck have failed to show good cause for sealing Exhibit 2.  None of the contracts contained therein are signed, and it is not clear that they ever went into effect.  The Court fails to see how unsigned, stock licensing agreements could provide a competitive advantage to a competitor as the parties allege. Furthermore, in the allegedly unredacted, provisionally under seal version submitted to the Court, all names and payment terms have already been blacked out. | 682, Ex. B; 739 |

| | | | |
|---|---|---|---|
| | Exhibit 3 Masherah Declaration | DENIED.  Exhibit 3 is a list of all former student-athletes who have appeared on Upper Deck's trading cards.  This information is already publicly available in the form of the trading cards.  Furthermore, the list itself is sorted alphabetically by first name and contains no other data about the players.  The list does not, therefore, disclose Upper Deck's judgment or valuation of players' worth. | 682, Ex. B; 739 |
| | Exhibits 4-5 Masherah Declaration | GRANTED IN PART AND DENIED IN PART.  CLC and Upper Deck have established good cause to seal portions of Exhibits 4-5, which is a licensing agreement between Upper Deck and named plaintiff Oscar Robertson.  Terms such as Services, Consideration, and Term contain competitively sensitive information that, if disclosed, would disadvantage Robertson and Upper Deck in future negotiations.  The parties have not established, however, that the majority of the agreement is confidential commercial information such that the entire exhibit should be sealed.  CLC may submit proposed redactions by May 17, 2013 if it wishes to redact portions of Exhibits 4-5. | 682, Ex. B; 739 |
| | Exhibit 6 Masherah Declaration | GRANTED.  CLC and Upper Deck have established good cause to seal the amount paid to plaintiff Robertson in conjunction with a licensing agreement under 26(c)(1)(G). | 682, Ex. B; 739 |
| 692 | ¶¶ 13-17 of the Declaration of Keith Gordon in Support of EA's and CLC's Opposition | GRANTED.  The NFL Players' Association has shown good cause to redact paragraphs 13-17 of the Gordon Declaration, which contain nonpublic methods of distributing revenue between players and identifies the largest licensing revenue generators, under Rule 26(c)(1)(G). | 711 |

### III. CONCLUSION

In accordance with the above, the Court GRANTS IN PART AND DENIES IN PART CLC's and EA's motion to seal materials submitted in support of their opposition. If CLC seeks to redact parts of Exhibit 13 to the Drucker Declaration, or parts of Exhibits 1, 4, and 5 to the Masherah Declaration, it must submit its proposed redactions, filed provisionally under seal, to chambers by May 17, 2013 by 5:00 p.m. CLC should submit one copy, highlighting which parts of these exhibits it seeks to redact. If EA and CLC wish to submit the materials that this Court denied sealing in support of their opposition, they must file them in the public record within four days under Civil Local Rule 79-5(e).

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: May 13, 2013

Nathanael M. Cousins
United States Magistrate Judge