UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING SUPPLEMENTAL MOTION TO SEAL**<br><br>Re: Dkt. No. 779 |

Defendants EA and CLC moved to file under seal materials submitted in support of their opposition to Antitrust Plaintiffs' motion for class certification. Dkt. No. 682. The Court granted in part and denied in part the motion. Dkt. No. 778. Defendants now submit a supplemental motion to further redact materials submitted in support of their opposition. For the reasons discussed below, the Court GRANTS the supplemental motion to seal.

## I. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation omitted). The policy of public access "do[es] not apply with equal force to nondispositive materials," however. *Id*. Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under

Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Courts in this district have generally considered motions for class certification nondispositive. *Rich v. Hewlett-Packard Co.*, No. 06-cv-03361 JF, 2009 WL 2168688, *1 (N.D. Cal. July 20, 2009) (finding the procedural requirements of Federal Rule of Civil Procedure 23 not dispositive of the merits of plaintiffs' claims and applying good cause standard to motion to seal).

Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(a). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In addition, a party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(a).

## II. DISCUSSION

EA and CLC move to file under seal parts of paragraphs 44, 47, and 48 of the Cox Declaration; Exhibit 80 to the Slaughter Declaration; and paragraph 99, footnotes 145 and 147, and Exhibit 8 of the Stiroh Report. They also seek to remove from the public record inadvertently filed portions of the Stiroh Report.

The Court GRANTS the motion as to the last two sentences of paragraph 44 of the Cox Declaration, the first sentence of paragraph 47 of the Cox Declaration, and sentences

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL            2

three through five of paragraph 48 of the Cox Declaration because they refer to paragraphs of the Masherah and Gordon Declarations that the Court ordered sealed. *See* Dkt. No. 778.

The Court GRANTS the motion as to sentences one through six of paragraph 99 of the Stiroh Report, as well as footnotes 145 and 147, because they refer to paragraphs of the Gordon Declaration that the Court previously ordered sealed. *Id.* Defendants may redact these portions of the Stiroh Report and remove from the docket the currently filed version of the report in which these parts are legible. *See* Dkt. No. 684-3.

As for Exhibit 8 to the Stiroh Report and Exhibit 80 to the Slaughter Declaration, nonparty T3 Media filed a declaration stating that disclosure of the terms of its licensing agreements with former student athletes would competitively disadvantage it in future negotiations and harm its standing relative to its competitors. Dkt. No. 737. This is good cause to redact the amount of the royalties paid by T3 Media to the former student athletes from Exhibit 8 to the Stiroh Report and Exhibit 80 to the Slaughter Declaration. Accordingly, EA and CLC must redact the royalty payments from these exhibits. T3Media need not submit its own administrative motion to seal.

The Court GRANTS defendants' motion to extend the time in which to file the materials in support of its opposition. All documents in support of defendants' opposition to class certification must be filed by May 20, 2013 at 5:00 p.m. If, however, defendants wish to redact parts of Exhibit 13 to the Drucker Declaration, or parts of Exhibits 1, 4, and 5 to the Masherah Declaration, which the Court previously denied sealing, proposed redactions are due in chambers by May 17, 2013 at 5:00 p.m. in accordance with the Court's order. *See* Dkt. No. 778.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: May 16, 2013

Nathanael M. Cousins
United States Magistrate Judge