UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 702 |

Defendant NCAA moves to file under seal materials submitted in support of its opposition to Antitrust Plaintiffs' motion for class certification. Under Civil Local Rule 79-5, NCAA and nonparties filed declarations in support of redacting and sealing the materials. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART the motion to seal.

## I. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation omitted). The policy of public access "do[es] not apply with equal force to nondispositive materials." *Id*. Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under Federal Rule

of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Courts in this district have generally considered motions for class certification nondispositive. *Rich v. Hewlett-Packard Co.*, No. 06-cv-03361 JF, 2009 WL 2168688, *1 (N.D. Cal. July 20, 2009) (finding the procedural requirements of Federal Rule of Civil Procedure 23 not dispositive of the merits of plaintiffs' claims and applying good cause standard to motion to seal).

Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(a). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In addition, a party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(a).

## II. DISCUSSION

NCAA moves to seal paragraphs 24-27, and 95 of the Declaration of Robert J. Wierenga in Support of its Opposition to Class Certification, as well as all or parts of Exhibits 2, 8, 16, 18, 23-26, 37, 81-85, 90-95, and 142 to the Wierenga Declaration. Dkt. No. 702 at 3, 21. In addition, NCAA moves to seal parts of paragraphs 3-100 of the Declaration of Suzanne Wahl in Support of its Opposition to Class Certification, and all except Exhibits 1 and 30 of the ninety-one exhibits to the Wahl Declaration. *Id.* NCAA

//

states that these materials either quote or reference discovery that has been marked as confidential by defendants or nonparties.

As an initial matter, NCAA did not propose any redactions to paragraph 37 of the Wahl Declaration, and so the Court DENIES the motion as to that paragraph. In addition, no party filed declarations in support of sealing:

- Exhibits 8, 16, 18, 24, 26, 37, 90, 91, and 92 to the Wierenga Declaration;
- Paragraphs 25 and 27 to the Wierenga Declaration;
- Exhibits 2, 7-15, 25-28, 35-36, 39, 43, 45-52, 54-57, 64, 66, 70-74, 78, 81, 86-87, and 89-90 to the Wahl Declaration; and
- Paragraphs 3-7, 12-21, 31-35, 39, 43-44, 47, 51, 53-60, 62-65, 72, 74, 76, 79-83, 87, 90, 95-96, and 98-99 to the Wahl Declaration, which describe and quote the documents contained in the exhibits listed above.

Accordingly, the Court DENIES the motion as to these materials. As for the remaining materials, the Court has considered the assertions of good cause in the parties' declarations and ORDERS as follows:

//

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 679 | ¶ 24 of the Declaration of Robert J. Wierenga in Support of Opposition to Class Certification | DENIED WITHOUT PREJUDICE. Paragraph 24 refers to Exhibit 23 of the Wierenga Declaration, which is a release submitted by nonparty, the Big Ten Conference. The Big Ten submits a declaration in support of NCAA's motion to seal but states simply that "it is not necessary for these documents (as redacted) to remain under seal." Dkt. No. 727. The Big Ten misunderstands the relevant inquiry. Redacting information from a document seals that information. *See Kamakana*, 447 F.3d at 1183 (declining to seal proposed redactions where party failed to state sufficiently specific reasons to seal); Fed. R. Civ. P. 5.2(d) (court may order party seeking to seal to file a "redacted version for the public record"); Civil L. R. 79-5 ("the request [to seal] must be narrowly tailored to . . . only sealable material"). Accordingly, the Big Ten must show good cause for redacting the excerpt of Exhibit 23 in ¶ 24 in order to redact it. | 702; 727 |
| 679 | ¶ 26 Wierenga Declaration | DENIED WITHOUT PREJUDICE. As with paragraph 24, the Big Ten Conference seeks to redact this excerpt of Exhibit 25 without showing good cause for doing so. | 702; 727 |
| 679 | ¶ 95 Wierenga Declaration | GRANTED. NCAA seeks to seal the last sentence of ¶ 95, which summarizes payment terms of releases between nonparty T3Media and former student athletes. T3Media declares that the disclosure of such terms will disadvantage it in the marketplace and in future negotiations. This is sufficient to show good cause under Rule 26(c)(1)(G). | 702; 737 |

| | | | |
|---|---|---|---|
| 681-1 | Exhibit 2 Wierenga Declaration: Footnote 68 of Expert Report of Daniel Rubinfeld in Opposition to Class Certification | GRANTED. NCAA seeks to redact several footnotes from Exhibit 2 of the Wierenga Declaration, which is the expert report of Daniel Rubinfeld. Footnote 68 describes merchandising rights negotiated between NCAA and CBS and CLC, which contain information regarding the transfer of rights that is not publicly known, and which would disadvantage NCAA in future negotiations, if disclosed. NCAA has shown good cause to redact this footnote under Rule 26(c)(1)(G). | 702; 720 |
| 681-1 | Footnote 69 Rubinfeld Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact footnote 69, which describes negotiations and the licensing relationship between NCAA and CLC, and would harm NCAA's competitive standing if made public. | 702; 720 |
| 681-1 | Footnote 72 Rubinfeld Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact footnote 72, which describes the licensing rights acquired by EA from NCAA member institutions and which would harm those institutions, as well as NCAA, in future negotiations if disclosed. | 702; 720 |
| 681-1 | Footnote 73 Rubinfeld Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact footnote 73, which names NCAA member institutions that have entered into licensing agreements outside of NCAA's relationship with CLC and which would harm NCAA's ability to negotiate licensing agreements with third parties if disclosed. | 702; 720 |

| | | | |
|---|---|---|---|
| 681-1 | Footnote 103 Rubinfeld Report | GRANTED. Third party T3Media filed a declaration in support of sealing footnote 103 of the Rubinfeld Report. This footnote was not provisionally redacted by NCAA. Furthermore, the last sentence of paragraph 79, which discloses the licensing fees paid to student athletes by T3Media, seems more competitively sensitive to the Court than the text of the footnote listing the source documents. T3Media declares that disclosure of payment terms would competitively disadvantage it in negotiations and in the marketplace. Accordingly, the Court finds good cause under Rule 26(c)(1)(G) to redact the last sentence of paragraph 79 and footnote 103 of the Rubinfeld Report. | 737 |
| 681-1 | ¶ 54 Rubinfeld Report | GRANTED. The Ohio Valley Conference has shown good cause under Rule 26(c)(1)(G) to redact paragraph 54 of the Rubinfeld Report. Paragraph 54 discloses the revenue earned by the conference and the licensing of broadcasting and distribution rights under an agreement with ESPN, reflects outdated values, and if made public, would damage the conference's negotiating power. | 734 |

| | | | |
|---|---|---|---|
| 681-1 | ¶ 80 Rubinfeld Report | Although NCAA did not identify this paragraph in its motion as containing confidential information, it provisionally redacted it.[1] Paragraph 80 refers to payment terms from the declaration of Jason Masherah, Dkt. No. 691, which this Court previously ordered redacted. *See* Dkt. No. 778. No party has submitted a declaration in support of redacting this paragraph, but the Court orders it redacted under Rule 26(c)(1)(G) to uphold the efficacy of its previous order. The parties frustrate their own purpose and make an already onerous task more difficult by failing to specifically point out and support the parts of these voluminous records they want sealed. The Court presumes that defendants do not rely on the Masherah declaration in support of their opposition, as no redacted version has been filed in accordance with the Court's previous order. But, whether that is so does not change the fact that paragraph 80 of the Rubinfeld Report contains information that the Court previously found good cause to seal. NCAA must redact this paragraph. | *Cf.* 739 (stating good cause to redact ¶¶ 8, 9, 11, 12, and 13 of the Masherah declaration) |

---

[1] NCAA provisionally redacted other portions of the Rubinfeld Report that the Court does not address in this Order. This is because (a) no party filed a declaration in support of sealing the information referenced or contained within the Rubinfeld Report; or (b) the Rubinfeld Report refers to information that the Court has previously ordered public, such as exhibits and appendices to the Noll Report. *See* Dkt. No. 716-1 at 9. The Court clarifies that except the portions of the Rubinfeld Report ordered reacted in this Order, the remainder of the Report will be made public.

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL          7

| | | | | |
|---|---|---|---|---|
| 681-1 | ¶ 115 Rubinfeld Report | Paragraph 115 discusses the methods of distributing revenue between NFL players described in the declaration of Keith Gordon, Dkt. No. 692, which this Court previously ordered redacted. *See* Dkt. No. 778. Although NCAA did not expressly identify this paragraph as containing confidential information and no party has submitted a declaration in support of redacting this paragraph, the Court orders it redacted under Rule 26(c)(1)(G) so as not to frustrate the purpose of its previous order. | *Cf.* 711 (stating good cause to redact ¶¶ 13-17 of the Gordon Declaration). |
| 681-1 | ¶ 118, footnote 147 Rubinfeld Report | GRANTED. Paragraph 118 and footnote 147 discuss the same terms between EA and the NFL players' association as those referenced in paragraph 87 of the Stiroh Report, which the Court previously ordered redacted. Dkt. No. 778. In addition, EA states that disclosure of this confidential financial information will harm its ability to negotiate future agreements. Dkt. No. 718. The Court finds good cause to redact paragraph 118 and footnote 147 under Rule 26(c)(1)(G). | 718; *cf.* 682, Ex. C (stating good cause to redact ¶ 87 of the Stiroh Report). |
| 683-19 | Exhibit 23 Wierenga Declaration | DENIED WITHOUT PREJUDICE. As with paragraph 24, which quotes this exhibit, the Big Ten Conference seeks to redact this exhibit without showing good cause for doing so. Accordingly, the Big Ten must show good cause for redacting Exhibit 23 in order to redact it. | 727 |
| 683-21 | Exhibit 25 Wierenga Declaration | DENIED WITHOUT PREJUDICE. As with Exhibit 23, the Big Ten Conference seeks to redact Exhibit 25 without showing good cause. | 727 |
| 687-20; 687-21; 687-22; 688; 688-1 | Exhibits 81-85 Wierenga Declaration | DENIED. NCAA seeks to redact the payment terms from five licensing agreements dating from 2001 and 2002 but does not show what specific harm will come from disclosure. | 702 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL 8

| | | | |
|---|---|---|---|
| 688-10 | Exhibit 94 Wierenga Declaration | GRANTED IN PART AND DENIED IN PART. Exhibit 94 consists of 251 pages of releases by former student-athletes for nonparty T3Media. T3Media asserts that disclosure of the licensing fees paid to athletes will competitively disadvantage it in future negotiations and harm its standing relative to its competitors. As with Exhibit 80 of the Slaughter Declaration, which contained a similar release, T3Media has shown good cause to redact the royalty payments from the releases in this exhibit. *See* Dkt. No. 780. Exhibit 94 also contains W-9 forms, photographs, emails, and faxes that no party has shown good cause to seal. Accordingly, the Court GRANTS the motion to redact only the payment terms from the releases contained in Exhibit 94. | 737 |
| 688-11 | Exhibit 95 Wierenga Declaration | GRANTED IN PART AND DENIED IN PART. T3Media states that disclosing the licensing fees paid to athletes will competitively disadvantage it in future negotiations and harm its standing relative to its competitors. It has shown good cause to redact the "Amounts Paid" column from Exhibit 95 under Rule 26(c)(1)(G). | 737 |
| 695-1 | Exhibit 142, ¶ 4 Wierenga Declaration | DENIED. NCAA seeks to redact the bulleted list contained in ¶ 4 of the declaration of Todd Petr, NCAA's Managing Director of Research, because it contains confidential information linked to identifiable member institutions. NCAA fails to show that it will suffer harm or prejudice if the information is disclosed. | 702 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL              9

| | | | |
|---|---|---|---|
| 697-2; 697-3; 697-4; 697-5 | Exhibits 3-6 to the Declaration of Suzanne Wahl in Support of Opposition to Class Certification | GRANTED IN PART. Conference USA has shown good cause under Rule 26(c)(1)(G) to redact the payment terms from the licensing agreements contained in Exhibits 3-6. Conference USA states that the disclosure of "the amount of money [it] has received and will receive" will harm its negotiating power and bargaining strategy for future agreements, give an advantage to TV networks in negotiations, and result in less revenue for Conference USA. No cause has been shown, however, to seal the entirety of the agreements. | 735 |
| 697-15; 697-16; 697-17; 697-18; 697-19; 697-20; 697-21; 697-22 | Exhibits 16-24 Wahl Declaration | DENIED. Exhibits 16-24 consist of redacted excerpts of distribution and licensing agreements. The Big Ten Network submitted a declaration in support of NCAA's motion to seal and states that "it is not necessary for these documents (as redacted) to remain under seal." Dkt. No. 728. These exhibits must be filed in the public record as produced. Currently, Exhibit 19 is not filed as an attachment to Wahl's Declaration. | 728 |
| 697-27 | Exhibit 29 Wahl Declaration | DENIED. Raycom filed a declaration in support of sealing Exhibit 29, stating that the terms of the agreement contained therein were extensively negotiated, that Raycom spent considerable time and resources developing the terms, and that disclosure will weaken its negotiating ability and provide competitors an unfair advantage. The agreement Raycom wants to seal, however, has already been extensively redacted. In fact 16 of the 22 pages bear nothing but the word redacted. The remaining six contain only small portions of the contract provisions. This exhibit was already redacted so extensively that there is no need to seal it. | 731 |

| | | | |
|---|---|---|---|
| 699 | Exhibit 31 Wahl Declaration | DENIED. As with Exhibit 29, Exhibit 31 has been so extensively redacted that sealing is not necessary. | 731 |
| 699-1 | Exhibit 32 Wahl Declaration | DENIED. The Atlantic Ten Conference filed a declaration in support of sealing Exhibit 32 stating that "it is not necessary for these documents, as redacted, to remain under seal." Dkt. No. 733. Exhibit 32 has no proposed redactions, although it is clear that the entire agreement is not in the exhibit. The Court presumes that the Atlantic Ten means "as produced" when it states "as redacted." Furthermore, the Atlantic Ten has not shown good cause to redact any portion of Exhibit 32. Exhibit 32 must be filed in the public record as produced. | 733 |
| 699-2 | Exhibit 33 Wahl Declaration | DENIED. The Big Twelve Conference filed a declaration stating that the contract in Exhibit 33 includes the amount of money it has received from the sale of the rights to broadcast its members' games and that "release of this financial information would give a decisive advantage to the television networks," who "would know exactly how much they need to offer the conference for its members' broadcast rights in order to be the highest bidder." Dkt. No. 736. This is good cause to redact payment terms from the exhibit, however, the two pages of the agreement that comprise the exhibit contain no financial information. Accordingly, the Court DENIES the motion to seal Exhibit 33. | 736 |

| | | | |
|---|---|---|---|
| 699-3 | Exhibit 34 Wahl Declaration | DENIED. Conference USA filed a declaration stating that the contract in Exhibit 34 includes the amount of money it has received from the sale of the rights to broadcast its members' games and that "release of this financial information would give a decisive advantage to the television networks," who "would know exactly how much they need to offer the conference for its members' broadcast rights in order to be the highest bidder." Dkt. No. 735. This is good cause to redact payment terms from the exhibit, however, the two pages of the agreement that comprise the exhibit contain no payment terms. Accordingly, the Court DENIES the motion to seal Exhibit 34. | 735 |
| 699-6; 699-7 | Exhibits 37-38 Wahl Declaration | GRANTED IN PART AND DENIED IN PART. The Mid-Eastern Athletic Conference filed a declaration stating that Exhibits 37 and 38 contain "negotiated payment terms, amounts, and schedules," the disclosure of which will harm its market position and negotiation process. Dkt. No. 738. Neither of these exhibits contain any payment terms. Such terms have already been removed from Exhibit 37, and therefore further redacting or sealing of the exhibit is unnecessary. Exhibit 38 contains a provision titled "Schedule and Selection Procedures," which the conference has shown good cause to redact. The remainder of Exhibit 38 must be filed unredacted in the public record. | 738 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL            12

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 | 699-9; 699-10 | Exhibits 40-41 Wahl Declaration | GRANTED IN PART AND DENIED IN PART. The Ohio Valley Conference states that the agreements contained in Exhibits 40 and 41 contain confidential negotiated terms regarding broadcasting and distribution rights granted to ESPN, such as which teams will be selected to be broadcast, and that disclosure will disadvantage it in future negotiations. Each exhibit contains a provision titled "Schedule and Selection Procedures," which the conference has shown good cause to redact. The conference also states that it is currently renegotiating such a contract, and that these outdated contracts may give a false impression of current media value. While this would be good cause, the two-page excerpts of the contracts contained in Exhibits 40 and 41 do not contain any financial information or value of the broadcast rights. Thus, the remainder of Exhibits 40 and 41 must be filed in the public record. | 734 |
| 17 18 19 20 21 22 23 24 25 26 | 699-11 | Exhibit 42 Wahl Declaration | GRANTED IN PART AND DENIED IN PART. The Patriot League filed a declaration in support of sealing Exhibit 42, stating that the exhibit is a confidential agreement that contains specific fee structures, which could be used in future negotiations to detriment of the Patriot League. Exhibit 42 contains only two pages of an already redacted agreement. The Patriot League has shown good cause under Rule 26(c)(1)(G) to redact the fee amount contained in provision 2.(a). The remainder of the exhibit as produced must be filed in the public record. | 732 |

| | | | |
|---|---|---|---|
| 699-13 | Exhibit 44 Wahl Declaration | DENIED. Exhibit 44 consists of two pages of a draft agreement and a cover letter. The excerpt does not contain any payment terms, and the Court cannot discern what it is an agreement to do. Raycom submits a declaration in support of sealing the exhibit but states that the agreement was produced by another party and may have been already redacted. It has. Further redacting or sealing of Exhibit 44 is not necessary. | 731 |
| 699-22 | Exhibit 53 Wahl Declaration | DENIED. Exhibit 53 was already redacted so extensively that there is no need to seal it. The Big Ten Conferences states as much in its declaration. Dkt. No. 727 ("[I]t is not necessary for these documents (as redacted) to remain under seal."). | 727 |
| 699-27 | Exhibit 58 Wahl Declaration | DENIED. Exhibit 58 has been so extensively redacted that sealing is not necessary. | 731 |
| 699-28; 699-29; 699-30; 699-31 | Exhibits 59-62 Wahl Declaration | DENIED. Conference USA filed a declaration showing good cause to redact payment terms from these exhibits, however, the redacted excerpts that comprise these exhibits contain no payment terms. Accordingly, the Court DENIES the motion to seal Exhibits 59-62. | 735 |
| 699-32 | Exhibit 63 Wahl Declaration | DENIED. The Southwestern Athletic Conference filed a declaration stating that Exhibit 63 need not be sealed. | 742 |
| 701 | Exhibit 65 Wahl Declaration | DENIED. As produced, this exhibit has been so extensively redacted that sealing is not necessary. | 740 |
| 701-2 | Exhibit 67 Wahl Declaration | DENIED. As produced, this exhibit has been so extensively redacted that sealing is not necessary. The Big Ten Conferences states as much in its declaration. Dkt. No. 727. | 727 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL            14

| | | | |
|---|---|---|---|
| 701-3; 701-4 | Exhibit 68-69 Wahl Declaration | DENIED. The Atlantic Ten Conference states that "it is not necessary for these documents, as redacted, to remain under seal." Dkt. No. 733. Exhibits 68 and 69 have no proposed redactions, although it is clear that the entire agreements are not within the exhibit. Furthermore, the Atlantic Ten Conference has not shown good cause to redact any portion of the exhibits. Exhibits 68 and 69 must be filed in the public record as produced. | 733 |
| 701-10; 701-11; 701-12 | Exhibits 75-77 Wahl Declaration | DENIED. Conference USA filed a declaration showing good cause to redact payment terms from these exhibits, however, the redacted excerpts that comprise these exhibits contain no payment terms. Accordingly, the Court DENIES the motion to seal Exhibits 75-77. | 735 |
| 701-14 | Exhibit 79 Wahl Declaration | GRANTED IN PART AND DENIED IN PART. The Mid-Eastern Athletic Conference filed a declaration stating that Exhibit 79 contains "negotiated payment terms, amounts, and schedules," the disclosure of which will harm its market position and negotiation process. Dkt. No. 738. This exhibit does not contain any payment terms, but it does contain the provision "Schedule and Selection Procedures." The conference has shown good cause to redact the first three sentences of that provision. The remainder of Exhibit 79 must be filed in the public record. | 738 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL          15

| Docket | Document | Ruling | Cf. |
|---|---|---|---|
| 701-15 | Exhibit 80 Wahl Declaration | GRANTED IN PART AND DENIED IN PART. The Ohio Valley Conference states that Exhibit 80 contains confidential terms, such as which teams will be selected to be broadcast, and that disclosure will disadvantage it in further negotiations. It has shown good cause under Rule 26(c)(1)(G) to redact the last three sentences of paragraph 1(a). The remainder of Exhibit 80 must be filed in the public record. | 734 |
| 701-17; 701-18; 701-19; 701-20 | Exhibits 82-85 Wahl Declaration | GRANTED. The Patriot League has shown good cause under Rule 26(c)(1)(G) to seal Exhibits 82-85, which contain confidential terms, such as payment, scheduling, and broadcast terms, and how teams will be selected for broadcast, and which will hinder its ability to negotiation in the future if disclosed. | 732 |
| 701-23 | Exhibit 88 Wahl Declaration | DENIED. The Southwestern Athletic Conference filed a declaration stating that Exhibit 88 need not be sealed. | 742 |
| 701-26 | Exhibit 91 Wahl Declaration | DENIED. As produced, Exhibit 91 has been so extensively redacted that sealing is not necessary. | 731 |
| 696 | ¶¶ 8-11 Wahl Declaration | DENIED. Paragraphs 8-11 contain excerpts of Exhibits 3-6. The Court has granted the motion to redact payment terms from Exhibits 3-6, but these terms are not included in the excerpts. | 702; *cf.* 735 |
| 696 | ¶¶ 22-30 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and Exhibits 16-24, which they quote, have not been sealed or redacted. | 702; *cf.* 728 |
| 696 | ¶¶ 36, 38 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibits 29 or 31 that have been sealed or redacted. | *Cf.* 731 |

| | | | |
|---|---|---|---|
| 696 | ¶ 40 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 32 that has been sealed or redacted. | *Cf.* 733 |
| 696 | ¶ 41 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 33 that has been sealed or redacted. | *Cf.* 736 |
| 696 | ¶ 42 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 34 that has been sealed or redacted. | *Cf.* 735 |
| 696 | ¶¶ 45-46 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and they do not reference or quote any part of Exhibits 37 or 38 that have been sealed or redacted. | *Cf.* 738 |
| 696 | ¶¶ 48-49 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and they do not reference or quote any part of Exhibits 40 or 41 that have been sealed or redacted. | *Cf.* 734 |
| 696 | ¶ 50 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 42 that has been sealed or redacted. | *Cf.* 732 |
| 696 | ¶ 52 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 44 that has been sealed or redacted. | *Cf.* 731 |
| 696 | ¶ 61 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 53 that has been sealed or redacted. | *Cf.* 727 |

| | | | |
|---|---|---|---|
| 696 | ¶ 66 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 58 that has been sealed or redacted. | Cf. 731 |
| 696 | ¶¶ 67-70 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and they do not reference or quote any part of Exhibits 59-62 that have been sealed or redacted. | Cf. 735 |
| 696 | ¶ 71 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and Exhibit 63, which it quotes, has not been sealed or redacted. | Cf. 742 |
| 696 | ¶ 73 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and Exhibit 65, which it quotes, has not been sealed or redacted. | Cf. 740 |
| 696 | ¶ 75 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and Exhibit 67, which it quotes, has not been sealed or redacted. | Cf. 727 |
| 696 | ¶¶ 77-78 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and Exhibits 68 and 69, which they quote, have not been sealed or redacted. | Cf. 733 |
| 696 | ¶¶ 84-86 Wahl Declaration | DENIED. No party has shown good cause to seal these paragraphs, and Exhibits 75-77, which they quote, have not been sealed or redacted. | Cf. 735 |
| 696 | ¶ 88 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 79 that has been sealed or redacted. | Cf. 738 |
| 696 | ¶ 89 Wahl Declaration | DENIED. No party has shown good cause to seal this paragraph, and it does not reference or quote any part of Exhibit 80 that has been sealed or redacted. | Cf. 734 |

| 696 | ¶¶ 91-94 Wahl Declaration | DENIED.  No party has shown good cause to seal these paragraphs, and the references made to Exhibits 82-85, which have been sealed, are general and do not betray any commercially sensitive terms. | *Cf.* 732 |
|---|---|---|---|
| 696 | ¶ 97 Wahl Declaration | DENIED.  No party has shown good cause to seal this paragraph, and Exhibit 88, which it quotes, has not been sealed or redacted. | *Cf.* 742 |
| 696 | ¶ 100 Wahl Declaration | DENIED.  No party has shown good cause to seal this paragraph, and Exhibit 91, which it quotes, has not been sealed or redacted. | *Cf.* 731 |

### III. CONCLUSION

In accordance with the above, the Court GRANTS IN PART AND DENIES IN PART NCAA's motion to seal materials submitted in support of its opposition.  If the Big Ten Conference wishes to show good cause to redact paragraphs 24 and 26 and Exhibits 23 and 25 to the Wierenga Declaration, it must file a declaration by June 3, 2013 at 5:00 p.m.  If NCAA wishes to rely on materials that this Court denied sealing to support its opposition, it must file them in the public record within four days.  Civil L. R. 79-5(e).

Any party may object to this order within fourteen days.  Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: May 31, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge