UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 747, 782 |

Antitrust Plaintiffs move to file under seal materials submitted in support of their reply brief for class certification. Under Civil Local Rule 79-5, NCAA, EA, CLC, and several nonparties filed declarations in support of redacting and sealing the materials. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART the motion to seal.

## I. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation omitted). The policy of public access "do[es] not apply with equal force to nondispositive materials." *Id*. Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only "good cause" under Federal Rule

of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Courts in this district have generally considered motions for class certification nondispositive. *Rich v. Hewlett-Packard Co.*, No. 06-cv-03361 JF, 2009 WL 2168688, *1 (N.D. Cal. July 20, 2009) (finding the procedural requirements of Federal Rule of Civil Procedure 23 not dispositive of the merits of plaintiffs' claims and applying good cause standard to motion to seal).

Sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L. R. 79-5(a). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. But, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In addition, a party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(a).

## II. DISCUSSION

Antitrust Plaintiffs move to seal portions of their reply brief, exhibits to the declaration of Sathya S. Gosselin in Support of Class Certification, portions of the Expert Report of Daniel A. Rascher in Support of Class Certification, and portions of the Reply Report on Class Certification of Roger G. Noll. Dkt. Nos. 747, 782. Antitrust Plaintiffs identified and proposed redactions to these documents which no party supports sealing. If the proposed redaction or sealing is not specifically addressed by the Court in the chart below, it is DENIED.

The Court has considered the assertions of good cause in the parties' declarations and ORDERS as follows:

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 748 | Page 24, lines 9-11; Page 36, lines 21-24; Page 39, lines 7-14 and 19-20 of Antitrust Plaintiffs' Reply Brief | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to redact page 24, lines 9-11; page 36, lines 21-24; and page 39, lines 7-14, 19-20 because they refer to royalty rates and payment terms of licensing agreements. | 760 |
| 748 | Page 37, lines 4-16, 25-28; page 38, line 22 Reply Brief | DENIED. EA asserts that these lines refer to exhibits that contain confidential trade secrets, the disclosure of which would harm its competitive standing. Lines 4-16, 25-28 of page 37 and line 22 of page 38 contain general information about the look of EA video games, not trade secrets. Nor do the citations to certain exhibits disclose the content of those exhibits. | 760 |
| not filed in ECF | Exhibit 4 to the Supplemental Declaration of Sathya S. Gosselin in Support of Class Certification | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 4, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 12 Gosselin Declaration | DENIED. NCAA has not shown good cause under Rule 26(c)(1)(G) to seal Exhibit 12, which contains an email between NCAA executives regarding working with presidents of member institutions. This exhibit does not reveal any trade secret, confidential research, or commercial information. It must be filed in the public record. References to this exhibit on page 12 of Antitrust Plaintiffs' reply must also be public. | 759 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL 3

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| not filed in ECF | Exhibit 15 Gosselin Declaration | DENIED. NCAA states that public disclosure of comments on proposed bylaw revisions contained in Exhibit 15 would harm its ability to enforce its bylaws on member institutions. This document is eight years old, and NCAA fails to articulate what specific harm an outdated document will have on its current or future operations. The exhibit must be filed in the public record. References to this exhibit on page 13 of Antitrust Plaintiffs' reply must also be public. | 759 |
| not filed in ECF | Exhibit 16 Gosselin Declaration | DENIED. NCAA has not shown good cause under Rule 26(c)(1)(G) to seal Exhibit 16, which contains flow chart from 2004 posing questions about the licensing of student-athlete names, images, and likenesses. This exhibit does not reveal any trade secret, confidential research, or commercial information. It must be filed in the public record. References to this exhibit on page 13 of Antitrust Plaintiffs' reply must also be public. | 759 |
| not filed in ECF | Exhibit 17 Gosselin Declaration | DENIED. NCAA has not shown good cause under Rule 26(c)(1)(G) to seal Exhibit 17, which contains "guiding principles" articulated in 2006 for the NCAA's amateurism bylaws. This exhibit does not reveal any trade secret, confidential research, or commercial information. It must be filed in the public record. References to this exhibit on page 13 of Antitrust Plaintiffs' reply must also be public. | 759 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| not filed in ECF | Exhibit 18 Gosselin Declaration | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 18 as it contains information about NCAA photography licenses the disclosure of which could harm NCAA in future negotiations regarding the rights to photograph college sporting events. Antitrust Plaintiffs' proposed redactions to the references to this exhibit on page 13 of their reply are GRANTED. | 759 |
| not filed in ECF | Exhibit 26 Gosselin Declaration | GRANTED AS REDACTED. EA has shown good cause under Rule 26(c)(1)(G) to redact pages 237:4-238:10 of Exhibit 26, which contain an offer for a royalty split in negotiating a licensing agreement with CLC, because disclosure would harm its future ability to negotiate such agreements. | 760; 775 |
| not filed in ECF | Exhibit 52 Gosselin Declaration | GRANTED. CLC has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 52 because it contains proposed terms for the licensing rights to bowl games, including royalty rates and payment terms, the disclosure of which would prejudice CLC in future negotiations. | 763; 777 |
| not filed in ECF | Exhibit 58 Gosselin Declaration | DENIED. The portion of Exhibit 58 that EA seeks to redact describes the attributes of its video game avatars, which are listed in its video games and available online on its own website and others. | 760; 775 |
| not filed in ECF | Exhibit 60 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 60 because it contains detailed analysis of the consumer market for its video games, which if disclosed, would harm its competitive standing. | 760 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| not filed in ECF | Exhibit 61 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 61, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 62 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 62, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 63 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 63, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 64 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 64, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 68 Gosselin Declaration | DENIED. Exhibit 68 contains the same document as Exhibit 17. | 759 |
| not filed in ECF | Exhibit 69 Gosselin Declaration | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 69, which contains its trade secrets regarding the development of the avatars in its video games. | 760; 775 |
| not filed in ECF | Exhibit 73 Gosselin Declaration | GRANTED AS REDACTED. EA has shown good cause to redact Exhibit 73 under Rule 26(c)(1)(G). The redactions EA proposes are limited to confidential, internal discussions regarding royalty rates and payment terms regarding a licensing agreement between it, CLC, and NCAA. | 760 |
| not filed in ECF | Exhibit 74 Gosselin Declaration | DENIED. NCAA does not oppose the public filing of this exhibit. | 759 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| not filed in ECF | Exhibit 76 Gosselin Declaration | GRANTED IN PART AND DENIED IN PART.  Exhibit 76 is an eight-year-old email chain discussing whether the use of student athlete images on the cover of a DVD violates NCAA bylaws.  This is not the sort of competitively sensitive business information that would hinder NCAA's ability to negotiate future contracts.  The exhibit also contains the amount of revenue generated from the DVD sales, which is commercially sensitive and which Antitrust Plaintiffs must redact from the publicly filed version.  Footnote 45 of Antitrust Plaintiffs' reply must not be redacted. | 759 |
| not filed in ECF | Exhibit 77 Gosselin Declaration | DENIED.  NCAA has not shown good cause under Rule 26(c)(1)(G) to seal Exhibit 77, which contains an email between NCAA executives regarding working with presidents of member institutions.  This exhibit does not reveal any trade secret, confidential research, or commercial information.  It must be filed in the public record.  References to this exhibit on page 39 of Antitrust Plaintiffs' reply must also be public. | 759 |
| not filed in ECF | Exhibit 78 Gosselin Declaration | GRANTED.  CLC has shown good cause under Rule 26(c)(1)(G) to seal Exhibit 78 because it contains proposed terms and negotiating points related to a video game, including royalty rates and payment terms, the disclosure of which would prejudice CLC in future negotiations.  The proposed redactions to references to Exhibit 78 on page 39 of Antitrust Plaintiffs' reply are likewise GRANTED. | 763; 777 |

Case No. 09-cv-01967 CW (NC)
ORDER RE: MOTION TO SEAL           7

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| not filed in ECF | Exhibit 79 Gosselin Declaration | GRANTED AS REDACTED. EA has shown good cause to redact Exhibit 79 under Rule 26(c)(1)(G). The redactions EA proposes are limited to confidential discussions regarding royalty rates and payment terms regarding a licensing agreement between it and CLC. | 760; 775 |
| not filed in ECF | Exhibits 84-85 Gosselin Declaration | GRANTED. CLC has shown good cause under Rule 26(c)(1)(G) to seal Exhibits 84 and 85 because they contain confidential licensing agreements, including royalty rates and payment terms, the disclosure of which would prejudice CLC in future negotiations. Antitrust Plaintiffs' proposed redactions to references to these exhibits on page 33 of their reply are also GRANTED. | 763; 777 |
| not filed in ECF | Exhibits 97-98 Gosselin Declaration | GRANTED. The Big Twelve Conference has shown good cause under Rule 26(c)(1)(G) to seal Exhibits 97 and 98, which contain broadcast agreements the public disclosure of which would prejudice the Big Twelve in future negotiations. | 754 |
| 748-4 | ¶ 10, fifth sentence of the Declaration of Daniel A. Rascher in Support of Class Certification ("Rascher Report") | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact this paragraph of the Rascher Report because it refers to confidential revenue splits between NFL players. In addition, the Court has ordered this information redacted. *See* Dkt. Nos. 778, 780. | 786 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 748-4 | ¶ 16 Rascher Report, last sentence | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact this paragraph of the Rascher Report because it refers to confidential revenue splits between NFL players. In addition, the Court has ordered this information redacted. *See* Dkt. Nos. 778, 780. | 786 |
| 748-4 | ¶ 26 Rascher Report (including footnote 40 and exhibit 1) | GRANTED. Although no party moves to redact paragraph 26 of the Rascher Report, it contains information which the Court has previously ordered sealed regarding the division of revenue between NFL players. *See* Dkt. Nos. 778, 780. The NFL Players' Association has moved to redact similar material from other paragraphs of the Rascher Report. *See* Dkt. No. 786. | |
| 748-4 | ¶ 28 Rascher Report, last sentence | GRANTED. EA has shown good cause under Rule 26(c)(1)(G) to redact the last sentence of paragraph 28 of the Rascher Report, which contains a revenue split negotiated by EA with the NFL Players' Association and, if disclosed, would harm EA's competitive standing. | 760 |
| 748-4 | ¶ 51 Rascher Report, third, fourth, and fifth sentences | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact this paragraph of the Rascher Report because it refers to confidential revenue splits between NFL players. In addition, the Court has ordered this information redacted. *See* Dkt. Nos. 778, 780. | 786 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 748-1 | Page 64, second paragraph of the Reply Report on Class Certification of Roger G. Noll | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact this paragraph of the Noll Reply Report because it refers to confidential revenue splits between NFL players. In addition, the Court has ordered this information redacted. *See* Dkt. Nos. 778-, 780. | 786 |
| 748-1 | Exhibit 4 Noll Reply Report, Columns [c]-[m] | GRANTED. EA states that the figures Antitrust Plaintiffs propose to redact from Exhibit 4 to the Noll Reply Report are based upon confidential EA revenue data, the disclosure of which will harm its competitive standing, and has shown good cause under Rule 26(c)(1)(G). | 758; 760 |
| 748-1 | Exhibits 5-70B Noll Reply Report, all columns except "Athletes' Share of Broadcast Revenue," Basketball and Football | GRANTED. Despite the sheer volume of these exhibits, the Court was able to physically review the courtesy copy delivered to chambers. NCAA and EA state that the figures Antitrust Plaintiffs propose to redact from Exhibits 5-70B to the Noll Reply Report are based upon confidential revenue data, the disclosure of which will harm their competitive standing, and have therefore shown good cause to redact those figures under Rule 26(c)(1)(G). | 758; 759; 760 |
| 748-1 | Appendix B Noll Reply Report, pages 3-13 | GRANTED. Antitrust Plaintiffs propose to redact pages 3-13 of the Noll Reply Report. NCAA, EA, and XOS Technologies have shown good cause under Rule 26(c)(1)(G) to redact the potential damages figures put forth by Noll because they are based on confidential financial information of these parties. These damages calculations are revisions on calculations that the Court previously ordered sealed. *See* Dkt. No. 626. | 759; 760; 761 |

In addition, T3Media submitted a declaration in support of sealing its confidential information cited in Exhibits 4-70B of the Noll Reply Report. Dkt. No. 758. T3Media asserted that it was unable to specifically identify which parts of the report should be redacted because Antitrust Plaintiffs did not share a copy of their unredacted filing with T3Media. Consequently, the Court cannot determine which portions of the Noll Reply Report should be reviewed for T3Media's confidential material.

Noll lists documents TEM 0579-0613 among the documents he considered in creating his report. No specific references or citations to those documents are contained within the report, however. T3Media is mentioned on page 73 of the report, but no confidential information is revealed there either. Notwithstanding these hurdles, Exhibits 4-70B have been redacted, and so to the extent that T3Media's information was used in compiling the data therein, the redactions will ensure that T3Media is not competitively harmed by producing documents for a litigation to which it is not a party.

### III. CONCLUSION

In accordance with the above, the Court GRANTS IN PART AND DENIES IN PART Antitrust Plaintiffs' motion to seal materials submitted in support of its reply brief. Antitrust Plaintiffs must re-file their reply brief and supporting exhibits and reports, redacted as ordered, within four days. Civil L. R. 79-5(e).

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: June 17, 2013

Nathanael M. Cousins
United States Magistrate Judge