UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME AND LIKENESS LICENSING LITIGATION | Case No. 09-cv-01967 CW (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 792 |

NCAA moves to file under seal materials submitted in support of its surreply brief opposing class certification. Under Civil Local Rule 79-5(d), the party designating material as confidential has seven days to support or oppose a motion to seal by filing a declaration with the Court. Only NCAA and the NFL Players' Association have filed declarations in support of this motion to seal. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART the motion.

**I. LEGAL STANDARD**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation omitted). The policy of public access "do[es] not apply with equal force to

1  nondipositive materials." *Id*. Accordingly, a party seeking to file a motion to seal in
2  connection with a nondispositive motion must show only "good cause" under Federal Rule
3  of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*,
4  686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th
5  Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the
6  'good cause' standard when parties wish to keep them under seal."). Courts in this district
7  have generally considered motions for class certification nondispositive. *Rich v. Hewlett-*
8  *Packard Co.*, No. 06-cv-03361 JF, 2009 WL 2168688, *1 (N.D. Cal. July 20, 2009)
9  (finding the procedural requirements of Federal Rule of Civil Procedure 23 not dispositive
10 of the merits of plaintiffs' claims and applying good cause standard to motion to seal).

11  Sealing is appropriate only where the requesting party "establishes that the document,
12 or portions thereof is privileged or protectable as a trade secret or otherwise entitled to
13 protection under the law." Civil L. R. 79-5(a). "[S]ources of business information that
14 might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*,
15 435 U.S. at 598. But, "the party seeking protection bears the burden of showing specific
16 prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
17 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing of good
18 cause with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist.*
19 *Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of
20 harm, unsubstantiated by specific examples or articulated reasoning" are insufficient.
21 *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In addition, a
22 party must "narrowly tailor" its request to sealable material only. Civil L. R. 79-5(a).

## II. DISCUSSION

24  NCAA moves to seal portions exhibits to the declaration of Robert J. Wierenga in
25 support of its surreply. Dkt. No. 792. NCAA has proposed some redactions that no party
26 supports. Therefore, if the proposed redaction or sealing is not specifically addressed by
27 the Court in the chart below, it is DENIED.
28 //

The Court has considered the assertions of good cause in the parties' declarations and ORDERS as follows:

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 790-1 | ¶¶ 67-68 of Exhibit 161 to the Wierenga Declaration ("Rubinfeld Surreply Report") | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from paragraphs 67 and 68 of the Rubinfeld Surreply Report, contained in Exhibit 161 to the Wierenga Declaration, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-1 | ¶ 95 Rubinfeld Surreply Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from paragraph 95 of the Rubinfeld Surreply Report, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-1 | Footnote 111 Rubinfeld Surreply Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from footnote 111 of the Rubinfeld Surreply Report, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-1 | Footnote 143 Rubinfeld Surreply Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from footnote 143 of the Rubinfeld Surreply Report, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-1 | Exhibits 1A-1D Rubinfeld Surreply Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from Exhibits 1A-1D to the Rubinfeld Surreply Report, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 790-3 | Pages 523-25 of Exhibit 163 to the Declaration of Robert J. Wierenga | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from pages 523-25 of the second deposition transcript of Roger Noll, contained in Exhibit 163 to the Wierenga Declaration, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-5 | Pages 196:11-97:23 of Exhibit 165 Wierenga Declaration | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact pages 196:11-97:23 of Exhibit 165, which is the deposition of Daniel Rascher, because it refers to material, namely the Stiroh Report and paragraph 14 of the Gordon declaration, that the Court has previously ordered sealed. *See* Dkt. No. 778. | 803 |
| 790-6 | Page 304 to Exhibit 166 Wierenga Declaration | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from the second deposition transcript of Robert McCormick, contained in Exhibit 166 to the Wierenga Declaration, which the Court has ordered sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |
| 790-20 | ¶ 36 of Exhibit 180 to the Wierenga Declaration ("Stiroh Reply Report") | GRANTED. The NFL Players' Association has shown good cause under Rule 26(c)(1)(G) to redact the last sentence of paragraph 36 of the Stiroh Reply Report because it refers to material, namely paragraph 14 of the Gordon declaration, that the Court has previously ordered sealed. *See* Dkt. No. 778. | 803 |

| Dkt. No. | Material | Court's Ruling | Dkt. No. in Support of Sealing |
|---|---|---|---|
| 790-20 | Exhibits 2-3 Stiroh Reply Report | GRANTED. NCAA has shown good cause under Rule 26(c)(1)(G) to redact confidential damages and revenue figures from Exhibits 2 and 3 to the Stiroh Reply Report, contained in Exhibit 180 to the Wierenga Declaration, which the Court has ordered this sealed previously. *See* Dkt. Nos. 626, 778, 817. | 793 |

### III. CONCLUSION

In accordance with the above, the Court GRANTS IN PART AND DENIES IN PART NCAA's motion to seal materials submitted in support of its surreply brief. NCAA must re-file the exhibits supporting its surreply, redacted as ordered, within four days. Civil L. R. 79-5(e).

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: June 17, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge