IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION<br>_____/ | No. C 09-1967 CW<br><br>ORDER RESOLVING MISCELLANEOUS MOTIONS (Docket Nos. 833, 834, 836, 838, 840) |

On July 19, 2013, Antitrust Plaintiffs filed a Third Consolidated Class Action Complaint (3CAC). Defendants filed several motions in response. First, on July 29, 2013, Defendant Electronic Arts Inc. (EA) moved for leave to file a motion to dismiss the 3CAC. The next day, Defendant National Collegiate Athletic Association (NCAA) filed its own motion for leave to file a motion to dismiss, along with a motion for additional briefing and an evidentiary hearing on Plaintiffs' pending motion for class certification. Finally, two days later, on August 1, 2013, Defendant Collegiate Licensing Company (CLC) moved to strike certain allegations from the 3CAC. The Court took these matters under submission without oral argument.

The Court grants Defendants' requests for leave to file motions to dismiss, denies NCAA's motion for additional briefing, and denies CLC's motion to strike. The Court is reluctant to delay this case further, but finds itself compelled to allow an additional round of motions, albeit on prompt and restricted additional briefing, due to Defendants' insistence on pursuing all available procedural steps, and the untimely changes in Plaintiffs' theory of the case.

//

BACKGROUND

Antitrust Plaintiffs moved to certify a class in September 2012. Docket No. 554. In October 2012, instead of simply opposing it, Defendants moved to strike Antitrust Plaintiffs' class certification motion. They argued that Plaintiffs' motion raised a new theory of antitrust liability -- one based on an alleged horizontal restraint -- which Plaintiffs had not previously plead. Although the Court denied the motion to strike, it allowed Defendants to file supplemental briefing in response to Plaintiffs' class certification motion so that they could address any new antitrust theories raised in Plaintiffs' motion. Docket No. 673, Order on Defendants' Motion to Strike, at 1-2. The Court also considered the briefing on the motion to strike as part of Defendants' opposition to Plaintiffs' class certification motion. Id. at 1.

At the hearing, the Court acknowledged that Plaintiffs had raised a new theory of antitrust liability in their class certification motion but noted that, because Defendants had been able to attack this new theory in their motion to strike and in supplemental briefs, another round of pleading and briefing on a motion to dismiss would be duplicative, costly and time-consuming. The Court also pointed out that Defendants would have another opportunity to attack the merits of Plaintiffs' claims on a motion for summary judgment, which was then scheduled to be briefed beginning September 26, 2013.

Nonetheless, Defendants insisted that it would be useful for Plaintiffs to file an amended complaint explicitly addressing their new theory of antitrust liability. Accordingly, the Court

2

instructed Antitrust Plaintiffs to amend their complaint "only the minimum amount necessary to conform Antitrust Plaintiffs' portion of the complaint to their class certification motion." Docket No. 830. The Court also permitted Antitrust Plaintiffs to "add a new named Plaintiff who is a current student-athlete" to the complaint. Id. The Court's order concluded, "Defendants shall not file an additional motion to dismiss or for judgment on the pleadings and shall instead include any arguments they would have made therein in their future motions for summary judgment." Id. After Plaintiffs filed their amended complaint, Defendants filed the instant motions.

## DISCUSSION

I.   Motions for Leave to File Motions to Dismiss

EA and NCAA request leave to file further motions to dismiss. They each argue that they must be permitted to test the legal sufficiency of any new theory in the 3CAC before the Court certifies a class. Although these Defendants have already had ample opportunity to respond to Antitrust Plaintiffs' new theory, as discussed above, the Court nevertheless grants their request. Defendants may intend to seek an interlocutory appeal of any class certification order, and the Court does not wish to leave open a claim that they were not allowed to present all of their arguments.

Accordingly, NCAA may file a motion to dismiss within seven days of this order. It shall not be noticed for hearing. In support of the motion, NCAA shall first cite, by docket number, page and line, each of the arguments it has previously made, that it would like the Court to reconsider, against any new issues

3

raised by the 3CAC.  NCAA may not repeat any of the arguments raised in the joint motion to strike Plaintiffs' class certification motion, Docket No. 639, the several briefs Defendants filed subsequently in opposition to class certification, Docket Nos. 677, 680, 794, 789, or the briefs Defendants filed in support of their motions for leave to file a motion to dismiss, Docket Nos. 834, 838, for leave to file additional briefs, Docket No. 836, or to strike, Docket No. 840.  NCAA likewise may cite to but may not repeat facts and law in EA's May 2011 motion to dismiss, Docket No. 331, and EA's October 2011 motion for judgment on the pleadings, Docket No. 366.  If NCAA wishes to argue facts or law that is not contained in any of these briefs, it may file a memorandum only as long as necessary to do so, but not to exceed ten pages.

   The Court will accept EA's proposed brief in support of its motion to dismiss and EA shall efile it forthwith.  The Court will consider these arguments as they may relate to CLC as well.  If CLC now wishes to move to dismiss, it may file a further brief in support, under the conditions set forth above.

   While Antitrust Plaintiffs note that granting Defendants leave to file further motions to dismiss will likely delay the progress of this case, and the Court is reluctant to do so, Antitrust Plaintiffs contributed to this delay by raising a new theory of their case at this relatively late stage in the litigation.

   Antitrust Plaintiffs may file a single brief in opposition to the motions to dismiss, not to exceed the number of pages of argument filed by Defendants, within seven days of the filing of

NCAA's motion to dismiss. Plaintiffs too must begin by citing all portions of the previous briefing that they would like the Court to consider with regard to Defendants' motions, and may not repeat any facts or law contained therein. NCAA may file a reply of up to five pages, addressing only new matter in Plaintiffs' opposition, within three days thereafter. EA and CLC may file a joint five-page reply by the same date. The Court will decide the motions on the papers.

II. NCAA's Motion for Additional Briefing and an Evidentiary Hearing

NCAA requests additional briefing and an evidentiary hearing on class certification "to address the new issues introduced by the [3]CAC's allegations." Docket No. 836, Mot. Additional Br., at 2. Because NCAA is granted leave to file a motion to dismiss the 3CAC, its request for additional briefing and a hearing is not warranted. NCAA has already been granted leave to exceed the page limits for its class certification briefs and received extensive argument time -- more than either of its co-Defendants -- at the class certification hearing. See Docket Nos. 676, 789-90. Additional briefing and argument on class certification is not likely to be useful. There is no justification for the extraordinary step of convening an evidentiary hearing.

III. CLC's Motion to Strike

CLC's motion to strike contains two parts. First, CLC seeks to strike any allegations in the 3CAC that pertain to "products such as jerseys, bobbleheads, trading cards, action figures, and photographs, which Plaintiffs admitted at the June 20, 2103 Class Certification Hearing and Case Management Conference are no longer

5

part of the litigation." Docket No. 840, CLC Mot. Strike 3-4. Second, CLC seeks to remove four of the recently added current student-athletes from the 3CAC on the grounds that Plaintiffs were only granted permission to add one current student-athlete -- rather than five -- to their complaint.[1]

CLC's first request is denied. None of Plaintiffs' allegations regarding jerseys, bobbleheads, and other merchandise is new to the 3CAC. CLC has also failed to identify with sufficient specificity which of these allegations it seeks to strike. See CLC Mot. Strike 3 (arguing that the complaint "contains pages and pages of immaterial and impertinent allegations" without identifying any specific sentences that should be stricken). Antitrust Plaintiffs' voluntary intention not to pursue certain theories does not necessarily require that particular allegations be ordered stricken from the complaint.

CLC's request to remove four of the new named Plaintiffs is also denied. Although CLC is correct that the Court's order stated that Plaintiffs "may add a new named Plaintiff who is a current student-athlete," Docket No. 830, the Court's turn of phrase was not intended as a limitation. Class actions, for logistical reasons, often involve multiple named plaintiffs as proposed class representatives. Courts have broad discretion to permit joinder of new parties. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). CLC has not shown that it will be prejudiced by

---

[1] Plaintiffs initially added six current student-athletes to the complaint but one voluntarily dismissed his claims on July 30, 2013. See Docket No. 835.

6

the inclusion of the four additional student-athletes here. Although CLC asserts that it will need to take discovery of the new Plaintiffs, CLC has not shown that these additional efforts will be burdensome. The Court re-opens fact discovery for thirty-five days for the limited purpose of taking written discovery and depositions of the new named Plaintiffs.[2]

CONCLUSION

For the reasons set forth above, EA's motion for leave to file a motion to dismiss (Docket No. 834) is GRANTED; NCAA's motion for leave to file a motion to dismiss (Docket No. 838) is GRANTED; NCAA's motion for additional briefing and an evidentiary hearing (Docket No. 836) is DENIED; and CLC's motion to strike (Docket No. 840) is DENIED. Additionally, Plaintiffs' motion to remove an incorrectly filed document (Docket No. 833) is DENIED because the incorrectly filed document has already been sealed.

NCAA and CLC may file their motions to dismiss, as outlined above, within seven days of the date of this order. Plaintiffs may respond within seven days and Defendants may file their replies three days thereafter.

Should any Defendant obtain any information to suggest that any of the new named Plaintiffs is not an adequate or typical class representative, it may promptly seek leave to file an appropriate motion with the Court. If by that time, an order certifying a class of current student athletes has issued and been

---

[2] CLC requests, in the alternative, that the Court order Plaintiffs to cover the costs of any additional discovery that it may need to take regarding the newly added student-athletes. This request -- which would remove CLC's incentives for seeking tailored and efficient discovery -- is neither justified nor practical.

7

appealed, Defendants may file a request for a suggestion of remand. Fed. R. App. P. 12-1(b).

The antitrust case deadline to exchange opening expert reports on the merits is continued to September 25, 2013. The deadline to depose experts on opening reports is continued to October 15, 2013. The deadline to exchange rebuttal expert reports is continued to November 5, 2013. The deadline to depose experts on rebuttal reports is continued to November 12, 2013.

The deadline for Antitrust Plaintiffs to file any dispositive motion, including any Daubert motion, is continued to November 7, 2013. Defendants shall file their opposition and cross-motion, including any Daubert objections, in a single brief, on or before December 5, 2013. Arguments applicable to only one Defendant may be included in separate sections of the brief. Antitrust Plaintiffs shall file their reply and opposition in a single brief on or before January 6, 2014. Defendants shall file their reply on or before February 3, 2014. The Court shall hear the motions and hold a case management conference on February 20, 2014, at 2:00 p.m.

If any party seeks to file any other motion addressing any claims or defenses, or class certification, it must first obtain leave of the Court to do so by filing an administrative motion under Local Rule 7-11. Any request for a change to the case management schedule must be preceded by meeting and conferring and must be made in an administrative motion. Any discovery disputes must be presented to the discovery Magistrate Judge in accordance with his procedures.

A final pretrial conference shall be held on May 28, 2014. Trial shall begin at 8:30 a.m. on June 9, 2014.

Fact discovery regarding Right-of-Publicity Plaintiffs' claims shall open when the Ninth Circuit lifts its stay. Within two weeks of the Ninth Circuit's decision to lift the stay, the parties shall file a stipulated case management schedule, or their separate proposals, for the right-of-publicity claims.

IT IS SO ORDERED.

Dated: 9/10/2013

CLAUDIA WILKEN
United States District Judge