IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION
_____/

No. C 09-1967 CW

ORDER DENYING DEFENDANT'S MOTION TO SEAL; GRANTING IN PART PLAINTIFFS' MOTION TO SEAL (Docket Nos. 880, 888)

On October 29, 2013, Defendant National Collegiate Athletic Association (NCAA) requested leave to file a supplemental memorandum regarding class certification.[1] In connection with that request, the NCAA moved to file under seal portions of its proposed supplemental memorandum and two exhibits thereto. Plaintiffs subsequently moved to seal potions of an exhibit attached to their opposition to the NCAA's motion for leave to file a supplemental memorandum. After reviewing the parties' submissions, the Court now denies the NCAA's motion and grants Plaintiffs' motion in part and denies it in part.

DISCUSSION

The public interest favors filing all court documents in the public record. Thus, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential; rather, every sealing request

---

[1] The Court denied this request in its class certification order on November 8, 2013. Docket No. 893.

must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  See Civil Local Rule 79-5(a).

Here, the NCAA moves to seal portions of its proposed supplemental memorandum discussing one of Dr. Daniel A. Rascher's expert reports.  It also moves to seal two exhibits containing excerpts of that report and Dr. Rascher's deposition testimony, which were filed in support of its proposed supplemental memorandum.  Plaintiffs, in turn, move to seal portions of an exhibit containing other excerpts of Dr. Rascher's report, which they filed as part of their opposition to the NCAA's motion for leave to file the supplemental memorandum.  Each of these requests is addressed separately below.

A.   NCAA's Proposed Supplemental Memorandum

The NCAA seeks to seal the portions of its supplemental memorandum that quote or summarize Dr. Rascher's damages analysis.  According to the NCAA, this discussion must be redacted because Dr. Rascher's damages analysis is based on the "confidential financial information of the NCAA, its member schools, and other parties in this litigation."  Docket No. 880-1, Klaus Decl. ¶ 5.

This is not sufficient to justify the NCAA's sealing request.  Although the NCAA asserts that it and its member schools "would suffer harm from the disclosure of damages figures calculated based on their confidential financial information," id., it does not explain in any detail how they would be harmed.  The NCAA fails, for instance, to explain whether and how its competitors might use the financial information contained in the supplemental memorandum to harm the NCAA or its member schools.  The NCAA also

2

fails to identify the specific types of financial information that it considers confidential and the specific individuals or institutions that would be harmed by the disclosure of that information. Indeed, the portion of the memorandum that the NCAA seeks to redact consists mostly of a generalized summary of Dr. Rascher's damages analysis. It contains only two references to specific dollar figures, neither of which appears confidential in nature. Accordingly, the NCAA's request to redact these portions of the memorandum is denied. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (noting that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are not sufficient to satisfy the "good cause" standard (citations and quotation marks omitted)); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003) (requiring that the moving party make "a particularized showing of good cause with respect to any individual document" (emphasis added)).

B. NCAA's Supporting Exhibits

The two exhibits that the NCAA seeks to seal contain excerpts of Dr. Rascher's expert report and deposition testimony. The NCAA asserts that these exhibits, like the redacted portions of its supplemental memorandum, contain confidential information which, if disclosed, would cause unspecified harm to the "NCAA, its member schools, and other parties to this litigation." Klaus Decl. ¶¶ 7-8. The NCAA further asserts that Dr. Rascher's deposition testimony is potentially entitled to confidential

3

treatment under the parties' stipulated protective order.[2] Id. ¶ 9.

Neither of these justifications provides grounds for sealing the two exhibits. As with the redacted portions of its supplemental memorandum, the NCAA has failed to provide a sufficiently detailed explanation of the harm that it would suffer from the disclosure of these exhibits. Furthermore, as noted above, "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). The excerpts of Dr. Rascher's report and deposition testimony that the NCAA seeks to seal contain descriptions of the licensing practices of various professional sports leagues, none of which is a party to this litigation and none of which has submitted a declaration supporting the NCAA's sealing request. The NCAA has not explained how it or its member schools would be harmed by the disclosure of this information. Its request to seal these exhibits is therefore denied. See Beckman Indus., 966 F.2d at 476; Foltz, 331 F.3d at 1138.

C. Plaintiffs' Exhibit 1 to Scherrer Declaration

Plaintiffs seek to seal an exhibit containing excerpts from Dr. Rascher's expert report. They assert that these excerpts contain sensitive financial information that "other parties or

---

[2] The NCAA has stated that it "does not believe that there is any confidential information in these excerpts [of Dr. Rascher's deposition testimony]" but that it "fil[ed] the transcript under seal only in an abundance of caution because the time under the protective order for designation by other parties has not yet run." Klaus Decl. ¶ 9.

4

non-parties have identified as confidential under the controlling protective order and addenda." Docket No. 888, Pls.' Mot. Seal, at 1. They also point to several orders issued by the magistrate judge assigned to this case that purportedly allowed some of this information to be filed under seal. Id. Neither of these justifications establishes "good cause" for sealing the portions of Dr. Rascher's report that Plaintiffs seek to seal.

First, as previously explained, reference to a protective order is not sufficient to render a document sealable. See Civil L.R. 79-5(d)(1)(A). Second, the prior sealing orders that Plaintiffs cite were all issued before Dr. Rascher produced the report that Plaintiffs seek to seal here; as such, those orders do not suffice to demonstrate with particularity the need to seal any excerpts of Dr. Rascher's report. Third and finally, several of the excerpts that Plaintiffs seek to seal are entirely devoid of sensitive financial information. For instance, they seek to redact one sentence from ¶ 80 of Dr. Rascher's report that quotes an opposing expert's proposed definition of the term "amateur." This definition is not even plausibly confidential.

Accordingly, Plaintiffs' sealing request is overbroad. The only excerpts from Plaintiffs' exhibit that may be filed under seal are the portions of Dr. Rascher's report that contain sensitive information about Electronic Arts, Inc. (EA) and the National Basketball Association's (NBA) licensing arrangements: specifically, ¶¶ 75, 78, and 94 and footnotes 101 and 126-29. EA and the NBA have each provided declarations establishing with particularity the need to redact these excerpts of Dr. Rascher's report. Docket No. 890, Slaughter Decl. ¶¶ 6-7; Docket No. 893,

5

Allen Decl. ¶¶ 13-16. All of the other excerpts of Dr. Rascher's report that Plaintiffs seek to file under seal here may only be filed in the public record.

## CONCLUSION

For the reasons set forth above, Defendant's motion to seal (Docket No. 880) is DENIED and Plaintiffs' motion to seal (Docket No. 888) is GRANTED in part and DENIED in part.

The parties are advised to comply strictly with the requirements of Civil Local Rule 79-5 should they seek to file under seal any portions of their dispositive motions or any exhibits thereto. Motions to seal documents filed in connection with dispositive motions may only be granted if the moving party demonstrates that "compelling reasons exist to seal the documents." Pintos, 605 F.3d at 679 (recognizing that parties must satisfy a higher standard than "good cause" to seal documents filed in connection with a dispositive motion). Thus, citations to prior sealing orders in this case decided under the "good cause" standard will not suffice to justify sealing documents filed as part of any dispositive motion. Further, if any party moves to seal any portion of a document based on a previously filed declaration of a non-party, that party must provide a citation to the relevant page and line number of the non-party's previously filed declaration.

IT IS SO ORDERED.

Dated: 11/15/2013

CLAUDIA WILKEN
United States District Judge