**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

January 29, 2014

Brendan P. Glackin
Partner
bglackin@lchb.com

**VIA ECF**

The Honorable Nathanael Cousins
United States District Court
San Francisco Courthouse, Courtroom A
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:    In re NCAA Student-Athlete Name & Likeness Licensing Litigation, Case No. 09-CV-01967 CW (NC)

Dear Magistrate Judge Cousins:

      On January 27, 2014 the parties in the above-captioned matter submitted separate proposed orders on Antitrust Plaintiffs' Motion to Compel Documents Related to Recent Bylaw Changes (Dkts. 974, 975). To assist the Court in comparing the orders, I write to provide a redline of the proposed orders. Defendant's proposal is the original document, and the Antitrust Plaintiffs' proposal is reflected in red crossed-out or blue underlined portions of the document (i.e., additions sought by plaintiffs are blue underlined; deletions sought by plaintiffs are red crossed-out).

      Very truly yours,

      Brendan P. Glackin

Enclosure

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION | Case No. 09-CV-01967 CW (NC) <br><br> **[PLAINTIFFS' PROPOSED] ORDER** ~~SUBMITTED BY THE NCAA~~ **RE: ANTITRUST PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RELATED TO RECENT BYLAW CHANGES** <br><br> Re: Dkt. Nos. 917, 939, 958 and 964 |

The Court held a hearing on a motion to compel discovery brought by Antitrust Plaintiffs. ~~After hearing argument, considering the briefs of the parties, and reviewing the parties' respective proposals as to how best to minimize the burden of the requested production, the Court orders as follows:~~ The NCAA shall produce the following documents to Antitrust Plaintiffs:

1. "Rules Working Group" ("RWG").

    a.  The NCAA will search for and produce non-privileged documents generated by and for the RWG related to four rule proposals (Rules 12-3, 13-8, 16-3 and 16-4), one guiding principle (Rule 20-1), and Phase II proposals (including NCAA Bylaw 12 and Bylaw 15 priority items for the 2013 and 2014 legislative cycles)~~, to the extent such documents exist~~.

1

[PROPOSED] ORDER ~~SUBMITTED BY NCAA~~ RE: ANTITRUST PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RELATED TO RECENT BYLAW CHANGES
CASE NO. 09-CV-01967-CW (NC)

    b. To reduce the burden on the NCAA of conducting those searches, the Court orders that the NCAA is required to search for responsive documents from the following locations:

        i. SharePoint Locations:

            1. The two Rules Working Group SharePoint locations described in the previously submitted declaration of Kris Richardson.

            2. Division I Board of Directors

            3. Division I Leadership Council

            4. Division I Presidential Advisory Group

            5. ~~4.~~ Division I Amateurism Cabinet

            6. ~~5.~~ Division I Awards, Benefits, Expenses and Financial Aid Cabinet

            7. ~~6.~~ Division I Football Recruiting Subcommittee to the Rules Working Group

        ii. Individual Custodians: The NCAA will search for and produce non-privileged emails related to the RWG as described above from the following NCAA staff members.

            1. Kris Richardson

            2. David Schnase

            3. Lynn Holzman

2. Student-Athlete Well-Being Working Group ("WBWG").

    a. The NCAA will search ~~for~~ and produce documents from the WBWG that relate to the Miscellaneous Expense Allowance.

    b. To reduce the burden on the NCAA of conducting those searches, the Court orders that the NCAA is required to search for responsive documents from the following locations:

        i. SharePoint Locations:

            1. Division I Student-Athlete WBWG

            ~~2. Division I Presidential Advisory Board~~

      2. ~~3.~~ Division I Board of Directors

      3. ~~4.~~ Division I Leadership Council

      4. <u>Division I Presidential Advisory Group</u>

      5. Division I Amateurism Cabinet

      6. Division I Awards, Benefits, Expenses and Financial Aid Cabinet

      7. Division I SAAC

   ii. Individual Custodians: The NCAA will search for and produce non-privileged emails related to the WBWG as described above from the following NCAA staff members.

      1. David Berst

      2. Kris Richardson

      3. Jackie Campbell

      4. <u>Kevin Lennon</u>

3. <u>Division I Governance Dialogue ("GD")</u>.

 a. The NCAA will search for and produce documents generated by and for the GD ~~in the NCAA's possession, custody or control~~ (including~~, if any,~~ any proposals ~~submitted to the NCAA by~~<u>from</u> individual Universities and conferences, the Coaches' Association, Collegiate Commissioners Association, Athletic Directors Groups, Faculty Groups, Knight Commission, National Association for Athletics Compliance, Student-Athlete Advisory Committee, Women's Administrators and Ethnic Minority Administrators and Faculty)~~,~~ relating to ~~any proposals or aspects of proposals for~~ "legislative autonomy" <u>as that concept is defined in Dkt. 964, Ex. R at 13</u> for the "Big Five" conferences (SEC, Big Ten, Pac-12. ACC and Big 12)~~, to the extent they relate to or impact amateurism or competitive balance/fair competition~~.

 b. To reduce the burden on the NCAA of conducting those searches, the Court orders that the NCAA is required to search for responsive documents from the following locations:

     i. SharePoint Locations:
1. Division I Board Steering Committee on Governance
2. Division I Board of Directors
3. Division I Leadership Council
4. Division I SAAC
5. Division I Presidential Advisory Group

    ii. Individual Custodians. The NCAA will search for and produce non-privileged emails related to the GD as described above from the following NCAA staff members.
1. David Berst
2. Jackie Campbell

  c. The NCAA will collect and produce GD documents created through January 27, 2014 or the date these documents are collected, whichever is later. ~~The~~ NCAA~~'s~~ Counsel will then make a supplemental production prior to trial of any formal proposals resulting from the discussion that are put before the ~~NCAA~~ membership for a vote.

4. Emmert Documents. The ~~Court does not order the~~ NCAA ~~to~~shall search for and produce documents related to NCAA President Mark Emmert's 2012 State of the Association address~~. Those documents could have been sought during the discovery period, and as the speech took place in January 2012, prior to the plaintiffs' deposition of Mark Emmert, could have been the subject of testimony.~~ only from the files of custodians Berst and Renfro.

5. Burden: To reduce the burden on the NCAA of searching for and collecting the above described documents, the Court orders as follows:

  a. Individual Custodians--Email Only. The Court will not at this time require the NCAA to search for documents from individual custodians outside of their email files. If, after receiving and reviewing productions on the topics above, the plaintiffs believe that documents produced provide ~~them~~ good cause to think relevant documents are missing, the parties shall confer and the Court

4

1     will revisit this determination if necessary.

2    b. ~~Holzman and Renfro Documents.~~ ~~The Court understands that Lynn~~

3     ~~Holzman and Wally Renfro are no longer employed by the NCAA, although~~

4     ~~the NCAA has preserved their ESI.  To reduce the burden in restoring and~~

5     ~~searching for documents from former employees, the Court will not order their~~

6     ~~files searched at this time.  If, after receiving and reviewing the SharePoint~~

7     ~~files and email productions from Kris Richardson, David Schnase, and David~~

8     ~~Berst, the plaintiffs believe that documents produced provide good cause to~~

9     ~~think relevant documents are missing, the parties shall confer and the Court~~

10     ~~will revisit this determination if necessary.~~

11   b. ~~c.~~ Frankel Documents.     The Plaintiffs requested production of documents

12     from the NCAA's third-party consultant, Jean Frankel.  Because Ms. Frankel is

13     not an NCAA employee, to reduce the burden on the NCAA of this production

14     the Court will not order that production at this time.  However, if after receipt

15     and review of the production of documents described above related to the GD,

16     including the emails of David Berst and Jackie Campbell, the plaintiffs have

17     good cause seek further non-duplicative documents that would justify

18     collection from a third-party, the Court will revisit the issue.

19   c. ~~d.~~ ESI Protocol.     The Court understands that the NCAA intends to collect ESI

20     largely through the normal, defensible means and in accordance with the

21     parties' previous ESI protocol.  However, to the extent it would be unduly

22     burdensome to, for example, update collections that have already occurred by

23     requiring a full ESI ~~re-collection~~ recollection, the NCAA may collect and

24     produce those documents outside of the normal protocol provided the

25     documents are usable and the custodians are identified.  Emails shall be

26     produced with their attachments; if an email references an attachment that has

27     not been produced (such as because, for example, it is a reply to another email

28     with an attachment) Plaintiffs may in good faith request that such attachments

    be produced and Defendants will consent to such productions to the extent they

5

[Proposed] Order ~~Submitted by NCAA~~ Re: Antitrust Plaintiffs' Motion to Compel Documents Related to Recent Bylaw Changes
Case No. 09-CV-01967-CW (NC)

are reasonable in scope.

6. The NCAA shall produce the documents on a rolling basis. The NCAA shall make a production of ~~the Rules Working Group~~ SharePoint files by February 17, 2014, with most SharePoint files being produced by March 1, 2014. The NCAA~~'s~~ shall make production ~~should be completed~~ of email by April 1, 2014, with all production to be complete by April 15, 2014.

Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date: _____  _____
                              Nathanael M. Cousins
                              United States Magistrate Judge

~~40984-0001
AA\200082722.1~~

6

[PROPOSED] ORDER ~~SUBMITTED BY NCAA~~ RE: ANTITRUST PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RELATED TO RECENT BYLAW CHANGES
CASE NO. 09-CV-01967-CW (NC)

Document comparison by Workshare Compare on Wednesday, January 29, 2014 1:02:05 PM

| Input: | |
|---|---|
| Document 1 ID | file://H:\Desktop\KL\PROPOSED ORDER SUBMITTED BY THE NCAA RE ANTITRUST PLAINTIFFS MOTION T.docx |
| Description | PROPOSED ORDER SUBMITTED BY THE NCAA RE ANTITRUST PLAINTIFFS MOTION T |
| Document 2 ID | file://H:\Desktop\KL\Proposed Order.docx |
| Description | Proposed Order |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 33 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 53 |