IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE NCAA STUDENT-ATHLETE
NAME & LIKENESS LICENSING
LITIGATION

_____/

No. C 09-1967 CW

ORDER RESOLVING
MOTIONS TO SEAL
(Docket Nos. 896,
932, 941, 960,
984)

Plaintiffs, a group of current and former collegiate athletes, and Defendant National Collegiate Athletic Association (NCAA) have filed cross-motions for summary judgment. They move to seal various documents filed in connection with those motions. Each of these sealing motions is resolved separately below.

## LEGAL STANDARD

When a party seeks to file documents under seal in connection with a dispositive motion, it must demonstrate compelling reasons to seal the documents. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal citations and alterations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (internal citations and alterations

omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)). Nor will the moving party's reference to a "stipulation or protective order that allows a party to designate certain documents as confidential." Civil L.R. 79-5(d)(1)(A).

## DISCUSSION

I. Plaintiffs' Motions to Seal

    A.    Documents Filed in Connection with Plaintiffs' Opening Summary Judgment Brief (Docket No. 896)

Plaintiffs move to seal portions of their opening summary judgment brief and portions of exhibits 1, 2, 7, 12, 19, 20, 22, and 24 to the supporting declaration of Hilary K. Scherrer.

    1.    Exhibit 1

This exhibit contains Daniel Rubinfeld's September 2013 expert report, portions of which have been designated confidential by NCAA. In particular, NCAA seeks to seal paragraph 140 of the report, which mentions certain terms of NCAA's broadcast licensing agreements with ESPN. Because the public disclosure of some of these terms may undermine NCAA's ability to negotiate future licensing agreements with other broadcasters, these terms may be sealed. However, only the specific dollar amounts mentioned in this paragraph may be sealed. The rest of this paragraph -- and the rest of this exhibit -- must be filed in the public record.[1]

---

[1] NCAA asserts that the magistrate judge in this case previously sealed documents similar to this exhibit and other exhibits discussed in this order. However, as this Court has previously explained, those

2

2. Exhibit 12

This exhibit contains Roger Noll's September 2013 expert report. Defendant Electronic Arts Inc. (EA) and the National Basketball Association (NBA), a third party, have designated as confidential portions of pages 89-90 of this report and exhibits 7 and 8A of the report.[2]

The portion of page 89 that the NBA has designated confidential refers generally to the division of licensing income between the NBA and its players' union. The NBA has not adequately explained how public disclosure of this information would impede future negotiations between the NBA and the players' union. The league and the union are the only two parties capable of altering or re-negotiating their existing income-sharing agreement and they both know the terms of that agreement already. It is not clear how the public disclosure of this information -- which is the subject of considerable discussion among the experts in this case -- would cause competitive harm to either the NBA or its players' union. Accordingly, the two sentences that the NBA seeks to redact on page 89 are not sealable.

Likewise, the portion of page 90 pertaining to the division of certain videogame licensing revenue between the National

---

prior sealing orders were decided under the "good cause" standard and not the more stringent "compelling reason" standard that governs the instant motions. See Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678-79 (9th Cir. 2010) (recognizing that parties must satisfy a higher standard than "good cause" to seal documents filed in connection with a dispositive motion).

[2] NCAA also submitted a declaration, well after the deadline set forth in the local rules, supporting sealing of these documents. Docket No. 920. However, the declaration contains only conclusory justifications for sealing the redacted portions of Noll's report. Further, most of the redacted information -- including pages 89-90 and Exhibit 7 of the report -- does not even pertain to NCAA at all.

3

1  Football League (NFL) and its players' union must also be
2  unsealed.  Neither the NFL nor its players' union has submitted a
3  declaration in support of this sealing request[3] and, as with the
4  NBA's income-sharing agreement, it is not clear how the disclosure
5  of this information would cause either of them competitive harm.
6  Because EA's declaration does not provide compelling reasons for
7  redacting this information -- which appears in the first full
8  sentence on page 90 -- it may not be filed under seal.
9      In contrast, the two sentences on page 89 which describe EA's
10 process for negotiating certain licensing agreements may be filed
11 under seal.  These sentences contain information that could
12 potentially be used by other videogame developers to gain an
13 advantage over EA in competing for future licensing agreements
14 with professional sports leagues.  Thus, these sentences -- which
15 begin on page 89 and continue onto page 90 -- may be redacted from
16 the version of this exhibit filed in the public record.
17     Neither, EA nor the NBA has provided compelling reasons for
18 sealing Exhibits 7 and 8A to the Noll report in their entirety.
19 Exhibit 7 to the Noll report provides a table listing the specific
20 terms of various agreements between the NBA and certain licensees.
21 The only portions of this table that may be sealed are the time
22 periods and royalty rates[4] for each licensing agreement, listed in
23 the second and sixth columns of the table, as well as the names of

---

[3] NCAA cites to a prior declaration submitted by David Greenspan in support of a prior sealing motion but this declaration does not provide any compelling reasons for sealing this information.  Instead, it simply cites prior sealing orders decided under the "good cause" standard.

[4] Only the specific royalty rates may remain sealed.  All other information contained in this column, including the division of licensing revenue between the NBA and the players' association, must be unsealed.

4

any individual athletes that appear in this table. All other portions of Exhibit 7 to the Noll report must be unsealed.

Exhibit 8A to the Noll report is a bar graph that purports to show the total revenue generated by certain universities from the sale of sports broadcasting rights between 2005 and 2010. NCAA has not adequately explained how the disclosure of this information -- which does not contain any data for the last three years and provides only aggregate information for football and basketball broadcasting licenses -- would cause it to suffer competitive harm. Thus, Exhibit 8A to the Noll report must be filed in the public record.

### 3. Exhibit 24

This exhibit is the first page of a broadcast licensing agreement between non-parties Conference USA (CUSA) and CSTV Networks. CUSA has designated the entire exhibit confidential and filed a declaration from its commissioner to support that designation.

The commissioner's declaration, which was submitted well after the deadline set forth in the local rules, does not support sealing this exhibit. It does not acknowledge that the exhibit contains publicly available information, such as the names of CUSA's member schools. More importantly, the declaration fails to explain how the disclosure of the limited information in this one-page document -- most of which simply provides information relevant to parts of the contract that were not included in the exhibit -- would harm CUSA's future negotiations with CSTV or other broadcasters. Accordingly, this exhibit may not be filed under seal.

5

### 4. Exhibits 2, 7, 19, 20, and 22

Portions of all of these exhibits have been designated confidential by Defendants or third parties. However, no declarations have been filed to support that designation. Accordingly, all of these exhibits must be filed publicly without any redactions.

### 5. Plaintiffs' Opening Brief

Plaintiffs' opening summary judgment brief discusses, quotes, or refers to documents that have been designated confidential by Defendants or third parties. No declarations have been filed by Defendants or third parties to support these designations and none of the redacted portions of Plaintiffs' brief appears to contain any confidential information. The entire brief must therefore be filed in the public record.

## B. Documents Filed in Connection with Plaintiffs' Combined Opposition and Reply Brief (Docket No. 960)

Plaintiffs move to seal portions of their summary judgment opposition and reply brief and portions of exhibits 1, 2, 8, 18, 25, 66, 68, and 69 to the supporting declaration of Hilary K. Scherrer.

### 1. Exhibit 2

This exhibit contains the declaration of Edwin Desser, portions of which have been designated confidential by NCAA. NCAA's declaration supports sealing the specific dollar amounts mentioned in paragraph 45 of the declaration because the public disclosure of these amounts may be used by other broadcasters to gain a competitive advantage over NCAA in future negotiations.

6

The rest of paragraph 45, however, and the rest of Dresser's declaration must be filed in the public record.

### 2. Exhibit 25

This exhibit contains a 2007-08 annual operations report of an NCAA executive subcommittee. NCAA has designated as confidential three paragraphs on pages 8 and 9 of this report which discuss NCAA's bargaining strategy with respect to media rights contracts. Because the public disclosure of this strategy discussion could undermine NCAA's efforts to negotiate media rights contracts in the future, these paragraphs (i.e., the first three paragraphs of section I.B.3 of the report) may be redacted from the version of this exhibit filed in the public record. No other portions of the report may be redacted.

### 3. Exhibits 1, 8, 18, 66, 68, and 69

These exhibits have been designated confidential by Defendants or third parties. However, no declarations have been filed to support that designation. Accordingly, all of these exhibits to must be filed in the public record without redactions.

### 4. Opposition and Reply Brief

Plaintiffs represented that their summary judgment opposition and reply brief quotes or refers to documents that have been designated confidential by Defendants or third parties. No declarations have been filed by Defendants or third parties to support these designations. Further, none of the redacted portions of Plaintiffs' brief appears to contain any confidential information. Thus, an unredacted version of this brief must be filed in the public record.

II.  Defendants' Motions to Seal

    A.   Documents Filed in Connection with Defendants' Opening Summary Judgment Brief (Docket Nos. 932, 941)

NCAA moves to seal portions of exhibits 29, 36, 39, 40, 48, 65, 78, and 83 to the declaration of Carolyn H. Luedtke submitted in support of its opening summary judgment brief.

        1.   Exhibit 29

This exhibit contains Rubinfeld's September 2013 expert report. NCAA moves to seal the specific dollar amounts mentioned in paragraph 140 of the report. As noted above, these dollar amounts may be sealed. The rest of Exhibit 29 must be filed in the public record.

        2.   Exhibit 36

This exhibit contains Rubinfeld's November 2013 expert rebuttal report. Defendant Collegiate Licensing Company (CLC), NCAA, and third parties seek to seal several portions of this report. After reviewing the report, as well as the various declarations and prior orders that NCAA has cited in support of its sealing motion, the Court concludes that only the following portions of the report are sealable: the specific dollar amounts mentioned in paragraph 134; the athlete names and dollar amounts listed in the first and fourth columns of the table in Exhibit 1; the athlete names and licensee names listed in the first and third columns of the table in Exhibit 2; and the athlete names and dollar amounts listed in the first and second columns of the table in Exhibit 3. The other information that Defendants and the third parties seek to redact consists of non-specific descriptions of their business practices, references to non-sealable portions of

8

1  opposing experts' analyses, and vague estimates of some schools'
2  football- and basketball-related revenue from certain years.
3  Neither Defendants nor the third parties have adequately explained
4  how they would be harmed by the disclosure of this information.
5  Accordingly, these portions of Exhibit 36 to the Luedtke
6  declaration must be filed in the public record or the exhibit
7  withdrawn.

      3.   Exhibit 39

This exhibit contains Neal Pinson's November 2013 expert rebuttal report.  NCAA seeks to seal portions of this report that refer to non-sealable portions of an opposing expert's report.  As noted above, these references are not sealable.  This exhibit must therefore be filed in the public record without redactions or the exhibit withdrawn.

      4.   Exhibit 40

This exhibit contains Lauren Stiroh's November 2013 expert rebuttal report.  Once again, NCAA seeks to seal portions of this report that refer to non-sealable portions of an opposing expert's report.  These references -- most of which refer to publicly available information about the athletics budget of a state university -- are not sealable.  Thus, an unredacted version of this exhibit must be filed in the public record or the exhibit withdrawn.

      5.   Exhibit 48

This exhibit contains excerpts from Jay Bilas's deposition transcript.  Bilas designated these excerpts confidential but failed after notice to file a declaration to support that

9

1 designation. Accordingly, this exhibit must be filed in the
2 public record.

    6.  Exhibit 65

This exhibit contains excerpts from William Russell's deposition transcript, which were designated confidential by Plaintiffs. Plaintiffs' supporting declaration asserts that the disclosure of certain licensing terms discussed at the deposition would undermine Russell's ability to negotiate future licenses for the use of his name, image, and likeness. This declaration justifies redacting the specific dollar amounts mentioned on pages 66 and 68-71 of the transcript. It does not, however, justify redacting entire questions or answers which refer to those dollar amounts.

  Nor does it justify sealing the dollar amounts mentioned on pages 74 and 96, which pertain to payments Russell received for his work as an "NBA ambassador" (which involves more than simply licensing his name, image, and likeness) and for his appearances at specific NBA charitable events (which are non-commercial and organized by his employer). Plaintiffs have not adequately explained how the disclosure of the information on pages 74 and 96 would undermine Russell's ability to negotiate future licensing agreements.

  Thus, the only portions of this exhibit that may be redacted are the specific dollar amounts mentioned on pages 66 and 68-71. The rest of the exhibit must be unsealed.

    7.  Exhibit 78 and Paragraph 178 of the Luedtke Declaration

Exhibit 78 contains a broadcasting agreement between Turner

10

Broadcasting System, Inc. (TBS), CBS Broadcasting Inc., and NCAA. Both NCAA and TBS have submitted declarations asserting that their competitive interests would be undermined by the public disclosure of certain terms of this agreement. Specifically, they contend that paragraphs 12.2 and 13.3 of the agreement could be used by competing broadcasters to gain a competitive advantage over TBS in future negotiations for broadcast distribution rights. While this assertion justifies sealing paragraph 13.1, which describes specific licensing rights, it does not justify sealing paragraph 12.2, which includes terms that would apply equally to any broadcasters who sought to obtain distribution rights for NCAA events. Paragraph 12.2 of the agreement must therefore be filed publicly or the exhibit withdrawn.

Paragraph 178 of the Luedtke declaration quotes paragraph 12.2 of the broadcasting agreement contained in Exhibit 78. Because paragraph 12.2 must be filed publicly for the reasons explained above, paragraph 178 of the Luedtke declaration must also be filed publicly or withdrawn.

8. Exhibit 83 and Paragraph 184 of Luedtke Declaration

Exhibit 83 contains an e-mail sent from Candice Lee to Chase Garnham. The first three sentences of this e-mail, which are quoted in paragraph 184 of the Luedtke declaration, were designated confidential by Garnham. No declarations have been filed to support that designation. Accordingly, Exhibit 83 and paragraph 184 of the Luedtke declaration must be filed in the public record or withdrawn.

11

B.  Documents Filed in Connection with Defendants' Reply Brief (Docket No. 984)

NCAA moves to seal portions of exhibits 3, 5, and 7 to the declaration of Kelly Klaus submitted in support of its summary judgment reply brief.

### 1. Exhibit 3

This exhibit contains excerpts of Noll's deposition transcript, which Plaintiffs have designated confidential. No declarations have been filed to support that designation. Thus, this exhibit must be filed publicly.

### 2. Exhibit 5

This exhibit contains excerpts from Daniel Rascher's deposition transcript. NCAA seeks to seal portions of the transcript that refer to damage estimates in Rascher's expert report because, according to NCAA, these estimates could be used to calculate the confidential financial information of a certain private college. NCAA has failed to explain adequately how Rascher's damage estimates could be used in this way and the college itself has not filed any declaration to support sealing these estimates. Thus, NCAA has not presented compelling reasons for redacting these portions of Rascher's deposition transcript. An unredacted portion of this exhibit should therefore be filed in the public record or the exhibit withdrawn.

### 3. Exhibit 7

This exhibit contains excerpts of Rascher's September 2013 expert report. NCAA and CLC seek to seal portions of this report which tabulate aggregate damage estimates for student-athletes who attended a handful of (mostly public) schools in the America East conference. NCAA also seeks to seal portions of the report that

12

mention the average cost of attendance, average financial aid awards, and estimated damage awards for student-athletes who attended a public university in Indiana. The supporting declarations submitted by NCAA and CLC do not provide compelling reasons to seal these portions of Rascher's report. Accordingly, this exhibit must be filed in the public record or withdrawn.

## CONCLUSION

Plaintiffs' motions to seal (Docket Nos. 896, 960) are GRANTED in part and DENIED in part; NCAA's motions to seal (Docket Nos. 932, 941, 984) are GRANTED in part and DENIED in part.

Exhibits 2, 7, 19, 20, 22, and 24 to the first Scherrer declaration, submitted in support of Plaintiffs' opening summary judgment brief, must be filed in the public record without redactions. An unredacted version of Plaintiffs' opening brief must also be filed publicly. Exhibits 1 and 12 to the Scherrer declaration must be redacted as outlined above.

Exhibits 1, 8, 18, 66, 68, and 69 to the second Scherrer declaration, submitted with Plaintiffs' combined opposition and reply brief, must be filed publicly without any redactions along with an unredacted version of Plaintiffs' combined opposition and reply brief. Exhibits 2 and 25 to the second Scherrer declaration must be redacted as outlined above.

Exhibits 39, 40, 48, and 83 to the Luedtke declaration, submitted with NCAA's opening summary judgment brief, must be filed in the public record without redactions. Exhibits 29, 36, 65, 78 to that declaration must be redacted as outlined above.

13

Exhibits 3, 5, and 7 to the Klaus Declaration, filed in support of NCAA's summary judgment reply brief, must be filed publicly without any redactions.

IT IS SO ORDERED.

Dated: 2/20/2014

CLAUDIA WILKEN
United States District Judge

14