KEKER & VAN NEST LLP
ROBERT A. VAN NEST, #84065
rvannest@kvn.com
R. JAMES SLAUGHTER, #192813
rslaughter@kvn.com
ASIM M. BHANSALI, #194925
abhansali@kvn.com
R. ADAM LAURIDSEN, #243780
alauridsen@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415-391-5400
Facsimile:    415-397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION, | Case No. CV-09-1967-CW (NC)<br><br>**ELECTRONIC ARTS INC.'S RESPONSE TO RIGHT OF PUBLICITY PLAINTIFFS' AND NCAA'S JOINT PROPOSED SCHEDULE**<br><br>Judge:         Hon. Claudia Wilken<br><br>Date Comp. Filed:     May 5, 2009 |

The Right of Publicity ("ROP") Plaintiffs and the NCAA submitted proposed schedules for (1) pre-trial and trial dates for the *Keller* trial in February 2015, and (2) consideration of the preliminary approval motion with respect to the settlement of all claims asserted against Defendants Electronic Arts Inc. ("EA") and Collegiate Licensing Company ("CLC") in both the antitrust and right of publicity actions. *See* Dkt. 1077. The proposed schedules would lift the stay as to EA for all *Keller* pre-trial and trial dates pending approval of the settlement, and thus force EA to engage in voluminous written discovery and depositions, respond to ROP Plaintiffs' motion for class certification, file and respond to summary judgment motions and prepare for trial—all at the same time it and the Plaintiffs await what they anticipate will be a successful settlement of all ROP and antitrust claims brought against it. EA believes that a somewhat shorter approval schedule and a slightly later trial date will accommodate the parties' interests and address their concerns. EA objects to the ROP Plaintiffs and the NCAA's proposed schedules for the following reasons:

**First**, it is inefficient and unfair to lift the *Keller* stay when EA, the ROP Plaintiffs and the Antitrust Plaintiffs have settled all claims against EA and believe that their proposed settlement will be approved. EA objects to the proposed trial schedule as it explicitly calls for EA to be preparing for trial at the same time as the Court is considering the settlement. The proposed schedule would subject EA to voluminous written discovery and depositions and require EA to respond to ROP Plaintiffs' motion for class certification, as well as file and respond to summary judgment motions. The Court previously vacated all *Keller* litigation deadlines as to EA while the parties finalized their settlement agreement to avoid exactly this type of wasteful situation. *See* Stipulation and Order (Dkt. 870; Oct. 1, 2013) ("[T]he settling parties stipulate and jointly request that the Court stay all litigation and vacate all deadlines as to EA and CLC."). The ROP Plaintiffs' proposed schedule directly contradicts their prior stipulation and the Court's order. Engaging in discovery, motion practice and other trial preparation while the parties move towards approval of their settlement would be manifestly inefficient and would defeat the purpose of settling in order to avoid litigation costs, as Plaintiffs understand.

1   **Second**, no legal basis exists for lifting the mandatory *Keller* stay as to EA.  As this
2 Court previously held and has repeatedly affirmed, "EA's appeal imposes an **automatic** stay of
3 all proceedings related to the issues raised in its anti-SLAPP motion to strike."  Order re: Mot. to
4 Stay (Dkt. 253; Dec. 17, 2010) at 6 (emphasis added); *see also* Order re: Consolidating Cases
5 (Dkt. 458; May 21, 2012) at 3.  The ROP Plaintiffs now assert that the Court can enter a schedule
6 that lifts the stay, but they are wrong.  The only case Plaintiffs cite, *Batzel v. Smith*, 333 F.3d
7 1018 (9th Cir. 2003), confirms that the stay is not discretionary.  In *Batzel*, the Ninth Circuit held
8 that a party bringing an anti-SLAPP motion is entitled to take an immediate appeal of its denial.
9 *Id.* at 1025-26.  It is black-letter law that the appeal divests the trial court of jurisdiction over the
10 claims at issue.  *See*, *e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982).
11 Here, EA's anti-SLAPP appeal is still pending because the Supreme Court has not ruled on EA's
12 cert petition.  *See* Order re: Stay of Issuance of Mandate (Dkt. 853; Aug. 21. 2013) ("The stay
13 shall continue until final disposition by the Supreme Court.").  Thus, the Court currently lacks
14 discretion to lift the stay as to EA.

15   **Third**, the settlement approval schedule proposed by the ROP Plaintiffs is unnecessarily
16 long.  The parties anticipate filing the preliminary approval motion this week or early next.  The
17 Court should hear and consider that motion at its earliest convenience, preferably on the standard
18 35 days' notice or sooner—as no party has indicated that it opposes approval.  Instead, the ROP
19 Plaintiffs propose that the Court should wait more than three months—until late August 2014—
20 for a hearing on preliminary approval.  The ROP Plaintiffs attempt to justify this delay on
21 grounds of efficiency and clarity, but neither basis makes sense.  Postponing consideration of the
22 EA settlement until the NCAA litigation class is ready to be heard will push back completion of
23 the settlement process until early 2015.  The Court and the potential settlement class plaintiffs
24 gain nothing from this delay.  The Court already has the record it needs to consider the
25 settlement, and the ROP Plaintiffs identify no specific evidence to be obtained that will assist in
26 approval.  As for clarity, combining settlement and litigation class notification risks confusing
27 the class members since there are different considerations involved in opting out of a settlement
28 and of claims yet to be tried.  And while ROP Plaintiffs' counsel suggests that a delayed,

combined notice will "likely attract more media attention," the media has neglected no aspect of this case. The Antitrust Plaintiffs join EA in its third objection.

**Finally**, ROP Plaintiffs take out of context EA's statement that it could be ready for trial in February 2015. EA's counsel was not contemplating an abnormally long settlement approval process, stretching for eight months or longer and resulting in a final approval hearing in January 2015 or later. Should the settlement approval process prove unsuccessful, EA will require several months minimum to prepare for trial, including discovery of the ROP plaintiffs, class certification, experts, and summary judgment.

In light of all these circumstances, EA believes the Court should shorten the settlement approval process to enable a final approval hearing in early October 2014, and set the *Keller* trial for April 2015—to accommodate a 6-month preparation period in the event the settlement is not approved.

Dated: May 20, 2014                                KEKER & VAN NEST LLP

                                                   /s/ Robert A. Van Nest
                                         By:       ROBERT A. VAN NEST
                                                   R. JAMES SLAUGHTER
                                                   ASIM M. BHANSALI

                                                   Attorneys for Defendant
                                                   ELECTRONIC ARTS INC.