IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE NCAA STUDENT-ATHLETE NAME & LIKENESS LICENSING LITIGATION

_____/

No. C 09-1967 CW

ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL (Docket No. 1032)

On April 28, 2014, Defendant National Collegiate Athletic Association (NCAA) moved to certify an interlocutory appeal of the Court's April 2014 summary judgment order. Antitrust Plaintiffs oppose the motion. Several broadcasting companies and nonprofits, including the First Amendment Coalition; A&E Television Networks, LLC; ABC, Inc.; CBS Corporation; Discovery Communications, LLC; Fox Broadcasting Company; NBC Universal Media, LLC; National Public Radio, Inc.; Reporters Committee for Freedom of the Press; and Turner Broadcasting System, Inc., filed briefs as amici curiae in support of the NCAA's motion. After considering all of these submissions, the Court denies the NCAA's motion.

## BACKGROUND

On April 14, 2014, this Court issued an order granting in part and denying in part Antitrust Plaintiffs' motion for summary judgment and denying the NCAA's cross-motion for summary judgment. In that order, the Court rejected the NCAA's argument that there is no market for group licenses to use student-athletes' names, images, and likenesses in live game broadcasts because the First Amendment precludes student-athletes from asserting any rights of publicity in those broadcasts. The Court noted that "the First

1 Amendment does not bar Division I student-athletes from selling
2 group licenses to use their names, images, and likenesses in live
3 or recorded broadcasts of entire college football and basketball
4 games." Docket No. 1025, Summary Judgment Order, at 26.

5 The NCAA seeks leave to appeal this portion of the summary
6 judgment order. Specifically, it seeks leave to appeal the
7 Court's ruling that "the First Amendment does not guarantee media
8 organizations an unfettered right to broadcast entire sporting
9 events without regard for the participating athletes' rights of
10 publicity." Summary Judgment Order 16. It contends that the
11 Court, in reaching this conclusion, construed broadcasters' First
12 Amendment rights too narrowly and failed to recognize that, under
13 existing state law, athletes lack cognizable rights of publicity
14 in live sporting event broadcasts.

## DISCUSSION

16 A district court may certify an appeal of an interlocutory
17 order only if three factors are present: (1) the issue to be
18 certified involves a "controlling question of law," (2) there is
19 "substantial ground for difference of opinion" on the issue, and
20 (3) it is likely that an interlocutory appeal will "materially
21 advance the ultimate termination of the litigation." 28 U.S.C.
22 § 1292(b). These requirements are jurisdictional, and the party
23 seeking certification bears the burden of demonstrating that they
24 have been satisfied. Couch v. Telescope Inc., 611 F.3d 629, 633
25 (9th Cir. 2009).

26 "Section 1292(b) is a departure from the normal rule that
27 only final judgments are appealable, and therefore must be
28 construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d

2

1064, 1068 n.6 (9th Cir. 2002).  Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).  A district court has substantial discretion in deciding whether to grant a party's motion for certification.  Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), rev'd in part on other grounds, 106 F.3d 1125 (2nd Cir. 1997).

In this case, an interlocutory appeal is not appropriate because the ruling that the NCAA seeks to appeal does not involve a controlling question of law.  The Ninth Circuit has explained that, for the purposes of § 1292(b), a controlling question of law is one "which, if decided in favor of the appellant, would end the lawsuit." United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).  The First Amendment question in this case does not fall into that category because, even if it were resolved in the NCAA's favor, it would only affect the outcome of Antitrust Plaintiff's live broadcast claims and not their videogame and archival footage claims.  Moreover, with respect to the live broadcast claims themselves, the First Amendment issue represents only one part of the broader question that must ultimately be decided to determine antitrust liability: whether a market exists in which broadcasters, absent the challenged restraint, would compete for group licenses to use student-athletes' names, images, and likenesses in live game broadcasts.  As noted at the recent status conference, some broadcasters might have sought to purchase such group licenses, regardless of whether the First Amendment (or any other law) actually protects them from right-of-publicity

3

liability, simply as a precaution to avoid potential liability in the face of uncertain legal precedents. Thus, even if the Court of Appeals were to support the NCAA's position on the First Amendment question, that ruling would not, on its own, suffice to dispose of any of Antitrust Plaintiffs' claims in this action.

For the same reason, an interlocutory appeal on this issue would not "materially advance the ultimate termination of the litigation." If anything, certifying an interlocutory appeal at this stage of the proceedings would delay the ultimate termination of this case, given that the appeal would require a continuance of the trial, which is currently set for June 2014. The Ninth Circuit has recognized that an interlocutory appeal that threatens to delay trial is not likely to advance materially the termination of the lawsuit. Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) ("Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before July, 1988, when trial is currently scheduled."). Indeed, another part of this litigation was subject to an interlocutory appeal which has been pending for four years, halting that part of the case.

The NCAA and amici note that the First Amendment issue in this case raises a question of first impression and they cite various cases to argue that the Court should have resolved the issue differently. This not enough, however, to establish a "substantial ground for difference of opinion." See Couch, 611 F.3d at 633 ("'[J]ust because a court is the first to rule on a particular question or just because counsel contends that one

4

precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" (citations omitted)).  Accordingly, certification of an interlocutory appeal is not justified here.

## CONCLUSION

For the reasons set forth above, the NCAA's motion to certify an interlocutory appeal (Docket No. 1032) is DENIED.

IT IS SO ORDERED.

Dated: 5/23/2014

CLAUDIA WILKEN
United States District Judge