IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD O'BANNON, et al.,

    Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS INC.; and COLLEGIATE LICENSING COMPANY,

    Defendants.

No. C 09-3329 CW

ORDER RESOLVING MOTIONS IN LIMINE (Docket Nos. 1063, 1069)[1]

On May 28, 2014, the Court held a pretrial conference and heard arguments regarding the parties' motions in limine. After considering the parties' submissions and oral argument, the Court resolves the motions in limine as set forth below.

I. Plaintiffs' Motions in Limine

    A. No. 1: Motion to Exclude Non-Expert Live Witnesses from Testifying in the NCAA's Case Who Were Not Made Available for Live Testimony in Plaintiffs' Case-in-Chief

Plaintiffs move to preclude three of the NCAA's witnesses -- Mark Emmert, David Berst, and Wallace Renfro -- from testifying at trial unless the NCAA makes them available to testify during Plaintiffs' case-in-chief.

This motion is DENIED. As explained at the pretrial conference, each live witness will only be called to testify once, at which time each side will conduct both its direct and cross-examinations. Accordingly, it is not necessary to ensure that the

---

[1] All citations in this order to docket numbers refer to the docket in case no. 09-1967.

NCAA's non-expert witnesses be made available to testify during Plaintiffs' case-in-chief. Plaintiffs will have an opportunity to question these witnesses fully when the NCAA presents its defense case. If the NCAA does not intend to call Mr. Renfro or Mr. Berst, then it shall notify Plaintiffs by 11:00 a.m. on June 4, 2014, as set forth below, and Plaintiffs may use their depositions.

> B. No. 2: Motion to Exclude Testimony of Previously Undisclosed NCAA Witnesses, or Requiring the NCAA to Produce Them for Deposition Prior to Trial

Plaintiffs move to preclude nine of the NCAA's non-party witnesses from testifying at trial.[2] Plaintiffs contend that the NCAA failed to disclose these witnesses under Federal Rule of Evidence 26 and that, as a result, they have not had an opportunity to depose any of these witnesses.

This motion is GRANTED in part and DENIED in part. The NCAA may call the following six witnesses at trial: Britton Banowsky, David Brandon, Mary Sue Coleman, Mark Hollis, Bernard Muir, and Harris Pastides. Plaintiffs have known for several months that these witnesses might be called to testify at trial because each of them submitted a declaration in support of the NCAA's motion for summary judgment in December 2013. As discussed at the pretrial conference, the NCAA shall make each of these witnesses available, by video-conference if necessary, for a deposition of up to four hours no less than seventy-two hours before the witness is called to testify at trial. These witnesses will only be

---

[2] Plaintiffs originally moved to preclude twelve of the NCAA's witnesses from testifying but the NCAA, in its opposition brief, withdrew three of those witnesses: Dustin Page, Kendall Spencer, and Wendy Walters.

2

permitted to testify on the matters discussed in their summary judgment declarations and only to the extent permitted by the ruling on Plaintiffs' motion in limine no. 7.

The NCAA may not call Kevin Anderson, Michael Drake, and Rod McDavis because it did not provide Plaintiffs with adequate notice that these witnesses might testify at trial.

### C. No. 3: Motion to Exclude Testimony of John Paul "Sonny" Vaccaro

This motion is GRANTED. The NCAA has proffered no relevant testimony from Mr. Vaccaro on any disputed issues of fact in this case.

### D. No. 4: Motion to Exclude Witnesses, Except for One Party Representative, from the Courtroom Unless They Are Testifying

This motion is DENIED as moot in light of the NCAA's representation that only one of its testifying corporate representatives will be present during the trial.

### E. No. 5: Motion to Exclude Evidence of Failure to Mitigate

Plaintiffs have withdrawn this motion.

### F. No. 6: Motion to Preclude Evidence and Argument That There Is No Restraint on Former College Athletes

Plaintiffs have withdrawn this motion.

### G. No. 7: Motion to Preclude Speculative Testimony From Conference Commissioners and University Administrators

Plaintiffs move to exclude the testimony of Division I conference commissioners and university administrators regarding the NCAA's procompetitive justifications of (1) competitive balance, (2) amateurism, and (3) the integration of academics and athletics.

This motion is GRANTED in part and DENIED in part. Both the conference commissioners and university administrators may testify about amateurism and the integration of academics and athletics. However, only the conference commissioners may testify about competitive balance.

Federal Rule of Evidence 701 precludes lay witnesses from offering opinion testimony on matters that are not "rationally based on the witness's perception." Fed. R. Evid. 701(a). Under this rule, the university administrators who submitted summary judgment declarations are not qualified to offer their opinions on whether the challenged restraint enhances competitive balance among Division I football or basketball teams. These administrators -- many of whom do not even work in the athletic department of their respective universities -- cannot express probative opinions about the level of competitive balance <u>between</u> schools based solely on their experience implementing the challenged NCAA rules or observing how they operate <u>within</u> individual schools. The conference commissioners, in contrast, may potentially offer probative testimony on this subject because their work regularly exposes them to competition between schools.

H. No. 8: Motion to Preclude Evidence of Offsets

Plaintiffs have withdrawn this motion.

I. No. 9: Motion to Preclude Evidence of Aggregate College Athlete Graduation Rates

This motion is DENIED. Plaintiffs' contention that this evidence is irrelevant and prejudicial does not justify excluding it at this stage. Concerns about relevance and prejudice are reduced significantly when, as here, a case is tried to a judge

4

instead of a jury. See EEOC v. Farmer Bros. Co., 31 F.3d 891, 898 (9th Cir. 1994) ("[I]n a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial.").

   J.   No. 10: Motion to Permit Presentation of National Labor
        Relations Board Factual Findings

This motion is DENIED. Plaintiffs may not introduce the factual findings set forth in the recent decision of the Chicago Regional Director of the National Labor Relation Board (NLRB) in Northwestern University & College Athletes Players Association, No. 13-RC-121359, 2014 WL 1246914 (Mar. 26, 2014).

   K.   No. 11: Motion to Preclude Evidence and Argument
        Regarding the Promoting-Other-Sports Justification and
        Require an Offer of Proof on the Integration-of-
        Athletics-and-Education Justification

This motion is DENIED. Although the NCAA may not argue that the challenged restraint helps promote women's sports or less prominent men's sports, it will not be precluded from presenting evidence merely because it relates to women's sports or less prominent men's sports. This evidence may be relevant to other disputed issues of fact and, like the evidence discussed above, carries a minimal risk of prejudice because this case will not be tried to a jury. The Court may exercise its traditional power to regulate the admission of evidence at trial to ensure that time is not wasted on the presentation of irrelevant evidence or previously rejected arguments concerning women's sports and less prominent men's sports. Accordingly, it is not necessary to exclude any evidence or arguments on this subject at the present stage nor to require an offer of proof on the NCAA's argument that

the integration of academics and athletics is a legitimate procompetitive justification.

L. No. 12: Motion to Preclude Evidence and Argument Regarding Single Enterprise Defense

This motion is DENIED as moot. The NCAA has represented that it will withdraw its single-enterprise defense and "will not introduce evidence that it is a single enterprise" at trial. NCAA Opp. MILs at 21. These representations shall not preclude the NCAA from presenting evidence or arguing that it operates as a joint venture.

M. No. 13: Motion to Preclude Evidence and Argument Regarding Affirmative Defense of Consent

This motion is DENIED. As explained at the pretrial conference, motions in limine are not a proper vehicle for resolving dispositive issues of law.

II. NCAA's Motions in Limine

A. No. 1: Motion to Exclude Evidence and Argument About Injuries in College Sports

This motion is DENIED. Plaintiffs may present evidence of injuries suffered by student-athletes to the extent that it is relevant to their claims in this case. Once again, this evidence carries a minimal risk of prejudice because this case will be tried to a judge instead of a jury.

B. No. 2: Motion to Exclude Evidence and Arguments about Licensing Unrelated to Live Broadcasts, Rebroadcasts or Clips, or Videogames

This motion is DENIED. Plaintiffs may present evidence or arguments concerning licensing unrelated to live broadcasts, archival footage, and videogames to the extent that they are relevant to their claims in this case.

C.  No. 3: Motion to Exclude References to the NLRB Decision Regarding College Athlete Unionization

This is GRANTED. As noted above, Plaintiffs may not introduce as evidence any of the factual findings or legal conclusions contained in the NLRB Chicago Regional Director's decision in Northwestern University, No. 13-RC-121359, 2014 WL 1246914. Plaintiffs may, however, cite this decision, to the extent that it is relevant, as non-binding legal authority in their trial brief.

D.  No. 4: Motion to Exclude Reports of Third-Party Observers and Media About Collegiate Athletics

This motion is GRANTED in part and DENIED in part. Plaintiffs may not introduce any media reports or reports produced by third-party groups, such as the Knight Commission,[3] for the truth of the matter asserted in those reports. Plaintiffs' experts, however, may refer to certain facts or data contained in these reports to explain how they formed their opinions. Federal Rule of Evidence 703 permits an expert witness to rely on inadmissible facts or data if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject." Here, experts for both parties relied on facts and data contained in media reports and the Knight Commission report; accordingly, these experts may refer to relevant portions of those reports to explain how they formed their opinions.

As noted at the pretrial conference, Plaintiffs may also introduce statements from the Knight Commission report for

---

[3] The NCAA also moved to preclude Plaintiffs from introducing any reports produced by the Drake Group but Plaintiffs, in their opposition, indicated that they do not intend to introduce any such reports.

7

impeachment purposes. Those statements, however, may not be introduced for the truth of the matter asserted therein unless Plaintiffs can show that they were made "under penalty of perjury." See Fed. R. Evid. 801(d)(1)(A) (providing that a declarant's prior statement does not constitute hearsay if it "is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition"). The Federal Rules of Evidence make clear that, while a witness's prior inconsistent statements may always be used for impeachment purposes, they may only be introduced as substantive evidence if they were made under oath. See Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1356 (9th Cir. 1988) (noting that "prior inconsistent statements given in a prior proceeding under oath may come in as substantive evidence" under Rule 801(d)(1)(A) (emphasis added)).

E.  No. 5: Motion to Bar Admission of Walter Byers' Book, Unsportsmanlike Conduct

This motion is GRANTED. Mr. Byers' book constitutes inadmissible hearsay and, as such, may not be introduced for the truth of the matter asserted therein. As noted above, however, under Federal Rule of Evidence 703, Plaintiffs' experts may refer to any facts or data contained in the book to the extent that they actually relied on those facts or data in forming their opinions and experts in their field would have reasonably relied on the same facts and data.

F.  No. 6: Motion to Preclude Expert Testimony by Taylor Branch and Ellen Staurowsky

The NCAA moves to preclude two of Plaintiffs' experts, Taylor Branch and Ellen Staurowsky, from testifying. First, it moves to

8

preclude Mr. Branch from offering expert opinion testimony under Federal Rule of Evidence 702 on whether or not amateurism is a legitimate procompetitive justification for the challenged restraint. Second, it moves to preclude Dr. Staurowsky from testifying because it contends that she is merely a conduit for the admission of hearsay evidence.

This motion is GRANTED in part and DENIED in part. Mr. Branch is precluded from testifying as an expert under Rule 702 because his testimony will not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Although Mr. Branch is a renowned writer and historian, his expert report consists mostly of historical facts, etymological information, and quotations from secondary sources, none of which appears to be in dispute. The report also contains information that appears in the reports of Plaintiffs' other experts. Thus, because Mr. Branch's report will not aid the Court in understanding any of the evidence or determining any facts in issue, his testimony cannot satisfy the requirements of Rule 702. As discussed at the pretrial conference, Plaintiffs may propose a narrative of historical facts and etymological information to be included in the parties' statement of undisputed facts. If the NCAA objects to the inclusion of any of these facts without a principled basis, the Court will reconsider allowing Mr. Branch to testify.

Unlike with Mr. Branch, the NCAA does not challenge Dr. Staurowsky's qualifications under Rule 702. Dr. Staurowsky may therefore testify on any of the subjects discussed in her expert report. As explained above, she may refer to facts or data

9

contained in media reports or reports produced by third parties provided that she actually relied on those facts and data to form her opinion and experts in her field would also reasonably rely on the same facts and data. See Fed. R. Evid. 703.

G.  No. 7: Motion to Bar Admission of Walter Byers' Deposition Testimony from the White v. NCAA Case

This motion is GRANTED in part and DENIED in part. Plaintiffs may present portions of Mr. Byers' White deposition testimony that concern subjects on which the NCAA had a "similar motive" to cross-examine him as it would have had in the present case. Fed. R. Evid. 804(b)(1)(B).[4] Plaintiffs may not, however, introduce any portions of Mr. Byers' deposition testimony concerning any other subject nor may they use Mr. Byers' deposition testimony as a conduit for the admission of any evidence that would otherwise be inadmissible, such as Mr. Byers' book.

H.  No. 8: Motion to Bar References to Wealth or Income of any Defense Witness or NCAA or University Employee

This motion is DENIED. Evidence of income or wealth derived from revenue generated by college athletics is potentially relevant and carries a minimal risk of prejudice because this case will proceed as a bench trial.

---

[4] The NCAA notes that the magistrate judge in this case previously ruled that Plaintiffs could not rely on Mr. Byers' deposition testimony from White under Federal Rule of Civil Procedure 32(a)(8) because White involved different subject matter from the present case. See Fed. R. Civ. P. 32(a)(8) ("A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties"). Even if the magistrate judge's decision were binding on this Court, however, it would be inapposite here because it was decided under a different legal standard before Plaintiffs had fully developed their theory of the present case.

I. No. 9: Motion to Exclude the Admission of Student-Athlete Eligibility Forms Authored by Schools or Conferences

This motion is DENIED. Plaintiffs may introduce student-athlete eligibility forms produced by NCAA Division I schools or conferences; however, Plaintiffs must present some evidence of a nexus between these forms and the NCAA.

J. No. 10: Motion to Exclude Evidence Concerning Adjudicated or Alleged Criminal Conduct Unrelated to the Rules at Issue Here

This is GRANTED. Plaintiffs failed to provide a substantive opposition to this motion and have not identified any instances of alleged or adjudicated criminal conduct relevant to this case.

K. No. 11: Motion to Exclude References to Whether the NCAA Called any Current or Former Student-Athletes

This motion is DENIED as moot. Plaintiffs represented that the parties have reached an agreement to resolve this motion.

L. No. 12: Motion to Preclude Evidence or Argument About Supposedly Less Restrictive Alternatives That Dr. Roger Noll Has Not Analyzed

This motion is DENIED. Plaintiffs represented at the hearing that they will not proffer any less restrictive alternatives at trial that their experts did not discuss in their reports. To the extent that Plaintiffs' experts intend to rely on any "new facts" to support their proffered less restrictive alternatives, as Plaintiffs indicated at the pretrial conference, they must disclose those facts to the NCAA by 5:00 p.m. on May 30, 2014.

M. No. 13: Motion to Exclude Testimony of Mary Willingham if the Court Excludes the Testimony of NCAA Witnesses not Listed by Name in Rule 26 Disclosures

This motion is DENIED as moot in light of Plaintiffs' representation at the hearing that they do not intend to call Willingham as a witness.

11

CONCLUSION

The parties' motions in limine (Docket Nos. 1063, 1069) are resolved as set forth above.

Before 5:00 p.m. on May 30, 2014, Plaintiffs shall disclose to the NCAA any new facts on which their experts intend to rely to support their proffered less restrictive alternatives. The NCAA shall file a list of every witness it intends to call at trial by 11:00 a.m. on June 4, 2014. Plaintiffs shall file proposed language for the injunction that they are seeking by 4:00 p.m. on June 6, 2014. The parties shall work in good faith to produce a joint statement of undisputed facts -- including any narrative of historical facts -- which they shall submit to the Court no later than June 6, 2014.

The deadline for the NCAA to submit its trial brief is hereby continued to June 5, 2014. The brief shall not exceed twenty-five pages in length.

A bench trial of no more than fifteen days shall commence at 8:30 a.m. on June 9, 2014.

IT IS SO ORDERED.

Dated: 5/30/2014

CLAUDIA WILKEN
United States District Judge

12