| | |
|---|---|
| Gregory L. Curtner (*Pro Hac Vice*) <br> Robert J. Wierenga (SBN 183687) <br> Kimberly K. Kefalas (*Pro Hac Vice*) <br> SCHIFF HARDIN LLP <br> 350 South Main St., Suite 210 <br> Ann Arbor, MI 48104 <br> Telephone: (734) 222-1500 <br> Facsimile: (734) 222-1501 <br> gcurtnery@schiffhardin.com <br> rwierenga@schiffhardin.com <br> kkefalas@schiffhardin.com <br> *Attorneys for Defendant National Collegiate Athletic Association* <br><br> KEKER & VAN NEST LLP <br> Robert A. Van Nest <br> R. James Slaughter <br> 633 Battery Street <br> San Francisco, CA 94111 <br> Tel:  (415) 391-5400 <br> Fax: (415) 397-7188 <br> rslaughter@kvn.com <br> *Attorneys for Defendant Electronic Arts Inc.* <br><br> [Additional Counsel Listed on Signature Page] | HAGENS BERMAN SOBOL SHAPIRO LLP <br> Robert B. Carey (*Pro Hac Vice*) <br> Leonard W. Aragon (*Pro Hac Vice*) <br> 11 West Jefferson, Suite 1000 <br> Phoenix, Arizona 85003 <br> Telephone: (602) 840-5900 <br> Facsimile: (602) 840-3012 <br> rob@hbsslaw.com <br> leonard@hbsslaw.com <br><br> HAUSFELD LLP <br> Michael P. Lehmann (Cal. Bar No. 77152) <br> Arthur N. Bailey, Jr. (Cal. Bar No. 248460) <br> 44 Montgomery St., 34th Floor <br> San Francisco, CA 94104 Telephone: (415) 633-1908 Facsimile: (415) 358-4980 <br> Email: mlehmann@hausfeldllp.com <br> abailey@hausfeldllp.com <br><br> *Counsel for Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| SAMUEL MICHAEL KELLER, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br> ELECTRONIC ARTS, INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY, <br><br> Defendants. | Case No. 4:09-cv-1967 CW <br><br> **JOINT FILING OF AMENDED SETTLEMENT AGREEMENTS AND EXHIBITS THERETO** <br><br> Judge: Hon. Claudia Wilken <br> Courtroom: 2, 4th Floor <br> Complaint Filed: May 5, 2009 |
| EDWARD O'BANNON, et al., <br><br> Plaintiffs, <br> v. <br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC., <br><br> Defendants. | Case No. 09-cv-3329 CW |

This filing is submitted jointly by the Right of Publicity Plaintiffs ("ROP Plaintiffs"),[1] Antitrust Plaintiffs,[2] Ryan Hart, Electronic Arts Inc. ("EA"), and the National Collegiate Athletic Association ("NCAA") (collectively, "the Parties"), pursuant to the Court's request.

## I.   BACKGROUND

After reaching agreement on a proposed class action settlement, the ROP Plaintiffs, Antitrust Plaintiffs, EA, and Ryan Hart filed their proposed settlement papers with the Court on May 30, 2014. (Keller Dkt. 1108.) Likewise, after reaching agreement on a proposed class action settlement, the ROP Plaintiffs and the NCAA filed their proposed settlement papers with the Court on June 30, 2014. (Keller Dkt. 1138.)

On July 3, 2014, the Court held a telephonic status conference and provided comments on the Parties' proposed class notices and claim form. The Court requested that the Parties submit revised settlement papers, and rescheduled the Preliminary Approval Hearing for both Settlements to July 24, 2014, at 2:00 p.m. In an effort to address the Court's comments[3] and to harmonize the provisions of their respective settlements in order to streamline the class notice and claims process, the Parties have revised their settlement papers, and attach hereto the exhibits listed below in Section III.[4] In addition to the attached exhibits, Class Counsel will, by July 23, 2014, be

---

[1] The ROP Plaintiffs are: Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, Bryon Bishop, Shawne Alston, and Ryan Hart.

[2] The Antitrust Plaintiffs are: Edward C. O'Bannon Jr., Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Tate George, Jake Fischer, Jake Smith, Darius Robinson, Moses Alipate and Chase Garnham.

[3] During the status conference, the Court commented regarding the proposed "appeal" process by which claimants may contest their claims decisions (*see* Paragraph 62(g) of the NCAA Settlement Agreement (Ex. 2) and Paragraph 76(g) of the EA Settlement Agreement (Ex. 1)).The Parties wish to clarify that the appeal process does not provide for automatic appeals to the Court. Instead, claimants are required to submit an appeal initially to the Notice and Claims Administrator, who, working with Class Counsel, will use its best efforts to reach a resolution with the objecting claimant. Only if a resolution cannot be reached may the claimant (if he chooses) appeal that decision to the Court. Furthermore, the Court may, in its sole discretion, refer the appeal to a Magistrate Judge, special master, or other person.

[4] In addition, pursuant to Federal Rule of Civil Procedure 23(e)(3), the NCAA informs the Court of a confidential agreement between the NCAA, EA, and CLC (described in Paragraph 49 of the NCAA Settlement Agreement). At the Court's request, the NCAA will provide a copy of that agreement for the Court's *in camera* review.

submitting a supplement to the motions and memoranda in support of preliminary approval of the settlements.

As the Court is aware, on July 11, 2014, the Court granted the joint motion of EA and the ROP Plaintiffs for an order for an indicative ruling under FRCP 62.1 so that the parties could request a limited remand from the Ninth Circuit. (Dkt. 1152.) On July 16, 2014, EA and the ROP Plaintiffs alerted the Ninth Circuit of the Court's Order and request a limited remand for the purposes of considering the settlement. As of the date and time of this filing, the Ninth Circuit has not acted upon the parties' request.

## II.     OUTSTANDING DISPUTE

Despite the Parties' best efforts, they were unable to agree on the exact language of the Notices. The Parties agree to the *plan* of notice, but disagree about a sentence in the Notices, as related to the *O'Bannon* trial. The Parties propose two alternative statements, because the NCAA and ROP Plaintiffs do not agree with Antitrust Plaintiffs' position that the NCAA settlement does not affect the injunctive relief claims of the Antitrust Class. The two alternatives are:

**Alternative 1** [proposed by ROP Plaintiffs and the NCAA]:

> You may have heard recently about a trial in a case by student-athletes (led by Edward O'Bannon) against the NCAA. Although the trial involved claims that the NCAA used student-athlete likenesses without permission, those claims were against the NCAA only for violations of antitrust laws. Also unlike the claims being resolved by this settlement, the claims in the trial did not involve claims for cash payments.

**Alternative 2** [proposed by Antitrust Plaintiffs]:

> You may have heard recently about a class-action trial involving student-athletes (led by Ed O'Bannon) against the NCAA. Although the trial involved claims that the NCAA used student-athlete likenesses without permission, those claims were against the NCAA only, for violations of antitrust laws. Additionally, that trial concerned a request for injunctive relief (a court order discontinuing certain practices)—not cash payments for past conduct. The "EA Videogame Settlement" and the "NCAA Videogame Settlement" do not affect the injunctive claims recently tried in the O'Bannon v. NCAA case.

**Antitrust Plaintiffs' Position:**

Antitrust Plaintiffs intend to submit a short statement to the Court detailing their position that the release contained in the NCAA Videogame settlement cannot release or otherwise affect the injunctive claims encompassed by the *O'Bannon* trial. The two alternatives differ substantively only in the final sentence of Alternative 2. The Antitrust Plaintiffs propose the following as the final sentence:

> The EA Videogame Settlement" and the "NCAA Videogame Settlement" do not affect the injunctive claims recently tried in the *O'Bannon v. NCAA* case.

**ROP Plaintiffs' Position:**

The ROP Plaintiffs believe this statement is not correct in that the release may affect the injunctive claims recently tried in the *O'Bannon v. NCAA* case to the extent they relate to videogames manufactured and distributed by Defendants Electronic Arts. The ROP Plaintiffs believe that the release should not affect any prospective injunction issued by this Court, but cannot agree to the statement set forth by the Antitrust Plaintiffs, and therefore believe that the first alternative paragraph is the proper statement to send to class members.

This same language and dispute about the scope of the release contained in the NCAA Videogame Settlement is noted in the proposed Joint Notices.

**NCAA's Position:**

The NCAA agrees with the ROP Plaintiffs that the language proposed by the Antitrust Plaintiffs is not correct. A settlement can affect pending claims, and before the start of the *O'Bannon* trial, the NCAA settled and resolved all EA Videogame claims with the lead counsel appointed to oversee the development and resolution of those claims in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*. The NCAA settled in order to achieve resolution of all claims relating to the alleged use of student-athletes' names, images, and likenesses in EA Videogames. The Antitrust Plaintiffs presented evidence relating to EA Videogames in the *O'Bannon* trial, but their choice to present this evidence does not negate the NCAA's settlement of EA Videogame claims. A class settlement can compromise and release all claims relating to a

3

particular subject—here, collegiate-themed videogames. The NCAA agrees that the Court has jurisdiction over these matters.

To the extent the Court determines that additional information about the *O'Bannon* trial is required for the Notices, the NCAA proposes the following as an alternative to the Antitrust Plaintiffs' proposal, to be inserted at the end of Alternative 1:

> The NCAA believes that the *O'Bannon* antitrust injunction claims are covered by the NCAA Videogame Settlement. The *O'Bannon* Plaintiffs believe that they are not. The Parties agree that the Court has the authority to decide these issues.

### III.   LIST OF EXHIBITS

Below is a list of the exhibits attached hereto, which represent the revised Joint Notices and claim form requested by the Court, together with the Parties' amended settlement agreements.

**Ex. 1 – Amended EA Settlement Agreement,** *including the following exhibits:*

    Ex. A – Proposed EA Preliminary Approval Order [AMENDED]

    Ex. B – Draft Mailed Notice (with disputed language highlighted) [AMENDED]

    Ex. C –  Draft Published Notice (with disputed language highlighted) [AMENDED]

    Ex. D – Draft Claim Form [AMENDED]

    Ex. E – Fourth Consolidated Amended Class Action Complaint [SAME AS ORIGINAL FILING]

    Ex. F – Alston Consent Order & Stip. To Stay Proceeding and Request for Voluntary Dismissal [SAME AS ORIGINAL FILING]

    Ex. G – Hart Consent Order & Stip. To Stay Proceeding and Request for Voluntary Dismissal [SAME AS ORIGINAL FILING]

**Ex. 2 – Amended NCAA Settlement Agreement,** *including the following exhibits:*

    Ex. A – Proposed NCAA Preliminary Approval Order [AMENDED]

    Ex. B – Draft Mailed Notice [AMENDED]

    Ex. C – Draft Published Notice [AMENDED]

    Ex. D – Draft Claim Form [AMENDED]

**Ex. 3 – JOINT Amended Draft Mailed Notice (with disputed language highlighted)**

**Ex. 4 – JOINT Amended Draft Published Notice (with disputed language highlighted)**

**Ex. 5 – JOINT Amended Draft Claim Form (approved by all Parties)**

| | | |
|---|---|---|
| 1 | Dated: July 23, 2014 | HAGENS BERMAN SOBOL Shapiro LLP |

By   /s/ Robert B. Carey
Robert B. Carey (Pro Hac Vice)
Leonard W. Aragon (Pro Hac Vice)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Tel:  (602) 840-5900
Fax:  (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com

Steve Berman (Pro Hac Vice)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Tel:  (206) 623-7292
Fax:  (206) 623-0594
steve@hbsslaw.com

Stuart M. Paynter (226147)
Celeste H.G. Boyd (*Pro Hac Vice*)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, DC 20005
Tel: (202) 626-4486
Fax:  (866) 734-0622
stuart@smplegal.com
cboyd@smplegal.com

*Attorneys for* Keller *Named Plaintiffs*

Dated:  July 23, 2014                          SCHIFF HARDIN LLP

By   /s/ Gregory L. Curtner
Gregory L. Curtner (*Pro Hac Vice*)
350 Main Street, Suite 210
Ann Arbor, Michigan 48104
Tel:  (734) 222-1500
Fax:  (734) 222-1501
gcurtner@schiffhardin.com

Glenn D. Pomerantz (112503)
MUNGER, TOLLES, & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Tel:  (415) 512-4000
Fax:  (415) 512-4077
glenn.pomerantz@mto.com

*Attorneys for Defendant National Collegiate Athletic Association*

| | |
|---|---|
| Dated: July 23, 2014 | HAUSFELD LLP |
| | |
| | /s/ Michael P. Lehmann |
| | Michael P. Lehmann (Cal. Bar No. 77152) |
| | 44 Montgomery Street, 34th Floor |
| | San Francisco, CA 94104 |
| | Tel: (415) 633-1908 |
| | Fax: (415) 358-4980 |
| | mlehmann@hausfeldllp.com |
| | |
| | Michael D. Hausfeld (*pro hac vice*) |
| | HAUSFELD LLP |
| | 1700 K Street, NW, Suite 650 |
| | Washington, DC 20006 |
| | Tel: (202) 540-7200 |
| | Fax: (202) 540-7201 |
| | mhausfeld@hausfeldllp.com |
| | |
| | *Plaintiffs' Interim Co-Lead Class Counsel with Primary Responsibility for the Antitrust Claims* |
| | |
| | KEKER & VAN NEST LLP |
| | |
| | /s/ R. James Slaughter |
| | Robert A. Van Nest |
| | R. James Slaughter |
| | 633 Battery Street |
| | San Francisco, CA 94111 |
| | Tel: (415) 391-5400 |
| | Fax: (415) 397-7188 |
| | rslaughter@kvn.com |
| | |
| | *Attorneys for Defendant Electronic Arts Inc.* |
| Dated: July 23, 2014 | THE MCKENNA LAW FIRM, LLC |
| | |
| | /s/ Keith McKenna |
| | Keith McKenna |
| | 96 Park Street |
| | Montclair, New Jersey 07042 |
| | Tel: (973) 509-0050 |
| | Fax: (973) 509-3580 |
| | keith.mckenna@mcklaw.net |
| | |
| | Dennis J. Drasco, Esq. |
| | Arthur M. Owens, Esq. |
| | LUM, DRASCO & POSITAN LLC |
| | 103 Eisenhower Pkway |
| | Roseland, New Jersey 07068 |
| | Tel: (973) 403-9000 |
| | Fax: (973) 403-9021 |
| | ddrasco@lumlaw.com |
| | aowens@lumlaw.com |
| | |
| | *Attorneys for Plaintiff Hart* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the following non-CM/ECF participants:

Arthur N. Bailey
ARTHUR N. BAILEY & ASSOCIATES
111 West Second Street, Suite 4500
Jamestown, NY 14701

David P. Borovsky
LONG & LEVITT LLP
465 California Street, Ste. 500
San Francisco, CA 94104

Austin B. Cohen
Howard J. Sedran
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Dennis J. Drasco
Arthur Owens
LUM DANZIS DRASCO & POSITAN LLC
103 Eisenhower Parkway
Roseland, NJ 07068

Keith McKenna
THE MCKENNA LAW FIRM LLC
96 Park Street
Montclair, NJ 07042

Hilary K. Scherrer
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C. 20006

Jack Simms
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015

Sara M. Vanderhoff
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Thomas Kay Boardman
PEARSON SIMON, WARSHAW AND PENNY, LLP
44 Montgomery St., Suite 2450
San Francisco, CA 94104

Stanley M. Chesley
WAITE SCHNEIDER BAYLESS & CHESLEY
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, Ohio 45202

Courtney Elizabeth Curtis
GERSH | DERBY, LLP
15821 Ventura Boulevard, Suite 515
Encino, CA 91436

David A. Goodwin
608 Second Avenue South
Minneapolis, MN 55402

Nathan M. Rehn
MUNGER TOLLER & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

Joe Sibley
CAMARA & SIBLEY LLP
2339 University Boulevard
Houston, Texas 77005

Jeremy S. Spiegel
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

/s/ Robert B. Carey
ROBERT B. CAREY