MICHAEL D. HAUSFELD (*pro hac vice*)
mhausfeld@hausfeldllp.com
HILARY K. SCHERRER (SBN 209451)
hscherrer@hausfeldllp.com
SATHYA S. GOSSELIN (SBN 269171)
sgosselin@hausfeldllp.com
SWATHI BOJEDLA (*pro hac vice*)
sbojedla@hausfeldllp.com
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, D.C. 20006
Telephone:   (202) 540-7200
Facsimile:    (202) 540-7201

MICHAEL P. LEHMANN (SBN 77152)
mlehmann@hausfeldllp.com
BRUCE J. WECKER (SBN 78530)
bwecker@hausfeldllp.com
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:   (415) 633-1908
Facsimile:    (415) 358-4980

*Plaintiffs' Class Counsel with Principal Responsibility for the Antitrust Claims*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SAMUEL MICHAEL KELLER, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br>ELECTRONIC ARTS, INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br>    Defendants. | Case No. 4:09-cv-1967 CW<br><br>**ANTITRUST PLAINTIFFS' ADDITIONAL STATEMENT REGARDING THE NCAA-ROP SETTLEMENT**<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor |
| EDWARD O'BANNON, et al.,<br>    Plaintiffs,<br>    v.<br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC.,<br>    Defendants. | Case No. 09-cv-3329 CW |

1

The Antitrust Plaintiffs ("APs") wish to further detail their concerns with the release clause contained in the settlement agreement ("NCAA Videogame Settlement") between the Right of Publicity Plaintiffs ("ROPs") and the National Collegiate Athletic Association ("NCAA") concerning NCAA-licensed videogames produced by Electronic Arts, Inc. ("EA"). APs also seek the Court's guidance to clarify any combined notice to potential Settlement class members to make clear what is or is not being released by the Settlement.

Paragraph 43 of the NCAA Videogame Settlement defines the "Settlement Class" as the "*Keller* Right of Publicity Class." *Keller* Dkt. No. 1136-2 at 10. The latter term is defined in paragraph 22 as:

> all NCAA football and basketball players (1) listed on a roster published or issued by a school whose team was included in an NCAA-Branded Videogame published or distributed during the *Keller* Right of Publicity Settlement Class Period, and (2) whose assigned jersey number appears on a virtual player in the software, or whose photograph was otherwise included in the software.

*Id*. at 8. That Settlement Class overlaps to a degree with the litigated antitrust injunction class from the *O'Bannon* action, to the extent both include college athletes whose names, images and likenesses ("NILs") were actually used in EA's NCAA-licensed videogames.

In Paragraph 36 of the NCAA Videogame Settlement, the Settlement Class releases all claims:

> arising out of, involving, or relating to the alleged use of any name, image, photograph, or likeness in EA's production, manufacture, sale, distribution, or publication of NCAA-Branded Videogames, or the alleged use of or failure to compensate for the alleged use of any NCAA student-athlete's name, image, photograph, or likeness in connection with EA's NCAA-Branded Videogames by the NCAA, EA, CLC, or any Person, that have been, could have been, or should have been asserted in the Lawsuits, including but not limited to any claims based in any way on alleged rights of publicity or name, image, and likeness rights under the law of any state or the United States, whether recognized now or hereafter, including any rights recognized in court decisions or statutes.

*Id*. at 8-9. The "Lawsuits" referenced therein are the *Keller* and *Bishop* actions. *Id*. at 1.

APs were not involved in any stage of negotiations of the NCAA Videogame Settlement

and first learned of this Settlement on June 9, 2014, the first date of the *O'Bannon* trial. APs were not given an opportunity to review the Settlement until it was filed publicly after the conclusion of the trial. Upon viewing the release language, APs requested that the ROPs and the NCAA modify the release in order to clarify that class injunctive claims tried in the *O'Bannon* trial are not released under that Settlement. The ROPs and the NCAA refused to do so.

The ROPs also refused to clarify the issue in the notice forms, which has resulted in the parties providing the Court with alternative language. Settlement class members deserve to know precisely what rights they are releasing by participating in the NCAA Videogame Settlement. The APs asked that it be made clear in any combined notice that the class injunctive claims tried in the *O'Bannon* trial were not released in the NCAA Videogame Settlement. The APs proposed that the following language be included in any such notice:

> You may have heard recently about a class-action trial involving student-athletes (led by Ed O'Bannon) against the NCAA. Although the trial involved claims that the NCAA used student-athlete likenesses without permission, those claims were against the NCAA only, for violations of antitrust laws. Additionally, that trial concerned a request for injunctive relief (a court order discontinuing certain practices)—not cash payments for past conduct. The "EA Videogame Settlement" and the "NCAA Videogame Settlement" do not affect the injunctive claims recently tried in the O'Bannon v. NCAA case.

The ROPs and the NCAA declined to accept this proposal. They were only willing to include the following language:

> You may have heard recently about a trial in a case by student-athletes (led by Edward O'Bannon) against the NCAA. Although the trial involved claims that the NCAA used student-athlete likenesses without permission, those claims were against the NCAA only for violations of antitrust laws. Also unlike the claims being resolved by this settlement, the claims in the trial did not involve claims for cash payments.

The parties are at an impasse and the APs seek the Court's guidance on this issue. It is the APs' position that the NCAA Videogame Settlement cannot validly release the claims of the antitrust injunctive class relating to NCAA-licensed videogames that were presented in the

*O'Bannon* trial, for which the Court appointed Hausfeld LLP as lead counsel. Only the APs' counsel had the authority to negotiate any potential release of any portion of the antitrust injunctive claims against the NCAA. The ROPs' counsel had no authority to do so. By insisting on a broad release from the ROPs, the NCAA is attempting to circumvent prior Court orders and potentially attempting to undermine a portion of the injunctive claims presented by the APs at trial. The Court should not countenance this tactic.

                            Respectfully submitted,

Dated: July 23, 2014                    HAUSFELD LLP

                            By    /s/ Swathi Bojedla
                            Michael D. Hausfeld
                            Hilary K. Scherrer
                            Sathya S. Gosselin
                            Swathi Bojedla
                            1700 K Street, NW, Suite 650
                            Washington, DC 20006
                            Telephone: (202) 540-7200
                            Facsimile: (202) 540-7201
                            E-mail: mhausfeld@hausfeldllp.com
                                        hscherrer@hausfeldllp.com
                                        sgosselin@hausfeldllp.com
                                        sbojedla@hausfeldllp.com

                            Michael P. Lehmann
                            Arthur N. Bailey, Jr.
                            44 Montgomery Street, 34th Floor
                            San Francisco, CA 94101
                            Telephone: (415) 633-1908
                            Facsimile: (415) 358-4980
                            E-mail: mlehmann@hausfeldllp.com
                                        abailey@hausefeldllp.com

                            *Plaintiffs' Class Counsel with*
                            *Principal Responsibility for the Antitrust Claims*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to the e-mail addresses registered.

                                                                                 */s/ Swathi Bojedla*
                                                               Swathi Bojedla
                                                               *Plaintiffs' Class Counsel with Principal Responsibility for the Antitrust Claims*
                                                              HAUSFELD LLP
                                                              1700 K Street, NW, Suite 650
                                                              Washington, DC 20006