Gregory L. Curtner (*Pro Hac Vice*)
Robert J. Wierenga (SBN 183687)
Kimberly K. Kefalas (*Pro Hac Vice*)
SCHIFF HARDIN LLP
350 South Main St., Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
Facsimile: (734) 222-1501
gcurtner@schiffhardin.com
rwierenga@schiffhardin.com
kkefalas@schiffhardin.com
*Attorneys for Defendant National Collegiate Athletic Association*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SAMUEL MICHAEL KELLER, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELECTRONIC ARTS, INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br><br>    Defendants. | Case No. 4:09-cv-1967 CW<br><br>**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S BRIEF REGARDING AMENDED CLASS ACTION SETTLEMENT AGREEMENT NOTICES AND *O'BANNON V. NCAA***<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor<br>Complaint Filed: May 5, 2009 |
| EDWARD O'BANNON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC.,<br><br>    Defendants. | Case No. 09-cv-3329 CW |

The National Collegiate Athletic Association ("NCAA") submits the following brief to articulate its position on the scope of released claims in the NCAA's proposed class action settlement in *Keller v. Electronic Arts*, No. 09-cv-1967-CW (the "NCAA Settlement"). The NCAA requests that the Court issue notices of the NCAA Settlement and the related Electronic Arts Inc. ("EA") settlement in *Keller* and *O'Bannon v. NCAA*, No. 09-cv-03329-CW (the "EA Settlement") (collectively the "Notices"), as proposed by the *Keller* Plaintiffs and the NCAA, without the *O'Bannon* Plaintiffs' proposed language. The NCAA Settlement properly releases all claims against the NCAA relating to EA's NCAA-branded videogames and the alleged use of NCAA student-athletes' names, images, photographs, or likenesses within the videogames, including any antitrust claims. The *Keller* Plaintiffs and their counsel had full authority to agree to the NCAA Settlement, including the scope of the release, and the NCAA could and rightfully did agree to the release of all claims arising from the facts and injuries alleged in *Keller*. Therefore, the Notices should not incorrectly state that the NCAA settlement does not affect the *O'Bannon* videogame claims.

The NCAA Settlement is a global settlement that releases claims for all current and former NCAA student-athletes, including the *O'Bannon* named plaintiffs. As such, the NCAA Settlement is a release of all claims in *O'Bannon* relating to videogames. The *O'Bannon* Plaintiffs do not assert otherwise. The Court should not adopt the *O'Bannon* Plaintiffs' proposed "Antitrust Plaintiffs' Alternative" language in any notice of the NCAA Settlement, because that language incorrectly states that the NCAA Settlement does not affect the *O'Bannon* claims. The Court should instead issue the Notices, both mailed and published, as proposed by the *Keller* Plaintiffs and the NCAA.

**I. The *O'Bannon* Plaintiffs have no grounds to contest the release.**

The *O'Bannon* Plaintiffs have no grounds to argue against the release of claims in the NCAA Settlement. First, the *Keller* Plaintiffs had full authority to release all claims factually related to and arising from their videogame-related claims. The Court appointed counsel for the *Keller* Plaintiffs as co-lead class counsel to not only take "primary responsibility for claims related to the allegations made in *Keller*" but also to "remain responsible for the litigation of ***all***

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 2 -

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S BRIEF REGARDING
AMENDED CLASS ACTION SETTLEMENT AGREEMENT NOTICES AND *O'BANNON V. NCAA*

1   claims" in *Keller* and *O'Bannon*. *See Keller* Dkt. 146 at 3 (emphasis added).

2   Second, the *O'Bannon* Plaintiffs do not otherwise dispute the propriety of the NCAA
3   Settlement and its benefits to the Settlement Class. The NCAA Settlement and the EA Settlement
4   are substantially similar in terms of the benefits provided to settlement class members—so
5   similar, in fact, that the Court requested the individual settlements' notices be combined for
6   notice to the Settlement Class Members.

7   Third, the *O'Bannon* Plaintiffs' assertion that they only recently learned of the scope of
8   the release in the NCAA Settlement is unavailing. On June 9, 2014—more than one month ago—
9   counsel for the NCAA informed the Court, with counsel for the *O'Bannon* Plaintiffs in
10  attendance, that the NCAA Settlement "show[ed] the need to focus on the live broadcasts and
11  rebroadcasts rather than the video games" at the *O'Bannon* trial. *See* Trial Tr. vol. 1, 6:8,
12  *O'Bannon v. NCAA*, June 9, 2014. Further, the *O'Bannon* Plaintiffs chose not to participate in
13  negotiations for the NCAA Settlement in the months before the settlement's public
14  announcement. Regardless, whether and when the *O'Bannon* Plaintiffs knew of the scope of the
15  release is irrelevant, because the *Keller* Plaintiffs and their counsel had every right to settle
16  videogame claims against the NCAA.

17  **II.     The NCAA Settlement release is based on the facts and claims alleged in *Keller*.**

18  Further, the NCAA and *Keller* Plaintiffs were entitled to release all videogame claims
19  against the NCAA, including those in *O'Bannon*, because any *O'Bannon* claims relating to EA's
20  NCAA-branded videogames arise from the same factual predicate as the claims released in the
21  NCAA Settlement. "[A] federal court may release not only those claims alleged in the complaint,
22  but also a claim 'based on the identical factual predicate as that underlying the claims in the
23  settled class action.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir.
24  2006) (antitrust merchant plaintiffs' claims of price-fixing in credit card market were properly
25  released by previous national class action settlement relating to tying and monopolization claims
26  in debit card and credit card fee interchange market; claims were all predicated on the same
27  predicate for harm and suffered the same underlying injury); *see also* 2 McLaughlin on Class
28  Actions § 6:29 (10th ed.) ("well established" that a court supervising a class action settlement has

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 3 -

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S BRIEF REGARDING
AMENDED CLASS ACTION SETTLEMENT AGREEMENT NOTICES AND *O'BANNON V. NCAA*

the power to approve release of related claims regardless of whether "such claims were asserted or even presentable in the settled action").

The NCAA Settlement properly released the *O'Bannon* claims relating to videogames, because those claims are based on the same facts and alleged harms to the same student-athletes as the claims released in the NCAA Settlement. The NCAA Settlement's released claims and the *O'Bannon* videogame claims both allege that the NCAA's involvement in EA's NCAA-branded videogames allegedly prevented NCAA student-athletes from being compensated for their names, images, and/or likenesses from appearing in the EA videogames, and therefore both could be released by the NCAA Settlement.

### III.   Conclusion

The NCAA respectfully requests that the Court issue the proposed mailed settlement notice and the published settlement notice, without the additional language proposed by the Antitrust Plaintiffs.

Dated: July 24, 2014

SCHIFF HARDIN LLP

By  /s/ Gregory L. Curtner
Gregory L. Curtner (*Pro Hac Vice*)
350 Main Street, Suite 210
Ann Arbor, Michigan 48104
Tel: (734) 222-1500
Fax: (734) 222-1501
gcurtner@schiffhardin.com

Glenn D. Pomerantz (112503)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Tel: (415) 512-4000
Fax: (415) 512-4077
glenn.pomerantz@mto.com

Attorneys for Defendant National Collegiate Athletic Association

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 4 -

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S BRIEF REGARDING
AMENDED CLASS ACTION SETTLEMENT AGREEMENT NOTICES AND *O'BANNON V. NCAA*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to the e-mail addresses registered.

By: _/s/ Gregory L. Curtner_

40984-0001
AA\200099006.2

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
CHICAGO

- 5 -

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S BRIEF REGARDING
AMENDED CLASS ACTION SETTLEMENT AGREEMENT NOTICES AND *O'BANNON V. NCAA*