**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL KELLER, et al., | Case No. 09-cv-1967 CW |
| Plaintiffs, | |
| v. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT ELECTRONIC ARTS INC.** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC., | |
| Defendants. | |
| EDWARD O'BANNON, et al., | Case No. 09-cv-3329 CW |
| Plaintiffs, | |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; COLLEGIATE LICENSING COMPANY; and ELECTRONIC ARTS INC., | |
| Defendants. | |

1        The Right of Publicity Plaintiffs and Antitrust Plaintiffs have entered into an Amended

2   Class Action Settlement Agreement and Release with Defendant Electronic Arts Inc. ("EA")

3   ("Settlement" or "EA Videogame Settlement") to settle all claims that have been or could have

4   been brought against EA and the Collegiate Licensing Company ("CLC") in the above-captioned

5   lawsuits, and all of those lawsuits listed in the Settlement Agreement ("Lawsuits"). The

6   Settlement Agreement sets forth the terms and conditions of a proposed Settlement and dismissal

7   with prejudice of the Lawsuits as to EA and CLC.

8        On May 30, 2014, the Parties submitted to the Court their original proposed settlement

9   agreement and related papers (Dkt. 1108). On July 3, 2014, the Court conducted a telephone

10   status hearing to provide its comments on those papers. As a result of that status hearing, the

11   Parties submitted their current Settlement Agreement and related preliminary approval papers.

12   (Dkt. 1158). On July 24, 2014, the Court held a preliminary approval hearing and provided the

13   Parties with additional comments on the proposed class notices. (Dkt. 1174). The parties

14   thereafter submitted revised proposed class notices for the Court's review.

15        This Court also has before it a motion for preliminary approval of a proposed class action

16   settlement in *Keller v. NCAA, et. al.* between the Right of Publicity Plaintiffs and NCAA

17   ("NCAA Videogame Settlement"). The two proposed class action settlements both concern the

18   alleged use and licensing of NCAA football and men's basketball players' names, images and

19   likenesses in certain NCAA-Branded Videogames. The parties to both settlements have

20   coordinated, to the extent feasible, the notice and claims administration of both settlements.

21   Because the two settlements are separate, however, the Court will issue separate orders in each

22   settlement, and will evaluate each proposed settlement on its own terms.

23        Regarding this proposed Settlement, the Court has carefully considered the Amended

24   Settlement together with all exhibits thereto, all filings related to the Settlement, the arguments of

25   counsel, and the record in this case. The Court hereby gives its preliminary approval of the EA

26   Videogame Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair,

27   reasonable and adequate to allow dissemination of notice of the Settlement to the Settlement

28   Class and to hold a Fairness Hearing; orders that Class Notice be sent to the Settlement Class in

accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter and parties to this proceeding under 28 U.S.C. § 1332.

3.    Venue is proper in this district.

4.    The Court preliminarily approves the Settlement, together with all of its Exhibits, as sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class. Exhibits B and C to the Settlement Agreement (the proposed class notices) are approved as amended by Exhibits 1 and 2 to this Order; except that the language highlighted as Alt. A and Alt. B in the notices shall be amended to read: "The Court found that the NCAA violated antitrust law and entered an injunction.  The NCAA has appealed.  The Court's opinion can be found at [Settlement Website]."

5.    The Court preliminarily certifies for settlement only the following Settlement Classes pursuant to Federal Rule of Civil Procedure 23:

(a)    Antitrust Class Members:  All current and former student-athletes residing in the United States who competed on an NCAA Division I (formerly known as "University Division" before 1973) college or university men's basketball team or on an NCAA Football Bowl Subdivision (formerly known as Division I-A until 2006) men's football team and whose images, likenesses and/or names allegedly have been included or could have been included (by virtue of their appearance in a team roster) in or used in connection with NCAA-Branded Videogames published or distributed from July 21, 2005 until September 3, 2014. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned

subsidiaries or affiliated companies, class counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

(b)    *Hart/Alston* Right of Publicity Class Members:  All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 4, 2003 to May 4, 2007 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

(c)    *Keller* Right of Publicity Class Members:  All NCAA football and basketball players listed on the roster of a school whose team was included in an NCAA-Branded Videogame originally published or distributed during the period May 5, 2007 to September 3, 2014 and whose assigned jersey number appears on a virtual player in the software, or whose likeness was otherwise included in the software. Excluded from the class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, Class Counsel and their employees, and the judicial officers, and associated court staff assigned to cases listed in paragraph I of the Settlement Agreement.

6.    The Court finds, for purposes of preliminary approval and for settlement purposes only, that the Settlement Class described above satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)    Numerosity:  Class Counsel estimate that over 100,000 individuals have potential claims. This satisfies the Rule 23(a)(1) numerosity requirement.

(b)    Commonality: The threshold for commonality under Rule 23(a)(2) is not high and a single common issue will suffice. Plaintiffs allege, among other things,

- 3 -

antitrust and right of publicity claims related to Defendants' license, use, and/or sale of class members' name, image, and likeness rights without compensation. This issue is common to the Settlement Class.

(c)    Typicality: Plaintiffs' claims are typical of those of the Settlement Class and satisfy Rule 23(a)(3).

(d)    Adequacy:  There are no conflicts of interest between Plaintiffs and Settlement Class Members and Plaintiffs have retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

(e)    There is predominance and superiority. The common legal and factual issue listed in the preliminary approval papers predominate all over other issues. Resolution of the common question constitutes a significant part of Plaintiffs' and Settlement Class Members' claims. Further, because the Settlement Class is being certified for purposes of settlement only, the Court need not consider factors that might render a class action unmanageable.

7.    The Court's findings regarding the class certification requirements of Rule 23 are subject to the Fairness Hearing and are made without prejudice to the facts, record, and argument that will be before the Court in connection with any class proposed for litigation of any remaining claims against any other party.

8.    The Court grants leave to file the Fourth Amended Complaint in the form attached as Exhibit E to the EA Videogame Settlement. The Court approves of adding and/or including the New Jersey Plaintiffs and claims for settlement and approval purposes.

9.    The Court appoints the following people as Class Representatives for the Antitrust Class:  Edward C. O'Bannon Jr., Oscar Robertson, William Russell, Harry Flournoy, Alex Gilbert, Sam Jacobson, Thad Jaracz, David Lattin, Patrick Maynor, Tyrone Prothro, Damien Rhodes, Eric Riley, Bob Tallent, Danny Wimprine, Ray Ellis, Tate George, Jake Fischer, Jake Smith, Darius Robinson, Moses Alipate, and Chase Garnham. The Court appoints the following

people as Class Representatives for the *Keller* Right of Publicity Class:  Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop. The Court appoints Ryan Hart and Shawne Alston as Class Representatives for the *Hart/Alston* Right of Publicity Class.

10.     The Court appoints the following law firms as Class Counsel: Hausfeld LLP, Hagens Berman Sobol Shapiro LLP, The McKenna Law Firm LLC, and Lum, Positan & Drasco LLP.

11.     The Court appoints Gilardi & Co. LLC as the Notice and Claims Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

12.     The Court has reviewed and approves the Settlement Notices, the form of which shall be without material alteration from Exhibits 1 and 2 to this Order.

13.     The Court has reviewed and approves the Claim Form, the content of which shall be without material alteration from Exhibit D to the Settlement Agreement. To be considered timely, a Claim Form must be submitted by a Settlement Class Member or that Settlement Class Member's Legally Authorized Representative so that it is postmarked and mailed to the Notice and Claims Administrator, or submitted online via the settlement website, by no later than two weeks before the Fairness Hearing, that is, by April 30, 2015. Any Claim Form postmarked or submitted after this date shall be untimely and invalid. A Settlement Class Member may choose to file a single Claim Form to be considered for payment in both the NCAA Videogame Settlement and this Settlement, unless the Settlement Class Member has excluded himself from one of the two settlements (in which case, his Claim Form will be considered for payment only in the settlement from which he did not exclude himself), or unless the Settlement Class Member indicates on the Claim Form that he wishes to submit a claim in only one settlement.

14.     The Court approves the Settlement Agreement's Class Notice plan. As part of that Class Notice plan, in coordination with the NCAA Videogame Settlement, the NCAA will request that its member institutions and affiliated alumni associations provide to the Notice and Claims Administrator reasonably ascertainable information regarding the names and last-known addresses of NCAA football and basketball players who were listed on a roster published or

issued by a school whose team was included in an NCAA-Branded Videogame originally

published or distributed during the Settlement Class Period. To the extent that a member

institution or affiliated alumni association declines to provide such information, Class Counsel

shall endeavor in good faith to obtain such information, including by subpoenaing if necessary

such member institution and affiliated alumni association for that information (to the extent it has

not already done so), and shall forward any information received to the Notice and Claims

Administrator. All names and addresses obtained through these sources shall be protected as

confidential and not used for purposes other than the notice and administration of this Settlement,

or as otherwise ordered by law.

       15.     The Court directs the Notice and Claims Administrator to disseminate the

Settlement Notices in the following manner, which satisfies the requirements of Federal Rule of

Civil Procedure 23 and due process:

       (a)     Within 120 days following entry of the Preliminary Approval Order

("Mailed Notice Date"), the Administrator shall mail, or cause to be mailed, copies of the

Notice of Settlement of Class Action, by first class United States mail, postage prepaid, to

all potential Settlement Class Members at the most recent address obtained by the

methods described in the Notice Plan.

       (b)     The Administrator shall also create and manage a content-neutral

settlement website where settlement-related documents, such as the Settlement, the Notice

of Settlement of Class Action, court-filed documents, and case updates and information

shall be posted. The website shall also have an online means of submitting a Claim Form.

       (c)     The Administrator shall also create and manage a toll-free number with an

automated system providing information about the Settlement, with the ability to request

copies of the Settlement Notice or the Settlement, and to speak with live operators.

       (d)     In addition, the Court orders the parties to implement the plan for

publication notice described in Paragraph 78 of the Settlement. The Court has reviewed

and approves the Summary Notice of Class Action, the content of which shall be without

material alternation from Exhibit C to the Settlement.

16.    Gilardi & Co. LLC is directed to perform all other responsibilities under the Notice Plan assigned to the Administrator.

17.    The Court finds that the Class Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuits and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

18.    The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement. Unlike Claim Forms, exclusion requests and objections must be submitted separately for this Settlement and for the EA Settlement.

19.    The Court preliminarily enjoins all Settlement Class Members and their Legally Authorized Representatives, unless and until they submit a timely request for exclusion pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

20.    The Court directs that a hearing be scheduled for May 14, 2015 at 2:00 p.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether Final Judgment should be entered dismissing with prejudice Defendants EA and CLC in the above-captioned action and any other actions by Settlement Class Members

pending before this Court; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for incentive payments to the Class Representatives should be approved.

21.     Each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and any governmental entity, who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any term or aspect of the proposed settlement must mail to the Notice and Claims Administrator (who shall forward it to Class Counsel and Counsel for EA and CLC) and file with the Court no later than 60 days after the Mailed Notice Date a statement of the objection, as well as the specific legal and factual reasons for each objection, or be forever barred from objection.  The objection must comply with Paragraphs 88–90 of the Settlement Agreement and the Notice of Settlement of Class Action, and contain at least the following:  (1) the objector's full name, address, telephone number, and signature; (2) a heading that refers to the EA Videogame Settlement; (3) a statement of the specific legal and factual basis for each objection; and (4) a statement whether the objecting Person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number. All objections shall be signed by the objecting Settlement Class Member (or his Legally Authorized Representative), even if the Settlement Class Member is represented by counsel.

22.     The Court further directs that any Settlement Class Member may appear at the Fairness Hearing, either in person or through personal counsel, retained at the Settlement Class Member's expense, to voice an objection to the Settlement or to Class Counsel's application for fees and expenses or request for incentive payments.

23.     The Court further directs that any person within the Settlement Class definition who wishes to be excluded from the Settlement Class must mail a written Request for Exclusion to the Administrator postmarked on or before the Opt-Out Deadline. Any Request for Exclusion must include the name of the person seeking exclusion and a statement that he requests exclusion from the class and does not wish to participate in the Settlement. Requests for exclusion must be

exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted on behalf of an individual Settlement Class Member by that Settlement Class Member's Legally Authorized Representative.

24.     The cost of providing Notice, as provided for by this Order and the Settlement, shall be paid from the Notice and Administration Fund and from the Settlement Fund if the cost of providing Notice exceeds the amount in the Notice and Administration Fund.

25.     The Court further directs the Administrator to promptly provide unredacted copies of any Requests for Exclusion, and any withdrawals thereof, to EA, CLC, and Class Counsel. Prior to the Fairness Hearing, the Administrator will file with the Court a report identifying all persons making Requests for Exclusion not thereafter timely withdrawn and the date on which each request was postmarked (or if there is no legible postmark date, the date received by the Administrator). A copy of the report will be provided to EA, CLC, and Class Counsel, who will keep the report confidential.

26.     Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by EA, CLC, or the other Released Parties of an interpretation of, any liability or wrongdoing by EA or CLC, or of the truth of any allegations asserted by Plaintiffs, Settlement Class Members or any other person.

27.     The Court finds that the Settlement, along with all related drafts, motions, court papers, conversations, negotiations, mediations and correspondence, including statements made in mediations or written submissions to the mediator, constitute an offer to compromise and a compromise within the meaning of Federal Rule of Evidence 408, California Rule of Evidence 1152 and any equivalent rule of evidence of any state; and are privileged under Section 1119 of the California Evidence Code.

28.     Except as explicitly provided in the Settlement Agreement, neither the Settlement—approved or not approved—nor any exhibit, document or instrument delivered thereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement, shall be admissible in evidence in this or any

other proceeding for any purpose, including as evidence. Without limitation of the foregoing, nothing contained in the Settlement, approved or not approved, nor any exhibit, document or instrument delivered thereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of the Settlement, shall be given any form of res judicata, collateral estoppel or judicial estoppel effect against EA, CLC or the other Released Parties in any administrative or judicial forum or proceeding.

29.    Notwithstanding the foregoing, the Settlement, any order granting preliminary or final approval of the Settlement and any appellate decision affirming Final Judgment is admissible as follows.

(a)    The Settlement is admissible by any Party for the purpose of obtaining approval of, implementing and/or enforcing the Settlement.

(b)    The Settlement, any order granting preliminary or final approval to the Settlement, any appellate decision affirming Final Judgment, and any proceedings and submissions in connection with this Settlement are admissible for purposes of determining Class Counsel's application for attorneys' fees and costs or in connection with any appeal of an award of Class Counsel's attorneys' fees and costs in this Action.

(c)    If finally approved, the Settlement, any order granting preliminary or final approval of the Settlement and any appellate decision affirming any order of this Court with respect to the Settlement, may be pleaded by EA, CLC, or the Released Parties as a full and complete defense (including any defense based upon release, res judicata, or injunction) to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims; and the Settlement, any order granting preliminary or final approval to the Settlement and any appellate decision affirming this Final Judgment, or any other proceedings in connection therewith, may be filed, offered or submitted by EA, CLC, or the Released Parties or otherwise used to support such defense.

30.    If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then (a) all parties will proceed as if the Settlement

(except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the Action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

31.     The Court further directs that the following deadlines are established by this Preliminary Approval Order:

Mailed Notice Date:  within 120 days following entry of this Preliminary Approval Order

Opt-Out Deadline:   60 days after Mailed Notice Date

Objection Deadline:  60 days after Mailed Notice Date

Fairness Hearing:    May 14, 2015, 2:00 p.m.
                     (This date could change. The parties should check the Court's website
                     to confirm.)

Dated:  9/3/2014

CLAUDIA WILKEN
United States District Judge

- 11 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28