Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
leonard@hbsslaw.com

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SAMUEL MICHAEL KELLER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS, INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. 4:09-cv-1967 CW<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor<br>Complaint Filed: May 5, 2009 |

1    Plaintiffs Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop (the "*Keller* Named Plaintiffs"), individually and as representatives of the Settlement Class defined in Paragraph 4 below, and Defendant National Collegiate Athletic Association ("NCAA") have entered into an Amended Class Action Settlement Agreement and Release, including the Exhibits incorporated therein (the "Settlement Agreement"), to settle the above-captioned lawsuit, including *Bishop v. Electronic Arts, Inc., et al.*, No. 4:09-cv-04128-CW (the "Lawsuits").  The Settlement Agreement sets forth the terms and conditions for a proposed Settlement and dismissal with prejudice of the Lawsuits.

    On June 30, 2014, the Parties submitted to the Court their original proposed settlement agreement and related papers. (Dkt. 1138).  On July 3, 2014, the Court conducted a telephone status hearing to provide its comments on those papers.  As a result of that status hearing, the Parties submitted their current Settlement Agreement and related preliminary approval papers. (Dkt. 1158.) On July 24, 2014, the Court held a preliminary approval hearing and provided the Parties with additional comments on the proposed class notices. (Dkt. 1174.) The parties thereafter submitted revised proposed class notices for the Court's review.

    This Court also has before it a motion for preliminary approval of a proposed class action settlement in *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 4:09-cv-1967-CW (NC), between Electronic Arts Inc. ("EA"), Collegiate Licensing Company LLC ("CLC"), and various named plaintiffs (the "EA Videogame Settlement").  The two proposed class action settlements both concern the alleged use of NCAA men's football and basketball players' names, images, and likenesses in certain NCAA-Branded Videogames manufactured and distributed by EA.  Accordingly, the parties in both proposed settlements are attempting, to the extent feasible, to coordinate the notice and claims administration of both settlements.  Because the two settlements are separate, however, the Court will issue separate orders in each settlement, and will evaluate each proposed settlement on its own terms.

    Regarding the proposed Settlement in the *Keller* and *Bishop* cases (i.e., the Lawsuits), the Court has carefully considered all filings relating to the Settlement Agreement, the arguments of counsel, and the record in this case, and is otherwise advised in the premises.  The Court hereby

1    gives its preliminary approval to the Settlement and the Settlement Agreement; finds that the

2    Settlement and Settlement Agreement are sufficiently fair, reasonable, and adequate to allow

3    dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing;

4    orders that Class Notice be sent to the Settlement Class in accordance with the Settlement

5    Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed

6    Settlement is fair, reasonable, and adequate.

7          IT IS HEREBY ORDERED AND ADJUDGED:

8          1.    The Settlement Agreement is hereby incorporated by reference in this Order, and all

9    terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

10         2.    This Court has personal jurisdiction over all Settlement Class Members and subject

11   matter jurisdiction to approve the Settlement Agreement.

12         3.    The Court preliminarily approves the Settlement Agreement and finds that the

13   proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the

14   Settlement Class. Exhibits B and C to the Settlement Agreement (the proposed class notices) are

15   approved as amended by Exhibits 1 and 2 to this Order; except that the language highlighted as Alt.

16   A and Alt. B in the notices shall be amended to read: "The Court found that the NCAA violated

17   antitrust law and entered an injunction. The NCAA has appealed. The Court's opinion can be

18   found at [Settlement Website]."

19         4.    The Court preliminarily certifies for settlement purposes only the following

20   Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All NCAA Division I football and men's basketball players (1) listed on a roster published or issued by a school whose team was included in an NCAA-Branded Videogame originally published or distributed from May 4, 2003 through September 3, 2014 and (2) whose assigned jersey number appears on a virtual player in the software, or whose photograph was otherwise included in the software.
>
> Excluded from the Settlement Class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Class Counsel and their employees and immediate family members; and the judicial officers and associated court staff assigned to the Lawsuits and their immediate family members.

27   The NCAA and the Released Parties shall retain all rights to assert that the Lawsuits may not be

28   certified as a class action except for settlement purposes.

1  5. The Court finds, for purposes of preliminary approval and for settlement purposes
2 only, that (a) Members of the Settlement Class are so numerous as to make joinder of all
3 Settlement Class Members impracticable; (b) there are questions of law or fact common to
4 Members of the Settlement Class; (c) the claims of the *Keller* Named Plaintiffs are typical of the
5 claims of the Settlement Cass Members; (d) the *Keller* Named Plaintiffs and Class Counsel will
6 fairly and adequately protect the interests of the Settlement Class Members; (e) questions of law or
7 fact common to the Settlement Class Members predominate over questions affecting only
8 individual Settlement Class Members; and (f) a class action is superior to other available methods
9 for the fair and efficient adjudication of the controversy.

10  6. The Court appoints the *Keller* Named Plaintiffs as representatives of the Settlement
11 Class.

12  7. The Court appoints Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm
13 PLLC as Class Counsel.

14  8. The Court appoints Gilardi & Co. LLC as the Notice and Claims Administrator,
15 which shall administer the Settlement in accordance with the terms and conditions of this Order
16 and the Settlement Agreement.

17  9. The Court has reviewed and approves the Notice of Settlement of Class Action, the
18 content of which shall be without material alteration from Exhibit 1 to this Order.

19  10. The Court also approves the Claim Form, the content of which shall be without
20 material alteration from Exhibit D to the Settlement Agreement.  To be considered timely, a Claim
21 Form must be submitted by a Settlement Class Member or that Settlement Class Member's Legally
22 Authorized Representative so that it is postmarked and mailed to the Notice and Claims
23 Administrator, or submitted online via the settlement website, by no later than April 30, 2015 (two
24 weeks before the Fairness Hearing). Any Claim Form postmarked or submitted after this date shall
25 be untimely and invalid.  A Settlement Class Member may choose to file a single Claim Form to be
26 considered for payment in both the EA Videogame Settlement and this Settlement, unless the
27 Settlement Class Member has excluded himself from one of the two settlements (in which case, his
28 Claim Form will be considered for payment only in the settlement from which he did not exclude

1    himself), or unless the Settlement Class Member indicates on the Claim Form that he wishes to

2    submit a claim in only one settlement.

3      11. The Court approves the Settlement Agreement's Class Notice plan.  As part of that

4    Class Notice plan, the NCAA will request that its member institutions and affiliated alumni

5    associations provide to the Notice and Claims Administrator reasonably ascertainable information

6    regarding the names and last-known addresses of NCAA football and basketball players who were

7    listed on a roster published or issued by a school whose team was included in an NCAA-Branded

8    Videogame originally published or distributed during the *Keller* Right of Publicity Settlement

9    Class Period.  To the extent that a member institution or affiliated alumni association declines to

10   provide such information, Class Counsel shall endeavor in good faith to obtain such information,

11   including when necessary by subpoena to such member institution or affiliated alumni association

12   (to the extent Class Counsel have not already done so), and shall forward any information received

13   to the Notice and Claims Administrator.  All names and addresses obtained through these sources

14   shall be protected as confidential and not used for purposes other than the notice and administration

15   of this Settlement, unless otherwise required by law or court order.  Before mailing the Notice of

16   Settlement of Class Action, the Claims Administrator shall follow the procedures for updating the

17   addresses set out in Paragraph 65 of the Settlement Agreement.

18     12. The Parties and the Notice and Claims Administrator shall use their best efforts to

19   complete the mailing of the Notice of Settlement of Class Action to potential Settlement Class

20   Members within one hundred twenty (120) days after entry of this Order (the "Mailed Notice

21   Date").  The Court further directs the Notice and Claims Administrator to re-mail any mailings

22   returned as undeliverable in accordance with the procedures in Paragraph 66 of the Settlement

23   Agreement.  The Notice and Claims Administrator shall file proof of mailing of the Notice of

24   Settlement of Class Action at or before the Fairness Hearing.

25     13. In addition to the Notice of Class Action Settlement described above, the Court

26   directs the Notice and Claims Administrator to establish a content-neutral settlement website as

27   described in Paragraphs 61 and 69 of the Settlement Agreement.  The website shall include, at a

28   minimum, copies of the Settlement Agreement, the Notice of Settlement of Class Action, and the

1   Preliminary Approval Order; provide an online means of submitting a Claim Form; identify
2   important deadlines and provide answers to frequently asked questions; and may be amended as
3   appropriate during the course of the Settlement administration.
4       14.     In addition, the Court orders the Parties to implement the plan for publication notice
5   described in Paragraph 69 of the Settlement Agreement.  The Court has reviewed and approves the
6   Summary Notice of Settlement of Class Action, the content of which shall be without material
7   alteration from Exhibit 2 to this Order.
8       15.     The Court finds that the procedures outlined in the Settlement Agreement for
9   identifying potential Settlement Class Members and providing notice to them are reasonable and
10  the best practicable notice under the circumstances and an appropriate and sufficient effort to locate
11  current addresses for potential Settlement Class Members such that no additional efforts to do so
12  shall be required.
13      16.     The Court directs the Notice and Claims Administrator to maintain a toll-free VRU
14  telephone system containing recorded answers to frequently asked questions, along with an option
15  permitting Settlement Class Members to speak to live operators or leave messages in a voicemail
16  box.
17      17.     The Court finds that the Class Notice plan, including the form, content, and method
18  of dissemination of the Class Notice to Settlement Class Members as described in the Settlement
19  Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances,
20  to apprise Settlement Class Members of the pendency of the Lawsuits and of their right to object to
21  or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due,
22  adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) meets all applicable
23  requirements of Federal Rule of Civil Procedure 23 and due process.
24      18.     The Court approves the procedures set forth in the Settlement Agreement and the
25  Notice of Settlement of Class Action for exclusions from and objections to the Settlement.  Unlike
26  Claim Forms, exclusion requests and objections must be submitted separately for this Settlement
27  and for the EA Videogame Settlement.
28      19.     Any Settlement Class Member who wishes to exclude himself from the Settlement

5

Class must comply with the terms set forth in the Settlement Agreement and the Notice of Settlement of Class Action. To be considered timely, a request for exclusion must be mailed to the Notice and Claims Administrator postmarked no later than 60 days after the Mailed Notice Date ("Exclusion/Objection Deadline"). Requests for exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted on behalf of an individual Settlement Class Member by that Settlement Class Member's Legally Authorized Representative.

20. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuits, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Lawsuits or this proposed Settlement.

21. The Court preliminarily enjoins all Settlement Class Members and their Legally Authorized Representatives, unless and until they submit a timely request for exclusion pursuant to the Settlement Agreement, (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

22. Before the Fairness Hearing, the Notice and Claims Administrator shall file with the Court a list of all Settlement Class Members who submitted timely requests for exclusion, and also file an affidavit or declaration attesting to the accuracy of that list.

23. Each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and any governmental entity, who wishes to object to the

1  fairness, reasonableness, or adequacy of the Settlement Agreement or any term or aspect of the
2  proposed settlement must mail to the Notice and Claims Administrator (who shall forward it to
3  Class Counsel and Counsel for the NCAA) and file with the Court no later than 60 days after the
4  Mailed Notice Date a statement of the objection, as well as the specific legal and factual reasons
5  for each objection, or be forever barred from objection.  The objection must comply with
6  Paragraphs 99-105 of the Settlement Agreement and the Notice of Settlement of Class Action, and
7  contain at least the following:  (1) the objector's full name, address, telephone number, and
8  signature; (2) a heading that refers to the NCAA Videogame Settlement; (3) a statement of the
9  specific legal and factual basis for each objection; and (4) a statement whether the objecting Person
10 or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if
11 through counsel, a statement identifying that counsel by name, bar number, address, and telephone
12 number.  All objections shall be signed by the objecting Settlement Class Member (or his Legally
13 Authorized Representative), even if the Settlement Class Member is represented by counsel.
14          24.     Any attorney hired by, representing, or assisting (including, but not limited to, by
15 drafting or preparing papers for a Settlement Class Member) a Settlement Class Member or
16 governmental entity for the purpose of objecting to any term or aspect of the Settlement Agreement
17 or to the proposed Settlement shall mail to the Settlement Administrator (who shall forward it to
18 Class Counsel and Counsel for the NCAA) and file with the Clerk of the Court a notice of
19 appearance no later than 60 days after the Mailed Notice Date.
20          25.     The right to object to the proposed Settlement must be exercised individually by a
21 Settlement Class Member or governmental entity or his or its attorney, and not as a member of a
22 group, class, or subclass, except that such objections may be submitted by a Settlement Class
23 Member's Legally Authorized Representative.
24          26.     The Court directs the Notice and Claims Administrator to rent a post office box to
25 be used for receiving objections, notices of intention to appear, and any other settlement-related
26 communications.
27          27.     The Court directs the Notice and Claims Administrator promptly to furnish Class
28 Counsel and Counsel for NCAA copies of any and all objections, motions to intervene, notices of

1  intention to appear, and other communications that come into its possession (except as otherwise
2  expressly provided in the Settlement Agreement).

3  28.   The Court orders that the certification of the Settlement Class and preliminary
4  approval of the proposed Settlement, and all actions associated with them, are undertaken on the
5  condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in
6  whole or in part by the Court, or any appellate court and/or other court of review, or if any of the
7  Parties invokes the right to withdraw from the Settlement as provided in Paragraphs 86-87 of the
8  Settlement Agreement, in which event the Settlement Agreement and the fact that it was entered
9  into shall not be offered, received, or construed as an admission or as evidence for any purpose,
10 including but not limited to an admission by any Party of liability or non-liability or of any
11 misrepresentation or omission in any statement or written document approved or made by any
12 Party, or of the certifiability of a litigation class, or otherwise be used by any Person for any
13 purpose whatsoever, in any trial of these Lawsuits or any other action or proceedings, as further
14 provided in the Settlement Agreement.

15 29.   Within 21 days after entry of this Order, NCAA shall pay into the Escrow Account
16 the sum of $1,000,000, to be used by the Notice and Claims Administrator at the direction of Class
17 Counsel for reasonable costs in connection with providing notice of the Settlement to Settlement
18 Class Members.  The Escrow Account shall be governed by the terms of the Settlement Agreement
19 and the Escrow Agreement to be negotiated by the Parties.

20 30.   The Court stays all proceedings in the Lawsuits until further order of the Court,
21 except that the Parties may conduct such limited proceedings as may be necessary to implement the
22 proposed Settlement or to effectuate the terms of the Settlement Agreement.

23 31.   Class Counsel shall file a petition for fees, expenses, and incentive awards within
24 21 days before the Exclusion/Objection Deadline.  Class Counsel shall file reply briefs and any
25 other supplemental final approval papers by April 30, 2015 (14 days before the Fairness Hearing).

26 32.   The Fairness Hearing shall be held at 2:00 p.m. on May 14, 2015 for the purpose of
27 determining (a) whether the Settlement is fair, reasonable, and adequate and should be finally
28 approved by the Court; (b) the merit of any objections to the Settlement; (c) the requested Fee and

1  Expense Award to Class Counsel; (d) the requested Incentive Awards to the *Keller* Named
2  Plaintiffs; and (e) entry of the District Court Final Approval Order and Judgment approving the
3  Settlement.
4     33.   The Court may, for good cause, extend any of the deadlines set forth in this Order
5  without further notice to the Settlement Class.

Dated: 9/3/2014

_____
CLAUDIA WILKEN
United States District Judge