1

**LUM, DRASCO & POSITAN LLC**
2
**103 Eisenhower Parkway**
**Roseland, NJ  07068-1049**
**(973) 403-9000**
3
**(973) 403-9021 (FAX)**
4

**The McKenna Law Firm, LLC**
5
**96 Park Street**
**Montclair, New Jersey 07042-2929**
6
Right of Publicity Plaintiffs Co-Class Counsel (EA Settlement Only)

7
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
8
## OAKLAND DIVISION

9

10
EDWARD C. O'BANNON, JR., on behalf of
himself and all others similarly situated,

11
             Plaintiffs,
12
     v.

13
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION (NCAA); ELECTRONIC
14
ARTS, INC.; and COLLEGIATE
LICENSING COMPANY,
15

16
          Defendants

17
SAMUEL MICHAEL KELLER, on behalf of
himself and all others similarly situated,
18

19
             Plaintiffs,
     v.
20

21
NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION (NCAA); ELECTRONIC
22
ARTS, INC.; and COLLEGIATE
LICENSING COMPANY,
23

          Defendants
24

Case No. 09-cv-1967 CW

**PLAINTIFFS' AMENDED MOTION FOR
COUNSEL FEES, EXPENSES AND
APPROVAL OF INCENTIVE AWARD**

Judge:       The Honorable Claudia Wilken
Courtroom:    2, 4th Floor
Fairness Hearing:  July 16, 2015 at 2 p.m

25
     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN: NOTICE**

26
**IS HEREBY GIVEN** that on July 16, 2015 at 2:00 pm or as soon thereafter as the matter may be

27
heard by the Honorable Claudia Wilken, Plaintiffs seek an order granting the motion for approval

28
543413-1

of reasonable attorneys' fees and expenses of The McKenna Law Firm LLC and Lum, Drasco & Positan LLC ("NJ ROP Class Counsel") and the approval of an incentive award for class representative, Ryan Hart.[1]   On September 3, 2014, this Court entered an order granting preliminary approval of the settlement and in relevant part appointed The McKenna Law Firm LLC and Lum, Drasco and Positan, LLC as ROP Co-Class Counsel. See Dkt 1117 ¶ 10.

Plaintiffs respectfully submit declarations of Dennis J. Drasco, Esq. and Keith McKenna, Esq. in support of this Amended Motion for Fees, Costs and Approval of Incentive Award. Awarding attorneys' fees and expenses and is reasonable and in accordance with the terms of the settlement with Defendant Electronic Arts, Inc., for which preliminary approval was granted on September 3, 2014 (Dkt 1177).   NJ ROP Class Counsels, The McKenna Law Firm LLC and Lum, Drasco & Positan LLC seek counsel of fees: $883,177.00 (McKenna: $645,052.50; and Lum: $238,124.50), and expenses of $13,741.77 (McKenna: $6,434.64; and Lum: $7,307.13), in addition to $300,000.00 pursuant to a fee agreement with Keller's counsel.[2] These amounts are amply supported by Co-Class Counsel's time summaries as set forth in the accompanying declarations and exhibits.   The nature of the work completed is also set forth and described herein and in the attached declarations. The fees requested are reasonable and proper based upon

---

[1] This Amended Motion is filed and the Administrative Motion to Seal (Dkt. 1192) is withdrawn as a result of Keller Counsel's response and objection to the Administrative Motion to Seal. See Dkt. 1205. Contrary to the statements in that response, and in accordance with Local Rule 79-5, the materials which were previously sought to be filed under seal were submitted *ex parte* and not provided to counsel for Defendant and this was communicated to Defendant's counsel. See Local Rule 79-5(g) ("Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action.")  As the Administrative Motion to Seal is withdrawn and now moot, the documents submitted under seal should not be considered in connection with this motion. See Local Rule 79-5(f)(2).

[2]  Hagens Berman agreed to give the Hart ROP Plaintiffs' counsel (The McKenna Law Firm LLC and Lum, Drasco & Positan LLC) $300,000.00 of any fee received in this case to resolve a fee dispute.  This money is in addition to the fees awarded to counsel for the Hart ROP Plaintiffs and will be paid by counsel for the Keller ROP Plaintiffs. The parties also agreed that Counsel for the Keller ROP Plaintiffs would not raise any issues with the lodestar submitted by Hart ROP Plaintiffs' counsel, but may respond to Court questions regarding contributions to the settlement.

543413-1

the time incurred, the results obtained and New Jersey ROP Class Counsel's contributions to the settlement.  Plaintiffs also seek approval of a $15,000.00 incentive award for class representative, Ryan Hart, as provided for in the Settlement Agreement.

# TABLE OF CONTENTS

**PAGE**

TABLE OF CITATIONS.............................................................................................II

POINT I....................................................................................................................... 1

      NJ ROP CLASS COUNSEL'S WORK ADDED VALUE TO CLASS
      SETTLEMENT. ................................................................................................ 1

          A.   Development of legal theory and filing of the complaint ............................ 1

          B.   Third Circuit Appeal ................................................................................ 2

          C.   Negotiations and Mediation Following September 2013 .............................. 2

          D.   Settlement Agreement ............................................................................. 4

POINT II ..................................................................................................................... 5

      THE FEES SOUGHT BY NJ ROP CLASS COUNSEL ARE REASONABLE
      AND APPROPRIATE. ....................................................................................... 5

POINT III .................................................................................................................... 6

      THE INCENTIVE AWARD FOR CLASS REPRESENTATIVE RYAN  HART
      SHOULD BE APPROVED .................................................................................6

# TABLE OF CITATIONS

**PAGE**

**Cases**

Canessa v. J. I. Kislak, Inc., 97 N.J. Super. 327, 352 (Ch. Div. 1967) ........................................... 1

In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir.2000) ............................................ 7

In re Mercury Interactive Corp., 618 F.3d 988, 992 (9th Cir. 2010)................................................ 5

In re Netflix Privacy Litig., No. 5:11-CV-00379 EJD, 2013 WL 1120801, at *11 (N.D. Cal. Mar. 18, 2013) ........................................................................................................ 7

Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000)................................................................. 5

Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958 (9th Cir.2009)............................................... 6

Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003) ............................................................... 5

Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002) ............................................... 5

**Statutes**

N.J.S.A. § 2A:14-1....................................................................................................................... 1

## POINT I

## NJ ROP CLASS COUNSEL'S WORK ADDED VALUE TO CLASS SETTLEMENT. _____

### A. Development of legal theory and filing of the complaint

As reflected in his supplied declaration, Keith McKenna, Esq., ("McKenna") developed the legal theory and filed a complaint against Defendant, Electronic Arts, Inc., alleging that the unauthorized use of player avatars in NCAA branded video games violated New Jersey's Right of publicity law. The initial complaint matter was captioned as Ryan Hart and Troy Taylor v. Electronic Arts, Inc., SOM-L-1094-09, and was filed in New Jersey Law Division, Somerset County, and was signed and filed by Keith McKenna. The Eight Count Complaint set forth claims only against Defendant, EA. Notably, the statute of limitations for New Jersey's common law right of publicity claims is six years, which allowed the claim and settlement to include a significantly larger pool of players and class members than the claims initially filed on behalf of Samuel Michael Keller before this Court. See N.J.S.A. § 2A:14-1; see also Canessa v. J. I. Kislak, Inc., 97 N.J. Super. 327, 352 (Ch. Div. 1967).

Defendant Electronics Arts Inc., ("EA") thereafter removed the matter the Federal District Court for the District of New Jersey, where the case was captioned Ryan Hart v. Electronic Arts, Inc., 3:09-cv-05990-FLW-LHG. An amended complaint, with Mr. Hart as the lone proposed class representative, was filed on October 10, 2010 by Keith McKenna. The two count complaint set forth claims for "Invasion of Privacy – Misappropriation of Identities and Likenesses" and "Misappropriation of Plaintiff and Class Members' identities for a Commercial Purpose". McKenna had chief responsibility for the litigation of this matter from its inception

and filing until the settlement and approval process, with the exception of a brief period between July 24, 2013 thru October 10, 2013.

**B.   <u>Third Circuit Appeal</u>**

On September 19, 2011, the New Jersey District Court granted Defendant EA's motion for summary judgment.   The New Jersey district court ruled that EA was entitled to First Amendment protection, which trumped Mr. Hart and the proposed class members' right of publicity claims.   On October 5, 2011, McKenna filed a notice of appeal. At the time the notice of appeal was filed, McKenna was the only attorney for Ryan Hart admitted in the Third Circuit. While McKenna was assisted by outside co-counsel in connection with the appeal, he maintained chief responsibility for the preparation and filing of the appeal.   Mr. McKenna was involved in the drafting and review of all appellate materials and he personally prepared the appendix, which was prepared in and submitted from his office.

Ultimately, in a landmark decision, Mr. Hart and the proposed class prevailed before the Third Circuit and the Complaint was reinstated.   The Third Circuit, weighing First Amendment considerations and New Jersey's well developed right of publicity case law, ruled that the transformative use test applied, but determined that EA's video games at issue did not sufficiently transform Mr. Hart's identity, to escape liability for the violation of the right of publicity claims under New Jersey law. On or about May 21, 2013 the case was remanded to the New Jersey District Court.

**C.   <u>Negotiations and Mediation Following September 2013</u>**

McKenna was replaced as counsel in this matter during a brief period between July 24, 2013 thru October 10, 2013.   During this period, other attorneys allegedly acting on behalf of Mr.

Hart attended a mediation and reached a Term Sheet, albeit one which was unenforceable given the lack of authority or even advanced knowledge, consent or involvement of Mr. Hart. Given the timing of this mediation, it is undisputable that Defendant EA's willingness to settle was driven, in large part, by the Third Circuit's decision in the <u>Hart v. EA</u>, which was handled and overseen by McKenna.[3]

Thereafter, Mr. McKenna and Lum, Drasco and Positan LLC were retained as counsel for Mr. Hart and the proposed class. The Term Sheet that was reached in September 2013 left open and unresolved key issues relating to the allocation of the settlement funds to class members whose claims arose exclusively under New Jersey's right of publicity law during the period of New Jersey's six year statute of limitations for right of publicity claims. Thereafter, McKenna and Lum engaged in sustained negotiations with the Keller's counsel concerning the proper allocation to the class members whose claims arose only under New Jersey's right of publicity law. NJ ROP Class Counsel provided valuable services benefiting right of publicity class members whose claims arose from May 4, 2003 to May 4, 2007, as such class members' rights arose exclusively under New Jersey law.  NJ ROP Class Counsel participated in a mediation of these issues before Randall W. Wulff and NJ ROP Class Counsel prepared a lengthy mediation statement.  Following this mediation, a suitable agreement was reached with Keller's counsel regarding the allocation to class members whose claims arose only under New Jersey's right of publicity law. NJ ROP Class Counsel was substantively involved in reviewing and revising the Settlement Agreement prior to its execution and filing.  Before this agreement, no settlement had been reached which included Ryan Hart and the proposed class in the New Jersey action.

---

[3]  Also in this time period, on August 16, 2013, counsel for Keller filed a similar action, captioned as <u>Shawne Alston v. Electronic Arts, Inc.</u>, 3:13-cv-05157-FLW-LHG (D.N.J. 2013).

### D. Settlement Agreement

An initial Class Action Settlement Agreement was executed on May 15, 2014 and was filed on May 30, 2014.  See Dkt. 1108-2. This Settlement Agreement readily reflects the contributions NJ ROP Class Counsel.  The Settlement Agreement defines the individuals whose right of publicity claims arose exclusively under New Jersey Law as the "Hart/Alston Right of Publicity Class" and the class period ran from May 4, 2003 to May 4, 2007.   Under the Settlement Agreement, $4,000,000.00 was allocated to the class members whose claims arose only under New Jersey's right of publicity law and its six year statute of limitations. See Dkt 1108-2, p. 22.  The Settlement Agreement also provides that the costs and expenses will be paid by settlement class members on a pro rata basis based on the amounts attributable to each subclass ("By way of example, the Hart/Alston Right of Publicity Class is allocated 10% of the settlement fund and therefore will be responsible for 10% of all costs"). Following a proposed settlement with the NCAA, a point system was put in place which sought to preserve this allocation. NJ ROP Class Counsel provided key input in these discussions, with a focus on protecting the rights of and distribution to the Hart/Alston Right of Publicity Class in the settlement with EA, as well as the class as a whole.

On September 3, 2014, this Court entered an order granting preliminary approval of the settlement and in relevant part appointed The McKenna Law Firm LLC and Lum, Drasco and Positan, LLC as class counsel. See Dkt. 1117 ¶ 10.  *Pro hac vice* motions for NJ ROP Counsel were granted on June 12, 2014. See Dkt. ¶ 118-1120.

## POINT II

### THE FEES SOUGHT BY NJ ROP CLASS COUNSEL ARE REASONABLE AND APPROPRIATE.

NJ ROP Class Counsel is seeking an award of fees totaling $1,183,177.00, which is the actual lodestar of time incurred in this matter, plus $300,000.00 pursuant to a fee agreement with counsel for Keller.  See McKenna Dec ¶ 5.  When calculated as percentage of the common fund of the entire settlement with EA, the sought counsel fee award amounts to less than 3% of the common fund of the settlement with EA.  Courts have an independent obligation to review the counsel fee awards to ensure their reasonableness. See Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003). Where a settlement produces a common fund which benefits the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method. In re Mercury Interactive Corp., 618 F.3d 988, 992 (9th Cir. 2010) (citing Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000)).

Under either method, the fees sought by NJ ROP Counsel are entirely reasonable and commensurate with the work performed and the excellent result achieved in this matter.  In this Circuit, 25% of the common fund is considered to be the "benchmark rate" for analysis of the reasonableness of the percentage of the common fund awards. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002).  As the initial Settlement Agreement sought to distribute $4,000,000.00 to the class members whose claims arose only under New Jersey's right of publicity law, 25% of that amount should be awarded to NJ ROP Class Counsel, because of their success before the Third Circuit on Appeal and as a result of the further negotiations on behalf of the class members whose claims arose *only* under New Jersey law, which lead the settlement for which final approval is now sought.  Further, neither Hagens Berman Sobol Shapiro LLP nor

Hausfeld LLP made any comparable contribution to class members whose claims arose only under New Jersey right of publicity law.  Additionally, the result obtained before the Third Circuit benefited the entire class as a whole and not just the Hart/Alston subclass.  As such it is respectfully submitted that fees of $1,183,177.00 or approximately 3% of the common fund be awarded to NJ ROP Class Counsel.  Plaintiffs also seek expenses of $13,741.77, as detailed in the submitted declarations of counsel.

### POINT III

### THE INCENTIVE AWARD FOR CLASS REPRESENTATIVE RYAN HARD SHOULD BE APPROVED.

As reflected in the Settlement Agreement, NJ ROP Class Counsel request that that the Court approve an incentive award of $15,000.00 for class representative, Ryan Hart.  Since the filing of the initial complaint in 2009, Ryan Hart has been subjected to significant media exposure and attention as a result of this matter.  Since the filing of the amended complaint in in October 2010 until 2013, Ryan Hart was the sole proposed class representative for the New Jersey suit. Notably, Ryan Hart was the proposed class representative and de facto public face of the matter during the deluge of media attention surrounding the Third Circuit's landmark decision on May 21, 2013.  Ryan Hart has been an exemplary class representatives who remained involved in the substance and status of this matter and is an excellent and representative leader for this historic settlement.

Incentive awards are considered typical in class action matters and the decision to approve such an award is a matter within the Court's discretion. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958 (9th Cir.2009); In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th

Cir.2000).   In this Circuit, "public scrutiny through media coverage" is considered as a factor with respect to the awarding of incentive awards to class representatives. In re Netflix Privacy Litig., No. 5:11-CV-00379 EJD, 2013 WL 1120801, at *11 (N.D. Cal. Mar. 18, 2013).   Based upon the foregoing and in line with the incentive awards sought for Mr. Keller and Mr. O'Bannon, Plaintiffs submit that this Court should approve an incentive award of fifteen thousand dollars ($15,000.00) for Ryan Hart, as reflected in the Settlement Agreement.


Respectfully submitted,                      /s/ Arthur M. Owens

Robert E. Schaberg                           Dennis J. Drasco
Shartsis Friese LLP                          Arthur M. Owens
One Maritime Plaza, 18th Floor               aowens@lumlaw.com
San Francisco, CA 94111                      Lum Drasco & Positan LLC
415-421-6500                                 103 Eisenhower Parkway
Fax: 415-421-2922                            Roseland, NJ 07068
Email: rschaberg@sflaw.com                   973-403-9000
                                             Fax: 973-403-9021
                                             Email: Aowens@lumlaw.com
                                             Ddrasco@lumlaw.com
                                             PRO HAC VICE


                                             Keith McKenna
                                             The McKenna Law Firm LLC
                                             96 Park Street
                                             Montclair, NJ 07042
                                             973-509-0050
                                             Fax: 973-403-9021
                                             Email: Keith.mckenna@mcklaw.net
                                             PRO HAC VICE

Dated: April 20, 2015

1

2

3

<u>**CERTIFICATE OF SERVICE**</u>

I, Arthur M. Owens, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner in the law firm of Lum, Drasco & Positan LLC, and my office is located at 103 Eisenhower Parkway Roseland, NJ.

On April 20, 2015, I caused below motion to be filed the with the Clerk of Court using the Official Court Electronic Document Filing System, which served copies on all interested parties registered for electronic filing.

**PLAINTIFFS' AMENDED MOTION FOR COUNSEL FEES, EXPENSES AND INCENTIVE AWARD**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Arthur M. Owens*
Arthur M. OwenS
