MICHAEL D. HAUSFELD (*pro hac vice*)
mhausfeld@hausfeld.com
HILARY K. SCHERRER (SBN 209451)
hscherrer@hausfeld.com
SATHYA S. GOSSELIN (SBN 269171)
sgosselin@hausfeld.com
SWATHI BOJEDLA (*pro hac vice*)
sbojedla@hausfeld.com
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

MICHAEL P. LEHMANN (SBN 77152)
mlehmann@hausfeld.com
BONNY E. SWEENEY (SBN 176174)
bsweeney@hausfeld.com
BRUCE J. WECKER (SBN 78530)
bwecker@hausfeld.com
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

*Class Counsel for Antitrust Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EDWARD C. O'BANNON, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; ELECTRONIC ARTS, INC.; and COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case Nos. 4:09-cv-1967 CW, 4:09-cv-3329 CW<br><br>**ANTITRUST PLAINTIFFS' OPPOSITION TO OTHER COUNSEL'S PROPOSED FEE ALLOCATIONS**<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: Courtroom 4, 2nd Floor<br>Trial: June 9-27, 2014 |

Antitrust Plaintiffs ("APs") submit this brief in support of their Motion for Attorneys' Fees, Reimbursement of Expenses, and Award of Class Representative Incentive Awards. Case No. 09-1967, Dkt. No. 1194 ("APs' Motion"). APs hereby oppose the allocations of attorneys' fees from the $40 million EA settlement requested by counsel for plaintiffs in *Keller v. Electronic Arts, Inc.*, Case No. 4:09-cv-01967-CW (N.D. Cal.) ("*Keller*") and by Timothy McIlwain ("McIlwain"), former counsel for plaintiffs in *Hart v. Electronic Arts, Inc.*, Case No. 09-CV-05990-FLW-LHG (D.N.J.) ("*Hart*"), to the extent these requests conflict with APs' own request.

## I. BACKGROUND

Four separate groups of counsel for plaintiffs in the consolidated actions have filed for attorneys' fees from either the $40 million settlement with Electronic Arts, Inc. ("EA") (Case No. 09-03329, Dkt. No. 288-1 ("EA Settlement")), the $20 million settlement with the National Collegiate Athletic Association ("NCAA") (*Id.* Dkt. No. 288-2 ("NCAA Settlement")), or both. These counsel groups included: counsel for APs ("Antitrust Class Counsel"); counsel for the *Keller* Plaintiffs ("*Keller* Class Counsel"); present counsel for the *Hart* Plaintiffs ("*Hart* Class Counsel"); and McIlwain, former *Hart* counsel.

APs' Motion requested that 30% of the $40 million EA Settlement ($12 million) be allocated to attorneys' fees for all counsel representing plaintiffs. From that $12 million, APs requested that 66.67%, or $8 million, be allocated to Antitrust Class Counsel. This represents 20% of the overall EA settlement. APs did not request any payment from the $20 million NCAA Settlement and took no position on allocation of fees from that settlement. APs also took no position on the allocation of any of the remaining requested $4 million in fees from the EA Settlement.

In support of their Motion, APs cited to the extensive pre-settlement litigation work performed by Antitrust Class Counsel. In short, Antitrust Class Counsel was responsible for the vast majority of all discovery against the NCAA, EA, and Collegiate Licensing Company, including taking the lead on all depositions, reviewing over a million documents, serving and

responding to discovery requests from all defendants, conducting expert discovery for class certification, and drafting, filing, and arguing class certification. *See* Case No. 09-01967, Dkt. No. 1194-1, Declaration of Michael D. Hausfeld ¶ 19 ("Hausfeld Decl."). [1] EA expressed interest in finally settling the case only after the Court has taken under submission APs' class certification motion, after nearly a year of briefing.

*Keller* Class Counsel requested an award to themselves of 21.45% of the EA Settlement, or $8,580,000, along with $244,443.20 in expenses, and took no position on additional fees for other plaintiffs' counsel. *Id.* Dkt. No. 1196. *Keller* Class Counsel also requested 29% of the NCAA Settlement, or an additional $5,800,000 in fees, and $244,443.20 in expenses. *Id.* Dkt. No. 1197. Thus, *Keller* Class Counsel has requested a total of $14,380,000 in attorneys' fees and $488,886.40 in expenses.

*Hart* Class Counsel requested $883,177.00 in attorneys' fees from the EA Settlement, as well as $13,741.77 in expenses. *Id.* Dkt. No. 1191. McIlwain has moved to intervene and has requested $4,620,000 in attorneys' fees and $79,209.61 in expenses from the EA Settlement. *Id.* Dkt. No. 1193.

**II. ARGUMENT**

APs oppose *Keller* Class Counsel and McIlwain's proposed allocations of fees, to the extent that their proposals would reduce the appropriate fee for Antitrust Class Counsel, who have performed (by far) the most work in the litigation to date and whose procedural posture was most influential in securing the EA Settlement. APs take no position on *Hart* Class Counsel's fee request or on any plaintiff group's requested reimbursement of expenses.

As outlined in APs' Motion, it is appropriate for Antitrust Class Counsel to receive a greater share of the attorneys' fees derived from the EA Settlement than *Keller* Class Counsel or McIlwain, given Antitrust Class Counsel's disproportionate contributions to the litigation

---

[1] Of further note is that only a tiny fraction of the lodestar cited by Antitrust Class Counsel was expended on settlement efforts; the vast majority involved actual litigation efforts for the purpose of advancing the litigation towards trial. *Id.* ¶¶ 13, 29 ($33,438,899.20 in pre-settlement lodestar vs. $544,966.52 in post-settlement lodestar).

and settlement of this matter. *See, e.g.,* APs' Motion pp. 17-19; *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 474 (9th Cir. 1997) ("relative efforts of, and benefits conferred upon the class by, co-counsel" relevant to final fee allocation between co-counsel); *In re Critical Path, Inc.*, No. C 01-00551 WHA, 2002 WL 32627559, at *10 (N.D. Cal. June 18, 2002) (where one firm "undertook most of the work (including document review and negotiation with defendants) that actually delivered real benefit to the classes," that firm appropriately receives a larger share of the final fee award).

APs have already outlined for the Court the extensive work performed by Antitrust Class Counsel. *See* Hausfeld Decl. ¶ 19. None of the other plaintiffs' groups' briefs deny this work or its importance to the litigation; indeed, some actually confirm APs' role as the laboring oar in discovery matters. For example, *Keller* Class Counsel admits that Antitrust Class Counsel were largely responsible for taking the lead on depositions of defendant witnesses, which *Keller* Class Counsel "monitored" and in which they only occasionally asked questions. Case No. 09-1967, Dkt. No. 1197, Right of Publicity Pls.' Mot. for Atty's Fees, Expenses, and Incentive Awards (EA Settlement), p. 5 ("*Keller* Brief"); Hausfeld Decl. ¶ 24 (explaining that Antitrust Class Counsel conducted bulk of depositions and *Keller* Class Counsel had only a limited role). *Keller* Class Counsel also admits that they were not permitted to serve discovery on EA, and were forced to rely on the fruits of Antitrust Class Counsel's extensive and diligent discovery efforts. *Keller* Brief, p. 5 ("counsel reviewed all materials produced in response to antitrust discovery requests"); Hausfeld Decl. ¶ 19. Given that Antitrust Class Counsel's was responsible for the creation of work product that was used by both Antitrust Class Counsel and *Keller* Class Counsel, it is fair to award a higher share of attorneys' fees from the EA Settlement to Antitrust Class Counsel.

Rather than arguing that they performed more work, *Keller* Class Counsel instead argues that it was the strength of the right of publicity claims and the Ninth Circuit's affirmance of the trial court's ruling on EA's anti-SLAPP motion in July 2013 that drove EA to the present settlement. *Keller* Brief, pp. 1, 11. However, *Keller* Class Counsel ignore a

more likely explanation: that Antitrust Class Counsel's class certification motion, which had been fully brief and argued and was pending in front of the Court in the summer of 2013, was the largest motivating factor in pushing EA to resolve the case. Hausfeld Decl. ¶ 23. This advanced procedural posture would have been a great threat to EA, who faced treble damages under the Clayton Act for a certified damages class. In contrast, even with the Ninth Circuit's affirmance, the *Keller* case was still at least a year away from class certification against EA, and any certification outcome would likely last longer, given the discovery stay. Given these factors, it is reasonable for Antitrust Class Counsel to receive a greater share ($8,000,000) of attorneys' fees from the EA Settlement than *Keller* Class Counsel, and *Keller* Class Counsel's request for $8,580,000 in fees from the EA Settlement should be modified accordingly.

With respect to McIlwan's request for intervention and an award of attorneys' fees, McIlwain does not dispute, nor does he even mention, Antitrust Class Counsel's extensive work on the litigation. *See* Case No. 09-1967, Dkt. No. 1193, Timothy J. McIlwain's Mot. for Attys' Fees and Costs and Conditionally to Intervene Pursuant to Fed. R. Civ. P. 24, ("McIlwain Motion"). McIlwain focuses instead on the long appellate process after the *Hart* plaintiffs' complaint was dismissed in 2011, which carried on through June of 2013, during which time Antitrust Class Counsel were drafting and responding to discovery requests, reviewing hundreds of thousands of documents, and deposing dozens of witnesses. In contrast, the *Hart* Plaintiffs performed no discovery work during that time.

Like *Keller* Class Counsel, McIlwain claims that the *Hart* Plaintiffs' appellate victory was the impetus for the EA Settlement. McIlwain Motion p. 14. But, as with the *Keller* case, by the time the *Hart* case was reopened at the trial court level and EA filed its answer, APs had a fully briefed and argued class certification motion pending in front of the Court. *Id.* p. 9; Hausfeld Decl. ¶ 23. As such, the same reasoning relating to the amount and quality of

work performed, as well as the strength of the claims compelling settlement, apply to both McIlwain and *Keller* Class Counsel's requested allocations.[2]

Antitrust Class Counsel take no position regarding *Hart* Class Counsel's fee request, which as currently constituted would have no impact on Antitrust Class Counsel's proposed allocation.

### III. CONCLUSION

Given the relative contributions of each plaintiff group to achieving the $40 million EA Settlement, it is appropriate and reasonable for the Court to grant APs' fee request in full, and to divide the remaining $4 million in attorneys' fees among the *Keller* Class Counsel, *Hart* Class Counsel, and McIlwain in whatever way the Court deems appropriate.

Dated: April 27, 2015

Respectfully submitted,

By: */s/ Michael Hausfeld*
Michael D. Hausfeld (*pro hac vice*)
Hilary K. Scherrer (Cal. Bar. No. 209451)
Sathya S. Gosselin (Cal. Bar. No. 269171)
Swathi Bojedla (*pro hac vice*)
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
E-mail: mhausfeld@hausfeld.com
hscherrer@hausfeld.com
sgosselin@hausfeld.com
sbojedla@hausfeld.com

Michael P. Lehmann (Cal. Bar No. 77152)
Bonny E. Sweeney (Cal. Bar No. 176174)
Bruce J. Wecker (Cal. Bar No. 78530)
HAUSFELD LLP
44 Montgomery St., 34th Floor
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
E-mail: mlehmann@hausfeld.com
bsweeney@hausfeld.com
bwecker@hausfeld.com

*Class Counsel for Antitrust Plaintiffs*

---

[2] Antitrust Class Counsel take no position on any fee split between *Keller* Class Counsel and Mr. McIlwain, a major point of contention in Mr. McIlwain's brief.

## CERTIFICATE OF SERVICE

I, Sathya S. Gosselin, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner in the law firm of HAUSFELD LLP, and my office is located at 1700 K Street NW, Suite 650, Washington, DC 20006.

On April 27, 2015, I caused to be filed the following:

**ANTITRUST PLAINTIFFS' OPPOSITION TO OTHER COUNSEL'S PROPOSED FEE ALLOCATIONS**

with the Clerk of Court using the Official Court Electronic Document Filing System, which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Sathya S. Gosselin*
Sathya S. Gosselin