**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SAMUEL MICHAEL KELLER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS, INC.; NATIONAL COLLEGIATE ATHLETICS ASSOCIATION; COLLEGIATE LICENSING COMPANY,<br><br>Defendants. | Case No. 4:09-cv-1967 CW<br><br>**[PROPOSED]**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor<br>Complaint Filed: May 5, 2009 |

1   This matter (the "Lawsuits") came before the Court for hearing on July 16, 2015, pursuant to Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement, Dkt. No. 1224, filed by Plaintiffs Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop, individually and as representatives of the Settlement Class defined in Paragraph 3 below, filed on July 2, 2015, on the application of the settling Parties for approval of the Settlement set forth in the Amended Class Action Settlement Agreement and Release (including Exhibits) ("Settlement Agreement" or "Settlement").[1]

Due and adequate notice of the Settlement having been given to the Settlement Class; the Court having carefully considered all papers filed and proceedings held herein, including the objections to the proposed Settlement and/or fee petitions, the Memorandum of Points and Authorities in Support of the Motion and the associated Declarations, the Settlement Agreement, the arguments of counsel, and the record in this case; the Court otherwise being fully informed in the premises; and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   The Court grants the Motion for Final Approval of Class Action Settlement and grants final approval to the Settlement. The Settlement Agreement is hereby incorporated into this Order and Final Judgment, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.   This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

3.   The Court confirms its previous certification of the following Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3):

---

[1] Dkt. No. 1158-2. This Court also has before it a motion for final approval of a proposed class action settlement in *NCAA Player Likeness Litigation*, No. 4:09-cv-1967-CW (Dkt. No. 1158-1), between Electronic Arts Inc. ("EA"), Collegiate Licensing Company LLC ("CLC"), and various named plaintiffs (the "EA Settlement"). The two proposed class action settlements both concern the alleged use of NCAA men's football and basketball players' names, images, and likenesses in certain NCAA-Branded Videogames manufactured and distributed by EA. The parties have coordinated the notice and claims administration of both settlements, as well as the various class settlement deadlines. Because the two settlements are separate, however, the Court will issue separate orders in each settlement, and will evaluate each proposed settlement on its own terms.

> All NCAA Division I football and men's basketball players (1) listed on a roster published or issued by a school whose team was included in an NCAA-Branded Videogame originally published or distributed from May 4, 2003 through September 3, 2014 and (2) whose assigned jersey number appears on a virtual player in the software, or whose photograph was otherwise included in the software.
>
> Excluded from the Settlement Class are EA, CLC, the NCAA, and their officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Class Counsel and their employees and immediate family members; and the judicial officers and associated court staff assigned to the Lawsuits and their immediate family members.

The NCAA and the Released Parties shall retain all rights to assert that the Lawsuits may not be certified as a class action except for settlement purposes.

    4.    The Court confirms its previous appointment of Plaintiffs Samuel Michael Keller, Bryan Cummings, LaMarr Watkins, and Bryon Bishop as the class representatives ("Class Representatives" or "*Keller* Named Plaintiffs") for the Settlement Class. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

    5.    The Court confirms its previous appointment of Hagens Berman Sobol Shapiro LLP and The Paynter Law Firm PLLC as Class Counsel for the Settlement Class. The Court finds that Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

    6.    The Court confirms its previous appointment of Gilardi & Co. LLC as the Notice and Claims Administrator ("Administrator") and finds that the Administrator has so far fulfilled its duties under the Settlement.

    7.    The Court confirms its previous findings in the Preliminary Approval Order that, for settlement purposes only, the Lawsuits meet all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

    8.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of, the Class Representatives, the

1  Settlement Class, and each of the Settlement Class Members, and is consistent and in compliance
2  with all requirements of due process and federal law. This Court further finds that the Settlement is
3  the result of arm's-length negotiations between experienced counsel representing the interests of
4  the Class Representatives, the Settlement Class Members, and the Settling Defendant. The Court
5  further finds that the Parties have evidenced full compliance with the Court's Preliminary Approval
6  Order and other Orders relating to this Settlement. The Settlement shall be consummated pursuant
7  to the terms of the Settlement Agreement, which the Parties are hereby directed to perform.

8      9. The Court finds that the Class Notice plan as performed by the Parties—including the
9  form, content, and method of dissemination of the Class Notice to Settlement Class Members, as
10 well as the procedures followed for locating current addresses for potential Settlement Class
11 Members for notice purposes—(i) constituted the best practicable notice; (ii) was reasonably
12 calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the
13 Lawsuits and of their right to object to or exclude themselves from the Settlement; (iii) was
14 reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive
15 notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23 and due
16 process, and any other applicable rules or law.

17     10. Fed. R. Civ. P. 23(c)(2)(B) requires that class notice "must clearly and concisely state in
18 plain, easily understood language: (i) the nature of the action; (ii) the definition of the class
19 certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an
20 appearance through an attorney if the member so desires; (v) that the court will exclude from the
21 class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and
22 (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

23     11. The Court finds that the notice program, previously approved by the Court in its
24 Preliminary Approval Order, has been implemented and complies with Fed. R. Civ. P. 23(c)(2)(B).
25 The Preliminary Approval Order outlined the form and manner by which the Settlement Class
26 Members would be provided with notice of the Settlement, the Fairness Hearing, and related
27 matters.

28     12. The nationwide notice program was extensive and robust. Among other things, it

included individual mailed notice to members of the Class who could be identified through reasonable efforts; a dedicated settlement website; publication of a summary notice in leading sports publications; and the extensive use of Internet advertising to inform Settlement Class Members of the proposed Settlement. In order to create a database for mailed notice, the Notice Administrator received 92,732 addresses of potential Class members via a website set up for NCAA member institutions, as well as via email. Notice and claims forms were mailed to over 90,000 potential Class members. Summary notice was also published in *Sports Illustrated* and *ESPN the Magazine*. Mail and publication notice was supplemented by Internet advertising and promotion through various sources, including Google, Facebook, and Twitter. Proof that mailing, publication, and advertising complied with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Class; in fact, the "reach rate" of the class notice was almost 95%. Furthermore, the large number of claim requests received as of July 2, 2015—20,241, which is an approximate estimate subject to change and final confirmation—provides further evidence of the sufficiency of notice.

13. The Court has reviewed Exhibit E to the Declaration of Kenneth Jue, Dkt. No. 1223-5, and determines that Dkt. No. 1223-5 contains the complete list of all Persons who have submitted timely and untimely requests for exclusion from the Settlement Class. The Court rules that all Persons who requested exclusion shall be excluded from the Settlement Class. Exhibit 1 to this Order and Final Judgment is the complete list of all Persons who are excluded from the Settlement Class, and who therefore shall neither share in nor be bound by this Order and Final Judgment.

14. The Court finds that the Plan of Allocation is fair, reasonable, and adequate. The Plan of Allocation provides monetary recovery in some form, on a pro rata basis based on the number of their Season Roster Appearance Points, to all Settlement Class Members who filed a timely claim. *See In re Oracle Secs. Litig.*, No. 90-0931-VRW, 1994 U.S. Dist. LEXIS 21593, at *3 (N.D. Cal. June 18, 1994). The Court hereby adopts Class Counsel's proposal to extend the current Bar Date (July 2, 2015) such that claims will also be considered timely if they are either (1) submitted online through the Settlement website by 12:00 a.m. Pacific time on July 16, 2015, or (2) postmarked by

1    12:00 a.m. Pacific time on July 16, 2015. The Court also notes that there is no reversion to the
2    NCAA of the Settlement Fund, maximizing the amount of payments to Settlement Class Members,
3    as set forth in Subparagraphs 62(a)-(i) of the Agreement. Accordingly, the Plan of Allocation is
4    approved.
5        15.    The Court has reviewed the objections of Darrin Duncan, Nathan Harris, and Tate
6    George to this Settlement and overrules them. The Court notes that despite an extensive and robust
7    nationwide class notice program, only three objections have been filed; the response to the
8    proposed Settlement has been overwhelmingly positive. The Court overrules the objections and
9    finds that they are without merit for the reasons set forth in Class Counsel's filings, in open Court,
10   and for the additional reasons set out in this Order and Final Judgment. In brief, the Court rules as
11   follows:

      a.   First, the objections regarding the requested Attorneys' Fees and Expenses Award are without merit. The requested fees and expenses are fair and reasonable under both the lodestar method and as a percentage of the common fund, and are awarded in the Order Granting Right of Publicity Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards (NCAA Settlement). The objection that Class Counsel is seeking a double recovery for fees from both the EA Settlement and this Settlement is incorrect: the requested fees are sought based on Class Counsel's efforts to secure both settlements.

      b.   Second, the objection that the claims process was burdensome and that checks should simply have been sent to Settlement Class Members' last-known addresses is likewise without merit. The Court finds that the claims process is reasonable and appropriate given the challenges of locating all Settlement Class Members. The Settlement claims process minimizes waste, fraud, and administrative costs and is typical of class action cases like this one. The claims process, which this Court previously approved, is simple, straightforward, and designed to make submitting a claim as easy as possible—as demonstrated by the high claim rate: approximately 29% as of July 2, 2015. Moreover, simply sending checks (many quite large) to the

last-known addresses of Settlement Class Members, without confirmation from the Settlement Class Member, would have been irresponsible.

    c.    Third, the Court overrules objections regarding the size and scope of the relief provided by the Settlement. The Court finds that the relief provided by the Settlement is fair, reasonable, and adequate to Settlement Class Members.

    d.    Fourth, the objections regarding the scope of the release are without merit because the objections do not accurately characterize the Released Claims. The Released Claims are appropriately limited to claims relating to the NCAA-Branded Videogames, as set forth in the Agreement.

    e.    Fifth, the objections to the Class Representatives' Incentive Awards are also without merit, and are awarded in the Order Granting Right of Publicity Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards (NCAA Settlement). The requested Incentive Awards are fair and reasonable.

    f.    All other arguments of the objectors are overruled as without merit.

16. The Lawsuits and all individual and class claims contained therein, including all of the Released Claims, are dismissed with prejudice and on the merits as to the Class Representatives and all other Settlement Class Members (other than those listed in Exhibit 1 hereto), and as against each and all of the Released Parties, without fees or costs except as provided in the Settlement Agreement and in the Order Granting Right of Publicity Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards (NCAA Settlement). The Court also approves the striking and dismissal with prejudice of the *Keller* Right of Publicity Claims in the Third Consolidated Amended Complaint in the *O'Bannon* case, as set forth in the Agreement.

17. As of the Effective Date, the Class Representatives and all other Settlement Class Members (other than those listed in Exhibit 1 hereto), and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against the NCAA and the Released Parties,

and are bound by the provisions of the Settlement, as further provided by the Agreement, including but not limited to Paragraphs 33-34 and 73-78 of the Agreement.

18.   This Order and Final Judgment shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Class Representatives and all other Settlement Class Members (other than those listed in Exhibit 1 hereto), and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Lawsuits or the Settlement.

19.   The Court permanently bars and enjoins the Class Representatives and all other Settlement Class Members (other than those listed in Exhibit 1 hereto) from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims and (ii) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Released Claims.

20.   EA, CLC, and any other Party or Person who may assert a claim against any Released Party or Releasee based upon, relating to, or arising out of the Released Claims, the Lawsuits, any EA NCAA-Branded Videogame, or the Settlement are barred, enjoined, and permanently restrained from instituting, commencing, pursuing, prosecuting, or asserting any claim against the Released Parties for contribution, indemnity (with the exception of contractual indemnity claims to the extent that any may exist), or otherwise denominated (including but not limited to any other claim that arises out of, involves, or relates to any potential or actual liability owed to the *Keller* Named Plaintiffs and/or the Settlement Class, and/or for related costs or fees in connection with

1  that asserted liability), as claims, cross-claims, counterclaims, or third-party claims in any court,

2  arbitration, administrative agency, or forum, or in any other manner, including but not limited to a

3  request for offset. All such claims are hereby extinguished, discharged, satisfied, and

4  unenforceable, and nothing in this Paragraph shall be deemed to imply that EA, CLC, or any Party

5  or Person has a right to contribution or indemnity against any of the Released Parties.

6      21.    The Settlement Agreement and the Settlement provided for therein, and any

7  proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or

8  construed as evidence of, a presumption, concession, or an admission by any Party of liability or

9  non-liability or of the certifiability or non-certifiability of a litigation class, or of any

10 misrepresentation or omission in any statement or written document approved or made by any

11 Party; provided, however, that reference may be made to the Agreement and the Settlement

12 provided for therein in such proceedings as may be necessary to effectuate the provisions of the

13 Settlement Agreement, as further set forth in the Agreement.

14     22.    Without further approval from the Court, the Parties are authorized to agree to and

15 adopt such amendments, modifications, and expansions of the Settlement Agreement, including all

16 Exhibits thereto, as (i) shall be consistent in all material respects with this Order and Final

17 Judgment and (ii) do not limit the rights of Settlement Class Members.

18     23.    The Court orders that the certification of the Settlement Class and final approval of the

19 Settlement, and all actions associated with them, are undertaken on the condition that they shall be

20 vacated if the Settlement Agreement is terminated or disapproved in whole or in part by any

21 appellate court and/or other court of review, or if any of the Parties invokes the right to withdraw

22 from the Settlement as provided in Paragraphs 86-87 of the Settlement Agreement, or if the

23 Settlement does not become Final for any other reason, in which event the Settlement Agreement

24 and the fact that it was entered into shall not be offered, received, or construed as an admission or

25 as evidence for any purpose, including but not limited to an admission by any Party of liability or

26 non-liability or of any misrepresentation or omission in any statement or written document

27 approved or made by any Party, or of the certifiability of a litigation class, or otherwise be used by

28 any Person for any purpose whatsoever, in any trial of these Lawsuits or any other action or

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE    09-cv-1967 CW

proceedings, as further provided in the Settlement Agreement.

24. The Court finds the Settlement is in good faith pursuant to federal law and California Code of Civil Procedure 877.6, including that the amount to be paid in the Settlement is in accord with the Class Representatives' and the Settlement Class Members' potential total recovery and the NCAA's potential liability; that the allocation of the Settlement is fair; that the Settlement is not meant to be the equivalent of liability damages; that the Settlement considers the relevant financial circumstances of the NCAA; and that the Settlement is not the product of and does not evince collusion, fraud, or tortious conduct aimed to injure the interests of defendants other than the NCAA.

25. The Court finds that the CAFA Notices sent by the NCAA complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

26. The Escrow Account established by Class Plaintiffs' Co-Lead Counsel is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

27. The Court finds, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering final judgment, and directs that this Order and Final Judgment shall be final and entered forthwith.

28. Without affecting the finality of this Order and Final Judgment, the Court reserves jurisdiction over the Class Representatives, the Settlement Class, and the NCAA as to all matters concerning the administration, consummation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated:_____   _____
                                        Judge Claudia Wilken
                                        Senior District Judge

# EXHIBIT 1
## Persons Excluded from Settlement Class

| Name | City | State |
| --- | --- | --- |
| Michael K. Taylor | Anniston | AL |
| Michael Bolling | Miami | FL |
| Chaz L. Anderson | Inglewood | CA |
| Thomas P. Nardo | Lancaster | PA |
| David Jeremy Schatz | Birmingham | AL |
| Anthony Khalife | Plains | PA |
| Kristoff Williams | Antioch | CA |